JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI 96814
Telephone: (808) 377-6778
Email:  justinbrackettlaw@gmail.com

BRUCE F. SHERMAN (HI Bar No. 5996)
1050 Bishop Street, No. 509
Honolulu, HI 96813
Telephone: (808) 221-0901
Email: bfs@bfshermanlaw.com

*Attorneys for Plaintiff*
Jeremy Warta

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEREMY WARTA, | CASE NO. 1:21-CV-00100 |
| Plaintiff, | |
| vs. | COMPLAINT FOR DAMAGES DECLARATORY AND INJUNCTIVE RELIEF, EXHIBITS A - N, and SUMMONS |
| PORTER, MCGUIRE, & KIAKONA, LLP, | |
| Defendant. | JURY TRIAL REQUESTED |

## COMPLAINT

## <u>INTRODUCTION</u>

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 pursuant to 15 U.S.C.

§ 1692k(d) as well as 28 U.S.C. § 1367 (supplemental jurisdiction).

2.      This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), in their illegal efforts to collect a consumer debt.  This is also an action for damages against Defendant for unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Sections §443B, 480-2, and 480-13 of the Hawaii Revised Statutes.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transact business here.

## PARTIES

4.      Plaintiff, Jeremy Warta (hereinafter referred to as "Plaintiff" and/or "Mr. Warta") was a resident of this State, District and Division who is authorized by law to bring this action.

5.      Defendant Porter, McGuire, & Kiakona, LLP (hereinafter "Defendant Porter McGuire") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and is a for-profit corporation organized and conducting business in Hawaii.  Defendant Porter McGuire can be served through its registered agent, Kapono F.H. Kiakona, at 841 Bishop Street, Suite 1500, Honolulu, Hawaii 96813.

6.      Other Defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

7.      Defendant represents Association of Apartment Owners of Plumeria Hale (hereinafter referred as "AOAO") in its case against Plaintiff.

8.      On or about September 20, 2016, AOAO filed a complaint against Mr. Warta at the Circuit Court of the First Circuit, State of Hawaii.  See Exhibit A.

9.      The September 20, 2016 complaint identified Defendant as the attorney representing AOAO.  Exhibit A.

10.      The Complaint sought Declaratory and Injunctive Relief for an alleged covenant violation of housing his service dog on the property. Exhibit A.

11.      The emails from Defendant assert: "This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose." See Exhibit B.

12.      Defendant did not comply with the SCRA in its pursuit of claims on behalf of the AOAO and only started to comply when ordered by the Court. See Exhibit C.

13.      Mr. Warta is currently, and has been throughout this ordeal, active duty military as a Medic in the Navy. (BRANCH, RANK, ETC….)

14.      Mr. Warta's dog was a service dog prescribed by his physician as a result of his medical condition which is protected by the ADA.

15.      His service dog had previously been approved to be on the property.

16.     On or about March 22, 2017, Defendant demanded Mr. Warta remove his service dog within ten days. See Exhibit D.

17.     Mr. Warta's dog was removed only because he was forced to do so.

18.     Upon being requested to remove the dog, Mr. Warta complied within the time period provided by Defendants, notifying an on-site manager of the AOAO of its removal by March 31, 2017, rendering the matter moot. See Exhibit E.

19.     Defendant's counsel even acknowledged the matter as moot. See Exhibit F.

20.     Instead of accepting the matter as moot, Defendant claimed to be owed attorney fees $8,665.30 as of May 3, 2018. See Exhibit G.

21.     Plaintiff made a lump sum payment of $6,175.85 on or about November 1, 2016 to Hawaiian Properties, Ltd., the property management company for the AOAO.

22.     In a footnote to the May 3, 2018 demand letter Defendant asserted: "The current total attorneys' fees and costs claimed by the Association to date is $25,368.35. This amount already includes significant reductions and discounts applied by Association's counsel to Mr. Warta's legal ledger." Exhibit G.

23.     As a condition of membership in the AOAO, the Residents were contractually obligated to pay annual assessments to the AOAO.   Delinquent assessments resulted in charged interest on past due amounts plus late fees. The Residents were also contractually required to pay costs and attorneys' fees incurred by the AOAO.

24.     In spite of his payment of a settlement amount which he believed covered the entire attorneys' fees, his dispute of additional attorneys' fees being owed, and designation of his monthly payments as assessment payments, Defendant's demands of attorneys fees from the AOAO resulted in the AOAO paying the attorneys' fees instead of applying Mr. Warta's monthly dues to his assessments.  This pushed him further and further behind in his assessments, resulting in additional interest and late fees being sought by the AOAO.

25.     Defendant claimed to be owed attorney fees of $19,630.81 as of January 22, 2019. See Exhibit H.

26.     Plaintiff had already paid attorney fees of $13,643.59 through Defendant's capture of his monthly assessments and $6,175.85 by direct payment prior to that, demonstrating Defendant was actually claiming it had accumulated $19,819.44 in attorneys' fees by that date.

27.     The records reflect that Defendant continued to demand attorneys' fees from Plaintiff that they had already been paid.

28.     The records of the AOAO further demonstrate Defendant's deceptive billing practices whereby they had charged the AOAO $23,621.35 as of January 18, 2019 and had been paid by the AOAO $13,643.59 of that amount by August 2, 2018.

29.     With Plaintiff's direct payment of $6,175.85, it's impossible that Plaintiff still owed Defendant $19,630.81 as of January 22, 2019.

30.     Defendant sent an email demanding attorney fees of $25,457.90 and late fees of $220.00 with the "delinquent Maintenance Fee and Electricity charges" to be "provided in a separate payoff letter." Exhibit B.

31.     Defendant demanded attorneys' fees and costs in the amount of $32,263.28 as of February 20, 2020. See Exhibit I.

32.     Defendant's attorney fee and costs demands of $32,263.28 on February 20, 2020 came just thirteen days after it demanded attorney fees of $25,457.90 on February 7, 2020 – a time period when no actions were being taken by Defendant in the state court proceedings other than preparing an email, and over two years after Defendant acknowledged that the dog that was the subject of the Complaint had been removed from the premises. See Exhibits B, I, and J.

33.     Once the dog was removed from the premises, the underlying case was moot. See Exhibits K and F.  Nevertheless, Defendant continued to push forward on the issue of its fees, ratcheting them up higher and higher in its demands over the next two and a half years.

34.     As of May 6, 2020, Defendant's ledger asserted attorney fees owed in the amount of $31,595.85. See Exhibit L.

35.     Defendant required the AOAO to pay its attorney fees and costs first, applying his association dues payments instead to its billings, resulting in the

appearance that Plaintiff was further behind on his association assessments than was actually the case. See Exhibit M.

36.     Plaintiff had his association assessments paid via automatic withdrawal from his bank account, as he is active-duty military and frequently deployed overseas to protect this great nation.

37.     Mr. Warta is significantly further behind on his maintenance fees to the AOAO than necessary, as much of the automatic payments was usurped by Defendant's fees and costs demands to the AOAO throughout its frivolous proceedings in a moot case.

38.     On July 2, 2018, Hawaii's legislature acted, forbidding the application of AOAO assessment payments to attorney fees or other costs first. H.R.S. § 514B-105(C).

39.     Unfortunately for Mr. Warta, this matter arose before the enactment of H.R.S. § 514B-105(C).

40.     But even after the enactment of H.R.S. § 514B-105(C), Defendant still required its attorney fees and costs be paid by the AOAO first on three more occasions. See Exhibit M.

41.     Even prior to the enactment of H.R.S. § 514B-105(C), there was a requirement of Defendant to keep its attorney fee demands reasonable given the circumstances of the litigation.

42.      Defendant coordinated with AOAO of Plumeria Hale to place a lien against Plaintiff's condominium in the amount of $29,017.04 for "unpaid amounts assessed…as of April 16, 2019, and for all subsequent assessments, including all costs, expenses, and attorneys' fees" on May 30, 2019 despite there being no order approving its attorney fees at that time. See Exhibit N.

43.      The attorney fees assessed by Defendant as of April 16, 2019 totaled $29,017.04 and he had already paid at least $19,819.44 of that amount through his settlement payment of $6,176.85 on or about November 1, 2016 and at least $13,643.59 was taken from his monthly dues payments.

44.      Plaintiff believes Defendant demanded attorney fees it had already been paid by Mr. Warta directly or through his AOAO.

45.      On November 6, 2020, via a Minute Order the Circuit Court **for the first time** approved attorney fees, but limited them to $14,678.91 - significantly less than the amount of $40,023.37 ($47,267.57 purportedly billed) sought by Defendant in its Motion for an Award of Attorneys' Fees and Costs filed September 22, 2020 and less than the amount of attorney fees sought in the May 30, 2019 lien.

46.      At the hearing, the Circuit Court noticed $14,000 in discounts by the firm. Defendant's attorney, Marcus Busekrus, explained this was due to the payments through the AOAO.

47.      Defendant published the personal and confidential medical records of

Mr. Warta in numerous pleadings in the Hawaii State Court case AOAO of

Plumeria Hale v. Warta, Civil No. 16-1-1777-09 (BIA).

48.     The medical records were used as exhibits or parts of exhibits in

thirteen (13) separate instances over four (4) separate pleadings, but were not filed

under seal. In the Complaint filed on September 20, 2016, Exhibits E and F contain

the Defendants medical records relating to the disability that is the basis for his

request for an assistance dog. In the Motion for Default Judgment and/or for

Summary Judgment Seeking Declaratory and Injunctive Relief filed on July 7,

2017, Exhibits D, G, and H each contain the same medical records described

immediately above. In the Motion for Default Judgment and/or for Summary

Judgment Seeking Declaratory and Injunctive Relief filed on October 24, 2017,

Exhibits D, G, and H also each contain the same medical records as described

above. In Plaintiff's Memorandum in Opposition to Motion to Stay Proceedings

Pursuant To 50 U.S.C. § 3932 filed on November 22, 2017, Defendant published

Mr. Warta's medical records 4 separate times in Exhibits B, E, F, and attached

other documents.

49.     Rule 9 of the Hawai'i Court Records Rules, titled "Parties'

Responsibility to Protect Personal Information," provides a general prohibition

against submission of personal information in publicly accessible court filings:

50.   **9.1. Prohibition; Form.**

> (a) Except as provided in this Rule 9 and notwithstanding any other rule to the contrary, a party shall not include personal information in any accessible document filed in any state court or with ADLRO. Required personal information shall be submitted by means of a Confidential Information Form that substantially conforms to HCRR Form 2 of these rules; provided the name and birth date of a  minor charged with a traffic infraction may be displayed on the citation and the name of a minor may be displayed in submissions in proceedings under HRS chapter 586 and section 604-10.5. The Confidential Information Form shall be designated confidential, protected, restricted, sealed, or not accessible.
>
> (b) Personal information is defined by HCRR Rule 2.19 as including the following:  [S]ocial security numbers, dates of birth (except for traffic citations), names of minor children, bank or investment account numbers, **medical and health records**, and social service reports.

51.   Defendant violated Hawaii Court Records Rules ("HCRR") 2.19 and 9 by placing Mr. Warta's private and personal history in the public domain.

52.   The actual medical records were not necessary or relevant for the Complaint or the other pleadings, but even if they were relevant the Plaintiff should have filed Mr. Warta's medical records under seal as required by HCRR.

53.   The high number of unsealed medical records in numerous pleadings filed publicly by the PLAINTIFF was an attempt to embarrass and intimidate Mr. Warta.

54.   Defendant uses mail in its business.

55.   Defendant uses telephone communications in its business.

56.     Defendant is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

57.     Defendant is a debt collector subject to the provisions of H.R.S. §443B. Any violation of H.R.S. §443B is a violation of H.R.S. §480. See H.R.S. §443B-20.

58.     All emails from Defendant explain: "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." Exhibit B.

## CAUSES OF ACTION

### COUNT ONE:
### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

**FIRST VIOLATION OF
THE FAIR DEBT COLLECTION PRACTICES ACT:
FALSE OR MISLEADING REPRESENTATIONS**

59.     The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.  Defendant's violations of the FDCPA include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, which is a violation of 15 U.S.C. § 1692e.

60.     The letters from Defendant demand improper, confusing, and conflicting amounts from Mr. Warta.

61.     Mr. Warta maintains his maintenance payments and had no dog or other pet on the premises since March 30, 2019. See attached Verification.

62.     Mr. Warta was, and is confused as to how Defendant calculated the amount they demanded and what authority they have to demand these improper amounts.

63.     Until the recent minute order by the Circuit Court, no court in the State of Hawaii or otherwise, had awarded fees or costs to any Defendant in regard to this account.

64.     As described above, Defendant placed its lien on May 30, 2019 and made many higher demands throughout the course of its collection efforts.

65.     Lodestar method was an inappropriate mechanism for calculating attorney fees award in actions by homeowners' associations to collect past due assessments; such cases lack the substantial public interest justification underlying application of the lodestar method in the context of true fee-shifting statutes.

66.     Courts should use the professional conduct rule listing factors that should be considered in determining the reasonableness of a fee as the foundation for analysis of what constitutes a reasonable fee; a trial court also may consider, in its discretion, any other factor reasonably related to a fair award of attorney fees. Hawaii Rules of Prof. Conduct, Rule 1.5(a).

67.     If a trial court chooses to consider contract terms when awarding attorney fees, it also should carefully consider the nature of the work performed, and whether there is a risk that certain rote tasks are being billed at a higher than reasonable rate.

68.     Given the simple nature of the suit, the amounts requested were grossly unfair and deceptive.

69.     By assigning different account balances and illegitimate amounts of fees to the underlying account, Defendant made false, confusing, or misleading representations to Mr. Warta about the amount of money he owed on the account.

70.     The letters from Defendant demand very improper, confusing, and conflicting amounts from Mr. Warta and he is confused as to how Defendant calculated said amounts and what authority they have to demand these amounts.

71.     Not only were these demands confusing to Mr. Warta, but they would be confusing to the reasonable consumer, and certainly to the least sophisticated consumer.

72.     Defendant has a pattern or practice of doing such conduct to Hawaii residents.

## SECOND VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT:
## FALSE OR MISLEADING REPRESENTATIONS AS TO AMOUNT AND
## LEGAL STATUS OF THE ALLEGED DEBT

73.      Defendant's violations of the FDCPA also include, but are not limited to, the use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, which is a violation of 15 U.S.C. §1692e(2).

74.      The actual amount of the alleged debt is certainly in question.  It is overly

confusing as to what amount is owed on this account since the demands of Defendant

varied wildly.

75.      By demanding wildly differing amounts that increased and decreased by

irregular and incalculable amounts, Defendant have confused Mr. Warta as to what

amount of money, if any, he owes on this account.  This would be exceptionally

confusing to the least sophisticated consumer.

76.      Defendant attempted to keep Mr. Warta confused as to the amount owed

so that if he were to make payments on this account he would never know the actual

amount owed, and instead would keep paying indefinitely on fees, interest, or other

charges that were never legally owed by him.

77.      Mr. Warta paid what Defendant demanded and removed his service

animal from the apartment complex.  Instead of accepting the settlement and moving

on, Defendant continued to syphon off attorney fees from his AOAO dues until the

law changed to forbid such conduct, at which time they went back to making

demands that became more and more wildly exaggerated over the next three years.

Even after the change of the law Defendant continued to take their fees for two more

months!

78.      Defendant's asserted fees of $47,267.57  was reduced to $14,678.91 by

the State Court ($12,063.14 of which he had already paid through their backdoor

collection activity), demonstrating the egregiousness of their demands on such a small matter.

79.     Plaintiff believes Defendant demanded attorney fees it had already been paid by Mr. Warta directly or through his AOAO.

80.     Defendant has a pattern or practice of doing such conduct to Hawaii residents.

**THIRD VIOLATION OF THE
FAIR DEBT COLLECTION PRACTICES ACT:
<u>UNFAIR PRACTICES</u>**

81.     Defendant's violations of the FDCPA also include, but are not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

82.     The letters from Defendant assert that different balances are owed, increasing the amount demanded.

83.     Defendant did not give Plaintiff credit for his payments and continued to demand payment of fees it had already been paid.

84.     Defendant demanded artificially inflated amounts throughout this proceeding. See Exhibits.  Mr. Warta asserts Defendant's demands of its various

amounts were not expressly authorized by the agreement creating the debt or permitted by law.

85.    The amounts sought by Defendant in their various communications include various fees not expressly authorized by the agreement creating the debt or permitted by law, and thus were demands in direct violation of 15 U.S.C. § 1692f(1).

86.    The Defendant's false representations of the character, amount or legal status of the debt are a use of a false, deceptive, and misleading representations or means in connection with collection of the debt or in an attempt to collect the debt, which is a violation of 15 U.S.C. §§ 1692e and 1692e(10), and are an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

87.    Defendant has a pattern or practice of doing such conduct to Hawaii residents.

## FOURTH VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT:
## <u>HARRASSMENT OR ABUSE</u>

88.    Any conduct the natural consequence of which is to harass, oppress, or abuse any person is a violation of 15 U.S.C. §1692d.

89.    Defendant's disclosure of his medical records multiple times in public court filings in an effort to coerce payment was conduct the natural consequence of which was to harass, oppress, or abuse Mr. Warta.

## COUNT TWO: *VIOLATIONS OF THE HAWAI'I REVISED STATUTES, UNFAIR OR DECEPTIVE ACTS OR PRACTICES*

90.     A consumer may bring an action based upon unfair or deceptive acts or practices. Haw. Rev. Stat. §480-2.

91.     Mr. Warta, a consumer, brings this action based upon Defendant's unfair or deceptive acts or practices.

92.     Mr. Warta has incurred actual damages as a result of Defendant's acts and practices.

93.     Defendant has a pattern or practice of doing such conduct to Hawaii residents.

### FIRST VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE OR MISLEADING REPRESENTATIONS

94.     The acts of Defendant constitute violations of the Hawai'i Revised Statutes.   Violations include, but are not limited to, any false representation or implication of the character, extent, or amount of a claim against a debtor or alleged debtor, or of its status in any legal proceeding.   Such conduct is a violation of Haw. Rev. Stat. § 443B-18(5).

95.     The underlying debt is disputed.

96.     The communications from Defendant demanded amounts from Mr. Warta that he did not owe.

97.     A calculation of the time between the communications and the amounts demanded in the communications shows that inconsistent and unknown rates of interest and/or fees were being applied to the account by the Defendant.

98.     Furthermore, the account balance changes at rates of interest that do not comply with the terms of the initial contract.

99.     By assigning different account balances and unknown rates of interest to the underlying account, Defendant made one or more false representations or implications of the character, extent, or amount of money Mr. Warta owes on this account.

100.    The rate of interest applied to the account by Defendant is not the contractual rate of interest.

101.    By assigning different account balances and interest rates to the same account and demanding an amount that did not comply with the applicable contractual rate of interest, Defendant made one or more false representations or implications of the character, extent, or amount of money Mr. Warta owes.

102.    By demanding an amount they were not entitled to, Defendant made a false representation or implication of the character, extent, or amount of money Mr. Warta owes on this account.

103.    By attempting to collect unauthorized amounts through false and deceptive communications, Defendant has deceived and/or misled Mr. Warta as to what amount of money he owes on this account.

104.    By collecting the account past the statute of limitations, Defendant has made a false representation or implication of the character, extent, or amount of money Mr. Warta owes.

105.    Under 443B-20, the above constitutes violations of 480-2 as well.

## SECOND VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE OR MISLEADING REPRESENTATIONS UNDER §443B-18(8)

106.    Any representation that an existing obligation of the debtor or alleged debtor may be increased by the addition of attorney's fees, investigation fees, service fees, and any other fees or charges when in fact the fees or charges may not legally be added to the existing obligations is a violation of Haw. Rev. Stat. § 443B-18(8).

107.    Plaintiff believes Defendant demanded attorney fees he had already paid through his AOAO and/or direct payments.

108.    By assessing unwarranted fees or charges, as explained in detail above, Defendant has demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

109.    Upon information and belief, Mr. Warta asserts that Defendant did not have authority to collect the debt at all, much less add fees to the account, after the service animal was removed and the account had been satisfied in full.

110.     Under 443B-20, the above constitutes violations of 480-2 as well.

## THIRD VIOLATION OF THE HAWAI'I REVISED STATUTES:
## THE USE OF DECEPTIVE PRACTICES IN ATTEMPT TO COLLECT A DEBT

111.     Defendant's violations of the Hawai'i Revised Statutes also include the collection of or the attempt to collect any interest or other charge, fee, or expense incidental to the principal obligation unless the interest or incidental fee, charge, or expense is expressly authorized by the agreement creating the obligation and legally chargeable to the debtor or alleged debtor; or unless the interest or incidental fee, charge, or expense is expressly authorized by law.  Such conduct violates Haw. Rev. Stat. § 443B-19(2).

112.     By assessing illegitimate interest, fees or charges, Defendant has demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

113.     Defendant's demands of additional interest or fees was an attempt to collect an amount not expressly authorized by the agreement.

114.     A calculation of the time passed and the amounts demanded demonstrates that Defendant applied fees at illegitimate rates and sought fees for times it had done nothing.

115.    The communications from Defendant demand very improper, confusing, and conflicting amounts from Mr. Warta and he has been deceived by Defendant's addition of illegitimate interest and/or fees to this account.

116.    Under H.R.S. 443B-20, the above conduct constitutes a violation of H.R.S. 480-2 as well.

## FOURTH VIOLATION OF THE HAWAI'I REVISED STATUTES: THE USE OF DECEPTIVE PRACTICES IN ATTEMPT TO COLLECT A DEBT

117.    The acts of Defendant constitute violations of the Hawai'i Revised Statutes.  Violations include, but are not limited to, the collection of or the attempt to collect from a debtor or alleged debtor all or any part of the collection agency's fees or charges for services rendered.  Such conduct is a violation of Haw. Rev. Stat. § 443B-19(3).

118.    Upon information and belief, Mr. Warta asserts that Defendant did not have authority to impose additional fees on the originating account.

119.    Defendant is attempting to collect their collection agency fees or charges for services rendered, and is thus are violating Haw. Rev. Stat. § 443B-19.

120.    Under H.R.S. 443B-20, the above constitutes violations of H.R.S. 480-2 as well.

## FIFTH VIOLATION OF THE HAWAIʻI REVISED STATUTES: THE USE OF DECEPTIVE PRACTICES IN ATTEMPT TO COLLECT A DEBT

121.    The collection of or the attempt to collect any interest or other charge, fee, or expense incidental to the principal obligation unless the interest or incidental fee, charge, or expense is expressly authorized by the agreement creating the obligation and legally chargeable to the debtor or alleged debtor; or unless the interest or incidental fee, charge, or expense is expressly authorized by law is a violation of Haw. Rev. Stat. § 443B-19(4).

122.    The amounts demanded by Defendant have varied wildly.

123.    Defendant demanded amounts not authorized by law or any agreement.

124.    Plaintiff believes Defendant demanded attorney fees it had already been paid by Plaintiff directly and/or through his AOAO.

125.    Under H.R.S. §443B-20, the above conduct constitutes violations of H.R.S. §480-2 as well.

## COUNT III:  INVASION OF PRIVACY

126.    Defendant's conduct of disclosing Plaintiff's medical records in numerous court filings is a violation of Hawaii State Constitution's right of privacy as described in *Cohan v. Ayabe*, 132 Hawaiʻi 408, 415, 322 P.3d 948, 956.

127.    Such conduct is a deceptive act or practice in an attempt to collect a debt.

128.    The standard is laid out in Rule 9 of the Hawaiʻi Court Records Rules.

129.    The unlawful publication of his medical records is an invasion of his right to privacy and a violation of Haw. Rev. Stat. §§ 443B and 480-2.

130.    Plaintiff believes Defendant disclosed his medical records in an attempt to humiliate him and coerce him into payment of their excessive fees.

## COUNT IV:  INTENTIONAL AND/OR NEGLIGENT MISREPRESENTATION

131.    Defendant's conduct, as described above, was certainly negligent and maybe knowingly fraudulent.

132.    Defendant's made numerous negligent and/or intentional misrepresentations, as described above.

133.    Defendant demanded of incorrect and excessive amounts.

134.    Defendant pursued a judgment against Plaintiff without notifying the Court of his military status and in violation of the Servicemembers Civil Relief Act.

### *Summary*

135.    The above-detailed conduct by Defendant and its agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA and Hawai'i Revised Statutes including, but not limited to the above-cited provisions.

136.    As a result of Defendant's actions, Mr. Warta is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

137.    Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US

Const. amend. 7.  Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered

against any or all Defendants and in favor of the Plaintiff as follows:

a)    Declaratory judgment that Defendant violated Mr. Warta's rights

under the Fair Debt Collection Practices Act;

b)    Declaratory judgment that Defendant violated Mr. Warta's rights

under the Hawai'i Revised Statutes;

c)    That Plaintiff be awarded actual damages pursuant to 15 U.S.C. §

1692k(a)(1) against Defendant in an amount to be determined at a trial

by a jury;

d)    That Plaintiff be awarded statutory damages pursuant to 15 U.S.C.

§1692k(a)(2);

e)    That Plaintiff be awarded the costs of litigation including a reasonable

attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

f)    That Plaintiff be awarded actual damages pursuant to Haw. Rev. Stat.

§  480-13 in an amount to be determined by a jury at trial;

g)   That Plaintiff be awarded treble actual damages pursuant to Haw.
Rev. Stat.  § 480-13;

h)   That Plaintiff be awarded statutory damages of not less than $1,000.00
pursuant to Haw. Rev. Stat. § 480-13;

i)   That Plaintiff be awarded the costs of litigation including a reasonable
attorney fee pursuant to Haw. Rev. Stat.  § 480-13;

j)   Punitive damages for Defendant's invasions of Plaintiff's privacy.

k)   Punitive damages for Defendant's negligent and/or intentional
misrepresentations

l)   That the Court declare all defenses raised by Defendant to be
insufficient; and

m)   Such other and further relief, including injunctive relief as may be
necessary to effectuate the Court's judgment, or as the Court
otherwise deems just and equitable.


Respectfully submitted, this the 17th day of February, 2021.


_/s/ Justin A. Brackett___
Justin A. Brackett, #9954
Bruce F. Sherman, #5996
*Attorneys for Plaintiff*
Jeremy Warta