JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI 96814
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

BRUCE F. SHERMAN (HI Bar No. 5996)
1050 Bishop Street, No. 509
Honolulu, HI 96813
Telephone: (808) 221-0901
Email: bfs@bfshermanlaw.com

*Attorney for Plaintiff*
Jeremy Warta

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JEREMY WARTA, <br><br> Plaintiff, <br><br> vs. <br><br> PORTER MCGUIRE & KIAKONA, LLP., <br><br> Defendant. | CASE NO. 1:21-CV-00100 LEK-WRP <br><br> RULE 26(f) CONFERENCE REPORT AND DISCOVERY PLAN <br><br> JURY TRIAL REQUESTED |

## RULE 26(f) CONFERENCE REPORT AND DISCOVERY PLAN

Plaintiff Jeremy Warta and Defendant Porter McGuire & Kiakona, LLP, (collectively, the "Parties"), by and through their respective counsel, submit this Federal Rules of Civil Procedure ("FRCP") Rule 26(f) Conference Report and Discovery Plan:

1

1. The following persons participated in an FRCP Rule 26(f) conference on May 25, 2021, by telephone:

>Justin A. Brackett for Plaintiff Jeremy Warta.

>Sabrina M. Kawana for Defendant Porter McGuire & Kiakona, LLP.

2. **Initial Disclosures.** Pursuant to FRCP Rule 26(a)(1) and agreement of the Parties, the Parties will exchange their initial disclosures by June 15, 2021.

3. **Discovery Plan.** The Parties jointly propose to the Court the following discovery plan:

>a. The Parties currently expect all discovery, including depositions, to be commenced in sufficient time to be completed within the time frames set forth in the Scheduling Order issued by the Court.

>b. Otherwise, the Parties do not currently anticipate any changes in the limitations on discovery imposed under the Scheduling Order or by the FRCP.

>c. At this time, the Parties have not yet determined whether expert witnesses will be needed. If a party does determine expert witnesses are needed, reports and disclosures from such experts shall be made in accordance with FRCP Rule 26(a)(2).

>d. Subject to the Parties' reservation of any and all objections, the Plaintiff believes that discovery may be needed on the following subjects:

i. Communications between the parties and/or any other person made in connection to the account including any and all correspondence, telephone communications, etc. This includes but is not limited to: records of all inbound or outbound telephone calls, to or from Plaintiff, including local and long distance records from third-party local and long distance providers; records of all inbound or outbound United States mail, to or from Plaintiff; and records of all other inbound or outbound communications of whatever kind, to or from Plaintiff;

ii. All documents which are related to or contain information about the account from Plaintiff and/or which either party claims are relevant to this lawsuit;

iii. Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendant which include Plaintiff's account information, name, address, telephone number(s), account number, or any other information which is personally identifiable to Plaintiff.

iv. All statements made by parties and non-parties concerning the above action or its subject matter which are discoverable pursuant to the FRCP.

v. Other matters relevant to the claims or defenses.

e. Subject to the Parties' reservation of any and all objections, the parties believe the following e-discovery may be needed:

i. The Parties may be requested to disclose or produce substantial information from electronic or computer-based media, but the Parties believe that disclosure or production will be limited to data reasonably available to the Parties in the ordinary course of business.

ii. If the data is identified by the Parties as not reasonably accessible because of undue burden or cost, the Parties shall be allowed to proceed under FRCP Rule 26(b)(2)(B) to file a motion to compel discovery or for a protective order.

iii. The format and media of the data disclosed or produced must be in a form that is reasonably accessible and usable or the Parties must translate it into a reasonably accessible and usable form.

iv.    Reasonable measures should be taken by the Parties to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.

v.    There are no other problems that the Parties anticipate may arise in connection with electronic or computer-based discovery.

4.   **Dispositive Motions**.  All dispositive motions should be filed by the date established by the Court in the Scheduling Order.

5.   **Other Matters**.  The Parties have discussed alternative dispute resolution options, including without limitation, the option of participation in the court's mediation program.  The Parties are prepared to consider this matter further and discuss settlement options at the Scheduling Conference.

6.   **Trial**.  The Parties anticipate that trial of this case may take five (5) to six (6) days, including selection of the jury.

Respectfully submitted this the 25th day of May, 2021.

*Attorney for Plaintiff*
Jeremy Warta:

/s/ Justin A. Brackett
Justin A. Brackett, #9954
515 Ward Avenue
Honolulu, Hawaiʻi 96814
Telephone:  (808) 377-6778
Email: justinbrackettlaw@gmail.com

*Attorneys for Defendant*
Porter McGuire & Kiakona, LLP.


/s/ Sabrina M. Kawana
Bennett J. Chin, #6439-0
Sabrina M. Kawana, #10786-0
Gordon Rees Scully Mansukhani, LLP
915 Fort Street Mall, Suite 601
Honolulu, HI 96813
Telephone: (808) 441-1830
Facsimile: (808) 464-6535
Emails: bchin@grsm.com
skawana@grsm.com