GORDON REES SCULLY MANSUKHANI, LLP

BENNETT J. CHIN           #6439-0
MIA D. OBCIANA            #8424-0
SABRINA M. KAWANA         #10786-0
915 Fort Street Mall, Suite 601
Honolulu, Hawaii 96813
Telephone No.: (808) 441-1830
Facsimile No.: (808) 464-6535
E-mail:   bchin@grsm.com; mobciana@grsm.com;
          skawana@grsm.com

Attorneys for Defendant
Porter McGuire Kiakona, LLP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEREMY WARTA, | CIVIL NO. 1:21-cv-00100 LEK-WRP |
| Plaintiff, | DEFENDANT PORTER MCGUIRE KIAKONA, LLP'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER (DKT. NO. 15), FILED ON NOVEMBER 1, 2021 [ECF NO. 22]; DECLARATION OF COUNSEL; CERTIFICATE OF SERVICE |
| vs. | |
| PORTER, MCGUIRE, & KIAKONA, LLP, | |
| Defendant. | |
| | NON-HEARING MOTION |
| | Judge: Hon. Wes R. Porter |
| | Trial Date: June 6, 2021 |
| | Judge: Hon. Leslie E. Kobayashi |

63108472.1

**DEFENDANT PORTER MCGUIRE KIAKONA, LLP'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND SCHEDULING ORDER
(DKT. NO. 15), FILED ON NOVEMBER 1, 2021 [ECF NO. 22]**

## I.  INTRODUCTION

Defendant PORTER MCGUIRE KIAKONA, LLP ("PMK"), by and through its counsel, Gordon Rees Scully Mansukhani, LLP, pursuant to Local Rule 7.2 and Rule 16 of the Federal Rules of Civil Procedure ("FRCP"), respectfully submits this memorandum in opposition to Plaintiff JEREMY WARTA's ("Plaintiff" or "Warta") Motion to Amend Scheduling Order (Dkt. No. 15), filed on November 1, 2021 [ECF No. 22] ("Motion").

The Motion seeks a blanket three-month extension of all pretrial deadlines and the trial date from June 6, 2022 to September 6, 2022.  *See* Motion, at 8-9. Considering the claims and defenses at issue, and Plaintiff's counsel's familiarity with the underlying facts in the course of their representation of Warta in the underlying state court lawsuit since 2017, there is not yet a need to extend the discovery deadlines nor continue trial an additional three months.

## II.  RELEVANT BACKGROUND

Warta initiated this federal action by filing his Complaint on February 17, 2021 [ECF No. 1].  The Complaint arises from facts relating to a state court lawsuit brought by PMK on behalf of its client, the Association of Apartment Owners of Plumeria Hale (the "AOAO") against Warta, for the enforcement of association

covenants and breach of contractual agreement, in 2016 – *AOAO Plumeria Hale v. Jeremy Warta*, Civil No. 16-1-1777 BIA ("Circuit Court Action").

The Circuit Court Action was initiated in September 2016. In or around October 2017, Special Counsel for Warta was appointed pursuant to the Servicemembers' Civil Relief Act. *See* Circuit Court Docket. No. 13. In November 2017, Special Counsel withdrew and Bruce F. Sherman, Esq. substituted in as counsel for Warta. *Id.* at Docket No. 15. In January 2020, Justin A. Brackett, Esq. filed a notice of appearance as co-counsel for Warta.

Warta's Complaint alleges (I) violations of the Fair Debt Collections Practices Act ("FDCPA"), (II) unfair or deceptive trade acts or practices ("UDAP") for the alleged violations of Chapter 443 of the *Hawaii Revised Statutes*, governing collection agencies; (III) common law invasion of privacy; (IV) negligent or intentional misrepresentation. *See* Complaint [ECF No. 1].

On May 25, 2021, PMK filed its Answer to the Complaint [ECF No. 9].

On June 1, the Court held a telephonic Rule 16 Scheduling Conference [ECF No. 14]. The Rule 16 Scheduling order was entered there after setting jury trial before the Honorable Leslie E. Kobayashi on June 6, 2022 [ECF No. 15]. By request by Plaintiff's counsel, the Court also set an Early Settlement Conference on August 25, 2021 [ECF No. 16].

On June 15, 2021, pursuant to the agreement by the parties (as discussed in the Rule 26 conference), PMK produced its Initial Disclosures and document production, bates numbered PMK_000001 to PMK_001556. *See* Certificate of Service [ECF No. 18]; *see also* Declaration of Counsel at ¶ 4-6 [hereinafter, "Decl. Counsel"]. Warta's Initial Disclosures were provided on June 21, 2021. *Id.* at ¶ 7-8.

On August 25, 2021, the parties participated in an Early Settlement Conference via ZoomGov [ECF No. 20], which did not result in settlement. *Id.* at 9. Later that day, PMK's counsel informed Plaintiff's counsel of their intent to prepare a motion for summary judgment. Counsel Decl. ¶ 10.

Warta propounded its first set of discovery requests on PMK on September 8, 2021 [ECF No. 21]. Pursuant to agreement by counsel, PMK provided its responses and objections to the first requests for discovery on Friday, November 12 [ECF Nos. 24-26]. PMK's counsel agreed not to file any dispositive motions while these discovery responses were pending. Counsel Decl. ¶ 11.

Prior to this Motion, Plaintiff's counsel initially raised his request to continue all trial and all pretrial deadlines to extend by three months on October 21, 2021. *See id.* at ¶ 12. On October 25, 2021, Plaintiff's counsel emailed a proposed stipulation to extend all deadlines 3 months. *See id.* at ¶ 14. Counsel had a more substantive discussion on the request to extend the trial and

pretrial deadlines, including the status of and additional discovery and depositions. *Id.* at ¶ 15.

## III. LEGAL STANDARD

FRCP Rule 16(b)(4) permits modification of a scheduling order for "good cause" with a judge's consent. District courts enjoy broad discretion to modify scheduling orders. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. Primarily, "the focus of the inquiry is upon the moving party's reasons for seeking modification… if that party was not diligent, the inquiry should end." *Id.*

## IV. DISCUSSION

### A. The Discovery Needs of this Case Do Not Require a Three-Month Extension.

The basis of Plaintiff's Motion seeking continuance of trial for three-months is primarily to permit additional time for discovery, specifically taking oral depositions. *See* Motion, at 8. At this time, Plaintiff has disclosed intent to depose representatives of PMK, including one former employee, and potentially a representative of AOAO (PMK's client). *See* Counsel Decl. at ¶ 15.

As alleged in the Complaint, the primary issue appears to be a dispute over the billing of Warta for attorneys' fees and costs by PMK on behalf of their client, the AOAO in connection with the Circuit Court Action. *See generally*, Complaint

[ECF No. 1]. Generally speaking, many of the facts are not in dispute. The controversy is primarily legal issues to be resolved by the Court.

In this case, the facts that give rise to this Federal Court Action was previously adjudicated in the Circuit Court Action. There is an extensive public record in the Circuit Court Action, from 2016 through 2021, all of which has been disclosed through discovery in this Federal Court Action. Moreover, Warta's counsel in this Federal Court Action is the same counsel as the underlying Circuit Court Action.[1] Many of the allegations in the Complaint were already adjudicated by the Circuit Court.

Significantly, Warta's counsel in this Federal Court Action also represented Warta in the Circuit Court Action. Accordingly, Warta's counsel is already familiar with the previous investigation of the underlying factual issues in the Circuit Court Action. With the amount of motion practice, disclosures, and Rule 408 of the Hawaii Rules of Evidence ("HRE") communications regarding settlement in the Circuit Court Action, Warta's counsel either has or should have personal knowledge of the facts and circumstances at issue. The factual basis underlying the claims have already been provided in the State Court Action filings

---

[1] Bruce F. Sherman, Esq. entered as Warta's counsel in the Circuit Court Action in November 2017. Justin A. Brackett, Esq. noticed his appearance in January 2020.

and records (e.g., sworn declarations and exhibits) or disclosed during settlement negotiations.

Furthermore, the attorney-client privilege between PMK and its client, the AOAO, has not been waived. Discovery seeking information as to the specifics of discussions, conversations, or legal counsel between PMK and the AOAO are not discoverable. Depositions would likely be limited to Rule 30(b)(6) representatives, which could be made available upon notice of the intended subject-matter. PMK remains willing to coordinate scheduling of reasonable discovery requests and depositions.

For the foregoing reasons, the parties are in a position to proceed with discovery in advance of the court-set deadlines, to conduct discovery before the discovery cutoff of April 8, 2022. *See* ECF No. 15, at ¶ 12.

### B. In the Alternative, PMK Requests Limited Extension of Certain Deadlines or Shorter Extension of Deadlines.

Should the Court feel so inclined to grant Plaintiff's Motion, PMK requests the Court selectively grant certain deadlines limited to discovery and/or dispositive motions and reserve any continuation of the trial date and pretrial deadlines for a later date. Alternatively, PMK requests a shorter extension than three-months of the discovery deadlines and/or continued trial date and pretrial deadlines.

As conveyed to Plaintiff's counsel, PMK intends to proceed with filing a dispositive motion. Should the Court determine additional time may be necessary

for discovery, PMK proposes that the disposition of this Motion be reserved for after the Court hears and rules upon PMK's motion for summary judgment. After such a motion, any remaining claims, if any, would have a narrowed scope of discovery.

## V.   CONCLUSION

Based on the foregoing, PMK respectfully requests this Honorable Court deny the Motion. In the alternative, PMK requests limited extensions for discovery without continuing the trial date, or a shorter extension of any pretrial or trial deadlines. In addition, PMK suggests reserving the issue of continuing the trial date until after its dispositive motion is ruled upon.

DATED:  Honolulu, Hawaii, November 15, 2021.

/s/ Sabrina M. Kawana
BENNETT J. CHIN
MIA D. OBCIANA
SABRINA M. KAWANA

Attorneys for Defendant
Porter McGuire Kiakona, LLP