IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEREMY WARTA, | ) | CIVIL NO. 1:21-cv-00100 LEK-WRP |
| | ) | |
| Plaintiff, | ) | DECLARATION OF COUNSEL |
| | ) | |
| vs. | ) | |
| | ) | |
| PORTER, MCGUIRE, & KIAKONA, LLP, | ) | |
| | ) | |
| Defendant. | ) | |

DECLARATION OF COUNSEL

I, SABRINA M. KAWANA, hereby declare that:

1. I am licensed to practice law in all courts in the State of Hawaii.

2. I am an associate at the law firm Gordon Rees Scully Mansukhani, LLP ("Gordon & Rees"), counsel for Porter McGuire Kiakona, LLP ("PMK").

3. I have personal knowledge of the matters described herein and of the pleadings and filings in the above-captioned case, including access to the records and filings kept in the normal course of business conducted by Gordon & Rees.

63108472.1

4. On May 25, 2021, I participated in a Rule 26 telephone conference with Justin A. Brackett, Esq. in advance of the scheduling order. Mr. Brackett suggested initial disclosures be exchanged on or before June 15, 2021.

5. On June 15, 2021, PMK produced its initial disclosures, and document production of 1556 pages.

6. On June 16, 2021, having not received Initial Disclosures for Plaintiff JEREMY WARTA ("Plaintiff" or "Warta"), I emailed Mr. Brackett to inquire as to the status.

7. Later that day, Mr. Brackett responded that the deadline "slipped his mind" while he was on the mainland visiting family and that he would provide the disclosures the following Monday, on June 21, 2021.

8. On June 21, 2021, I received Plaintiff's initial disclosures.

9. On August 15, 2021, Mia D. Obciana, Esq. and I, on behalf of PMK, and Mr. Sherman, on behalf of Warta, participated in the Early Settlement Conference before the Honorable Wes R. Porter. Settlement was not reached.

10. After the Early Settlement Conference, on August 15, 2021, I had a telephone conference with Bruce F. Sherman, Esq. During this discussion, I disclosed to Mr. Sherman that we intend to proceed with a motion for summary judgment and intent to schedule a future conference on the merits. Mr. Sherman

requested that we schedule any Local Rule ("LR") 7.8 conference after Mr. Brackett returned from the mainland in early September.

11.   Upon the grant of a courtesy extension to respond to discovery, I agreed not to file any dispositive motion while discovery responses due to Plaintiff were outstanding.  Having responded to the discovery requests, PMK intends to proceed with scheduling its LR 7.8 conference and motion for summary judgment.

12.   On October 21, 2021, I called Mr. Brackett regarding the discovery extension authorized by Mr. Sherman.  During this call, Mr. Brackett proposed a stipulation to extend all pretrial deadlines and trial date.  I informed Mr. Brackett I would not be able to consent to an agreement without consulting the partners and our client.

13.   On October 22, 2021, Mr. Brackett inquired as to the employment status of the PMK associate on the related Circuit Court action.

14.   On October 25, 2021, Mr. Brackett emailed a proposed stipulation to extend all pretrial deadlines and trial date three months.

15.   On October 27, 2021, after conferring with my client, I had a telephone conference with Mr. Brackett regarding the necessity and purpose of his request for extension and the status of discovery, including any intended oral depositions that he may want to schedule.  We discussed the potential depositions of a former PMK attorney and representative of the AOAO.

I, SABRINA M. KAWANA, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 15th day of November, 2021, in Honolulu, Hawaii.

/s/ Sabrina M. Kawana
SABRINA M. KAWANA
