Of Counsel:
PORTER MCGUIRE KIAKONA & CHOW, LLP

CHRISTIAN P. PORTER     3744-0
H. MAXWELL KOPPER      9601-0
841 Bishop Street, Suite 1500
Honolulu, Hawai'i  96813
Telephone: (808) 539-1100
Facsimile: (808) 539-1189
Email:  cporter@HawaiiLegal.com
           mkopper@HawaiiLegal.com

Attorneys for Plaintiff
ASSOCIATION OF APARTMENT OWNERS
OF PLUMERIA HALE

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2016 SEP 20  PM 3: 19

J. KUBO
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE, <br><br> Plaintiff, <br><br> vs. <br><br> JEREMY L. WARTA; JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20, <br><br> Defendants. | CIVIL NO.  16-1-1777-09  K C S . <br><br> (Declaratory Judgment) <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; EXHIBITS "A"-"F"; SUMMONS** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Comes now Plaintiff ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE

("Plaintiff" or "Association"), by and through its attorneys, Porter McGuire Kiakona and Chow,

LLP, and for a Complaint against the above-named Defendants, alleges and avers as follows:

1.     Plaintiff is a Hawai'i non-profit corporation whose membership is comprised of all

owners within the association and is subject to the rules and restrictions as established by the

Declaration OF HORIZONTAL PROPERTY REGIME OF "PLUMERIA HALE" dated August 20,

RECEIVED
$ 315.00

**EXHIBIT A**

1974, recorded in the First Judicial Circuit State of Hawai'i on November 8, 1974 as Document No. 701176, as amended (an unrecorded copy of the "Declaration" is attached hereto as Exhibit "A"), the By-Laws of the Association of Apartment Owners of Plumeria Hale attached as Exhibit "B" to the Declaration, as amended (the "By-Laws" attached hereto as Exhibit "B" ), the PLUMERIA HALE HOUSE RULES ("House Rules" attached hereto as Exhibit "C"), (collectively the "Project Documents").

2. Defendants John Does 1-20, Jane Does 1-20, Doe Partnerships 1-20, Doe Corporations 1-20, Doe Entities 1-20, and Doe Governmental Units 1-20 (collectively referred to as the "Doe Defendants") are sued herein under these fictitious names as their true names and identities are unknown to Plaintiff, except that they are connected in some manner with Defendant JEREMY L. WARTA ("Defendant"), and are agents, servants, employees, employers, representatives, co-venturers, or associates of Defendant, and/or were in some manner responsible for the injuries or damages to Plaintiff and that their "true names, identities, capacities, activities and/or responsibilities" are presently unknown to Plaintiff or its attorneys.

3. The Plumeria Hale ("Project") is located in the City and County of Honolulu, State of Hawai'i. Plaintiff operates, manages and administers the Project pursuant to Section 514B of the *Hawai'i Revised Statutes* and the Project Documents.

4. At all times relevant, Defendant was and is the owner of the real property located at the Project at 2630 Kapiolani Boulevard, Unit 604, Honolulu, Hawai'i 96826, TMK No (1) 2-7-18-36-12, ("Property"), by way of that certain Apartment Deed, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawai'i on November 21, 2014, as Document No. T-9090022 attached hereto as Exhibit "D".

5. Defendant resides at the Project at 2630 Kapiolani Boulevard, Unit 604, Honolulu Hawai'i 96826 (the "Unit") with a German Shepherd named Oliver ("Assistance Animal" or "Oliver").

6. Paragraph H of the Declaration provides in relevant part:

2

Administration of this project shall be vested in its Association of Owners to be known as the "Association of Owners of Plumeria Hale," herein referred to as the "Association." Each owner shall automatically, upon becoming the owner of an apartment, be a member of said Association and shall remain a member until such time as his ownership ceases for any reason, at which time his membership in said Association shall automatically cease . . .

7.      Paragraph I of the Declaration provides in relevant part: "Operation of the project

shall be conducted for the Association by a responsible Managing Agent who shall be appointed

by the Association in accordance with the Bylaws."

8.      Paragraph K of the Declaration provides in relevant part:

All owners, their tenants, families, servants and guests, and any other persons who may in any manner use the project, shall be bound by and comply strictly with the provisions of this Declaration, the Bylaws of the Association and all agreements, decisions and determinations of the Association as lawfully made or amended from time to time, and failure to comply with any of the same shall be grounds for an action to recover sums due, for damages or injunctive relief, or both, maintainable by the Board or Managing Agent on behalf of the Association or, in a proper case, by any aggrieved owner.

9.      Article V, Section 1 of the By-Laws provides in relevant part: "The affairs of the

Association shall be governed by a Board of Directors . . . ."

10.     Article V, Section 2 of the By-laws provides in relevant part:

The Board shall have the powers and duties necessary for the management and operation of the project and may do all such acts and things as are not by law or by the Declaration or by these Bylaws directed to be exercised and done by the apartment owners. Without limiting the generality of the foregoing, the Board shall have the following powers and duties:

(a) To manage, operate, care and maintain the property of this horizontal property regime, the common elements and limited common elements.

(b) To adopt, amend, and revoke administrative rules and regulations (House Rules) for the operation and use of the common elements and limited common elements and for the regulation of the conduct of the owners and occupants of the apartments . . .

(i) To procure legal and accounting services necessary or proper in the operation of the project or enforcement of these Bylaws.

3

11.     Article IX, Section 3 of the By-laws provides in relevant part:

(c) Every owner and occupant shall at all times keep his apartment in a strictly clean and sanitary condition and observe and perform all laws, ordinances, rules and regulations now or hereafter made by any governmental authority or the Association for the time being applicable to the use of the project;

(d) No owner or occupant shall make or suffer any strip or waste or unlawful, improper or offensive use of his apartment or the project nor alter or remove any furniture, furnishings or equipment of the common elements . . .

12.     Article IX, Section 4 of the By-laws provides in relevant part:

The Board, upon giving notice to all apartment owners in the same manner as herein provided for notice of meetings of the Association and an opportunity to be heard thereon, may adopt, amend, or repeal any rules and regulations governing details of the operation and use of the common elements, not inconsistent with any provision of law, the Declaration or these Bylaws; and the apartment owners agree to obey all such House Rules and shall be responsible for the faithful observance thereof by their invitees, guests, employees, and tenants; and the House Rules shall uniformly apply to and be binding upon all owners and occupants of the apartments.

13.     Article IX, Section 5 of the By-laws provides in relevant part:

Every apartment owner shall pay to the Association promptly on demand all costs and expenses including reasonable attorney's fees incurred by or on behalf of the Association in collecting any delinquent assessments against such apartment, foreclosing its lien therefor or enforcing any provisions of the Declaration, or these Bylaws against such apartment owner or any occupant of such apartment.

14.     The General Provisions of the House Rules provides in relevant part:

1. No occupant shall make or permit any disturbing noises in the building or on the premises nor do or permit anything to be done which will interfere with the rights, comfort and convenience of others. All occupants shall be responsible at all times for the reasonable decorum of family members and guests.

15.     The House Rules provides: "C. Pets. No dogs, cats and other household pets may be kept by occupants in their respective apartments and premises." The exception to this rule is the allowance of assistance and service animals.

4

16.     On January 27, 2016, Plaintiff sent a letter ("January Letter") to Defendant notifying Defendant of the aggressive behavior exhibited by Oliver and requesting that Defendant complete and return a Verification of Status as a Person with a Disability Form. Plaintiff notified Defendant that Plaintiff may place reasonable restrictions on Defendant's use of the assistance animal. Plaintiff conditioned Defendant's continued use of the assistance animal on Defendant's adherence to reasonable restrictions set forth in the January Letter, and required Defendant's agreement to such terms.

17.     On February 12, 2016, Defendant agreed in writing to the reasonable conditions and restrictions regarding Oliver ("Agreement") as stated in the January Letter. See Exhibit "E" attached hereto.

18.     The Agreement provided, in relevant part, the following restrictions:

2.      While in/on the common elements of the Project, the assistance animal shall at all times remain under the control of a handler by use of a harness or leash short enough to keep the assistance animal directly next to handler at all times.

3.      The assistance animal shall at all times wear a muzzle when in/on the common elements of the Project, including but not limited to: entrances and exits; lobbies; hallways; stairways; walkways; elevators; driveways; and the parking garage.

7.      Upon receipt of written notification of your confirmed failure to comply with any one of these reasonable restrictions or that the assistance animal has caused injury to a person at the Project, you agree to immediately and permanently remove the assistance animal from the Project.

8.      If you fail to remove the assistance animal after receipt of confirmed violation of the above terms, the Board will take immediate action to remove your assistance animal from the Project (subject to replacement with another assistance animal after receipt of a completed Verification Form).

19.     On July 12, 2016, Plaintiff sent a letter (the "July 12, 2016 Letter Agreement", attached hereto as Exhibit "F") notifying Defendant of several violations of the Agreement and

Project Documents, including allowing Oliver in common areas while not on a leash, and Oliver was exhibiting aggressive behavior.

20.     Despite these violations, Plaintiff's July 12, 2016 Letter Agreement offered the following conditions in a final effort to accommodate Defendant and his Assistance Animal:

      a.  Oliver must wear a muzzle **at all times in all common areas of Project**, [sic] including but not limited to: entrances and exits; lobbies; hallways, stairways; walkways; elevators; driveways; and the parking areas.

      b.  Oliver must be on a fixed "traffic lead" leash, measuring no more than 18 inches in length **at all times in all common areas of Project** [sic], including but not limited to: entrances and exits; lobbies; hallways, stairways; walkways; elevators; driveways; and the parking areas.

      c.  You must abide by all terms of the February 12, 2016 Agreement . . . .

21.     Warta did not sign and return the July 12, 2016 Letter Agreement.

22.     Shortly after the July 12, 2016 Letter Agreement was sent, Oliver was again observed in common areas while not on a leash or muzzled.

23.     Due to these continued violations of the reasonable restrictions contained in the written communications from Plaintiff to Defendants, on August 4, 2016, Plaintiff sent a letter to Defendant demanding removal of the Assistance Animal.

24.     Defendant has not removed Oliver from the Property.

25.     Defendant is in violation of the terms and conditions of the Project Documents.

## COUNT I – DECLARATORY RELIEF & INJUNCTIVE RELIEF

26.     Plaintiff realleges and incorporates by reference all of those allegations contained hereinabove.

27.     An actual case and controversy has arisen and exists between Plaintiff and Defendant regarding Defendant's failure to comply with Project Documents and the Agreement.

28.     Pursuant to Chapter 632, *Hawai'i Revised Statutes*, and Rule 57 of the *Hawai'i Rules of Civil Procedure*, Plaintiff prays for adjudication as to the rights and liabilities of the parties hereto.

29.     Plaintiff is entitled to a preliminary and permanent injunction declaring and mandating that, among other things:

    a.  Defendant shall comply with all of the provisions of the Project Documents and Plaintiff is entitled to enforce the Project Documents.

    b.  Defendant has failed to comply with the reasonable restrictions imposed by Plaintiff regarding Oliver.

    c.  Defendant shall immediately and permanently remove Oliver from the Property and Project.

    d.  If Defendant fails to abide by an Order of this Court, that Plaintiff has a right to enter the Property and remove Oliver from the Unit and charge all such costs and expenses (including, but not limited to, Plaintiff's attorneys' fees and costs) to Defendant.

    e.  Defendant shall pay the fees and costs, including attorneys' fees and costs, incurred by Plaintiff in bringing this action to enforce Defendant's compliance with the Project Documents and the Agreement.

## COUNT II – BREACH OF CONTRACT

30.     Plaintiff realleges and incorporates by reference all of those allegations contained hereinabove.

31.     Defendant, like all owners at the Project, has expressly and impliedly contracted with Plaintiff to observe and abide by the Project Documents.

32.     Defendant has expressly agreed to observe and abide by the Agreement.

33.     Plaintiff has performed everything required by it to be performed under the terms of the Project Documents, Agreement, and applicable state and federal laws.

34.     Plaintiff has acted in accordance with the Project Documents and Agreement for the benefit of Defendant and all other owners at the Project.

35.     By the actions described above, Defendant has breached his express and implied contracts, promises, warranties and covenants with Plaintiff.

36.     As a direct and proximate result of said breaches, Plaintiff has suffered damages in an amount to be proven at trial, and it is entitled to a reimbursement of its attorneys' fees and costs.

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against Defendant as follows:

a.     For judgment in its favor on each and every count as alleged and against Defendant claimed therein, in the type of relief or amount of damage set forth therein or for such amount as may be proven at trial;

b.     Pursuant to Chapter 632, *Hawai'i Revised Statutes*, and Rule 57 of the *Hawai'i Rules of Civil Procedure*, for an adjudication as to the rights and liabilities of the parties hereto;

c.     For judgment declaring that Defendant has a duty to comply with the Project Documents and Agreement and that Plaintiff is entitled to enforce the Project Documents and the Agreement;

d.     For an Order that given Defendant's failure to comply with the Project Documents, the agreement and the reasonable restrictions proposed by Plaintiff on Defendant and Oliver, Defendant must immediately and permanently remove Oliver from the Property and the Project;

e.     For an Order mandating that in the event that Defendant fails to abide by an Order of this Court, Plaintiff has the right to enter the Property to remove Oliver from the Unit, and charge all such costs and expenses (including, but not limited to, Plaintiff's attorney's fees and costs) to Defendant.

f.     For attorneys' fees and costs, as allowed by the Project Documents and/or the relevant State law; and

8

g.      For such other and further relief as this Court deems just and equitable under the circumstances.

DATED:  Honolulu, Hawaiʻi, _____SEP 2 0 2016_____

_____
CHRISTIAN P. PORTER
H. MAXWELL KOPPER
Attorneys for Plaintiff
ASSOCIATION OF APARTMENT OWNERS OF
PLUMERIA HALE