IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEREMY WARTA, | ) CIVIL NO. 1:21-cv-00100 LEK-WRP |
| | ) |
| Plaintiff, | ) DECLARATION OF KAPONO |
| | ) KIAKONA |
| vs. | ) |
| | ) |
| PORTER, MCGUIRE, & KIAKONA, LLP, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

DECLARATION OF KAPONO KIAKONA

I, KAPONO KIAKONA, declare that:

1. I make this declaration in support of Defendant Porter McGuire Kiakona, LLP's Motion for Summary Judgment ("Motion").

2. I am an attorney licensed to practice in the State of Hawaii.

3. I am a Partner of the law firm Porter McGuire Kiakona, LLP ("PMK" or "the Firm").

4. As a Partner at PMK, I have personal knowledge of and access to the records and files kept in the normal course of business, made at or near the time by an individual with knowledge of such matters, and kept in the course of regularly conducted business activity of PMK.

5. The Firm, for over thirty years, has provided legal services and expertise for its clients in the City and County of Honolulu and State of Hawaii in a variety of areas. PMK has five main practice areas: community association law, real estate litigation, commercial litigation, construction litigation, and family law.

6. PMK's primary purpose is not to collect debts, but rather offers a range of legal services to offer our clients, including debt collection in commercial litigation, enforcement of association rules and covenants, delinquent assessments, and related litigation matters.

7. At all relevant times, PMK represented the Association of Apartment Owners of Plumeria Hale ("AOAO"), including from 2016 through the present.

8. Plaintiff Jeremy Warta ("Warta") owns Unit 604 at the Plumeria Hale condominium, located at 2630 Kapiolani Boulevard, Honolulu, Hawaii 96826.

9. As a unit owner, Warta is subject to the rules and restrictions established by the governing documents of Plumeria Hale, including the declaration, bylaws, and house rules ("Governing Documents").

10. At the time PMK initiated covenant enforcement, PMK was not attempting to collect delinquent payments or assessments.

11. In 2016, the AOAO initiated covenant enforcement against Warta by filing a Complaint for Declaratory and Injunctive Relief, in *Association of*

*Apartment Owners of Plumeria Hale v. Jeremy Warta,* Civil No. 16-1-1777 (BIA) ("Circuit Court Action").

12. On or about January 2019, I became counsel of record for the AOAO in the Circuit Court Action. I have reviewed and am familiar with the court docket and records in this Circuit Court Action.

13. Pursuant to Rule 201 of the Federal Rules of Evidence ("FRE"), PMK respectfully requests this Honorable Court take judicial notice of the pleadings and files in the underlying Circuit Court Action, inasmuch as these are public records whose adequacy cannot be reasonably called into question and directly relate to the matters at issue in this Federal Action. *See Kohja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (allowing a court to take judicial notice of documents that "necessarily form the basis of the complaint"); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (noting courts may take judicial notice of court filings and other matters of public record").

14. Based upon the record and files, special counsel was appointed for Warta by Order Granting Plaintiff [AOAO]'s Motion to Appoint Special Counsel for Defendant in Military Service, entered on October 24, 2017 [Dkt. 13].

15. Based upon the records and files, Warta's counsel, Bruce F. Sherman, Esq. substituted in as counsel on November 7, 2017 [Dkt. 15].

16. Attached hereto as **Exhibit 3** is a true and correct copy of Plaintiff [AOAO]'s Ex Parte Motion to Seal Pages in Record Pursuant to HCRR Rule 9; Declaration of Counsel; Exhibit "A"; Order Granting Plaintiff [AOAO]'s Ex Parte Motion to Seal Pages in Record Pursuant to HCRR Rule 9, filed on January 17, 2018 [Dkt. 29] in the Circuit Court Action.

17. In support of the ex parte motion, Marcus A. Busekrus, my former associate, included a sworn declaration specifying the filings in the record and corresponding page numbers of the documents sealed, at the request by Warta's counsel. *See* PMK 000642.

18. Based upon the record and files, the Circuit Court declined to impose sanctions pursuant to Rule 9.5 of the Hawaii Court Records Rules ("HCRR").

19. According to PMK's records and files, on or about January 11, 2018, the Circuit Court instructed PMK and Warta's counsel to attempt to work out the remaining issues. *See* Minutes dated January 11, 2018 [Dkt. 47].

20. Representatives of PMK, including myself, communicated with Mr. Sherman, Warta's counsel of record, and engaged in good faith settlement negotiations, pursuant to Rule 408 of the Hawaii Rules of Evidence ("HRE").

21. Based upon the records and files, Justin A. Brackett, entered his appearance as co-counsel for Warta on January 10, 2020 [Dkt. 70].

22. Attached hereto as **Exhibit 4** is a true and correct copy of a letter dated February 20, 2020, signed by me, and sent via email to Mr. Sherman and Mr. Brackett regarding Warta's unpaid assessments, including, per their request, an updated breakdown of maintenance fees, electricity charges, late fees, and attorneys' fees and costs. This letter was sent in response to ongoing settlement negotiations between counsel.

23. Attached hereto as **Exhibit 5** is a true and correct copy of an email string between Mr. Brackett, Mr. Sherman, Mr. Busekrus, and myself dated December 17, 2019 through April 29, 2020.

24. This email string contains various communications reflecting the ongoing settlement negotiations between counsel, pursuant to HRE Rule 408. The email string includes offers of settlement, explanations and details of the breakdown of amounts due and owing, including attorneys' fees and costs.

25. As contained in the email string, on February 5, 2020, Mr. Sherman requested information with the "exact current monthly charges for maintenance fees, electricity, or other monthly charges."

26. PMK conducted these negotiations in good faith and cooperation, and provided information including the ledgers, detailed invoices, and explanations of the amounts Warta owed to the AOAO, for the purpose of reaching settlement in exchange for dismissal of the Circuit Court Action.

27. Ultimately, no settlement was reached. On September 22, 2020, the Firm filed Plaintiff [AOAO]'s Motion for an Award of Attorneys' Fees and Costs [Dkt. Nos. 83-89].

28. On October 19, 2020, Warta's counsel filed a Memorandum in Opposition to Plaintiff [AOAO]'s Motion for an Award of Attorneys' Fees and Costs [Dkt. 93]. A true and correct copy of the memorandum in opposition is attached hereto as **Exhibit 6**.

29. On October 26, 2020, my firm filed a Reply Memorandum in Support of Plaintiff [AOAO]'s Motion for an Award of Attorneys' Fees and Costs [Dkt. 99]. A true and correct copy of the reply memorandum is attached hereto as **Exhibit 7**.

30. On October 8, 2020, Warta filed a Motion to Set Aside Entry of Default Entered April 24, 2017 [Dkt. 91].

31. On October 21, 2020, my firm filed Plaintiff [AOAO]'s Memorandum in Opposition to Defendant's Motion to Set Aside Default Entered April 24, 2017 [Dkt. 91]. A true and correct copy of the opposition memorandum is attached hereto as **Exhibit 8**. In support of the opposition, my former association Marcus A. Busekrus, attached a sworn declaration, made with personal knowledge, attesting to factual disputes raised by Warta's counsel of the underlying facts, and describing the communications between counsel and for purposes for settlement.

32. On October 29, 2020, arguments were heard at a hearing on (1) Plaintiff [AOAO]'s Motion for an Award of Attorneys' Fees and Costs, and (2) Warta's Motion to Set Aside Default Entered April 24, 2017. *See* Minutes dated October 29, 2020 [Dkt. 104].

33. On November 6, 2020, the Circuit Court entered a minute order granting Plaintiff [AOAO]'s Motion for an Award of Attorneys' Fees and Costs, granting reasonable fees in the amount of $14,678.91, with an explanation of the calculation of the award. A true and correct copy of the minute order is attached hereto as **Exhibit 9**.

34. On November 6, 2020, the Circuit Court entered a minute order denying Warta's Motion to Set Aside Default Entered April 21, 2017. A true and correct copy of the minute order is attached hereto as **Exhibit 10**. The Court acknowledged the declaratory relief was deemed moot and further ruled as follows:

> [T]here remained the issue regarding attorney's fees and costs incurred pursuant to HRS 514B-157. There are no other issues remaining in this case and movant was not prejudiced as movant filed opposing briefs and was heard on the issue of attorney fees and costs. Therefore, movant has failed to show that good cause exists to set aside the default and the motion is hereby denied.

35. The Order Granting Plaintiff's Motion for an Award of Attorneys' Fees and Costs was entered on March 5, 2021.

36. Entry of the final judgment was delayed due the transitional period relating to the retirement of the presiding judge. The final judgment was entered on January 24, 2022 [Dkt. 141]. A true and correct copy of the final judgment is attached hereto as **Exhibit 11**.

I, KAPONO KIAKONA, do declare under penalty of law that the foregoing is true and correct.

Executed this 4th day of March, 2022 in Honolulu, Hawaii.

/s/ *Kapono F. H. Kiakona*
KAPONO F. H. KIAKONA