JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI  96814
Telephone: (808) 377-6778
Email:  justinbrackettlaw@gmail.com

BRUCE F. SHERMAN (HI Bar No. 5996)
1050 Bishop Street, No. 509
Honolulu, HI 96813
Telephone: (808) 221-0901
Email: bfs@bfshermanlaw.com

*Attorneys for Plaintiff*
Jeremy Warta

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEREMY WARTA,<br><br>Plaintiff,<br><br>vs.<br><br>PORTER, MCGUIRE, & KIAKONA, LLP,<br><br>Defendant. | CASE NO. 1:21-CV-00100 LEK-WRP<br><br>AMENDED COMPLAINT FOR DAMAGES DECLARATORY AND INJUNCTIVE RELIEF, EXHIBITS A - O, and SUMMONS<br><br>JURY TRIAL REQUESTED |

## AMENDED COMPLAINT

## <u>INTRODUCTION</u>

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 pursuant to 15 U.S.C.

§ 1692k(d) as well as 28 U.S.C. § 1367 (supplemental jurisdiction).

EXHIBIT 1

2.      This action arises out of Defendant's violations of the Fair Debt Collection

Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), in their illegal efforts to collect

a consumer debt.  This is also an action for damages against Defendant for unfair or

deceptive acts or practices in the conduct of trade or commerce in violation of Sections

§443B, 480-2, and 480-13 of the Hawaii Revised Statutes.

3.      This Amendment is being filed pursuant to Fed. R. Civ. P. 15(a).

4.      Venue is proper in this District because the acts and transactions occurred

here, Plaintiff resides here, and Defendant transact business here.

## **PARTIES**

5.      Plaintiff, Jeremy Warta (hereinafter referred to as "Plaintiff" and/or "Mr.

Warta") was a resident of this State, District and Division who is authorized by law

to bring this action.

6.      Defendant Porter, McGuire, & Kiakona, LLP (hereinafter "Defendant

PMK", "PMK" or "Defendant") is a "debt collector" as defined by 15 U.S.C. §

1692a(6), and is a for-profit corporation organized and conducting business in Hawaii.

Defendant can be served through its registered agent, Kapono F.H. Kiakona, at 841

Bishop Street, Suite 1500, Honolulu, Hawaii 96813.

7.      Other Defendants may be discovered in the course of litigation, and

Plaintiff respectfully prays that the Court will permit the addition of later discovered

parties upon motion.

## FACTUAL ALLEGATIONS

8.      Defendant represents Association of Apartment Owners of Plumeria Hale (hereinafter referred as "AOAO") in its case against Plaintiff.

9.      On or about September 20, 2016, AOAO filed a complaint against Mr. Warta at the Circuit Court of the First Circuit, State of Hawaii.  See Exhibit A.

10.     The September 20, 2016 complaint identified Defendant as the attorney representing AOAO.  Exhibit A.

11.     The Complaint sought Declaratory and Injunctive Relief for an alleged covenant violation of housing his service dog on the property. Exhibit A.

12.     The emails from Defendant assert: "This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose." See Exhibit B.

13.     Defendant did not comply with the SCRA in its pursuit of claims on behalf of the AOAO and only started to comply when ordered by the Court. See Exhibit C.

14.     Mr. Warta is currently, and has been throughout this ordeal, active duty military as a Medic in the Navy.

15.     Mr. Warta's dog was a service dog prescribed by his physician as a result of his medical condition which is protected by the ADA.

16.     His service dog had previously been approved to be on the property.

17.     On or about March 22, 2017, Defendant demanded Mr. Warta remove his service dog within ten days. See Exhibit D.

18.     Mr. Warta's dog was removed only because he was forced to do so.

19.     Upon being requested to remove the dog, Mr. Warta complied within the time period provided by Defendants, notifying an on-site manager of the AOAO of its removal by March 31, 2017, rendering the matter moot. See Exhibit E.

20.     Defendant's counsel even acknowledged the matter as moot. See Exhibit F.

21.     Instead of accepting the matter as moot, Defendant claimed to be owed attorney fees $8,665.30 as of May 3, 2018. See Exhibit G.

22.     Plaintiff made a lump sum payment of $6,175.85 on or about November 1, 2016 to Hawaiian Properties, Ltd., the property management company for the AOAO.

23.     In a footnote to the May 3, 2018 demand letter Defendant asserted: "The current total attorneys' fees and costs claimed by the Association to date is $25,368.35. This amount already includes significant reductions and discounts applied by Association's counsel to Mr. Warta's legal ledger." Exhibit G.

24.     As a condition of membership in the AOAO, the Residents were contractually obligated to pay annual assessments to the AOAO.  Delinquent assessments resulted in charged interest on past due amounts plus late fees. The Residents were also contractually required to pay costs and attorneys' fees incurred by the AOAO.

25.     In spite of his payment of a settlement amount which he believed covered the entire attorneys' fees, his dispute of additional attorneys' fees being owed, and designation of his monthly payments as assessment payments, Defendant's demands of attorneys fees from the AOAO resulted in the AOAO paying the attorneys' fees instead of applying Mr. Warta's monthly dues to his assessments.  This pushed him further and further behind in his assessments, resulting in additional interest and late fees being sought by the AOAO.

26.     Defendant claimed to be owed attorney fees of $19,630.81 as of January 22, 2019. See Exhibit H.

27.     Plaintiff had already paid attorney fees of $13,643.59 through Defendant's capture of his monthly assessments and $6,175.85 by direct payment prior to that, demonstrating Defendant was actually claiming it had accumulated $19,819.44 in attorneys' fees by that date.

28.     The records reflect that Defendant continued to demand attorneys' fees from Plaintiff that they had already been paid.

29.     The records of the AOAO further demonstrate Defendant's deceptive billing practices whereby they had charged the AOAO $23,621.35 as of January 18, 2019 and had been paid by the AOAO $13,643.59 of that amount by August 2, 2018.

30.     With Plaintiff's direct payment of $6,175.85, it's impossible that Plaintiff still owed Defendant $19,630.81 as of January 22, 2019.

31.     Defendant sent an email demanding attorney fees of $25,457.90 and late fees of $220.00 with the "delinquent Maintenance Fee and Electricity charges" to be "provided in a separate payoff letter." Exhibit B.

32.     Defendant demanded attorneys' fees and costs in the amount of $32,263.28 as of February 20, 2020. See Exhibit I.

33.     Defendant's attorney fee and costs demands of $32,263.28 on February 20, 2020 came just thirteen days after it demanded attorney fees of $25,457.90 on February 7, 2020 – a time period when no actions were being taken by Defendant in the state court proceedings other than preparing an email, and over two years after Defendant acknowledged that the dog that was the subject of the Complaint had been removed from the premises. See Exhibits B, I, and J.

34.     Once the dog was removed from the premises, the underlying case was moot. See Exhibits K and F.  Nevertheless, Defendant continued to push forward on the issue of its fees, ratcheting them up higher and higher in its demands over the next two and a half years.

35.     As of May 6, 2020, Defendant's ledger asserted attorney fees owed in the amount of $31,595.85. See Exhibit L.

36.     Defendant required the AOAO to pay its attorney fees and costs first, applying his association dues payments instead to its billings, resulting in the

appearance that Plaintiff was further behind on his association assessments than was actually the case. See Exhibit M.

37.     Plaintiff had his association assessments paid via automatic withdrawal from his bank account, as he is active-duty military and frequently deployed overseas to protect this great nation.

38.     Mr. Warta is significantly further behind on his maintenance fees to the AOAO than necessary, as much of the automatic payments was usurped by Defendant's fees and costs demands to the AOAO throughout its frivolous proceedings in a moot case.

39.     On July 2, 2018, Hawaii's legislature acted, forbidding the application of AOAO assessment payments to attorney fees or other costs first. H.R.S. § 514B-105(C).

40.     Unfortunately for Mr. Warta, this matter arose before the enactment of H.R.S. § 514B-105(C).

41.     But even after the enactment of H.R.S. § 514B-105(C), Defendant still required its attorney fees and costs be paid by the AOAO first on three more occasions. See Exhibit M.

42.     Even prior to the enactment of H.R.S. § 514B-105(C), there was a requirement of Defendant to keep its attorney fee demands reasonable given the circumstances of the litigation.

43.     Defendant coordinated with AOAO of Plumeria Hale to place a lien against Plaintiff's condominium in the amount of $29,017.04 for "unpaid amounts assessed…as of April 16, 2019, and for all subsequent assessments, including all costs, expenses, and attorneys' fees" on May 30, 2019 despite there being no order approving its attorney fees at that time. See Exhibit N.

44.     The attorney fees assessed by Defendant as of April 16, 2019 totaled $29,017.04 and he had already paid at least $19,819.44 of that amount through his settlement payment of $6,176.85 on or about November 1, 2016 and at least $13,643.59 was taken from his monthly dues payments.

45.     Plaintiff believes Defendant demanded attorney fees it had already been paid by Mr. Warta directly or through his AOAO.

46.     On November 6, 2020, via a Minute Order the Circuit Court **for the first time** approved attorney fees, but limited them to $14,678.91 - significantly less than the amount of $40,023.37 ($47,267.57 purportedly billed) sought by Defendant in its Motion for an Award of Attorneys' Fees and Costs filed September 22, 2020 and less than the amount of attorney fees sought in the May 30, 2019 lien.

47.     At the hearing, the Circuit Court noticed $14,000 in discounts by the firm. Defendant's attorney, Marcus Busekrus, explained this was due to the payments through the AOAO.

48.     Defendant first provided "invoices for legal fees and costs for work performed in the enforcement of AOAO Plumeria Hale's restrictive covenants against Mr. Jeremy Warta, relating to his dog, from January 2016 to date" to Plaintiff on May 11, 2018, pursuant to a request by Plaintiff's counsel.

49.     The invoices provided on May 11, 2018 include 38 pages of billings by Defendant.

50.     The invoices provided on May 11, 2018 demonstrate billings by twelve different individual representatives of Defendant.

51.     The invoices provided on May 11, 2018 demonstrate many payments from Plumeria Hale to Defendant.

52.     Defendant then provided a detailed attorneys' fees statement to Plaintiff in September of 2019. These statements were also grossly inflated, contained duplicative billings, unnecessary work, and were the product of over ten (10) different lawyers and seven (7) different paralegals.

53.     Defendant published the personal and confidential medical records of Mr. Warta in numerous pleadings in the Hawaii State Court case AOAO of Plumeria Hale v. Warta, Civil No. 16-1-1777-09 (BIA).

54.     The medical records were used as exhibits or parts of exhibits in thirteen (13) separate instances over four (4) separate pleadings, but were not filed under seal. In the Complaint filed on September 20, 2016, Exhibits E and F contain

the Defendants medical records relating to the disability that is the basis for his request for an assistance dog. In the Motion for Default Judgment and/or for Summary Judgment Seeking Declaratory and Injunctive Relief filed on July 7, 2017, Exhibits D, G, and H each contain the same medical records described immediately above. In the Motion for Default Judgment and/or for Summary Judgment Seeking Declaratory and Injunctive Relief filed on October 24, 2017, Exhibits D, G, and H also each contain the same medical records as described above. In Plaintiff's Memorandum in Opposition to Motion to Stay Proceedings Pursuant To 50 U.S.C. § 3932 filed on November 22, 2017, Defendant published Mr. Warta's medical records 4 separate times in Exhibits B, E, F, and attached other documents.

55.     Rule 9 of the Hawai'i Court Records Rules, titled "Parties' Responsibility to Protect Personal Information," provides a general prohibition against submission of personal information in publicly accessible court filings:

56.     **9.1. Prohibition; Form.**

> (a) Except as provided in this Rule 9 and notwithstanding any other rule to the contrary, a party shall not include personal information in any accessible document filed in any state court or with ADLRO. Required personal information shall be submitted by means of a Confidential Information Form that substantially conforms to HCRR Form 2 of these rules; provided the name and birth date of a  minor charged with a traffic infraction may be displayed on the citation and the name of a minor may be displayed in submissions in proceedings under HRS chapter 586 and section 604-10.5.

> The Confidential Information Form shall be designated confidential, protected, restricted, sealed, or not accessible.
>
> (b) Personal information is defined by HCRR Rule 2.19 as including the following: [S]ocial security numbers, dates of birth (except for traffic citations), names of minor children, bank or investment account numbers, **medical and health records**, and social service reports.

57.      Defendant violated Hawaii Court Records Rules ("HCRR") 2.19 and 9 by placing Mr. Warta's private and personal history in the public domain.

58.      The actual medical records were not necessary or relevant for the Complaint or the other pleadings, but even if they were relevant the Plaintiff should have filed Mr. Warta's medical records under seal as required by HCRR.

59.      The high number of unsealed medical records in numerous pleadings filed publicly by the PLAINTIFF was an attempt to embarrass and intimidate Mr. Warta.

60.      Defendant uses mail in its business.

61.      Defendant uses telephone communications in its business.

62.      Defendant is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

63.      Defendant is a debt collector subject to the provisions of H.R.S. §443B. Any violation of H.R.S. §443B is a violation of H.R.S. §480. See H.R.S. §443B-20.

64.　　　　All emails from Defendant explain: "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." Exhibit B.

## CAUSES OF ACTION

### *COUNT ONE:*
### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

### FIRST VIOLATION OF
### THE FAIR DEBT COLLECTION PRACTICES ACT:
### FALSE OR MISLEADING REPRESENTATIONS

65.　　　　The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.  Defendant's violations of the FDCPA include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, which is a violation of 15 U.S.C. § 1692e.

66.　　　　The letters from Defendant demand improper, confusing, and conflicting amounts from Mr. Warta.

67.　　　　Mr. Warta maintains his maintenance payments and had no dog or other pet on the premises since March 30, 2019. See attached Verification.

68.　　　　Mr. Warta was, and is confused as to how Defendant calculated the amount they demanded and what authority they have to demand these improper amounts.

69.        Until the recent minute order by the Circuit Court, no court in the State of Hawaii or otherwise, had awarded fees or costs to any Defendant in regard to this account.

70.        As described above, Defendant placed its lien on May 30, 2019 and made many higher demands throughout the course of its collection efforts.

71.        Lodestar method was an inappropriate mechanism for calculating attorney fees award in actions by homeowners' associations to collect past due assessments; such cases lack the substantial public interest justification underlying application of the lodestar method in the context of true fee-shifting statutes.

72.        Courts should use the professional conduct rule listing factors that should be considered in determining the reasonableness of a fee as the foundation for analysis of what constitutes a reasonable fee; a trial court also may consider, in its discretion, any other factor reasonably related to a fair award of attorney fees. Hawaii Rules of Prof. Conduct, Rule 1.5(a).

73.        If a trial court chooses to consider contract terms when awarding attorney fees, it also should carefully consider the nature of the work performed, and whether there is a risk that certain rote tasks are being billed at a higher than reasonable rate.

74.        Given the simple nature of the suit, the amounts requested were grossly unfair and deceptive.

75.        By assigning different account balances and illegitimate amounts of fees to the underlying account, Defendant made false, confusing, or misleading representations to Mr. Warta about the amount of money he owed on the account.

76.        The letters from Defendant demand very improper, confusing, and conflicting amounts from Mr. Warta and he is confused as to how Defendant calculated said amounts and what authority they have to demand these amounts.

77.        Not only were these demands confusing to Mr. Warta, but they would be confusing to the reasonable consumer, and certainly to the least sophisticated consumer.

78.        Defendant has a pattern or practice of doing such conduct to Hawaii residents.

## SECOND VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT:
## FALSE OR MISLEADING REPRESENTATIONS AS TO AMOUNT AND LEGAL STATUS OF THE ALLEGED DEBT

79.        Defendant's violations of the FDCPA also include, but are not limited to, the use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, which is a violation of 15 U.S.C. §1692e(2).

80.        The actual amount of the alleged debt is certainly in question.  It is overly confusing as to what amount is owed on this account since the demands of Defendant varied wildly.

14

81.     By demanding wildly differing amounts that increased and decreased by irregular and incalculable amounts, Defendant have confused Mr. Warta as to what amount of money, if any, he owes on this account. This would be exceptionally confusing to the least sophisticated consumer.

82.     Defendant attempted to keep Mr. Warta confused as to the amount owed so that if he were to make payments on this account he would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by him.

83.     Mr. Warta paid what Defendant demanded and removed his service animal from the apartment complex. Instead of accepting the settlement and moving on, Defendant continued to syphon off attorney fees from his AOAO dues until the law changed to forbid such conduct, at which time they went back to making demands that became more and more wildly exaggerated over the next three years. Even after the change of the law Defendant continued to take their fees for two more months!

84.     Defendant's asserted fees of $47,267.57 was reduced to $14,678.91 by the State Court ($12,063.14 of which he had already paid through their backdoor collection activity), demonstrating the egregiousness of their demands on such a small matter.

85.     Plaintiff believes Defendant demanded attorney fees it had already been paid by Mr. Warta directly or through his AOAO.

86.     Defendant has a pattern or practice of doing such conduct to Hawaii residents.

87.     Defendant placed a lien against Plaintiff's condominium in the amount of $29,017.04 for "unpaid amounts assessed…as of April 16, 2019, and for all subsequent assessments, including all costs, expenses, and attorneys' fees" on May 30, 2019 despite there being no order approving its attorney fees at that time. See Exhibit N.

88.     Defendant admits it filed the Notice of Lien prior to entry of any Judgment against Plaintiff. Exhibit O, Defendant's Response to Requests for Admission # 27.

89.     Defendant's billing statements are grossly inflated, contain duplicative billings, unnecessary work, and appear to be the product of at least ten (10) different lawyers and seven (7) different paralegals, an apparent exercise in churning fees.

90.     Upon information and belief, it is a pattern and practice of PMK to refuse to provide AOAO owners with attorney's fees statements because PMK claims that the statements are subject to an attorney-client privilege between an AOAO and PMK, despite the fact that the AOAO owners are liable for the fees.

91.      Defendant PMK conceals the unreasonableness of its billing practices while still demanding full payment of an overbilled amount of attorney's fees from AOAO owners, which is an unfair and deceptive trade practices act and a violation of the Fair Debt Collection Practices Act.

92.      The attorney fees assessed by Defendant as of April 16, 2019 totaled $29,017.04 and he had already paid at least $19,819.44 of that amount through his settlement payment of $6,176.85 on or about November 1, 2016 and at least $13,643.59 was taken from his monthly dues payments.

93.      On November 6, 2020, via a Minute Order the Circuit Court **for the first time** approved attorney fees, but limited them to $14,678.91 - significantly less than the $29,017.04 of attorney fees they were collecting through the May 30, 2019 lien.

94.      At the October 29, 2020 hearing on their Motion for Attorney Fees, the Circuit Court noticed $14,000 in discounts by the firm. *AOAO of Plumaria Hale v. Warta*, Case No. 1CC161001777 October 29, 2020 Hearing TR at pp 5-6.

95.      Defendant's attorney, Marcus Busekrus, explained the $14,000 reduction in fees demanded was due to the payments through the AOAO. *Id.*

96.      In spite of the Hawaii Circuit Court's Order, Defendant admits that it still hasn't removed the lien on Plaintiff's property as of September 8, 2021. See Exhibit O, Defendant's Response to Plaintiff's Requests for Admissions # 23.

97.     The continued encumbrance of Mr. Warta's residential property through their $29,017.04 lien, months after any attorney fees and costs were drastically reduced by the Circuit Court, is another, continuing violation of the Fair Debt Collection Practices Act.

98.     Upon information and belief, the majority of the sum claimed to be owed in the lien and/or remaining sums to the AOAO, are the result of the prioritization of payments where Warta's automatic payment of maintenance fees was first applied to PMK attorneys' fees resulting in an insufficient remaining sum to apply to maintenance fees. The next tenant ledger would reflect an arrearage for maintenance fees, but in reality, the arrearage label concealed the fact that the arrearage was the result of payment first of the attorneys' fees from the intended maintenance fees payment by Mr. Warta.  This practice was banned by the Hawaii State Legislature on July 1, 2018.

99.     Defendant goes on to admit that Mr. Warta does not owe Defendant any attorney fees as of September 8, 2021. Exhibit O, Defendant's Response to Plaintiff's Requests for Admissions # 24.

100.    Defendant is continuing to collect attorney fees when none were owed.

# THIRD VIOLATION OF THE
# FAIR DEBT COLLECTION PRACTICES ACT:
# <u>UNFAIR PRACTICES</u>

101.     Defendant's violations of the FDCPA also include, but are not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

102.     The letters from Defendant assert that different balances are owed, increasing the amount demanded.

103.     Defendant did not give Plaintiff credit for his payments and continued to demand payment of fees it had already been paid.

104.     Defendant demanded artificially inflated amounts throughout this proceeding. See Exhibits.  Mr. Warta asserts Defendant's demands of its various amounts were not expressly authorized by the agreement creating the debt or permitted by law.

105.     The amounts sought by Defendant in their various communications include various fees not expressly authorized by the agreement creating the debt or permitted by law, and thus were demands in direct violation of 15 U.S.C. § 1692f(1).

106.     The Defendant's false representations of the character, amount or legal status of the debt are a use of a false, deceptive, and misleading representations or

means in connection with collection of the debt or in an attempt to collect the debt, which is a violation of 15 U.S.C. §§ 1692e and 1692e(10), and are an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

107.    Defendant has a pattern or practice of doing such conduct to Hawaii residents.

## FOURTH VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT:
## <u>HARRASSMENT OR ABUSE</u>

108.    Any conduct the natural consequence of which is to harass, oppress, or abuse any person is a violation of 15 U.S.C. §1692d.

109.    Defendant's disclosure of his medical records multiple times in public court filings in an effort to coerce payment was conduct the natural consequence of which was to harass, oppress, or abuse Mr. Warta.

110.    Defendant's placement of a lien against Plaintiff's condominium in the amount of $29,017.04 on May 30, 2019 despite there being no order approving its attorney fees at that time and prior to entry of any Judgment against Plaintiff oppressed and abused Mr. Warta.

111.    Defendant PMK conceals the unreasonableness of its billing practices while still demanding full payment of an overbilled amount of attorney's fees from AOAO owners, which is an unfair and deceptive trade practices act and a violation of the Fair Debt Collection Practices Act.

112.     In spite of the Hawaii Circuit Court's Order, Defendant admits that it still hasn't removed the lien on Plaintiff's property as of September 8, 2021. See Exhibit O, Defendant's Response to Plaintiff's Requests for Admissions # 23.

113.     The continued encumbrance of Mr. Warta's residential property through their $29,017.04 lien, months after any attorney fees and costs were drastically reduced by the Circuit Court, harasses and oppresses Mr. Warta, keeping him from being able to refinance or sell the property.

## COUNT TWO: *VIOLATIONS OF THE HAWAI'I REVISED STATUTES, UNFAIR OR DECEPTIVE ACTS OR PRACTICES*

114.     A consumer may bring an action based upon unfair or deceptive acts or practices. Haw. Rev. Stat. §480-2.

115.     Mr. Warta, a consumer, brings this action based upon Defendant's unfair or deceptive acts or practices.

116.     Mr. Warta has incurred actual damages as a result of Defendant's acts and practices.

117.     Defendant has a pattern or practice of doing such conduct to Hawaii residents.

## FIRST VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE OR MISLEADING REPRESENTATIONS

118.     The acts of Defendant constitute violations of the Hawai'i Revised Statutes.  Violations include, but are not limited to, any false representation or

implication of the character, extent, or amount of a claim against a debtor or alleged debtor, or of its status in any legal proceeding. Such conduct is a violation of Haw. Rev. Stat. § 443B-18(5).

119.     The underlying debt is disputed.

120.     The communications from Defendant demanded amounts from Mr. Warta that he did not owe.

121.     A calculation of the time between the communications and the amounts demanded in the communications shows that inconsistent and unknown rates of interest and/or fees were being applied to the account by the Defendant.

122.     Furthermore, the account balance changes at rates of interest that do not comply with the terms of the initial contract.

123.     By assigning different account balances and unknown rates of interest to the underlying account, Defendant made one or more false representations or implications of the character, extent, or amount of money Mr. Warta owes on this account.

124.     The rate of interest applied to the account by Defendant is not the contractual rate of interest.

125.     By assigning different account balances and interest rates to the same account and demanding an amount that did not comply with the applicable contractual

rate of interest, Defendant made one or more false representations or implications of the character, extent, or amount of money Mr. Warta owes.

126.    By demanding an amount they were not entitled to, Defendant made a false representation or implication of the character, extent, or amount of money Mr. Warta owes on this account.

127.    By attempting to collect unauthorized amounts through false and deceptive communications, Defendant has deceived and/or misled Mr. Warta as to what amount of money he owes on this account.

128.    Defendant's placement of a lien against Plaintiff's condominium in the amount of $29,017.04 on May 30, 2019 despite there being no order approving its attorney fees at that time and prior to entry of any Judgment against Mr. Warta is a false representation or implication of the character, extent, or amount of debt owed.

129.    Defendant PMK concealing the unreasonableness of its billing practices while still demanding full payment of an overbilled amount of attorney's fees from AOAO owners is an unfair and deceptive trade practices act.

130.    In spite of the Hawaii Circuit Court's Order, Defendant admits that it still hasn't removed the lien on Plaintiff's property as of September 8, 2021. See Exhibit O, Defendant's Response to Plaintiff's Requests for Admissions # 23.

131.    The continued encumbrance of Mr. Warta's residential property through their $29,017.04 lien, months after any attorney fees and costs were drastically reduced

by the Circuit Court, is a false representation or implication of the character, extent, or amount of debt owed.

132.     Under 443B-20, the above constitutes violations of 480-2 as well.

### SECOND VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE OR MISLEADING REPRESENTATIONS UNDER §443B-18(8)

133.     Any representation that an existing obligation of the debtor or alleged debtor may be increased by the addition of attorney's fees, investigation fees, service fees, and any other fees or charges when in fact the fees or charges may not legally be added to the existing obligations is a violation of Haw. Rev. Stat. § 443B-18(8).

134.     Plaintiff believes Defendant demanded attorney fees he had already paid through his AOAO and/or direct payments.

135.     By assessing unwarranted fees or charges, as explained in detail above, Defendant has demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

136.     Upon information and belief, Mr. Warta asserts that Defendant did not have authority to collect the debt at all, much less add fees to the account, after the service animal was removed and the account had been satisfied in full.

137.     Defendant's placement of a lien against Plaintiff's condominium in the amount of $29,017.04 on May 30, 2019 despite there being no order approving its attorney fees at that time and prior to entry of any Judgment against Mr. Warta is the addition of attorney's fees, investigation fees, service fees, and any other fees or

24

charges at a time when the fees or charges were not legally allowed to be added to the existing obligation.

138.     Defendant PMK concealed the unreasonableness of its billing practices while still demanding full payment of an overbilled amount of attorney's fees.

139.     In spite of the Hawaii Circuit Court's Order, Defendant admits that it still hasn't removed the lien on Plaintiff's property as of September 8, 2021. See Exhibit O, Defendant's Response to Plaintiff's Requests for Admissions # 23.

140.     The continued encumbrance of Mr. Warta's residential property through their $29,017.04 lien, months after any attorney fees and costs were drastically reduced by the Circuit Court, is a false representation or implication of the character, extent, or amount of debt owed.

141.     Under 443B-20, the above constitutes violations of 480-2 as well.

### THIRD VIOLATION OF THE HAWAI'I REVISED STATUTES: THE USE OF DECEPTIVE PRACTICES IN ATTEMPT TO COLLECT A DEBT

142.     Defendant's violations of the Hawai'i Revised Statutes also include the collection of or the attempt to collect any interest or other charge, fee, or expense incidental to the principal obligation unless the interest or incidental fee, charge, or expense is expressly authorized by the agreement creating the obligation and legally chargeable to the debtor or alleged debtor; or unless the interest or incidental fee,

charge, or expense is expressly authorized by law.  Such conduct violates Haw. Rev. Stat. § 443B-19(2).

143.      By assessing illegitimate interest, fees or charges, Defendant has demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

144.      Defendant's demands of additional fees was an attempt to collect an amount not expressly authorized by the agreement.

145.      A calculation of the time passed and the amounts demanded demonstrates that Defendant applied fees at illegitimate rates and sought fees for times it had done nothing.

146.      The communications from Defendant demand very improper, confusing, and conflicting amounts from Mr. Warta and he has been deceived by Defendant's addition of illegitimate fees to this account.

147.      Under H.R.S. 443B-20, the above conduct constitutes a violation of H.R.S. 480-2 as well.

### FOURTH VIOLATION OF THE HAWAI'I REVISED STATUTES: THE USE OF DECEPTIVE PRACTICES IN ATTEMPT TO COLLECT A DEBT

148.      The acts of Defendant constitute violations of the Hawai'i Revised Statutes.  Violations include, but are not limited to, the collection of or the attempt to collect from a debtor or alleged debtor all or any part of the collection agency's

fees or charges for services rendered. Such conduct is a violation of Haw. Rev. Stat. § 443B-19(3).

149. Upon information and belief, Mr. Warta asserts that Defendant did not have authority to impose additional fees on the originating account at the time it did or in the amount it did.

150. Defendant is attempting to collect their collection agency fees or charges for services rendered, and is thus are violating Haw. Rev. Stat. § 443B-19.

151. Under H.R.S. 443B-20, the above constitutes violations of H.R.S. 480-2 as well.

## FIFTH VIOLATION OF THE HAWAI'I REVISED STATUTES: THE USE OF DECEPTIVE PRACTICES IN ATTEMPT TO COLLECT A DEBT

152. The collection of or the attempt to collect any interest or other charge, fee, or expense incidental to the principal obligation unless the interest or incidental fee, charge, or expense is expressly authorized by the agreement creating the obligation and legally chargeable to the debtor or alleged debtor; or unless the interest or incidental fee, charge, or expense is expressly authorized by law is a violation of Haw. Rev. Stat. § 443B-19(4).

153. The amounts demanded by Defendant have varied wildly.

154. Defendant demanded amounts at times when they were not authorized by law or any agreement.

155.    Defendant demanded amounts that were greater than those authorized by law or any agreement.

156.     Plaintiff believes Defendant demanded attorney fees it had already been paid by Plaintiff directly and/or through his AOAO.

157.    Under H.R.S. §443B-20, the above conduct constitutes violations of H.R.S. §480-2 as well.

## COUNT III:  INVASION OF PRIVACY

158.    Defendant's conduct of disclosing Plaintiff's medical records in numerous court filings is a violation of Hawaii State Constitution's right of privacy as described in *Cohan v. Ayabe*, 132 Hawai'i 408, 415, 322 P.3d 948, 956.

159.    Such conduct is a deceptive act or practice in an attempt to collect a debt.

160.    The standard is laid out in Rule 9 of the Hawai'i Court Records Rules.

161.    The unlawful publication of his medical records is an invasion of his right to privacy and a violation of Haw. Rev. Stat. §§ 443B and 480-2.

162.    Plaintiff believes Defendant disclosed his medical records in an attempt to humiliate him and coerce him into payment of their excessive fees.

## COUNT IV:  INTENTIONAL AND/OR NEGLIGENT MISREPRESENTATION

163.    Defendant's conduct, as described above, was certainly negligent and maybe knowingly fraudulent.

164. Defendant's made numerous negligent and/or intentional misrepresentations, as described above.

165. Defendant demanded of incorrect and excessive amounts.

166. Defendant pursued a judgment against Plaintiff without notifying the Court of his military status and in violation of the Servicemembers Civil Relief Act.

## *Summary*

167. The above-detailed conduct by Defendant and its agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA and Hawai'i Revised Statutes including, but not limited to the above-cited provisions.

168. As a result of Defendant's actions, Mr. Warta is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## **TRIAL BY JURY**

169. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. P. 38.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against any or all Defendants and in favor of the Plaintiff as follows:

a)   Declaratory judgment that Defendant violated Mr. Warta's rights under the Fair Debt Collection Practices Act;

b)   Declaratory judgment that Defendant violated Mr. Warta's rights under the Hawai'i Revised Statutes;

c)   That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant in an amount to be determined at a trial by a jury;

d)   That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

e)   That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

f)   That Plaintiff be awarded actual damages pursuant to Haw. Rev. Stat. § 480-13 in an amount to be determined by a jury at trial;

g)   That Plaintiff be awarded treble actual damages pursuant to Haw. Rev. Stat. § 480-13;

h)   That Plaintiff be awarded statutory damages of not less than $1,000.00 pursuant to Haw. Rev. Stat. § 480-13;

i)      That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to Haw. Rev. Stat. § 480-13;

j)      Punitive damages for Defendant's invasions of Plaintiff's privacy.

k)      Punitive damages for Defendant's negligent and/or intentional misrepresentations

l)      That the Court declare all defenses raised by Defendant to be insufficient; and

m)      Such other and further relief, including injunctive relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.


Respectfully submitted, this the 24th day January, 2022.

*/s/ Justin A. Brackett*
Justin A. Brackett, #9954
Bruce F. Sherman, #5996
*Attorneys for Plaintiff*
Jeremy Warta

Of Counsel:
PORTER MCGUIRE KIAKONA & CHOW, LLP

CHRISTIAN P. PORTER      3744-0
H. MAXWELL KOPPER       9601-0
841 Bishop Street, Suite 1500
Honolulu, Hawai'i  96813
Telephone: (808) 539-1100
Facsimile: (808) 539-1189
Email:  cporter@HawaiiLegal.com
         mkopper@HawaiiLegal.com

Attorneys for Plaintiff
ASSOCIATION OF APARTMENT OWNERS
OF PLUMERIA HALE

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2016 SEP 20  PM 3: 19

J. KUBO
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE, | ) ) ) | CIVIL NO.  16-1-1777-09  K E S. |
| Plaintiff, | ) ) ) | (Declaratory Judgment) |
| vs. | ) ) ) ) | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; EXHIBITS "A"-"F"; SUMMONS** |
| JEREMY L. WARTA; JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Comes now Plaintiff ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE

("Plaintiff" or "Association"), by and through its attorneys, Porter McGuire Kiakona and Chow,

LLP, and for a Complaint against the above-named Defendants, alleges and avers as follows:

1.      Plaintiff is a Hawai'i non-profit corporation whose membership is comprised of all

owners within the association and is subject to the rules and restrictions as established by the

Declaration OF HORIZONTAL PROPERTY REGIME OF "PLUMERIA HALE" dated August 20,

RECEIVED
$ 315.00

**EXHIBIT A**

1974, recorded in the First Judicial Circuit State of Hawai'i on November 8, 1974 as Document No. 701176, as amended (an unrecorded copy of the "Declaration" is attached hereto as Exhibit "A"), the By-Laws of the Association of Apartment Owners of Plumeria Hale attached as Exhibit "B" to the Declaration, as amended (the "By-Laws" attached hereto as Exhibit "B" ), the PLUMERIA HALE HOUSE RULES ("House Rules" attached hereto as Exhibit "C"), (collectively the "Project Documents").

2.      Defendants John Does 1-20, Jane Does 1-20, Doe Partnerships 1-20, Doe Corporations 1-20, Doe Entities 1-20, and Doe Governmental Units 1-20 (collectively referred to as the "Doe Defendants") are sued herein under these fictitious names as their true names and identities are unknown to Plaintiff, except that they are connected in some manner with Defendant JEREMY L. WARTA ("Defendant"), and are agents, servants, employees, employers, representatives, co-venturers, or associates of Defendant, and/or were in some manner responsible for the injuries or damages to Plaintiff and that their "true names, identities, capacities, activities and/or responsibilities" are presently unknown to Plaintiff or its attorneys.

3.      The Plumeria Hale ("Project") is located in the City and County of Honolulu, State of Hawai'i. Plaintiff operates, manages and administers the Project pursuant to Section 514B of the *Hawai'i Revised Statutes* and the Project Documents.

4.      At all times relevant, Defendant was and is the owner of the real property located at the Project at 2630 Kapiolani Boulevard, Unit 604, Honolulu, Hawai'i 96826, TMK No (1) 2-7-18-36-12, ("Property"), by way of that certain Apartment Deed, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawai'i on November 21, 2014, as Document No. T-9090022 attached hereto as Exhibit "D".

5.      Defendant resides at the Project at 2630 Kapiolani Boulevard, Unit 604, Honolulu Hawai'i 96826 (the "Unit") with a German Shepherd named Oliver ("Assistance Animal" or "Oliver").

6.      Paragraph H of the Declaration provides in relevant part:

2

Administration of this project shall be vested in its Association of Owners to be known as the "Association of Owners of Plumeria Hale," herein referred to as the "Association." Each owner shall automatically, upon becoming the owner of an apartment, be a member of said Association and shall remain a member until such time as his ownership ceases for any reason, at which time his membership in said Association shall automatically cease . . .

7.    Paragraph I of the Declaration provides in relevant part: "Operation of the project

shall be conducted for the Association by a responsible Managing Agent who shall be appointed

by the Association in accordance with the Bylaws."

8.    Paragraph K of the Declaration provides in relevant part:

All owners, their tenants, families, servants and guests, and any other persons who may in any manner use the project, shall be bound by and comply strictly with the provisions of this Declaration, the Bylaws of the Association and all agreements, decisions and determinations of the Association as lawfully made or amended from time to time, and failure to comply with any of the same shall be grounds for an action to recover sums due, for damages or injunctive relief, or both, maintainable by the Board or Managing Agent on behalf of the Association or, in a proper case, by any aggrieved owner.

9.    Article V, Section 1 of the By-Laws provides in relevant part: "The affairs of the

Association shall be governed by a Board of Directors . . . ."

10.    Article V, Section 2 of the By-laws provides in relevant part:

The Board shall have the powers and duties necessary for the management and operation of the project and may do all such acts and things as are not by law or by the Declaration or by these Bylaws directed to be exercised and done by the apartment owners. Without limiting the generality of the foregoing, the Board shall have the following powers and duties:

(a) To manage, operate, care and maintain the property of this horizontal property regime, the common elements and limited common elements.

(b) To adopt, amend, and revoke administrative rules and regulations (House Rules) for the operation and use of the common elements and limited common elements and for the regulation of the conduct of the owners and occupants of the apartments . . .

(i) To procure legal and accounting services necessary or proper in the operation of the project or enforcement of these Bylaws.

3

11.     Article IX, Section 3 of the By-laws provides in relevant part:

(c) Every owner and occupant shall at all times keep his apartment in a strictly clean and sanitary condition and observe and perform all laws, ordinances, rules and regulations now or hereafter made by any governmental authority or the Association for the time being applicable to the use of the project;

(d) No owner or occupant shall make or suffer any strip or waste or unlawful, improper or offensive use of his apartment or the project nor alter or remove any furniture, furnishings or equipment of the common elements . . .

12.     Article IX, Section 4 of the By-laws provides in relevant part:

The Board, upon giving notice to all apartment owners in the same manner as herein provided for notice of meetings of the Association and an opportunity to be heard thereon, may adopt, amend, or repeal any rules and regulations governing details of the operation and use of the common elements, not inconsistent with any provision of law, the Declaration or these Bylaws; and the apartment owners agree to obey all such House Rules and shall be responsible for the faithful observance thereof by their invitees, guests, employees, and tenants; and the House Rules shall uniformly apply to and be binding upon all owners and occupants of the apartments.

13.     Article IX, Section 5 of the By-laws provides in relevant part:

Every apartment owner shall pay to the Association promptly on demand all costs and expenses including reasonable attorney's fees incurred by or on behalf of the Association in collecting any delinquent assessments against such apartment, foreclosing its lien therefor or enforcing any provisions of the Declaration, or these Bylaws against such apartment owner or any occupant of such apartment.

14.     The General Provisions of the House Rules provides in relevant part:

1. No occupant shall make or permit any disturbing noises in the building or on the premises nor do or permit anything to be done which will interfere with the rights, comfort and convenience of others. All occupants shall be responsible at all times for the reasonable decorum of family members and guests.

15.     The House Rules provides: "C. <u>Pets</u>. No dogs, cats and other household pets may be kept by occupants in their respective apartments and premises." The exception to this rule is the allowance of assistance and service animals.

4

16.     On January 27, 2016, Plaintiff sent a letter ("January Letter") to Defendant notifying Defendant of the aggressive behavior exhibited by Oliver and requesting that Defendant complete and return a Verification of Status as a Person with a Disability Form. Plaintiff notified Defendant that Plaintiff may place reasonable restrictions on Defendant's use of the assistance animal.  Plaintiff conditioned Defendant's continued use of the assistance animal on Defendant's adherence to reasonable restrictions set forth in the January Letter, and required Defendant's agreement to such terms.

17.     On February 12, 2016, Defendant agreed in writing to the reasonable conditions and restrictions regarding Oliver ("Agreement") as stated in the January Letter.  See Exhibit "E" attached hereto.

18.     The Agreement provided, in relevant part, the following restrictions:

2.     While in/on the common elements of the Project, the assistance animal shall at all times remain under the control of a handler by use of a harness or leash short enough to keep the assistance animal directly next to handler at all times.

3.     The assistance animal shall at all times wear a muzzle when in/on the common elements of the Project, including but not limited to: entrances and exits; lobbies; hallways; stairways; walkways; elevators; driveways; and the parking garage.

7.     Upon receipt of written notification of your confirmed failure to comply with any one of these reasonable restrictions or that the assistance animal has caused injury to a person at the Project, you agree to immediately and permanently remove the assistance animal from the Project.

8.     If you fail to remove the assistance animal after receipt of confirmed violation of the above terms, the Board will take immediate action to remove your assistance animal from the Project (subject to replacement with another assistance animal after receipt of a completed Verification Form).

19.     On July 12, 2016, Plaintiff sent a letter (the "July 12, 2016 Letter Agreement", attached hereto as Exhibit "F") notifying Defendant of several violations of the Agreement and

Project Documents, including allowing Oliver in common areas while not on a leash, and Oliver was exhibiting aggressive behavior.

20.     Despite these violations, Plaintiff's July 12, 2016 Letter Agreement offered the following conditions in a final effort to accommodate Defendant and his Assistance Animal:

> a.  Oliver must wear a muzzle **at all times in all common areas of Project**, [sic] including but not limited to: entrances and exits; lobbies; hallways, stairways; walkways; elevators; driveways; and the parking areas.

> b.  Oliver must be on a fixed "traffic lead" leash, measuring no more than 18 inches in length **at all times in all common areas of Project** [sic], including but not limited to: entrances and exits; lobbies; hallways, stairways; walkways; elevators; driveways; and the parking areas.

> c.  You must abide by all terms of the February 12, 2016 Agreement . . . .

21.     Warta did not sign and return the July 12, 2016 Letter Agreement.

22.     Shortly after the July 12, 2016 Letter Agreement was sent, Oliver was again observed in common areas while not on a leash or muzzled.

23.     Due to these continued violations of the reasonable restrictions contained in the written communications from Plaintiff to Defendants, on August 4, 2016, Plaintiff sent a letter to Defendant demanding removal of the Assistance Animal.

24.     Defendant has not removed Oliver from the Property.

25.     Defendant is in violation of the terms and conditions of the Project Documents.

## <u>COUNT I – DECLARATORY RELIEF & INJUNCTIVE RELIEF</u>

26.     Plaintiff realleges and incorporates by reference all of those allegations contained hereinabove.

27.     An actual case and controversy has arisen and exists between Plaintiff and Defendant regarding Defendant's failure to comply with Project Documents and the Agreement.

28.     Pursuant to Chapter 632, *Hawai'i Revised Statutes*, and Rule 57 of the *Hawai'i Rules of Civil Procedure*, Plaintiff prays for adjudication as to the rights and liabilities of the parties hereto.

29.     Plaintiff is entitled to a preliminary and permanent injunction declaring and mandating that, among other things:

    a.  Defendant shall comply with all of the provisions of the Project Documents and Plaintiff is entitled to enforce the Project Documents.

    b.  Defendant has failed to comply with the reasonable restrictions imposed by Plaintiff regarding Oliver.

    c.  Defendant shall immediately and permanently remove Oliver from the Property and Project.

    d.  If Defendant fails to abide by an Order of this Court, that Plaintiff has a right to enter the Property and remove Oliver from the Unit and charge all such costs and expenses (including, but not limited to, Plaintiff's attorneys' fees and costs) to Defendant.

    e.  Defendant shall pay the fees and costs, including attorneys' fees and costs, incurred by Plaintiff in bringing this action to enforce Defendant's compliance with the Project Documents and the Agreement.

## COUNT II – BREACH OF CONTRACT

30.     Plaintiff realleges and incorporates by reference all of those allegations contained hereinabove.

31.     Defendant, like all owners at the Project, has expressly and impliedly contracted with Plaintiff to observe and abide by the Project Documents.

32.     Defendant has expressly agreed to observe and abide by the Agreement.

33.     Plaintiff has performed everything required by it to be performed under the terms of the Project Documents, Agreement, and applicable state and federal laws.

34.     Plaintiff has acted in accordance with the Project Documents and Agreement for the benefit of Defendant and all other owners at the Project.

35.    By the actions described above, Defendant has breached his express and implied contracts, promises, warranties and covenants with Plaintiff.

36.    As a direct and proximate result of said breaches, Plaintiff has suffered damages in an amount to be proven at trial, and it is entitled to a reimbursement of its attorneys' fees and costs.

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against Defendant as follows:

a.    For judgment in its favor on each and every count as alleged and against Defendant claimed therein, in the type of relief or amount of damage set forth therein or for such amount as may be proven at trial;

b.    Pursuant to Chapter 632, *Hawai'i Revised Statutes*, and Rule 57 of the *Hawai'i Rules of Civil Procedure*, for an adjudication as to the rights and liabilities of the parties hereto;

c.    For judgment declaring that Defendant has a duty to comply with the Project Documents and Agreement and that Plaintiff is entitled to enforce the Project Documents and the Agreement;

d.    For an Order that given Defendant's failure to comply with the Project Documents, the agreement and the reasonable restrictions proposed by Plaintiff on Defendant and Oliver, Defendant must immediately and permanently remove Oliver from the Property and the Project;

e.    For an Order mandating that in the event that Defendant fails to abide by an Order of this Court, Plaintiff has the right to enter the Property to remove Oliver from the Unit, and charge all such costs and expenses (including, but not limited to, Plaintiff's attorney's fees and costs) to Defendant.

f.    For attorneys' fees and costs, as allowed by the Project Documents and/or the relevant State law; and

8

g.    For such other and further relief as this Court deems just and equitable

under the circumstances.

DATED:  Honolulu, Hawaiʻi, _____ **SEP 2 0 2016** _____.

_____

CHRISTIAN P. PORTER
H. MAXWELL KOPPER
Attorneys for Plaintiff
ASSOCIATION OF APARTMENT OWNERS OF
PLUMERIA HALE

9

**Subject:** Re: plumeria hale/Warta; Civ No 16-1-1777
**From:** Bruce Sherman <bfs@bfshermanlaw.com>
**Date:** 1/24/19, 11:36 AM
**To:** Marcus Busekrus <mbusekrus@hawaiilegal.com>
**BCC:** HMWarta <hmwarta@yahoo.com>

**SUBJECT TO RULE H.R.E. RULE 408**

Marcus,

   Mr. Warta will want to know the actual breakdown of attorney fees. My understanding is that he is on an automatic payment plan, so it is surprising that he is in arrears for maintenance fees and electric charges. If his payments have been first going to satisfy the alleged attorneys fees and not being credited towards his maintenance fees/electric fees, thus resulting in the maintenance fees being in arrears then confirm this. Basically, without prevailing in a case your client is awarding itself attorneys fees and then transforming these into late or non-payed maintenance fees/electric. I will, of course forward your letter to Mr. Wart, but I cannot advise him to accept the amount of your alleged attorney fees on faith. Mr. Warta needs to see the actual invoices. You can understand this in the context of this litigation. Furthermore, if Mr. Warta's credit has been impaired in any way as a result of your attorneys fees/maintenance fees then that is another matter. I would also need to see the AOAO's monthly invoices to Mr. Warta beginning at the time of the first alleged violation on a month by month basis. It is my hope that we can resolve this without further litigation, but without the documents described above, it is impossible to competently advise Mr. Warta. It may be best if we discuss these matters by telephone.
   Sincerely,
   Bruce

On 1/24/19 10:39 AM, Marcus Busekrus wrote:

> Hi Bruce,
> Hope all is well.  I am following up to see if we can finally settle the issue of attorneys' fees in this matter.  I spoke with the Board at length, and I explained that litigation is never a sure thing.  I worked with them to try and come up with a number that both parties could live with, in the hopes that we wouldn't have to bargain back and forth endlessly.
> Mr. Warta's current account balance is $28,300.35 (comprised of maintenance fees, late fees, electricity charges, and attorneys' fees).  The Board agreed to offer a payment plan that would credit $15,000 to Mr. Warta's current account, leaving him with a total balance of only $13,300.35 to pay over a three-year period.  The Association would make no other claim for attorneys' fees, and Mr. Warta would be responsible to pay you whatever fees you incurred on his behalf.  We have drafted a settlement agreement and payment plan letter that captures these essential terms.  We ask that you please review with your client and let us know if this works.
> Thank you,
> Marcus
>
>
> **Marcus A. Busekrus ● Associate**

**EXHIBIT B**

Direct Line (808) 539 1148 mbusekrus@HawaiiLegal.com



**HawaiiLegal.com**

(808) 539 1100 • 841 Bishop St., Ste. 1500, Honolulu, HI 96813

*CONFIDENTIALITY: The information contained in this e-mail message and any attachment is confidential and is intended only for the intended recipient(s). This e-mail message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this e-mail message is not the intended recipient (or the person responsible for the delivery of this e-mail message to an intended recipient), you are hereby notified that you have received this document in error, and that any reuse, review, printing, dissemination, distribution or copying of this message is strictly prohibited. If you have received this e-mail message in error, please reply to the sender that you have received the message in error and delete it without printing or making any copies of it. Thank you.*

*If this communication relates to a debt, THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED AS A RESULT OF OR IN CONNECTION WITH THIS COMMUNICATION WILL BE USED FOR THAT PURPOSE.*

---

**From:** Bruce Sherman <bfs@bfshermanlaw.com>
**Sent:** Monday, November 05, 2018 3:14 PM
**To:** Marcus Busekrus <mbusekrus@hawaiilegal.com>
**Subject:** Re: plumeria hale/Warta; Civ No 16-1-1777

Marcus,
I have no objection at all to your request for an extension.
Sincerely,
Bruce

On 11/5/18 3:03 PM, Marcus Busekrus wrote:

Hi Bruce,
Hope all is well.  As an update, we are currently working with the board for approval of a settlement offer in the vein of what we previously discussed.  We expect to get you the offer shortly so you can discuss with Jeremy and we can close this matter.  In the meantime, our pre-trial statement in the Declaratory Action is due November 20.  Would you object to our request for an extension of time to file pre-trial statement?
Thanks much,
Marcus

**Marcus A. Busekrus ● Associate**

Direct Line (808) 539 1148 mbusekrus@HawaiiLegal.com



**HawaiiLegal.com**

(808) 539 1100 • 841 Bishop St., Ste. 1500, Honolulu, HI 96813

12/12/19, 1:55 PM

*CONFIDENTIALITY: The information contained in this e-mail message and any attachment is confidential and is intended only for the intended recipient(s). This e-mail message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this e-mail message is not the intended recipient (or the person responsible for the delivery of this e-mail message to an intended recipient), you are hereby notified that you have received this document in error, and that any reuse, review, printing, dissemination, distribution or copying of this message is strictly prohibited. If you have received this e-mail message in error, please reply to the sender that you have received the message in error and delete it without printing or making any copies of it. Thank you.*

***If this communication relates to a debt, THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED AS A RESULT OF OR IN CONNECTION WITH THIS COMMUNICATION WILL BE USED FOR THAT PURPOSE.***

12/12/19, 1:55 PM



HawaiiLegal.com

(808) 539 1100 • 841 Bishop St., Ste. 1500, Honolulu, HI 96813

*CONFIDENTIALITY: The information contained in this e-mail message and any attachment is confidential and is intended only for the intended recipient(s). This e-mail message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this e-mail message is not the intended recipient (or the person responsible for the delivery of this e-mail message to an intended recipient), you are hereby notified that you have received this document in error, and that any reuse, review, printing, dissemination, distribution or copying of this message is strictly prohibited. If you have received this e-mail message in error, please reply to the sender that you have received the message in error and delete it without printing or making any copies of it. Thank you.*

*If this communication relates to a debt, THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED AS A RESULT OF OR IN CONNECTION WITH THIS COMMUNICATION WILL BE USED FOR THAT PURPOSE.*

**From:** Bruce Sherman <bfs@bfshermanlaw.com>
**Sent:** Wednesday, February 05, 2020 3:38 PM
**To:** Marcus Busekrus <mbusekrus@hawaiilegal.com>
**Cc:** Justin Brackett <justinbrackettlaw@gmail.com>

[Quoted text hidden]

[Quoted text hidden]

**Marcus Busekrus** <mbusekrus@hawaiilegal.com>                    Fri, Feb 7, 2020 at 4:16 PM
To: bfs@bfshermanlaw.com, Justin Brackett <justinbrackettlaw@gmail.com>
Cc: Kapono Kiakona <kkiakona@hawaiilegal.com>

Bruce, Justin,

***Assuming Mr. Warta pays all his delinquent maintenance fees and electricity payments***, the only remaining balance on his ledger will be for attorneys' fees ($25,457.90) and late fees ($220.00), for a total of $25,677.90.  The Board's counter-offer to settle this case is to discount $15,000 from the total attorneys' fees and late fees assessed to his ledger and accept a total payment by Mr. Warta of $10,677.90 in satisfaction of the attorneys' fees and late fees claimed.  The Association may also be open to a long-term payment plan (i.e., more than a year).  As far as Mr. Warta's payment of the delinquent Maintenance Fee and Electricity charges, that amount will be provided in a separate payoff letter.

Thanks and we look forward to your response.

Marcus

Counsel for AOAO Plumeria Hale

**Marcus A. Busekrus • Associate**

Direct Line (808) 539 1148  mbusekrus@HawaiiLegal.com



**HawaiiLegal.com**

(808) 539 1100 • 841 Bishop St., Ste. 1500, Honolulu, HI 96813

*CONFIDENTIALITY: The information contained in this e-mail message and any attachment is confidential and is intended only for the intended recipient(s). This e-mail message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this e-mail message is not the intended recipient (or the person responsible for the delivery of this e-mail message to an intended recipient), you are hereby notified that you have received this document in error, and that any reuse, review, printing, dissemination, distribution or copying of this message is strictly prohibited. If you have received this e-mail message in error, please reply to the sender that you have received the message in error and delete it without printing or making any copies of it. Thank you.*

*If this communication relates to a debt, THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED AS A RESULT OF OR IN CONNECTION WITH THIS COMMUNICATION WILL BE USED FOR THAT PURPOSE.*

---

**From:** Bruce Sherman <bfs@bfshermanlaw.com>
**Sent:** Wednesday, February 05, 2020 3:38 PM
**To:** Marcus Busekrus <mbusekrus@hawaiilegal.com>
**Cc:** Justin Brackett <justinbrackettlaw@gmail.com>

[Quoted text hidden]

[Quoted text hidden]

---

**Bruce Sherman** <bfs@bfshermanlaw.com>                    Fri, Feb 21, 2020 at 12:07 PM
Reply-To: bfs@bfshermanlaw.com
To: Justin Brackett <justinbrackettlaw@gmail.com>


Justin,
No clear date, but we should respond in the not too distant future.
Bruce

-------- Forwarded Message --------
**Subject:** RE: Plumeria Hale v. Warta
**Date:** Fri, 7 Feb 2020 16:16:47 -1000
**From:** Marcus Busekrus <mbusekrus@hawaiilegal.com>
**To:** bfs@bfshermanlaw.com, Justin Brackett <justinbrackettlaw@gmail.com>
**CC:** Kapono Kiakona <kkiakona@hawaiilegal.com>

[Quoted text hidden]

---

**Bruce Sherman** <bfs@bfshermanlaw.com>                    Wed, Feb 26, 2020 at 4:48 PM
Reply-To: bfs@bfshermanlaw.com
To: HMWarta <hmwarta@yahoo.com>, Justin Brackett <justinbrackettlaw@gmail.com>

Jay,

We will relay this to Mr. Warta and respond accordingly.  Please advise as to how much is currently due to the Association for unpaid dues and how much is due to the Association for unpaid electricity.  Thanks in advance.


Sincerely,

Justin A. Brackett, Esq.

515 Ward Avenue

Honolulu, HI  96814

(808) 377-6778


### CONFIDENTIALITY and ANTI-SIGNATURE STATEMENT


This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C.A. §2510 et seq., and is legally protected. The information contained in this e-mail and any attachments is intended only for use by the individual (or entity) for whom it was composed and intended-not necessarily to whom it was sent. This e-mail message contains information from the law firm of **Justin A. Brackett, Attorney At Law** and may be privileged, confidential, and prohibited from disclosure under applicable rule or law. To the extent that anything contained herein is privileged, you are notified that **Justin A. Brackett, Attorney At Law** has disclosed such inadvertently and should not be construed to be a voluntary disclosure. You are hereby notified that any use, disclosure, dissemination, distribution, copying or storage of this communication is strictly prohibited. Unless expressly stated to the contrary in this e-mail, nothing herein should be construed as a digital or electronic signature. If you have received this information in error, please notify our firm's Chief of Operations immediately by telephone at (808)377-6778, and then fully delete this message from your computer system and destroy any hard copies you may have.




On Fri, Apr 24, 2020 at 3:01 PM Marcus Busekrus <mbusekrus@hawaiilegal.com> wrote:

> Hello Justin and Bruce,
>
> I have spoken to the Board again regarding this matter than they have instructed me to offer your client a settlement offer whereby he pays to the Association a sum of $35,000.00 (thirty-five thousand) for the Association to dismiss the case, release the lien, and to zero out Mr. Warta's delinquency (including any unpaid maintenance fees and electricity charges), and he will be responsible for his own attorneys' fees.  This offer nullifies all prior offers made regarding this matter.  Please let us know your response.
>
> Thanks,
>
> Marcus
>
>
>
>
> **Marcus A. Busekrus • Associate**
>
> Direct Line (808) 539 1148  mbusekrus@HawaiiLegal.com

**HawaiiLegal.com**

(808) 539 1100 • 841 Bishop St., Ste. 1500, Honolulu, HI 96813

*CONFIDENTIALITY: The information contained in this e-mail message and any attachment is confidential and is intended only for the intended recipient(s). This e-mail message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this e-mail message is not the intended recipient (or the person responsible for the delivery of this e-mail message to an intended recipient), you are hereby notified that you have received this document in error, and that any reuse, review, printing, dissemination, distribution or copying of this message is strictly prohibited. If you have received this e-mail message in error, please reply to the sender that you have received the message in error and delete it without printing or making any copies of it. Thank you.*

*If this communication relates to a debt, THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED AS A RESULT OF OR IN CONNECTION WITH THIS COMMUNICATION WILL BE USED FOR THAT PURPOSE.*

**From:** Justin Brackett <justinbrackettlaw@gmail.com>
**Sent:** Friday, February 28, 2020 1:53 PM
**To:** Marcus Busekrus <mbusekrus@hawaiilegal.com>
**Cc:** Bruce Sherman <bfs@bfshermanlaw.com>; Kapono Kiakona <kkiakona@hawaiilegal.com>; Kimberly McCaskey <kmccaskey@hawaiilegal.com>
**Subject:** Re: Plumeria Hale v. Warta

Aloha Marcus,

Thanks for sending the January 25, 2020 offer to settle this case for $13,300.35 and the February 7, 2020 email offering to settle for $10,677.90.  Note that these offers conflict with the February 20, 2020 demand letter from your firm seeking payment of $41,515.37.  To that end, and in furtherance of settlement discussions, I request responses to the following questions:

1) Are the demands for maintenance fees so high because some of Mr. Warta's automatic debits have been applied to attorney fees?  If so, when were Mr. Warta's maintenance payments last applied to attorney fees?  How much of his maintenance fees were applied to attorney fees?

2) Are the electricity bills getting mailed directly to Mr. Warta?

3) Why are the attorneys' fees $19,630.81 as of January 25, 2020, but then $32,263.28 as of February 20, 2020?

I look forward to your response.  Finally, please refrain from denigrating my co-counsel and blaming him for your firm's actions, as you did in your January 24, 2020 email to me. It is unprofessional on your part to do so. Please also make sure to include my co-counsel on all future correspondence.

Sincerely,

Justin A. Brackett, Esq.

# PRINTABLE CASE VIEW

**Generated: 23-APR-2020 04:45 PM**

**Search Criteria: Case ID or Citation Number: 1CC161001777**

**1 record(s) total**

| | | |
|---|---|---|
| **Case ID:** 1CC161001777 - AOAO PLUMERIA HALE VS JEREMY L WARTA<br>**Type:** CV - Circuit Court Civil<br>**Status:** ACTIVE - Active Case<br>**Last Updated:** 17-Jan-2020 | **Filing Date:** TUESDAY, SEPTEMBER 20, 2016<br>**Court:** FIRST CIRCUIT<br>**Location:** PUNCHBOWL | |

**Related Cases**

No related cases were found.

**Case Parties**

| Seq # | Assoc | End Date | Type | ID | Name / Aliases |
|---|---|---|---|---|---|
| 1 | Porter, Christian P.<br>Busekrus, Marcus A.<br>Kiakona, Kapono F.H. | | Plaintiff | @3831420 | AOAO PLUMERIA HALE |
| 2 | Sherman, Bruce F.<br>Brackett, Justin Adam | | Defendant | @3831421 | WARTA, JEREMY L |
| 3 | AOAO PLUMERIA HALE | | Attorney | A3744 | Porter, Christian P. |
| 4 | WARTA, JEREMY L | | Attorney | A5996 | Sherman, Bruce F. |
| 5 | | | Other | D1C21 | First Circuit Court 21st Division |
| 6 | AOAO PLUMERIA HALE | | Attorney | A10374 | Busekrus, Marcus A. |
| 7 | AOAO PLUMERIA HALE | | Attorney | A7691 | Kiakona, Kapono F.H. |

# EXHIBIT C

| 08/02/2017 | Minutes ************COURT REPORTER: SANDRA YOU************(10:15:58 - 10:23:07)        CT CLK: S. WUCASE CALLED. APPEARANCES: MARCUS BUSEKRUS F/ PLAINTIFF MR. BUSEKRUS STATED WHAT THE PLAINTIFF WAS    PURSUING FOR AND ARGUED AGAINST DEFENDANT'S  ENTITLEMENT TO PROTECTION UNDER 'SCRA'.        THE COURT NOTED DEFENDANT HAD NEVER MADE AN  APPEARANCE OR BEING REPRESENTED BY A COUNSEL AND THAT SECTION 3931 NEEDED BE COMPLIED.  THE COURT  DENIED THE MOTION WITHOUT PREJUDICE.          HEARING CONCLUDED. | | All Case Parties | JUDG Ayabe, Bert |
| 08/09/2017 | Document Converted DOC ID: ODE, Comments: | ORDER DENYING WITHOUT PREJUDICE PLTF'S MOTION FOR DEFAULT JUDGMENT &/OR FOR SUMMARY JUDGMENT SEEKINGDECLARATORY & INJUNCTIVE RELIEF | All Case Parties | Porter, Christian P. |
| 08/31/2017 | Motion for _____ Converted DOC ID: M, Comments: | PLTF'S MOTION TO APPOINT SPECIAL COUNSEL FOR DEFT IN MILITARY SERVICE; MEMORANDUM IN SUPPORT OF MOTION; DEC/COUNSEL; EXH A; ACCEPTANCE OF APPOINT-MENT; N/H & C/S | All Case Parties | Porter, Christian P. |
| 09/26/2017 | Minutes **********FTR RECORDING********** (10:35:55 - 10:36:57)        CT CLK: S. WUCASE CALLED. APPEARANCES:  MARCUS BUSEKRUS F/  MOVANT/PLAINTIFF MR. BUSEKRUS INFORMED THE COURT THE ATTORNEY    NUMBER FOR MR. PARTINGTON  SUBMITTED IN THE MOTION WAS INCORRECT, BUT MR. PARTINGTON WOULD BE WILLINGTO TAKE THE CASE. THE  COURT GRANTED THE MOTION ON CONDITION THAT  SUPPLEMENTAL FILED TO CORRECT THE MISTAKE.  HEARING CONCLUDED. | | All Case Parties | JUDG Ayabe, Bert |



PORTER · McGUIRE · KIAKONA · CHOW · LLP

March 22, 2017

**CERTIFIED MAIL, RETURN RECEIPT**
**REQUESTED, and REGULAR MAIL**

Mr. Jeremy L. Warta

████████████

████████████

     **Re:   Demand to Remove Assistance Animal**

Dear Mr. Warta:

As you know this firm represents the Association of Owners of Plumeria Hale ("Association"). We understand that you are the owner of the Unit ████ ("Unit") in the Plumeria Hale condominium project ("Project"). On or about November 20, 2016, you executed a Letter Agreement in which you agreed to abide by the reasonable conditions placed on your use of your Assistance Animal, Oliver, in exchange for a six month extension to file an Answer to the Complaint in Civil No. 16-1-1777-09 (the "Letter Agreement"). The Letter Agreement is enclosed herein.

This letter is to inform you that you are in violation of the Letter Agreement due to the following incidents:

1) On January 22, 2017 Rosemarie Warta was observed on the 3rd floor parking common areas with Oliver while Oliver was not muzzled.

2) On March 9, 2017 dog urine was observed dripping from the Lanai of your Unit onto the 3rd floor parking ramp.

3) On March 10, 2017 dog urine was again observed dripping from the Lanai of your Unit onto the 3rd floor parking ramp.

The Letter Agreement states that "Oliver must wear a muzzle **at all times in all common areas of the Project** including but not limited to: entrances and exits; lobbies; hallways; stairways; walkways; elevators; driveways; and the parking areas." The Letter Agreement also incorporates the terms of a February 12, 2016 Agreement, which requires you to "[i]mmediately remove and clean up your assistance animal's waste on the Project." The incidents described above clearly violate these provisions.

The Letter Agreement further provides "[i]f any violation of the above terms occurs within the six month period from the date of this letter, the extension will be immediately withdrawn and the Association will proceed with the lawsuit." Pursuant to this provision of the Letter Agreement, this letter serves as notice that **the extension is immediately withdrawn and you must file an Answer to the Complaint in Civil No. 16-1-1777-09 within ten (10) days of the date of this letter.** Unless Oliver is removed within this time period, the Association will

Porter McGuire Kiakona & Chow, LLP
841 Bishop Street, Suite 1500
Honolulu, Hawaii 96813

www.HawaiiLegal.com
Phone: (808) 539-1100
Fax: (808) 539-1189

**EXHIBIT D**

Mr. Jeremy Warta
March 22, 2017
Page 2

proceed with the lawsuit to remove Oliver from the Unit.  Please understand that you are still responsible for, among other things, all attorneys' fees and costs incurred by the Association regarding this matter.

Please feel free to contact us if there are any questions and direct all communication on this matter to our attention.

Very truly yours,

PORTER McGUIRE KIAKONA & CHOW, LLP

Christian P. Porter
H. Maxwell Kopper

Enclosure (1)

cc:  Plumeria Hale Board of Directors
     c/o Glen Suzuki (via email)

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE, | ) ) ) | CIVIL NO. 16-1-1777-09 (BIA) (Other Action/Ejectment) |
| Plaintiff, | ) ) | |
| vs. | ) | |
| , JEREMY L. WARTA,JOHN DOES 1-20,JANE DOES 1-20, DOE PARTERSHIPS 1-20, DOE CORPRATIONS 1-20, DOE ENTITIES 1-20, and DOE GOVERNMENTAL UNITS 1-20 | ) ) ) ) ) ) ) ) | DECLARATION OF JEREMY L. WARTA |
| Defendants. | ) ) ) ) ) ) ) | |
| _____ | ) | |

## DECLARATION OF JEREMY L. WARTA

I, JEREMY L. WARTA, declare and state as follows:

1.      I have personal knowledge of and am competent to testify as to the matters hereinafter stated.

2.      In March of 2017, I asked co-workers to watch my assistance dog, Oliver, while I deployed and to get Oliver a flight.

1

Exhibit 3

**EXHIBIT E**

3.      On March 30, 2017 I saw the site manager, Mason Hirakawa in the elevator and told him that Oliver would be leaving the next day.

4.      On Friday, March 31, 2017 I took Oliver to stay with Don Aberin, where Oliver stayed until April 28, 2017.

5.      On April 28, 2017, I took Oliver to stay at the MWR Kennels, where he stayed until Friday, June 9, 2017.

6.      On Friday, June 9, 2017 I picked up Oliver from the MWR Kennels and took him to my work building, where we stayed overnight in an empty training room. I took Oliver to the beach on base and then on Sunday, June 11, 2017 I took him for his flight at 18:45 to St. Louis.

7.      My mother and sister picked up Oliver at the St. Louis Airport. He now lives with my family.

8.      Oliver has not been at Plumeria Hale, since March 31, 2017.

9.      Between April 1 through April 9, 2017, I was off island for training to complete my upcoming mission.

10.      On Saturday, April 29, 2017 I deployed to Timor Leste on a Military Support Mission until Monday, May 8, 2017.

11.      Immediately from there I deployed on a mission to Fiji on Tuesday, May 9, 2017 through Friday, May 19, 2017.

12.      On Saturday, July 29, 2017, my wife and I contacted the new Resident

2

Manager/site manager for a replacement building key. It took them over 3 weeks to get us the key and there were several messages sent back and forth between my wife and the Temp Building Manager Michelle Taan. Neither my wife nor I were ever questioned about Oliver's whereabouts during this period of time. If we had been, we would have informed them that Oliver had been absent from Plumeria Hale since March 31, 2017.

13.     I received my final deployment order on or about October 31, 2017 and left for my two (2) year deployment in Okinawa on or about November 8, 2017. I reported to my new duty station by the November 27, 2017 deadline. I will be at this duty station for two (2) years. It is difficult for me to communicate effectively with my attorney given the time zone difference, distance, and availability of telephone contact.

THE UNDERSIGNED DECLARES UNDER PENALTY OF LAW THAT THE FOREGOING IS TRUE AND CORRECT.

DATED: Okinawa, Japan, December _14_, 2017

JEREMY L. WARTA

3

HRE Rule 408 Communication

Hi Bruce,

As I recall, we left off where the Court determined that the issue of the dog was moot, and that the only issue remaining in this matter was legal fees. The Court instructed us to try and work out a settlement on attorneys' fees or to file cross-motions for attorneys' fees.

Thereafter, the Association made your client Mr. Warta a very generous offer to cut $15,000.00 off of its total claim for unpaid maintenance fees, fines, and legal fees (which is more than half off the total claim). You responded only by saying that you could not consider the offer or make a counter-offer until you had seen the Association's legal invoices and reviewed them with your client. You also indicated that you were only in sporadic communication with your client.

The Association has since agreed to your request and had sent you redacted copies of the Associations legal invoices on Sept 25, 2019. However, rather than responding with an acceptance or counter offer, as you indicated was your intent, you responded by filing a motion to dismiss. We find this response to be troubling as it appears to be directly contrary to your prior representations. By filing the motion, it appear as if your request for the legal invoices was *not a good faith attempt to reach a settlement but was a pretense*, and that you never really intended to consider the offer or make a reasonable counter offer after reviewing them.

**As such, we ask that you confirm whether you are in contact with your client at all. If so, confirm that you are indeed reviewing the invoices and offer with him and that you are discussing settlement as you had previously indicated.**

**EXHIBIT F**

Since you have filed your motion, we assume you do not wish to engage in any settlement discussion. Please confirm your intent within 5 days so we can plan accordingly. Please note that the Association is ready and willing to proceed on the merits of the motion if no settlement agreement is reached.

Thank you

Marcus

**Marcus A. Busekrus • Associate**

Direct Line (808) 539 1148 mbusekrus@HawaiiLegal.com



PORTER · McGUIRE · KIAKONA · CHOW · LLP



PORTER · McGUIRE · KIAKONA · CHOW · LLP

May 3, 2018

**VIA REGULAR MAIL and EMAIL**                    **HRE RULE 408, COMMUNICATION**

Bruce F. Sherman, Esq.
Counsel for Mr. Jeremy L. Warta
1050 Richards Street, Suite 509
Honolulu, HI 96813
(bfs@bfshermanlaw.com)

### Re:    AOAO Plumeria Hale v. Jeremy L. Warta; Civ. No: 16-1-1777

Dear Mr. Sherman:

As you know this firm represents the Association of Owners of Plumeria Hale ("Association"). This letter is in regards to the above-mentioned declaratory action, Civil No. 16-1-1777 (the "Action") against your client, Mr. Jeremy L. Warta, owner of Unit ███ ("Unit") in the Plumeria Hale condominium project ("Project"). This letter is a settlement offer to resolve the Action. As discussed further below, the Association offers to reduce the attorneys' fees and costs it claims by $4,332.65 to settle this matter.

We understand that Mr. Warta is of the position that he removed the dog from the Project at the end of March 2017 and informed the former resident manager of same, therefore he should not have to pay the Association's attorneys' fees incurred after that time. As you know, the Association disagrees with Mr. Warta's position. Specifically, the Association notes that if Mr. Warta removed the dog from the Project in March 2017, he failed to communicate that fact to this office even while: (1) litigation was ongoing, (2) the allegations in the Complaint remained unanswered, and (3) after Mr. Warta was explicitly instructed in writing many times to direct all communication on this matter to our attention until the matter is resolved. Further, as litigation was ongoing at the time Mr. Warta removed the dog, even if Mr. Warta had directly informed this office of the dog's removal at that time, he would still be responsible for the Association's legal fees and costs in confirming the dog's removal and in dismissing, settling, stipulating, and/or concluding the matter.[1]

Notwithstanding any disagreement noted above, the Association is prepared to offer a reduction in its claim for attorneys' fees to settle this matter. The Association proposes as follows. Assuming *arguendo* that both parties are equally to blame for the misunderstanding as to when the dog was removed, then payment for the Association's attorneys' fees incurred *during the*

---

[1] Pursuant to the Project's Governing Documents and Hawaii Revised Statutes § 514B-157, all owners at the Project, including Mr. Warta, are required to pay all reasonable attorneys' fees and costs incurred by the Association in enforcing the Governing Documents to cure an owner's covenant violations. Mr. Warta violated the Association's covenants when he refused to remove his dog from the premises after the Board of Directors demanded he do so. The instant action was instituted to enforce the Association's covenants against Mr. Warta.

Porter McGuire Kiakona & Chow, LLP                                                         www.HawaiiLegal.com
841 Bishop Street, Suite 1500                                                                        Phone: (808) 539-1100
Honolulu, Hawaii 96813                                                                                    Fax: (808) 539-1189

**EXHIBIT G**

Bruce F. Sherman, Esq.
Counsel for Mr. Jeremy L. Warta
May 3, 2018
Page 2

*period of misunderstanding* should be split equally between the parties. In other words, the Association offers to split 50/50 the fees and costs it incurred after Mr. Warta informed previous site manager that he removed the dog, and before Mr. Warta's prior counsel informed this office that the dog had been removed. However, the attorneys' fees and costs incurred before and after this period are solely Mr. Warta's obligation, pursuant to the Project's Governing Documents and HRS § 514B-157.

Here, Mr. Warta claims he had informed the previous site manager on March 31, 2017, that he had removed the dog. Mr. Warta's prior counsel first informed this office on October 31, 2017, that the dog had been removed. The legal fees and costs incurred by the Association between March 31, 2017, and October 31, 2017, total $8,665.30. As discussed above, the Association proposes that this amount be split equally between the parties. Thus, the Association offers to discount **$4,332.65** (half of $8,665.30) from the Association's total legal fees and costs claimed in this matter.[2] In other words, the Association is willing to dismiss the Action entirely, provided that Mr. Warta agrees to pay Association's legal fees and costs, less **$4,332.65**.

We truly hope to resolve this matter as efficiently and amicably as possible. Until this matter is fully resolved, if you have any further questions regarding the matter, please direct them to the undersigned.

Very truly yours,

PORTER McGUIRE KIAKONA & CHOW, LLP

R. Laree McGuire
Marcus A. Busekrus

cc: Plumeria Hale Board of Directors
c/o Property Manager Eric Yamaguchi (via email)

---

[2] The current total attorneys' fees and costs claimed by the Association to date is $25,368.35. This amount already includes significant reductions and discounts applied by Association's counsel to Mr. Warta's legal ledger.



PORTER · McGUIRE · KIAKONA · CHOW · LLP

January 25, 2019

**VIA REGULAR MAIL AND**
**EMAIL (bfs@bfshermanlaw.com)**

<span style="float:right">**RULE 408 H.R.E. COMMUNICATION**</span>

Jeremy Lyn Warta
c/o Bruce F. Sherman, Esq.
810 Richards Street, #810
Honolulu, Hawaii 96813

Re: **Unpaid Assessments**
**Association of Apartment Owners of Plumeria Hale - Unit 604**

Dear Jeremy Lyn Warta:

As you are aware, this office was retained by the Association of Apartment Owners of Plumeria Hale (the "Association") to collect the debt owed to the Association. Assessments and other charges for Unit ▇▇ are due and owing.

This letter is a payment plan prepared in conjunction with a settlement with the Association. Please be advised that the amount of your delinquency as of January 22, 2019 is as follows:

| | |
|---|---:|
| Maintenance Fees | $7,437.91 |
| Late Fees | $110.00 |
| Electricity Charges | $1,121.63 |
| Attorneys' Fees | $19,630.81 |
| | ----------------- |
| Sub-Total | $28,300.35 |
| Credit per settlement | ($15,000.00) |
| | ----------------- |
| Total due as of January 22, 2019 | $13,300.35 |

The Association will also allow you to pay the amounts outstanding based on the following express conditions which you must acknowledge and agree to:

A.     As of January 22, 2019, your arrearages total **$13,300.35** representing past due Maintenance Fees, late fees, electricity charges and attorneys' fees and costs. On February 10, 2019 you shall make your initial payment of $369.45. Thereafter you shall make monthly payments in the amount of $369.45, <u>on the 10th day of each month</u> and continuing every month thereafter until and including December 10, 2021. On January 10, 2022, you shall pay the remaining balance on your account in the amount of $369.60, **together** with any other amounts due to the Association as further detailed hereinbelow.

Porter McGuire Kiakona & Chow, LLP
841 Bishop Street, Suite 1500
Honolulu, Hawaii 96813

www.HawaiiLegal.com
Phone: (808) 539-1100
Fax: (808) 539-1189

**EXHIBIT H**

Jeremy Lyn Warta
c/o Bruce F. Sherman, Esq.
January 25, 2019
Page 2

incurred in monitoring this payment plan.

C. ***Late fees will continue to be assessed so long as a balance remains outstanding***.

D. You must contact this office on or before January 1, 2022 for the amount of the final payment, which must be made by January 10, 2022.

E. The payments due under Paragraph A above do not include payment of regular monthly assessment fees, late fees and other such charges which accrue after the date of this letter. You must pay all monthly maintenance fees and late charges (collectively, the "Maintenance Fees") which accrue after the date of this letter as they become due. Payment for said charges must be made directly to the Association's managing agent.

F. If a payment is missed and/or any of the terms of the agreement are not fully complied with, this Agreement will be *immediately* rendered null and void and the Association will be immediately entitled to pursue all remedies to secure payment of the debt, including proceeding with legal action against your unit.

G. The Association reserves the right to file and respond to any and all legal documents necessary to protect and preserve its claim in any legal suit and to prepare and file documents as required by Court rules. You must pay all such additional fees as a condition of this payment plan.

H. If a third party commences a foreclosure action against the property, this agreement may be rendered null and void at the sole discretion of the Association.

I. You agree that the payments made pursuant to this payment plan are not common expense payments. Any payments received under this payment plan may be applied to unpaid late fees, legal fees, fines, and interest.

All payments due under Paragraph A of this plan shall be made by **certified funds or cashier's check**, payable to the **Association of Apartment Owners of Plumeria Hale**, and delivered to Porter McGuire Kiakona & Chow, LLP.

Please acknowledge your acceptance of the foregoing conditions by executing the enclosed copy of this letter and returning it to our office together with your initial payment of **$303.13 by no later than February 10, 2019**. As stated above, this payment plan is also contingent upon you keeping current with your Maintenance Fees. Therefore, you must also send your February 1, 2019 Maintenance Fees (currently $660.00, which include an estimated electricity charge) directly to the managing agent on or before February 1, 2019 (and any subsequent payments due by their respective due dates).

If this letter is not executed and returned along with the initial payment described above, or if the managing agent does not receive the Maintenance Fees within the time and manner stated herein, the Association has instructed us to proceed with legal action against your unit. We hope such action will not be necessary and that you will resolve this matter pursuant to the conditions set forth herein.

Jeremy Lyn Warta
c/o Bruce F. Sherman, Esq.
January 25, 2019
Page 3

The foregoing offer is submitted pursuant to Rule 408 of the Hawaii Rules of Evidence.  As such, evidence thereof is not admissible in any proceeding save that relating to the enforcement of this Agreement, in the event of its acceptance.

If you have any questions, please do not hesitate to contact our office.

*THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED AS A RESULT OF OR IN CONNECTION WITH THIS COMMUNICATION WILL BE USED FOR THAT PURPOSE.*

Very truly yours,

Kapono F. H. Kiakona

KFHK:kam

AGREED AND ACCEPTED:

_____          _____
Jeremy Lyn Warta, Owner                           Date

# PMK
**PORTER · McGUIRE · KIAKONA · LLP**

February 20, 2020

**VIA EMAIL (bfs@bfshermanlaw.com) and (justinbrackettlaw@gmail.com)**

Jeremy Lyn Warta
c/o Bruce Sherman, Esq.
c/o Justin Brackett, Esq.

> **Re:  Unpaid Assessments**
> **Association of Apartment Owners of Plumeria Hale - Unit 604**

Dear Jeremy Lyn Warta:

As you are aware, this firm represents the Association of Apartment Owners of Plumeria Hale (the "Association") to collect the debt owed to the Association.

Following is a breakdown of the amounts due and owing to the Association as of February 19, 2020:

| | |
|---|---|
| Maintenance Fees | $7,763.60 |
| Electricity Charges | $1,268.49 |
| *Subtotal | $9,032.09 |
| Late Fees | $220.00 |
| Attorneys' Fees and Costs | $32,263.28 |
| Total due as of February 19, 2020 | $41,515.37 |

*Other charges, including late fees and legal charges (including the fees and costs related to releasing the lien on your Property) remain delinquent.

Payment should be in the form of a certified or cashier's check, made payable to the **Association of Apartment Owners of Plumeria Hale** and sent directly to our office.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED AS A RESULT OF OR IN CONNECTION WITH THIS COMMUNICATION WILL BE USED FOR THAT PURPOSE.**

Very truly yours,

Porter McGuire Kiakona, LLP

Kapono F. H. Kiakona

KFHK:kam

---

Porter McGuire Kiakona, LLP
841 Bishop Street, Suite 1500
Honolulu, Hawaii 96813

**EXHIBIT I**

www.HawaiiLegal.com
Phone: (808) 539-1100
Fax: (808) 539-1189

# PORTER McGUIRE KIAKONA, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

FED. ID NO.
██████

PLUMERIA HALE (AOAO)                                              February 21, 2020

C/O HAWAIIAN PROPERTIES LTD                                File #:   ████████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN:  APRIL PADELLO                                         Inv  #:    112721

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

---

For Legal Services Rendered and Costs Incurred Through:         February 15, 2020

PREVIOUS BALANCE:                          $1,660.73

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Jan-17-20 | MAB | Reading e-mails from Board members regarding ████████ ████████ | 0.20 | $52.00 |
| Jan-21-20 | MAB | Reading e-mail from Board President and drafting e-mail response to her regarding ████ ████████ | 1.30 | $338.00 |
| Jan-27-20 | MAB | Drafting e-mail to client re: ████████ | 0.20 | $52.00 |
| Jan-30-20 | MAB | Revising and sending email to Board president regarding ████████ | 0.20 | $52.00 |
| Feb-04-20 | MAB | Reading and responding to emails from Property manager regarding ████████ | 0.40 | $104.00 |
| Feb-06-20 | MAB | Reading email from Counsel Bruce Sherman and drafting response to same; drafting email to property manager ████████ | 0.40 | $104.00 |
|  | MAB | Drafting email to counsel for Mr. Warta regarding settlement offer ████████ | 0.40 | $104.00 |
| Feb-12-20 | KK | Attorney Review Payoff to Debtor |  | $150.00 |
|  | KAM | Prepared email to property manager and ████████ | 0.25 | $35.00 |
|  | KAM | Payoff to Debtor |  | $175.00 |

|  |  | FOR CURRENT LEGAL FEES RENDERED: | 3.35 | $1,166.00 |
|  |  | GENERAL EXCISE TAX ON LEGAL FEES: |  | $54.94 |

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

# EXHIBIT J

**TOTAL BILLED THIS INVOICE:**                                    **$1,220.94**

Feb -10-20          PAYMENT, THANK YOU, CHECK #3640, Plumeria Hale                    $1,660.73


                    BALANCE DUE:                                        $1,220.94

                                                            ==============

# PORTER McGUIRE KIAKONA, LLP

### ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

FED. ID NO.
██████

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                                    March 20, 2020
C/O HAWAIIAN PROPERTIES LTD                              File #:    ████████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN: APRIL PADELLO                                           Inv #:      113388

RE: WARTA, JEREMY LYN (UNIT 604)

---

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

---

For Legal Services Rendered and Costs Incurred Through:          March 15, 2020

PREVIOUS BALANCE:                    $1,220.94

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Feb-28-20 | MAB | Follow up with opposing counsel regarding status of offer of settlement; follow up with Board ████████████████████████ | 1.00 | $260.00 |
| Mar-06-20 | MAB | Drafting response to board ███████████████ | 1.20 | $312.00 |
| | | FOR CURRENT LEGAL FEES RENDERED: | 2.20 | $572.00 |
| | | GENERAL EXCISE TAX ON LEGAL FEES: | | $26.95 |

## TOTAL BILLED THIS INVOICE:                              $598.95

| | | | | |
|------|------|-------------|-------|--------|
| Mar -09-20 | | PAYMENT, THANK YOU, CHECK #3660, Plumeria Hale | | $1,220.94 |
| | | BALANCE DUE: | | $598.95 |

==============

**WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.**
**THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT**

TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

# PRINTABLE CASE VIEW

**Generated: 23-APR-2020 04:45 PM**

**Search Criteria: Case ID or Citation Number: 1CC161001777**

**1 record(s) total**

| | | |
|---|---|---|
| **Case ID:** 1CC161001777 - AOAO PLUMERIA HALE VS JEREMY L WARTA<br>**Type:** CV - Circuit Court Civil<br>**Status:** ACTIVE - Active Case<br>**Last Updated:** 17-Jan-2020 | **Filing Date:** TUESDAY, SEPTEMBER 20, 2016<br>**Court:** FIRST CIRCUIT<br>**Location:** PUNCHBOWL | |

**Related Cases**

No related cases were found.

**Case Parties**

| Seq # | Assoc | End Date | Type | ID | Name / Aliases |
|---|---|---|---|---|---|
| 1 | Porter, Christian P.<br>Busekrus, Marcus A.<br>Kiakona, Kapono F.H. | | Plaintiff | @3831420 | AOAO PLUMERIA HALE |
| 2 | Sherman, Bruce F.<br>Brackett, Justin Adam | | Defendant | @3831421 | WARTA, JEREMY L |
| 3 | AOAO PLUMERIA HALE | | Attorney | A3744 | Porter, Christian P. |
| 4 | WARTA, JEREMY L | | Attorney | A5996 | Sherman, Bruce F. |
| 5 | | | Other | D1C21 | First Circuit Court 21st Division |
| 6 | AOAO PLUMERIA HALE | | Attorney | A10374 | Busekrus, Marcus A. |
| 7 | AOAO PLUMERIA HALE | | Attorney | A7691 | Kiakona, Kapono F.H. |

# EXHIBIT K

| 03/15/2018 | Minutes<br>3/9/2018: AT COUNSEL'S REQST, MATTER RSC TO    5/23/2018  10:30 A.M. | | All Case Parties | JUDG Ayabe, Bert |
|---|---|---|---|---|
| 05/08/2018 | Document<br>Converted<br>DOC ID: EPR, Comments: | (RECEIVED) PLTFS EX PARTE MOTION FOR THIRD     EXTENSION OF TIME TO FILE PRETRIAL STATEMENT; DEC/COUNSEL; ORDER ETC; C/S | All Case Parties | Mcguire, Ramona Laree |
| 05/09/2018 | Ex Parte Motion<br>Converted<br>DOC ID: PEP, Comments: | PLTF'S EX PARTE MOTION FOR THIRD EXTENSION OF    TIME TO FILE PRETRIAL STATEMENT; DEC/COUNSEL; ORDER GRANTING MOTION FOR THIRD EXTENSION OF TIME TO FILE ETC; C/S | All Case Parties | Mcguire, Ramona Laree |
| 05/23/2018 | Minutes<br>\*\*\*\*\*\*\*\*\*\*\*\*COURT REPORTER: SANDRA YOU\*\*\*\*\*\*\*\*\*\*\*\*(10:36:32 - 10:50:24)        CT CLK: S. WUCASE CALLED.<br>APPEARANCES: MARCUS BUSEKRUS F/ AOAO PLUMERIA<br>HALE                        BRUCE SHERMAN F/ JEREMY WARTA<br>MR. BUSEKRUS<br> AND MR. SHERMAN UPDATED THE COURT  CASE STATUS.  BOTH CONCEDED MOTION TO STAY PROCEEDINGS WAS NO<br> LONGER NEEDED; HOWEVER, THERE  REMAINED ISSUES OF ATTORNEY'S FEES AND COSTS.  AFTER CLARIFIED<br>WITH COUNSEL WHAT WERE SOUGHT   BEFORE THIS COURT, THE COURT INDICATED PARTIES SHOULD WORK<br> TOGETHER.  FOR THE CONSIDERATION OF  THE COURT, THE PLAINTIFF WOULD FILE ITS MOTION   FOR<br> ATTORNEY'S FEES AND COSTS.  UPON HEARING, THE COURT MOOTED THE MOTION TO STAY<br> PROCEEDINGS AND CONTINUED THE "MOTION FOR   SANCTIONS, ATTORNEY'S FEES AND COSTS" UNTIL<br> FURTHER MOVED UPON.<br>HEARING CONCLUDED. | | All Case Parties | JUDG Ayabe, Bert |

VOYAGER

Home   Help   Sign Out

Site Search

| | |
|---|---|
| Roles | |
| Reports | |
| Charges | |
| Receivables | |
| Payables | |
| Residential | |
| Commercial | |
| YSR Correspondence | |
| Setup | |
| Administration | |
| Purchasing | |
| Inventory | |
| Work Order | |
| Fixed Assets | |

|◀  ◀  1  of 1  ▶  ▶|  ⇦        Find | Next

Page : 1

**Tenant Unpaid Charges**

Property=1828

| Property Code | Control Number | Unit Code | Tenant Status | Date Occurred | Period | Charge Type | Account Number | Current Owed | Amount Paid | Remark |
|---|---|---|---|---|---|---|---|---|---|---|
| 1828 | | | | | | | | | | |
| t0014164 | Warta* | | | | | | | | | |
| | C-169808 | 0604 | Current | 12/31/2019 | 12/2019 | ELEC | 5230 | $705.39 | $526.85 | Beg Bal 12/31/19 |
| | C-169809 | 0604 | Current | 12/31/2019 | 12/2019 | LC | 5530 | $220.00 | $0.00 | Beg Bal 12/31/19 |
| | C-169810 | 0604 | Current | 12/31/2019 | 12/2019 | LGL | 6672 | $25,457.90 | $0.00 | Beg Bal 12/31/19 |
| | C-169811 | 0604 | Current | 12/31/2019 | 12/2019 | MF | 5100 | $6,628.82 | $1,053.70 | Beg Bal 12/31/19 |
| | C-170673 | 0604 | Current | 01/01/2020 | 01/2020 | MF | 5100 | $40.54 | $526.85 | Maintenance Fee (01/2020) |
| | C-170807 | 0604 | Current | 01/01/2020 | 01/2020 | ELEC | 5230 | $23.71 | $0.00 | Elec;11/21/19-12/27/19;91KWH |
| | C-182839 | 0604 | Current | 02/01/2020 | 02/2020 | MF | 5100 | $567.39 | $0.00 | Maintenance Fee (02/2020) |
| | C-185681 | 0604 | Current | 02/01/2020 | 02/2020 | ELEC | 5230 | $12.54 | $0.00 | Elec;12/28/19-01/22/20;49KWH |
| | C-201352 | 0604 | Current | 03/01/2020 | 03/2020 | MF | 5100 | $567.39 | $0.00 | Maintenance Fee (03/2020) |
| | C-204191 | 0604 | Current | 03/01/2020 | 03/2020 | ELEC | 5230 | $15.25 | $0.00 | Elec;1/23/20-02/24/20;58KWH |
| | C-210505 | 0604 | Current | 03/17/2020 | 03/2020 | LC | 5530 | $10.00 | $0.00 | Late Charge(1): MF, Flat Amount: MF |
| | C-222818 | 0604 | Current | 04/01/2020 | 04/2020 | MF | 5100 | $567.39 | $0.00 | Maintenance Fee (04/2020) |
| | C-226510 | 0604 | Current | 04/01/2020 | 04/2020 | ELEC | 5230 | $35.70 | $0.00 | Elec;2/25/20-03/20/20;128KWH |
| | C-229720 | 0604 | Current | 04/16/2020 | 04/2020 | LC | 5530 | $10.00 | $0.00 | Late Charge(1): MF, Flat Amount: MF |
| | C-241489 | 0604 | Current | 05/01/2020 | 05/2020 | MF | 5100 | $567.39 | $0.00 | Maintenance Fee (05/2020) |
| | C-245388 | 0604 | Current | 05/01/2020 | 05/2020 | ELEC | 5230 | $59.65 | $0.00 | Elec;3/21/20-4/27/20;213KWH |
| | C-246580 | 0604 | Current | 05/06/2020 | 05/2020 | LGL | 6672 | $2,657.33 | $0.00 | PMK;111552;12/18/19 |
| | C-246581 | 0604 | Current | 05/06/2020 | 05/2020 | LGL | 6672 | $1,660.73 | $0.00 | PMK;112155;01/24/20 |
| | C-246582 | 0604 | Current | 05/06/2020 | 05/2020 | LGL | 6672 | $1,220.94 | $0.00 | PMK;112721;02/21/20 |
| | C-246583 | 0604 | Current | 05/06/2020 | 05/2020 | LGL | 6672 | $598.95 | $0.00 | PMK;113388;03/20/20 |
| **Total For Warta\*** | | | | | | | | **$41,627.01** | **$2,107.40** | |

| Property Code | Charge Type | | SubTotal |
|---|---|---|---|
| 1828 | | | |
| | ELEC | | 852.24 |
| | LC | | 240.00 |
| | LGL | | 31,595.85 |
| | MF | | 8,938.92 |
| | **1828** | | **41,627.01** |
| | **Grand Total** | | **41,627.01** |

Tenant Unpaid Charges

Wednesday, May 6, 2020

# EXHIBIT L

Hawaiian Properties, Ltd.-CTA

01-29-2019    Page 1
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

## Tenant Ledger

Date Range:   From   12-01-2014   To   01-29-2019

Based Upon: Accounting Date

Property:   828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant:** ████6041 Warta*;Jeremy Lyn | | | | | | | | | | | | |
| **Lease:** ████6041(0)  Primary Unit: ████ | | | | | | LGL-PMKC 9/22/17 | | | | | | |
| | | | | | | | | | | | | |
| 12-01-2014 | 12-01-2014 | M | MAINT FEE | 110118 | | | | 521.63 | | | | |
| 12-30-2014 | 01-01-2015 | M | Maintenance Fee Payment | rc123014 | 895069 | | | | 526.85- | | | |
| | | | December 2014 Subtotals: | | | | 521.63- | 521.63* | 526.85-* | .00* | .00* | 526.85- |
| 01-01-2015 | 01-01-2015 | M | MAINT FEE | 0115RR | | | | 526.85 | | | | |
| 01-06-2015 | 02-01-2015 | M | Maintenance Fee Payment | rc010615 | 895071 | | | | 516.85- | | | |
| | | | January 2015 Subtotals: | | | | 526.85- | 526.85* | 516.85-* | .00* | .00* | 516.85- |
| 02-01-2015 | 02-01-2015 | EM | E;11/20/14-12/19/14;144KW | 111981 | | | | 41.76 | | | | |
| 02-01-2015 | 02-01-2015 | M | MAINT FEE | 0215RR | | | | 526.85 | | | | |
| 02-04-2015 | 02-01-2015 | EM | Electricity Payment | rc020415 | 895074 | | | | 41.76- | | | |
| 02-04-2015 | 02-01-2015 | M | Maintenance Fee Payment | rc020415 | 895074 | | | | 10.00- | | | |
| 02-09-2015 | 03-01-2015 | M | Maintenance Fee Payment | rc020915 | 895072 | | | | 516.85- | | | |
| | | | February 2015 Subtotals: | | | | 516.85- | 568.61* | 568.61-* | .00* | .00* | 516.85- |
| 03-01-2015 | 03-01-2015 | EM | E;12/20/14-01/20/15;223KW | 113035 | | | | 60.78 | | | | |
| 03-01-2015 | 03-01-2015 | M | MAINT FEE | 0315RR | | | | 526.85 | | | | |
| 03-03-2015 | 03-01-2015 | EM | Electricity Payment | rc030315 | 895075 | | | | 60.78- | | | |
| 03-03-2015 | 03-01-2015 | M | Maintenance Fee Payment | rc030315 | 895075 | | | | 10.00- | | | |
| 03-03-2015 | 04-01-2015 | M | Maintenance Fee Payment | rc030315 | 895075 | | | | 456.07- | | | |
| 03-06-2015 | 04-01-2015 | M | Maintenance Fee Payment | rc030615 | 895079 | | | | 70.78- | | | |
| | | | March 2015 Subtotals: | | | | 516.85- | 587.63* | 597.63-* | .00* | .00* | 526.85- |
| 04-01-2015 | 04-01-2015 | EM | E;01/20/15-02/18/15;183KW | 114047 | | | | 47.20 | | | | |
| 04-01-2015 | 04-01-2015 | M | MAINT FEE | 0415RR | | | | 526.85 | | | | |
| 04-06-2015 | 04-01-2015 | EM | Electricity Payment | rc040615 | 895076 | | | | 47.20- | | | |
| 04-06-2015 | 05-01-2015 | M | Maintenance Fee Payment | rc040615 | 895076 | | | | 479.65- | | | |
| | | | April 2015 Subtotals: | | | | 526.85- | 574.05* | 526.85-* | .00* | .00* | 479.65- |
| 05-01-2015 | 05-01-2015 | EM | E;02/19/15-03/19/15;169KW | 115099 | | | | 40.00 | | | | |
| 05-01-2015 | 05-01-2015 | M | MAINT FEE | 0515RR | | | | 526.85 | | | | |

## EXHIBIT M

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 2
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

# Tenant Ledger

Date Range:   From     12-01-2014    To     01-29-2019

Based Upon: Accounting Date

Property:   828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tenant: ███6041 Warta*;Jeremy Lyn | | | | | | | | | | | | |
| Lease: ███6041(0)  Primary Unit: ██ | | | | LGL-PMKC 9/22/17 | | | | | | | | |
| 05-05-2015 | 05-01-2015 | EM | Electricity Payment | rc050515 | 895078 | | | | 40.00- | | | |
| 05-05-2015 | 05-01-2015 | M | Maintenance Fee Payment | rc050515 | 895078 | | | | 47.20- | | | |
| 05-05-2015 | 06-01-2015 | M | Maintenance Fee Payment | rc050515 | 895078 | | | | 439.65- | | | |
| | | | May 2015 Subtotals: | | | | 479.65- | 566.85* | 526.85-* | .00* | .00* | 439.65- |
| 06-01-2015 | 06-01-2015 | EM | E;03/20/15-04/17/15;193KW | 116241 | | | | 49.59 | | | | |
| 06-01-2015 | 06-01-2015 | M | MAINT FEE | 0615RR | | | | 526.85 | | | | |
| 06-02-2015 | 06-01-2015 | EM | Electricity Payment | 117392 | 895081 | | | | 49.00- | | | |
| 06-02-2015 | 06-01-2015 | EM | Electricity Payment | 117397 | 895081 | | | | 49.00 | | | |
| 06-02-2015 | 06-01-2015 | EM | Electricity Payment | 117397 | 895081 | | | | 49.59- | | | |
| 06-02-2015 | 06-01-2015 | M | Maintenance Fee Payment | rc060215 | 895081 | | | | 87.20- | | | |
| 06-02-2015 | 06-01-2015 | M | Maintenance Fee Payment | rc060215 | 895081 | | | | 439.65- | | | |
| 06-02-2015 | 06-01-2015 | M | Maintenance Fee Payment | 117392 | 895081 | | | | 87.20 | | | |
| 06-02-2015 | 06-01-2015 | M | Maintenance Fee Payment | 117392 | 895081 | | | | 439.65 | | | |
| 06-02-2015 | 06-01-2015 | M | Maintenance Fee Payment | 117392 | 895081 | | | | 477.85 | | | |
| 06-02-2015 | 06-01-2015 | M | Maintenance Fee Payment | 117397 | 895081 | | | | 477.85- | | | |
| 06-02-2015 | 06-01-2015 | M | Maintenance Fee Payment | 117397 | 895081 | | | | 477.26- | | | |
| | | | June 2015 Subtotals: | | | | 439.65- | 576.44* | 526.85-* | .00* | .00* | 390.06- |
| 07-01-2015 | 07-01-2015 | EM | E;04/18/15-05/27/15;304KW | 117296 | | | | 73.10 | | | | |
| 07-01-2015 | 07-01-2015 | M | MAINT FEE | 0715RR | | | | 526.85 | | | | |
| 07-06-2015 | 06-01-2015 | M | Applied to EM (7-01-2015) | 118536 | | | | | | | 73.10 | |
| 07-06-2015 | 07-01-2015 | EM | From 6-01-2015 credit | 118536 | | | | | | | 73.10- | |
| 07-06-2015 | 07-01-2015 | M | Maintenance Fee Payment | rc070615 | 895084 | | | | 526.85- | | | |
| 07-28-2015 | 08-01-2015 | M | Applied to M (8-01-2015) | 119936 | | | | | | | 288.56 | |
| 07-28-2015 | 08-01-2015 | EM | Electricity Payment | rc072815 | 895091 | | | | 61.71- | | | |
| 07-28-2015 | 08-01-2015 | M | Maintenance Fee Payment | rc072815 | 895091 | | | | 238.29- | | | |
| 07-28-2015 | 08-01-2015 | M | From 6-01-2015 credit | 119936 | | | | | | | 288.56- | |
| | | | July 2015 Subtotals: | | | | 390.06- | 599.95* | 826.85-* | .00* | .00* | 616.96- |
| 08-01-2015 | 08-01-2015 | EM | E;05/28/15-06/23/15;262KW | 119241 | | | | 61.71 | | | | |
| 08-01-2015 | 08-01-2015 | M | MAINT FEE | 0815RR | | | | 526.85 | | | | |

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 3
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

## Tenant Ledger

Date Range:   From      12-01-2014     To     01-29-2019

Based Upon: Accounting Date

Property:   828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant:** ▮6041 Warta*;Jeremy Lyn | | | | | | | | | | | | |
| **Lease:** ▮6041(0)  Primary Unit: ▮ | | | | | | LGL-PMKC 9/22/17 | | | | | | |
| | | | | | | | | | | | | |
| 08-04-2015 | 09-01-2015 | M | Maintenance Fee Payment | rc080415 | 895087 | | | | 526.85- | | | |
| | | | August 2015 Subtotals: | | | | 616.96- | 588.56* | 526.85-* | .00* | .00* | 555.25- |
| 09-01-2015 | 09-01-2015 | EM | E;06/23/15-07/23/15;406KW | 120697 | | | | 99.54 | | | | |
| 09-01-2015 | 09-01-2015 | M | MAINT FEE | 0915RR | | | | 526.85 | | | | |
| 09-01-2015 | 09-01-2015 | EM | Electricity Payment | 121857 | 895089 | | | | 71.14- | | | |
| 09-02-2015 | 10-01-2015 | M | Maintenance Fee Payment | rc090215 | 895089 | | | | 526.85- | | | |
| 09-02-2015 | 10-01-2015 | M | Maintenance Fee Payment | 121857 | 895089 | | | | 526.85 | | | |
| 09-02-2015 | 10-01-2015 | M | Maintenance Fee Payment | 121857 | 895089 | | | | 455.71- | | | |
| 09-17-2015 | 06-01-2015 | M | Applied to EM (9-01-2015) | 121856 | | | | | | | 28.40 | |
| 09-17-2015 | 09-01-2015 | EM | From 6-01-2015 credit | 121856 | | | | | | | 28.40- | |
| | | | September 2015 Subtotals: | | | | 555.25- | 626.39* | 526.85-* | .00* | .00* | 455.71- |
| 10-01-2015 | 10-01-2015 | EM | E;07/24/15-08/24/15;426KW | 121868 | | | | 101.89 | | | | |
| 10-01-2015 | 10-01-2015 | M | MAINT FEE | 1015RR | | | | 526.85 | | | | |
| 10-05-2015 | 10-01-2015 | EM | Electricity Payment | re100515 | 895092 | | | | 101.89- | | | |
| 10-05-2015 | 10-01-2015 | M | Maintenance Fee Payment | re100515 | 895092 | | | | 71.14- | | | |
| 10-05-2015 | 11-01-2015 | M | Maintenance Fee Payment | re100515 | 895092 | | | | 353.82- | | | |
| | | | October 2015 Subtotals: | | | | 455.71- | 628.74* | 526.85-* | .00* | .00* | 353.82- |
| 11-01-2015 | 11-01-2015 | EM | E;08/25/15-09/23/15;1377K | 123013 | | | | 330.14 | | | | |
| 11-01-2015 | 11-01-2015 | M | MAINT FEE | 1115RR | | | | 526.85 | | | | |
| 11-03-2015 | 11-01-2015 | EM | Electricity Payment | re110315 | 895094 | | | | 330.14- | | | |
| 11-03-2015 | 11-01-2015 | M | Maintenance Fee Payment | re110315 | 895094 | | | | 173.03- | | | |
| 11-03-2015 | 11-01-2015 | M | Maintenance Fee Payment | re110315 | 895094 | | | | 23.68- | | | |
| 11-16-2015 | 12-01-2015 | M | Maintenance Fee Payment | re111615 | 895100 | | | | 400.00- | | | |
| | | | November 2015 Subtotals: | | | | 353.82- | 856.99* | 926.85-* | .00* | .00* | 423.68- |
| 12-01-2015 | 12-01-2015 | EM | E;09/24/15-10/23/15;270KW | 124288 | | | | 62.23 | | | | |
| 12-01-2015 | 12-01-2015 | M | MAINT FEE | 1215RR | | | | 526.85 | | | | |
| 12-02-2015 | 12-01-2015 | EM | Electricity Payment | rc120215 | 895096 | | | | 62.23- | | | |
| 12-02-2015 | 12-01-2015 | M | Maintenance Fee Payment | rc120215 | 895096 | | | | 103.17- | | | |

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 4
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

# Tenant Ledger

Date Range:  From      12-01-2014    To      01-29-2019

Based Upon: Accounting Date

Property:  828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant:** ▮6041 Warta*;Jeremy Lyn | | | | | | | | | | | | |
| **Lease:** ▮6041(0)  Primary Unit: ▮ | | | | | | LGL-PMKC 9/22/17 | | | | | | |
| 12-02-2015 | 01-01-2016 | M | Maintenance Fee Payment | rc120215 | 895096 | | | | 361.45- | | | |
| | | | December 2015 Subtotals: | | | | 423.68- | 589.08* | 526.85-* | .00* | .00* | 361.45- |
| 01-01-2016 | 01-01-2016 | EM | E;10/24/15-11/21/15;427KW | 125205 | | | | 96.59 | | | | |
| 01-01-2016 | 01-01-2016 | M | MAINT FEE | 0116RR | | | | 526.85 | | | | |
| 01-05-2016 | 01-01-2016 | EM | Electricity Payment | rc010516 | 895098 | | | | 96.59- | | | |
| 01-05-2016 | 01-01-2016 | M | Maintenance Fee Payment | rc010516 | 895098 | | | | 165.40- | | | |
| 01-05-2016 | 02-01-2016 | M | Maintenance Fee Payment | rc010516 | 895098 | | | | 264.86- | | | |
| | | | January 2016 Subtotals: | | | | 361.45- | 623.44* | 526.85-* | .00* | .00* | 264.86- |
| 02-01-2016 | 02-01-2016 | EM | E;11/22/15-12/21/15;276KW | 126424 | | | | 61.45 | | | | |
| 02-01-2016 | 02-01-2016 | M | MAINT FEE | 0216RR | | | | 526.85 | | | | |
| 02-02-2016 | 02-01-2016 | EM | Electricity Payment | rc020216 | 895101 | | | | 61.45- | | | |
| 02-02-2016 | 02-01-2016 | M | Maintenance Fee Payment | rc020216 | 895101 | | | | 261.99- | | | |
| 02-02-2016 | 03-01-2016 | M | Maintenance Fee Payment | rc020216 | 895101 | | | | 203.41- | | | |
| 02-09-2016 | 03-01-2016 | EM | Electricity Payment | rc020916 | 895107 | | | | 1.56- | | | |
| 02-09-2016 | 03-01-2016 | M | Maintenance Fee Payment | rc020916 | 895107 | | | | 323.44- | | | |
| | | | February 2016 Subtotals: | | | | 264.86- | 588.30* | 851.85-* | .00* | .00* | 528.41- |
| 03-01-2016 | 03-01-2016 | EM | E;12/22/15-01/21/16;287KW | 127567 | | | | 62.72 | | | | |
| 03-01-2016 | 03-01-2016 | M | MAINT FEE | 0316RR | | | | 526.85 | | | | |
| 03-07-2016 | 04-01-2016 | M | Maintenance Fee Payment | rc030716 | 895103 | | | | 526.85- | | | |
| | | | March 2016 Subtotals: | | | | 528.41- | 589.57* | 526.85-* | .00* | .00* | 465.69- |
| 04-01-2016 | 04-01-2016 | EM | E;01/22/16-02/22/16;287KW | 128309 | | | | 60.27 | | | | |
| 04-01-2016 | 04-01-2016 | M | MAINT FEE | 0416RR | | | | 526.85 | | | | |
| 04-05-2016 | 04-01-2016 | EM | Electricity Payment | rc040516 | 895105 | | | | 61.16- | | | |
| 04-05-2016 | 04-01-2016 | EM | Electricity Payment | rc040516 | 895105 | | | | 60.27- | | | |
| 04-05-2016 | 05-01-2016 | M | Maintenance Fee Payment | rc040516 | 895105 | | | | 405.42- | | | |
| | | | April 2016 Subtotals: | | | | 465.69- | 587.12* | 526.85-* | .00* | .00* | 405.42- |

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 5
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

## Tenant Ledger

Date Range:   From     12-01-2014     To     01-29-2019

Based Upon: Accounting Date

Property:   828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant:** ▆6041 Warta*;Jeremy Lyn | | | | | | | | | | | | |
| **Lease:** ▆6041(0)  Primary Unit: ▆ | | | | | | LGL-PMKC 9/22/17 | | | | | | |
| 05-01-2016 | 05-01-2016 | EM | E;02/23/16-03/22/16;221KW | 129538 | | | | 45.74 | | | | |
| 05-01-2016 | 05-01-2016 | M | MAINT FEE | 0516RR | | | | 526.85 | | | | |
| 05-03-2016 | 05-01-2016 | EM | Electricity Payment | re050316 | 895108 | | | | 45.74- | | | |
| 05-03-2016 | 05-01-2016 | M | Maintenance Fee Payment | re050316 | 895108 | | | | 121.43- | | | |
| 05-03-2016 | 06-01-2016 | M | Maintenance Fee Payment | re050316 | 895108 | | | | 359.68- | | | |
| | | | May 2016 Subtotals: | | | | 405.42- | 572.59* | 526.85-* | .00* | .00* | 359.68- |
| 06-01-2016 | 06-01-2016 | EM | E;03/23/16-04/25/16;299KW | 130820 | | | | 61.28 | | | | |
| 06-01-2016 | 06-01-2016 | M | MAINT FEE | 0616RR | | | | 526.85 | | | | |
| 06-02-2016 | 06-01-2016 | EM | Electricity Payment | rc060216 | 895114 | | | | 61.28- | | | |
| 06-02-2016 | 06-01-2016 | EM | Electricity Payment | rc060216 | 895114 | | | | 38.72- | | | |
| 06-02-2016 | 06-01-2016 | M | Maintenance Fee Payment | rc060216 | 895110 | | | | 167.17- | | | |
| 06-02-2016 | 06-01-2016 | M | Maintenance Fee Payment | rc060216 | 895110 | | | | 359.68- | | | |
| | | | June 2016 Subtotals: | | | | 359.68- | 588.13* | 626.85-* | .00* | .00* | 398.40- |
| 07-01-2016 | 07-01-2016 | EM | E;04/26/16-05/20/16;226KW | 132018 | | | | 46.79 | | | | |
| 07-01-2016 | 07-01-2016 | M | MAINT FEE | 0716RR | | | | 526.85 | | | | |
| 07-06-2016 | 06-01-2016 | EM | Applied to EM (7-01-2016) | 132865 | | | | | | | 38.72 | |
| 07-06-2016 | 06-01-2016 | M | Applied to EM (7-01-2016) | 132865 | | | | | | | 8.07 | |
| 07-06-2016 | 07-01-2016 | EM | From 6-01-2016 credit | 132865 | | | | | | | 38.72- | |
| 07-06-2016 | 07-01-2016 | EM | From 6-01-2016 credit | 132865 | | | | | | | 8.07- | |
| 07-06-2016 | 07-01-2016 | M | Maintenance Fee Payment | re070616 | 895112 | | | | 526.85- | | | |
| 07-21-2016 | 06-01-2016 | M | Applied to M (8-01-2016) | 133476 | | | | | | | 351.61 | |
| 07-21-2016 | 07-01-2016 | M | From 6-01-2016 credit | 133476 | | | | | | | 351.61- | |
| 07-29-2016 | 07-29-2016 | LGL | PMKC; 82582 7/22/16 | 101150 | | | | 1,709.66 | | | | |
| | | | July 2016 Subtotals: | | | | 398.40- | 2,283.30* | 526.85-* | .00* | .00* | 1,358.05 |
| 08-01-2016 | 08-01-2016 | EM | E;05/21/16-06/29/16;383KW | 133469 | | | | 80.85 | | | | |
| 08-01-2016 | 08-01-2016 | M | MAINT FEE | 0816RR | | | | 526.85 | | | | |
| 08-03-2016 | 07-29-2016 | LGL | Legal Payment | rc080316 | 895115 | | | | 526.85- | | | |
| 08-16-2016 | 08-16-2016 | LC | LATE FEE | 081616LC | | | | 10.00 | | | | |
| 08-25-2016 | 08-25-2016 | LGL | PMKC; 83356 8/22/16 | 101734 | | | | 930.34 | | | | |
| | | | August 2016 Subtotals: | | | | 1,358.05 | 1,548.04* | 526.85-* | .00* | .00* | 2,379.24 |

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 6
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

# Tenant Ledger

Date Range:    From      12-01-2014    To      01-29-2019

Based Upon: Accounting Date

Property:    828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant:** ██████6041 Warta*;Jeremy Lyn | | | | | | | | | | | | |
| **Lease:** ██████6041(0)  Primary Unit:██ | | | | | **LGL-PMKC 9/22/17** | | | | | | | |
| ██████████████ | | | | | | | | | | | | |
| 09-01-2016 | 09-01-2016 | EM | E;06/30/16-07/21/16;262KW | 134921 | | | | 57.85 | | | | |
| 09-01-2016 | 09-01-2016 | M | MAINT FEE | 0916aRR | | | | 526.85 | | | | |
| 09-02-2016 | 07-29-2016 | LGL | Legal Payment | rc090216 | 895117 | | | | 526.85- | | | |
| 09-16-2016 | 09-16-2016 | LC | LATE FEE | 091616 | | | | 10.00 | | | | |
| 09-29-2016 | 09-29-2016 | LGL | PMKC; 84166 9/22/16 | 102506 | | | | 1,866.83 | | | | |
| | | | September 2016 Subtotals: | | | | 2,379.24 | 2,461.53* | 526.85-* | .00* | .00* | 4,313.92 |
| 10-01-2016 | 10-01-2016 | EM | E;07/22/16-08/20/16;484KW | 136107 | | | | 108.85 | | | | |
| 10-01-2016 | 10-01-2016 | M | MAINT FEE | 1016RRb | | | | 526.85 | | | | |
| 10-04-2016 | 07-29-2016 | LGL | Legal Payment | rc100416 | 71508 | | | | 526.85- | | | |
| 10-18-2016 | 10-18-2016 | LC | LATE FEE | 101816LC | | | | 10.00 | | | | |
| 10-27-2016 | 10-27-2016 | LGL | PMKC; 84958 10/21/16 | 103209 | | | | 669.11 | | | | |
| | | | October 2016 Subtotals: | | | | 4,313.92 | 1,314.81* | 526.85-* | .00* | .00* | 5,101.88 |
| 11-01-2016 | 11-01-2016 | EM | E;08/21/16-09/21/16;812KW | 137887 | | | | 179.22 | | | | |
| 11-01-2016 | 11-01-2016 | M | MAINT FEE | 1116RR | | | | 526.85 | | | | |
| 11-02-2016 | 07-29-2016 | LGL | Legal Payment | rc110216 | 895121 | | | | 129.11- | | | |
| 11-02-2016 | 08-25-2016 | LGL | Legal Payment | rc110216 | 895121 | | | | 397.74- | | | |
| 11-08-2016 | 08-01-2016 | EM | Electricity Payment | rc110816 | 477677 | | | | 80.85- | | | |
| 11-08-2016 | 08-01-2016 | M | Maintenance Fee Payment | rc110816 | 477677 | | | | 175.24- | | | |
| 11-08-2016 | 08-16-2016 | LC | Late Charge Payment | rc110816 | 477677 | | | | 10.00- | | | |
| 11-08-2016 | 08-25-2016 | LGL | Legal Payment | rc110816 | 477677 | | | | 532.60- | | | |
| 11-08-2016 | 09-01-2016 | EM | Electricity Payment | rc110816 | 477677 | | | | 57.85- | | | |
| 11-08-2016 | 09-01-2016 | M | Maintenance Fee Payment | rc110816 | 477677 | | | | 526.85- | | | |
| 11-08-2016 | 09-16-2016 | LC | Late Charge Payment | rc110816 | 477677 | | | | 10.00- | | | |
| 11-08-2016 | 09-29-2016 | LGL | Legal Payment | rc110816 | 477677 | | | | 1,866.83- | | | |
| 11-08-2016 | 10-01-2016 | EM | Electricity Payment | rc110816 | 477677 | | | | 108.85- | | | |
| 11-08-2016 | 10-01-2016 | M | Maintenance Fee Payment | rc110816 | 477677 | | | | 526.85- | | | |
| 11-08-2016 | 10-18-2016 | LC | Late Charge Payment | rc110816 | 477677 | | | | 10.00- | | | |
| 11-08-2016 | 10-27-2016 | LGL | Legal Payment | rc110816 | 477677 | | | | 669.11- | | | |
| 11-08-2016 | 11-01-2016 | EM | Electricity Payment | rc110816 | 477677 | | | | 179.22- | | | |
| 11-08-2016 | 11-01-2016 | M | Maintenance Fee Payment | rc110816 | 477677 | | | | 526.85- | | | |
| 11-08-2016 | 12-01-2016 | M | Maintenance Fee Payment | rc110816 | 477677 | | | | 368.90- | | | |
| 11-28-2016 | 11-28-2016 | LGL | PMKC; 85723 11/21/16 | 103925 | | | | 651.58 | | | | |
| | | | November 2016 Subtotals: | | | | 5,101.88 | 1,357.65* | 6,176.85-* | .00* | .00* | 282.68 |

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 7
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

# Tenant Ledger

Date Range:     From      12-01-2014      To      01-29-2019

Based Upon: Accounting Date

Property:   828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant:** ▊6041 Warta*;Jeremy Lyn | | | | | | | | | | | | |
| **Lease:** ▊6041(0) Primary Unit: ▊ | | | | | | **LGL-PMKC 9/22/17** | | | | | | |
| 12-01-2016 | 12-01-2016 | EM | E;09/22/16-10/22/16;625KW | 139106 | | | | 134.61 | | | | |
| 12-01-2016 | 12-01-2016 | M | MAINT FEE | 1216RR | | | | 526.85 | | | | |
| 12-02-2016 | 11-28-2016 | LGL | Legal Payment | re120216 | 895123 | | | | 526.85- | | | |
| 12-16-2016 | 12-16-2016 | LC | LATE FEE | 1216LC | | | | 10.00 | | | | |
| 12-27-2016 | 12-27-2016 | LGL | PMKC; 86522 12/20/16 | 104660 | | | | 79.58 | | | | |
| | | | December 2016 Subtotals: | | | | 282.68 | 751.04* | 526.85-* | .00* | .00* | 506.87 |
| 01-01-2017 | 01-01-2017 | EM | E;10/23/16-11/19/16;294KW | 140361 | | | | 64.06 | | | | |
| 01-01-2017 | 01-01-2017 | M | MAINT FEE | 0117RR | | | | 526.85 | | | | |
| 01-04-2017 | 11-28-2016 | LGL | Legal Payment | rc010417 | 895125 | | | | 124.73- | | | |
| 01-04-2017 | 12-01-2016 | EM | Electricity Payment | rc010417 | 895125 | | | | 134.61- | | | |
| 01-04-2017 | 12-01-2016 | M | Maintenance Fee Payment | rc010417 | 895125 | | | | 157.95- | | | |
| 01-04-2017 | 12-16-2016 | LC | Late Charge Payment | rc010417 | 895125 | | | | 10.00- | | | |
| 01-04-2017 | 12-27-2016 | LGL | Legal Payment | rc010417 | 895125 | | | | 79.58- | | | |
| 01-04-2017 | 01-01-2017 | EM | Electricity Payment | rc010417 | 895125 | | | | 19.98- | | | |
| 01-17-2017 | 01-17-2017 | LC | LATE FEE | 011717LC | | | | 10.00 | | | | |
| | | | January 2017 Subtotals: | | | | 506.87 | 600.91* | 526.85-* | .00* | .00* | 580.93 |
| 02-01-2017 | 02-01-2017 | EM | E;11/20/16-12/21/16;363KW | 141743 | | | | 78.27 | | | | |
| 02-01-2017 | 02-01-2017 | M | MAINT FEE | 0217RR | | | | 526.85 | | | | |
| 02-02-2017 | 01-01-2017 | EM | Electricity Payment | rc020217 | 895128 | | | | 44.08- | | | |
| 02-02-2017 | 01-01-2017 | M | Maintenance Fee Payment | rc020217 | 895128 | | | | 472.77- | | | |
| 02-02-2017 | 01-17-2017 | LC | Late Charge Payment | rc020217 | 895128 | | | | 10.00- | | | |
| 02-16-2017 | 02-16-2017 | LC | LATE FEE | 021617LC | | | | 10.00 | | | | |
| | | | February 2017 Subtotals: | | | | 580.93 | 615.12* | 526.85-* | .00* | .00* | 669.20 |
| 03-01-2017 | 01-01-2017 | M | Maintenance Fee Payment | rc030117 | 895130 | | | | 54.08- | | | |
| 03-01-2017 | 02-01-2017 | EM | Electricity Payment | rc030117 | 895130 | | | | 78.27- | | | |
| 03-01-2017 | 02-01-2017 | M | Maintenance Fee Payment | rc030117 | 895130 | | | | 245.72- | | | |
| 03-01-2017 | 02-16-2017 | LC | Late Charge Payment | rc030117 | 895130 | | | | 10.00- | | | |
| 03-01-2017 | 03-01-2017 | EM | E;12/21/16-1/21/17;355KWH | 143188 | | | | 79.09 | | | | |
| 03-01-2017 | 03-01-2017 | EM | Electricity Payment | rc030117 | 895130 | | | | 79.09- | | | |
| 03-01-2017 | 03-01-2017 | M | MAINT FEE | 0317RR | | | | 526.85 | | | | |
| 03-01-2017 | 03-06-2017 | LGL | Legal Payment | rc030117 | 895130 | | | | 59.69- | | | |
| 03-06-2017 | 03-06-2017 | LGL | PMKC; 88022 2/22/17 | 106487 | | | | 59.69 | | | | |

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 8
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

# Tenant Ledger

Date Range:    From    12-01-2014    To    01-29-2019

Based Upon: Accounting Date

Property:  828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant:** ████6041 Warta*;Jeremy Lyn | | | | | | | | | | | | |
| **Lease:** ████6041(0)  Primary Unit: ████ | | | | | | LGL-PMKC 9/22/17 | | | | | | |
| ████████████ | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| 03-16-2017 | 03-16-2017 | LC | LATE FEE | 0316LC | | | | 10.00 | | | | |
| | | | | | | | | | | | | |
| | | | March 2017 Subtotals: | | | | 669.20 | 675.63* | 526.85-* | .00* | .00* | 817.98 |
| 04-01-2017 | 04-01-2017 | EM | EI;1/22/17-2/21/17;359KWH | 144141 | | | | 84.43 | | | | |
| 04-01-2017 | 04-01-2017 | M | MAINT FEE | 0417RR | | | | 526.85 | | | | |
| 04-04-2017 | 02-01-2017 | M | Maintenance Fee Payment | rc040417 | 895132 | | | | 281.13- | | | |
| 04-04-2017 | 03-01-2017 | M | Maintenance Fee Payment | rc040417 | 895132 | | | | 526.85- | | | |
| 04-04-2017 | 03-16-2017 | LC | Late Charge Payment | rc040417 | 895132 | | | | 10.00- | | | |
| 04-04-2017 | 04-01-2017 | EM | Electricity Payment | rc040417 | 895132 | | | | 84.43- | | | |
| 04-04-2017 | 04-01-2017 | M | Maintenance Fee Payment | rc040417 | 895132 | | | | 124.44- | | | |
| 04-18-2017 | 04-18-2017 | LC | LATE FEE | 041817LC | | | | 10.00 | | | | |
| | | | | | | | | | | | | |
| | | | April 2017 Subtotals: | | | | 817.98 | 621.28* | 1,026.85-* | .00* | .00* | 412.41 |
| 05-01-2017 | 05-01-2017 | EM | EI;2/22/17-3/21/17;283KWH | 145597 | | | | 69.00 | | | | |
| 05-01-2017 | 05-01-2017 | LGL | PMKC; 89459 4/24/17 | 108035 | | | | 400.90 | | | | |
| 05-01-2017 | 05-01-2017 | M | MAINT FEE | 0517RR | | | | 526.85 | | | | |
| 05-02-2017 | 04-01-2017 | M | Maintenance Fee Payment | re050217 | 895134 | | | | 402.41- | | | |
| 05-02-2017 | 04-18-2017 | LC | Late Charge Payment | re050217 | 895134 | | | | 10.00- | | | |
| 05-02-2017 | 05-01-2017 | EM | Electricity Payment | re050217 | 895134 | | | | 69.00- | | | |
| 05-02-2017 | 05-01-2017 | LGL | Legal Payment | re050217 | 895134 | | | | 400.90- | | | |
| 05-02-2017 | 05-01-2017 | M | Maintenance Fee Payment | re050217 | 895134 | | | | 144.54- | | | |
| 05-16-2017 | 05-16-2017 | LC | LATE FEE | 051617LC | | | | 10.00 | | | | |
| 05-26-2017 | 05-26-2017 | LGL | PMKC; 90290 5/22/17 | 108815 | | | | 2,289.11 | | | | |
| | | | | | | | | | | | | |
| | | | May 2017 Subtotals: | | | | 412.41 | 3,295.86* | 1,026.85-* | .00* | .00* | 2,681.42 |
| 06-01-2017 | 05-26-2017 | LGL | Legal Payment | rc060117 | 895136 | | | | 526.85- | | | |
| 06-01-2017 | 06-01-2017 | EM | EI;3/22/17-4/22/17;302KWH | 147066 | | | | 73.44 | | | | |
| 06-01-2017 | 06-01-2017 | M | MAINT FEE | 0617RR | | | | 526.85 | | | | |
| 06-16-2017 | 06-16-2017 | LC | LATE FEE | 061617LC | | | | 10.00 | | | | |
| 06-29-2017 | 06-29-2017 | LGL | PMKC; 91106 6/22/17 | 109785 | | | | 2,653.74 | | | | |
| | | | | | | | | | | | | |
| | | | June 2017 Subtotals: | | | | 2,681.42 | 3,264.03* | 526.85-* | .00* | .00* | 5,418.60 |
| 07-01-2017 | 07-01-2017 | EM | EI;4/23/17-5/20/17;308KWH | 148664 | | | | 75.04 | | | | |

Hawaiian Properties, Ltd.-CTA

01-29-2019     Page 9
System Date: 01-29-2019
System Time: 3:04 pm
Files Used: TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

## Tenant Ledger

Date Range: From    12-01-2014    To    01-29-2019

Based Upon: Accounting Date

Property: 828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant:** ▓6041 Warta*;Jeremy Lyn | | | | | | | | | | | | |
| **Lease:** ▓6041(0) **Primary Unit:** ▓ | | | | | | **LGL-PMKC 9/22/17** | | | | | | |
| 07-01-2017 | 07-01-2017 | M | MAINT FEE | 0717RR | | | | 526.85 | | | | |
| 07-05-2017 | 05-26-2017 | LGL | Legal Payment | rc070517 | 895138 | | | | 526.85- | | | |
| 07-18-2017 | 07-18-2017 | LC | LATE FEE | 071817LC | | | | 10.00 | | | | |
| 07-27-2017 | 07-27-2017 | LGL | PMKC; 91832 7/21/17 | 110665 | | | | 855.24 | | | | |
| | | | July 2017 Subtotals: | | | | 5,418.60 | 1,467.13* | 526.85-* | .00* | .00* | 6,358.88 |
| 08-01-2017 | 08-01-2017 | EM | EI;5/21/17-6/21/17;321KWH | 150138 | | | | 76.07 | | | | |
| 08-01-2017 | 08-01-2017 | M | MAINT FEE | 0817RR | | | | 526.85 | | | | |
| 08-02-2017 | 08-01-2017 | M | Maintenance Fee Payment | rc080217 | 895140 | | | | 526.85- | | | |
| 08-16-2017 | 08-16-2017 | LC | LATE FEE | 081617LC | | | | 10.00 | | | | |
| 08-18-2017 | 09-18-2017 | LC | LATE FEE | 153566 | | | | 10.00 | | | | |
| 08-18-2017 | 09-18-2017 | LC | LATE FEE | 153823 | | | | 10.00- | | | | |
| 08-24-2017 | 08-24-2017 | LGL | PMKC; 92548 8/23/17 | 111496 | | | | 1,234.03 | | | | |
| | | | August 2017 Subtotals: | | | | 6,358.88 | 1,846.95* | 526.85-* | .00* | .00* | 7,678.98 |
| 09-01-2017 | 09-01-2017 | EM | EI;6/22/17-7/20/17;362KWH | 152256 | | | | 87.33 | | | | |
| 09-01-2017 | 09-01-2017 | M | MAINT FEE | 0917RR | | | | 526.85 | | | | |
| 09-05-2017 | 05-26-2017 | LGL | Legal Payment | rc090517 | 895142 | | | | 526.85- | | | |
| 09-18-2017 | 09-18-2017 | LC | LATE FEE | 153827 | | | | 10.00 | | | | |
| 09-28-2017 | 09-28-2017 | LGL | PMKC; 93293 9/22/17 | 112580 | | | | 415.50 | | | | |
| | | | September 2017 Subtotals: | | | | 7,678.98 | 1,039.68* | 526.85-* | .00* | .00* | 8,191.81 |
| 10-01-2017 | 10-01-2017 | EM | EI;7/21/17-8/20/17;429KWH | 153959 | | | | 101.29 | | | | |
| 10-01-2017 | 10-01-2017 | M | MAINT FEE | 1017RR | | | | 526.85 | | | | |
| 10-03-2017 | 05-26-2017 | LGL | Legal Payment | rc100317 | 895144 | | | | 526.85- | | | |
| 10-17-2017 | 10-17-2017 | LC | LATE FEE | 101717LC | | | | 10.00 | | | | |
| 10-30-2017 | 10-30-2017 | LGL | PMKC; 93979 10/20/17 | 113476 | | | | 717.97 | | | | |
| | | | October 2017 Subtotals: | | | | 8,191.81 | 1,356.11* | 526.85-* | .00* | .00* | 9,021.07 |
| 11-01-2017 | 05-26-2017 | LGL | Legal Payment | rc110117 | 895146 | | | | 181.71- | | | |
| 11-01-2017 | 06-29-2017 | LGL | Legal Payment | rc110117 | 895146 | | | | 345.14- | | | |
| 11-01-2017 | 11-01-2017 | EM | EI;8/21/17-9/21/17;397KWH | 156101 | | | | 94.15 | | | | |
| 11-01-2017 | 11-01-2017 | M | MAINT FEE | 1117RR | | | | 526.85 | | | | |

Hawaiian Properties, Ltd.-CTA

01-29-2019   Page 10
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

## Tenant Ledger

Date Range:   From      12-01-2014    To    01-29-2019

Based Upon: Accounting Date

Property:   828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tenant: ███ 6041 Warta*;Jeremy Lyn | | | | | | | | | | | | |
| Lease: ███ 6041(0)  Primary Unit: ███ | | | | | | LGL-PMKC 9/22/17 | | | | | | |
| 11-16-2017 | 11-16-2017 | LC | LATE FEE | 111617LC | | | | 10.00 | | | | |
| | | | November 2017 Subtotals: | | | | 9,021.07 | 631.00* | 526.85-* | .00* | .00* | 9,125.22 |
| 12-01-2017 | 12-01-2017 | EM | E;9/22/17-10/26/17;474KWH | 157831 | | | | 111.23 | | | | |
| 12-01-2017 | 12-01-2017 | M | MAINT FEE | 1217RR | | | | 526.85 | | | | |
| 12-05-2017 | 06-29-2017 | LGL | Legal Payment | rc120517 | 895148 | | | | 526.85- | | | |
| 12-07-2017 | 12-07-2017 | LGL | PMKC; 94684 11/27/17 | 114557 | | | | 2,805.93 | | | | |
| 12-18-2017 | 12-18-2017 | LC | LATE FEE | 121817LC | | | | 10.00 | | | | |
| 12-29-2017 | 12-29-2017 | LGL | PMKC; 95365 12/21/17 | 115149 | | | | 2,137.84 | | | | |
| | | | December 2017 Subtotals: | | | | 9,125.22 | 5,591.85* | 526.85-* | .00* | .00* | 14,190.22 |
| 01-01-2018 | 01-01-2018 | EM | E;10/27/17-11/20/17;309KW | 159864 | | | | 73.63 | | | | |
| 01-01-2018 | 01-01-2018 | M | MAINT FEE | 0118RR | | | | 534.86 | | | | |
| 01-03-2018 | 05-16-2017 | LC | Late Charge Payment | rc010318 | 895150 | | | | 10.00- | | | |
| 01-03-2018 | 06-16-2017 | LC | Late Charge Payment | rc010318 | 895150 | | | | 10.00- | | | |
| 01-03-2018 | 06-29-2017 | LGL | Legal Payment | rc010318 | 895150 | | | | 446.85- | | | |
| 01-03-2018 | 07-18-2017 | LC | Late Charge Payment | rc010318 | 895150 | | | | 10.00- | | | |
| 01-03-2018 | 08-16-2017 | LC | Late Charge Payment | rc010318 | 895150 | | | | 10.00- | | | |
| 01-03-2018 | 09-18-2017 | LC | Late Charge Payment | rc010318 | 895150 | | | | 10.00- | | | |
| 01-03-2018 | 10-17-2017 | LC | Late Charge Payment | rc010318 | 895150 | | | | 10.00- | | | |
| 01-03-2018 | 11-16-2017 | LC | Late Charge Payment | rc010318 | 895150 | | | | 10.00- | | | |
| 01-03-2018 | 12-18-2017 | LC | Late Charge Payment | rc010318 | 895150 | | | | 10.00- | | | |
| 01-16-2018 | 01-16-2018 | LC | LATE FEE | 011618LC | | | | 10.00 | | | | |
| | | | January 2018 Subtotals: | | | | 14,190.22 | 618.49* | 526.85-* | .00* | .00* | 14,281.86 |
| 02-01-2018 | 02-01-2018 | EM | E;11/21/17-1/18/18;379KWH | 162317 | | | | 91.62 | | | | |
| 02-01-2018 | 02-01-2018 | LGL | PMKC; 95950 1/19/18 | 116273 | | | | 5,832.16 | | | | |
| 02-01-2018 | 02-01-2018 | M | MAINT FEE | 0218RR | | | | 534.86 | | | | |
| 02-02-2018 | 06-29-2017 | LGL | Legal Payment | rc020218 | 895152 | | | | 526.85- | | | |
| 02-16-2018 | 02-16-2018 | LC | LATE FEE | 021618LC | | | | 10.00 | | | | |
| 02-28-2018 | 02-28-2018 | LGL | PMKC; 96634 2/23/18 | 117113 | | | | 62.83 | | | | |
| | | | February 2018 Subtotals: | | | | 14,281.86 | 6,531.47* | 526.85-* | .00* | .00* | 20,286.48 |

Hawaiian Properties, Ltd.-CTA

01-29-2019        Page 11
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

## Tenant Ledger

Date Range:   From   12-01-2014   To   01-29-2019

Based Upon: Accounting Date

Property:   828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant:** █████6041 Warta*;Jeremy Lyn | | | | | | | | | | | | |
| **Lease:** █████6041(0)  Primary Unit: ███ | | | | | | LGL-PMKC 9/22/17 | | | | | | |
| █████████████████ | | | | | | | | | | | | |
| 03-01-2018 | 03-01-2018 | EM | Elc E;1/19-2/18/18;397KWH | 164896 | | | | 56.39 | | | | |
| 03-01-2018 | 03-01-2018 | M | MAINT FEE | 0318RR | | | | 534.86 | | | | |
| 03-02-2018 | 06-29-2017 | LGL | Legal Payment | rc030218 | 895157 | | | | 506.85- | | | |
| 03-02-2018 | 01-16-2018 | LC | Late Charge Payment | rc030218 | 895157 | | | | 10.00- | | | |
| 03-02-2018 | 02-16-2018 | LC | Late Charge Payment | rc030218 | 895157 | | | | 10.00- | | | |
| 03-16-2018 | 03-16-2018 | LC | LATE FEE | 031618LC | | | | 10.00 | | | | |
| 03-27-2018 | 03-27-2018 | LGL | PMKC; 97332 3/22/18 | 118046 | | | | 1,467.02 | | | | |
| | | | March 2018 Subtotals: | | | | 20,286.48 | 2,068.27* | 526.85-* | .00* | .00* | 21,827.90 |
| 04-01-2018 | 03-01-2018 | EM | Elc E;1/19-2/18/18;397KWH | 166878 | | | | 56.39- | | | | |
| 04-01-2018 | 01-19-2018 | EM | El;1/19/18-3/27/18;551KWH | 166913 | | | | 142.65 | | | | |
| 04-01-2018 | 04-01-2018 | M | MAINT FEE | 0418RR | | | | 534.86 | | | | |
| 04-04-2018 | 06-29-2017 | LGL | Legal Payment | rc040418 | 895162 | | | | 301.20- | | | |
| 04-04-2018 | 07-27-2017 | LGL | Legal Payment | rc040418 | 895162 | | | | 225.65- | | | |
| 04-17-2018 | 04-17-2018 | LC | LATE FEE | 041718LC | | | | 10.00 | | | | |
| | | | April 2018 Subtotals: | | | | 21,827.90 | 631.12* | 526.85-* | .00* | .00* | 21,932.17 |
| 05-01-2018 | 05-01-2018 | EM | El;3/28/18-4/30/18;427KWH | 169311 | | | | 111.67 | | | | |
| 05-01-2018 | 05-01-2018 | M | MAINT FEE | 0518RR | | | | 534.86 | | | | |
| 05-02-2018 | 07-27-2017 | LGL | Legal Payment | rc050218 | 895166 | | | | 526.85- | | | |
| 05-16-2018 | 05-16-2018 | LC | LATE FEE | 051618LC | | | | 10.00 | | | | |
| 05-24-2018 | 05-24-2018 | LGL | PMKC; 98651 5/22/18 | 120155 | | | | 773.03 | | | | |
| | | | May 2018 Subtotals: | | | | 21,932.17 | 1,429.56* | 526.85-* | .00* | .00* | 22,834.88 |
| 06-01-2018 | 06-01-2018 | EM | Elc;5/1/18-5/22/18;219KWH | 171186 | | | | 56.82 | | | | |
| 06-01-2018 | 06-01-2018 | M | MAINT FEE | 0618RR | | | | 534.86 | | | | |
| 06-04-2018 | 07-27-2017 | LGL | Legal Payment | rc060418 | 895170 | | | | 102.74- | | | |
| 06-04-2018 | 08-24-2017 | LGL | Legal Payment | rc060418 | 895170 | | | | 424.11- | | | |
| 06-18-2018 | 06-18-2018 | LC | LATE FEE | 061818LC | | | | 10.00 | | | | |
| 06-29-2018 | 06-29-2018 | LGL | PMKC; 99337 6/22/18 | 121416 | | | | 2,875.83 | | | | |
| | | | June 2018 Subtotals: | | | | 22,834.88 | 3,477.51* | 526.85-* | .00* | .00* | 25,785.54 |
| 07-01-2018 | 07-01-2018 | EM | El;5/23/18-6/22/18;278KWH | 173274 | | | | 74.60 | | | | |

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 12
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

## Tenant Ledger

Date Range:   From       12-01-2014      To       01-29-2019

Based Upon: Accounting Date

Property:   828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tenant:▆6041 Warta*;Jeremy Lyn | | | | | | | | | | | | |
| Lease:▆6041(0) Primary Unit:▆ | | | | | LGL-PMKC 9/22/17 | | | | | | | |
| | | | | | | | | | | | | |
| 07-01-2018 | 07-01-2018 | M | MAINT FEE | 0718RR | | | | 534.86 | | | | |
| 07-03-2018 | 08-24-2017 | LGL | Legal Payment | rc070318 | 895175 | | | | 526.85- | | | |
| 07-17-2018 | 07-17-2018 | LC | LATE FEE | 071718LC | | | | 10.00 | | | | |
| | | | July 2018 Subtotals: | | | | 25,785.54 | 619.46* | 526.85-* | .00* | .00* | 25,878.15 |
| 08-01-2018 | 08-01-2018 | EM | El;6/23/18-7/20/18;222KWH | 175215 | | | | 59.57 | | | | |
| 08-01-2018 | 08-01-2018 | M | MAINT FEE | 0818RR | | | | 534.86 | | | | |
| 08-02-2018 | 08-24-2017 | LGL | Legal Payment | rc080218 | 895180 | | | | 283.07- | | | |
| 08-02-2018 | 09-28-2017 | LGL | Legal Payment | rc080218 | 895180 | | | | 243.78- | | | |
| 08-16-2018 | 08-16-2018 | LC | LATE FEE | 0816LC | | | | 10.00 | | | | |
| 08-30-2018 | 08-30-2018 | LGL | PMKC; 100746 8/23/18 | 123360 | | | | 163.35 | | | | |
| 08-31-2018 | 06-01-2017 | EM | Electricity Payment | rc083118 | 895184 | | | | 73.44- | | | |
| 08-31-2018 | 06-01-2017 | M | Maintenance Fee Payment | rc083118 | 895184 | | | | 453.41- | | | |
| | | | August 2018 Subtotals: | | | | 25,878.15 | 767.78* | 1,053.70-* | .00* | .00* | 25,592.23 |
| 09-01-2018 | 09-01-2018 | EM | El;7/21/18-8/20/18;279KWH | 176957 | | | | 76.77 | | | | |
| 09-01-2018 | 09-01-2018 | M | MAINT FEE | 0918RR | | | | 534.86 | | | | |
| 09-18-2018 | 09-18-2018 | LC | LATE FEE | 091818LC | | | | 10.00 | | | | |
| | | | September 2018 Subtotals: | | | | 25,592.23 | 621.63* | .00* | .00* | .00* | 26,213.86 |
| 10-01-2018 | 10-01-2018 | EM | El;8/21/18-9/20/18;304KWH | 179578 | | | | 82.18 | | | | |
| 10-01-2018 | 10-01-2018 | M | MAINT FEE | 1018RR | | | | 534.86 | | | | |
| 10-02-2018 | 05-01-2017 | M | Maintenance Fee Payment | rc100218 | 895187 | | | | 382.31- | | | |
| 10-02-2018 | 07-01-2017 | EM | Electricity Payment | rc100218 | 895187 | | | | 75.04- | | | |
| 10-02-2018 | 08-01-2017 | EM | Electricity Payment | rc100218 | 895187 | | | | 69.50- | | | |
| 10-16-2018 | 10-16-2018 | LC | LATE FEE | 101618LC | | | | 10.00 | | | | |
| 10-26-2018 | 05-01-2017 | M | Maintenance Fee Payment | rv102618 | 895180 | | | | 382.31- | | | |
| 10-26-2018 | 05-01-2017 | M | Chck▆5187 - RTN/REAPPLY | 181932 | 895187 | | | | 382.31 | | | |
| 10-26-2018 | 06-01-2017 | EM | Electricity Payment | rv102618 | 895184 | | | | 73.44- | | | |
| 10-26-2018 | 06-01-2017 | M | Chck▆5184 - RTN/REAPPLY | 181932 | 895184 | | | | 73.44 | | | |
| 10-26-2018 | 06-01-2017 | M | Maintenance Fee Payment | rv102618 | 895175 | | | | 526.85- | | | |
| 10-26-2018 | 06-01-2017 | M | Chck▆5184 - RTN/REAPPLY | 181932 | 895184 | | | | 453.41 | | | |
| 10-26-2018 | 06-01-2017 | EM | Electricity Payment | rv102618 | 895180 | | | | 71.10- | | | |
| 10-26-2018 | 07-01-2017 | EM | Electricity Payment | rv102618 | 895180 | | | | 3.94- | | | |
| 10-26-2018 | 07-01-2017 | EM | Chck▆5187 - RTN/REAPPLY | 181932 | 895187 | | | | 75.04 | | | |

Hawaiian Properties, Ltd.-CTA

01-29-2019                Page 13
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

# Tenant Ledger

Date Range:  From    12-01-2014    To    01-29-2019

Based Upon: Accounting Date

Property:  828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tenant: ██6041 Warta*;Jeremy Lyn | | | | | | | | | | | | |
| Lease: ██6041(0)  Primary Unit: ██ | | | | | LGL-PMKC 9/22/17 | | | | | | | |
| 10-26-2018 | 07-01-2017 | M | Maintenance Fee Payment | rv102618 | 895184 | | | | 522.91- | | | |
| 10-26-2018 | 07-01-2017 | M | Maintenance Fee Payment | rv102618 | 895187 | | | | 3.94- | | | |
| 10-26-2018 | 08-01-2017 | EM | Electricity Payment | rv102618 | 895187 | | | | 76.07- | | | |
| 10-26-2018 | 08-01-2017 | EM | Chck██5187 - RTN/REAPPLY | 181932 | 895187 | | | | 69.50 | | | |
| 10-26-2018 | 08-24-2017 | LGL | Chck██5175 - RTN/REAPPLY | 181932 | 895187 | | | | 526.85 | | | |
| 10-26-2018 | 08-24-2017 | LGL | Chck██5180 - RTN/REAPPLY | 181932 | 895180 | | | | 283.07 | | | |
| 10-26-2018 | 09-01-2017 | EM | Electricity Payment | rv102618 | 895187 | | | | 87.33- | | | |
| 10-26-2018 | 09-01-2017 | M | Maintenance Fee Payment | rv102618 | 895187 | | | | 359.51- | | | |
| 10-26-2018 | 09-28-2017 | LGL | Chck██5180 - RTN/REAPPLY | 181932 | 895180 | | | | 243.78 | | | |
| | | | October 2018 Subtotals: | | | | 26,213.86 | 627.04* | 526.85-* | .00* | .00* | 26,314.05 |
| 11-01-2018 | 11-01-2018 | EM | E;9/21/18-10/19/18;755KWH | 181796 | | | | 213.10 | | | | |
| 11-01-2018 | 11-01-2018 | LGL | PMKC; 102058 10/23/18 | 125537 | | | | 226.18 | | | | |
| 11-01-2018 | 11-01-2018 | M | MAINT FEE | 1118RR | | | | 534.86 | | | | |
| 11-05-2018 | 09-01-2017 | M | Maintenance Fee Payment | rc110518 | 895189 | | | | 167.34- | | | |
| 11-05-2018 | 10-01-2017 | M | Maintenance Fee Payment | rc110518 | 895189 | | | | 359.51- | | | |
| 11-16-2018 | 11-16-2018 | LC | LATE FEE | 1116LC | | | | 10.00 | | | | |
| | | | November 2018 Subtotals: | | | | 26,314.05 | 984.14* | 526.85-* | .00* | .00* | 26,771.34 |
| 12-01-2018 | 12-01-2018 | EM | E;10/20/18-11/20/18;267KW | 183296 | | | | 75.43 | | | | |
| 12-01-2018 | 12-01-2018 | M | MAINT FEE | 1218RR | | | | 534.86 | | | | |
| 12-04-2018 | 11-01-2017 | M | Maintenance Fee Payment | rc120418 | 895192 | | | | 526.85- | | | |
| 12-05-2018 | 12-05-2018 | LGL | Rev - PMKC; 102058 10/23/ | 125537 | | | | 226.18- | | | | |
| 12-18-2018 | 12-18-2018 | LC | LATE FEE | 1218LC | | | | 10.00 | | | | |
| | | | December 2018 Subtotals: | | | | 26,771.34 | 394.11* | 526.85-* | .00* | .00* | 26,638.60 |
| 01-01-2019 | 01-01-2019 | EM | E;11/21/18-12/21/18;217KW | 185382 | | | | 63.59 | | | | |
| 01-01-2019 | 01-01-2019 | M | MAINT FEE | 0119RR | | | | 545.58 | | | | |
| 01-03-2019 | 10-01-2017 | EM | Electricity Payment | rc010319 | 895195 | | | | 101.29- | | | |
| 01-03-2019 | 10-01-2017 | EM | Electricity Payment | 186411 | 895195 | | | | 101.29 | | | |
| 01-03-2019 | 10-01-2017 | M | Maintenance Fee Payment | rc010319 | 895195 | | | | 167.34- | | | |
| 01-03-2019 | 11-01-2017 | EM | Electricity Payment | rc010319 | 895195 | | | | 94.15- | | | |
| 01-03-2019 | 11-01-2017 | EM | Electricity Payment | 186411 | 895195 | | | | 94.15 | | | |
| 01-03-2019 | 12-01-2017 | EM | Electricity Payment | rc010319 | 895195 | | | | 111.23- | | | |
| 01-03-2019 | 12-01-2017 | EM | Electricity Payment | 186411 | 895195 | | | | 111.23 | | | |

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 14
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

## Tenant Ledger

Date Range:   From      12-01-2014      To      01-29-2019

Based Upon: Accounting Date

Property:   828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant:** ▮▮6041 Warta*;Jeremy Lyn | | | | | | | | | | | | |
| **Lease:** ▮▮6041(0)  Primary Unit: ▮▮ | | | | | **LGL-PMKC 9/22/17** | | | | | | | |
| | | | | | | | | | | | | |
| 01-03-2019 | 12-01-2017 | M | Maintenance Fee Payment | rc010319 | 895195 | | | | 52.84- | | | |
| 01-03-2019 | 12-01-2017 | M | Maintenance Fee Payment | 186411 | 895195 | | | | 52.84 | | | |
| 01-03-2019 | 12-01-2017 | M | Maintenance Fee Payment | 186411 | 895195 | | | | 359.51- | | | |
| 01-16-2019 | 01-16-2019 | LC | LATE FEE | 011619 | | | | 10.00 | | | | |
| 01-18-2019 | 01-18-2019 | LGL | PMKC LLP; 102058, 10/23/1 | 127834 | | | | 226.18 | | | | |
| 01-18-2019 | 01-18-2019 | LGL | PMKC LLP; 102780, 11/26/1 | 127834 | | | | 1,155.81 | | | | |
| | | | January 2019 Subtotals: | | | | 26,638.60 | 2,001.16* | 526.85-* | .00* | .00* | 28,112.91 |
| | | | Lease ▮▮6041(0) Subtotals: | | | | 521.63- | 62,854.58* | 34,220.04-* | .00* | .00* | 28,112.91 |
| | | | Tenant ▮▮6041 Totals: | | | | 521.63-* | 62,854.58* | 34,220.04-* | .00* | .00* | 28,112.91* |
| | | | Property 828 Totals: | | | | 521.63-* | 62,854.58* | 34,220.04-* | .00* | .00* | 28,112.91* |

OFFICE OF THE
ASSISTANT REGISTRAR, LAND COURT
STATE OF HAWAII
(Bureau of Conveyances)

The original of this document was
recorded as follows:

DOCUMENT NO. _ Doc ███ 1316
                CT ███ 8236
DATE/TIME _ May 30, 2019 3:29 PM

| LAND COURT | REGULAR SYSTEM |

AFTER RECORDATION, RETURN BY:  MAIL ( )  PICK-UP (x) 539-1100
PORTER MCGUIRE KIAKONA & CHOW, LLP (KFHK:kam)
841 Bishop Street, Suite 1500
Honolulu, Hawaii  96813                          Total Pages: 5

## NOTICE OF LIEN

Lienor:       Association of Apartment Owners of Plumeria Hale

Debtor(s):    Jeremy Lyn Warta
              ███████████████

Property:     Plumeria Hale, Unit ████
              Land Court Document No.:
              Tax Map Key No.: ████████8-036 CPR No.: 0012

## NOTICE OF LIEN

Pursuant to and in accordance with §514B-146 of the *Hawaii Revised Statutes ("HRS")*, Lienor, by its Board of Directors, hereby files its notice of lien for unpaid assessments against that certain property more particularly described in Exhibit "A" attached hereto and incorporated herein by reference, which property is subject to Chapter 514B, *HRS*, and is owned or reputedly owned by Debtor(s), by that certain instrument dated November 14, 2014, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. ███████0022 and affecting Transfer Certificate of Title No. ███8236.

The lien is claimed in the amount of TWENTY NINE THOUSAND SEVENTEEN AND 04/100 DOLLARS ($29,017.04) for unpaid amounts assessed by the Lienor as of April 16, 2019,

Plumeria Hale v. Jeremy Lyn Warta

# EXHIBIT N

and for all subsequent assessments, including all costs, expenses, and attorneys' fees, incurred by or on behalf of the Lienor for collecting any delinquent assessments against the Property.

       This lien may be executed in counterparts, each of which shall be deemed an original, and those counterparts shall together constitute one and the same instrument, binding all parties, notwithstanding that all the parties are not signatories to the original or the same counterpart.

***THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED AS A RESULT OF OR IN CONNECTION WITH THIS COMMUNICATION WILL BE USED FOR THAT PURPOSE.***

       DATED:  Honolulu, Hawaii, _____ APR 1 8 2019 _____.

       Association of Apartment Owners of Plumeria Hale
       By Porter McGuire Kiakona and Chow, LLP
       Its Attorney-in-Fact

       By: _____
          Kapono F. H. Kiakona
          Title: Partner

Plumeria Hale v. Jeremy Lyn Warta

2

STATE OF HAWAII              )
                                ) ss.
CITY AND COUNTY OF HONOLULU    )

On _____ **APR 1 8 2019** _____, 2019, before me personally appeared Kapono F. H.
Kiakona, to me personally known, who, being by me duly sworn or affirmed, did say that such
person(s) executed the foregoing instrument as the free act and deed of such person(s), and if
applicable, in the capacities shown, having been duly authorized to execute such instrument in
such capacities. By my signature below, I further certify that the above-named executed this five
(5) page document entitled Notice of Lien, dated _____ **APR 1 8 2019** , 2019 in the First Circuit of
the State of Hawaii and that this acknowledgement is deemed to include my Notary
Certification.

Type or print name:      **DAWN DAIDO**

Notary Public, State of Hawaii
My commission expires: ___ **JAN 3 0 2023**

Plumeria Hale v. Jeremy Lyn Warta

## EXHIBIT "A"

FIRST:        Apartment No.▇▇▇ of that certain Condominium Project known as "PLUMERIA HALE", as shown on Condominium Map No. 234, and described in the Declaration of Horizontal Property Regime dated August 20, 1974, recorded November 8, 1974 in the Office of the Assistant Registrar of the Land Court, State of Hawaii, as Document No. 701176, as amended.

Together with appurtenant easements as follows:

(a)      An exclusive easement to use Parking Space No(s)., if any, as shown on said Condominium Map.

(b)      Non-exclusive easements in the common elements designed for such purposes for ingress to, egress from, utility services for and support of said apartment; in the other common elements for use according to their respective purposes, subject always to the exclusive or limited use of the common elements, as provided in said Declaration, as amended, and in all other apartments for support and repair.

SECOND:        An undivided 1.47% interest, in tenant in common with other owners, its successors and assigns, and the holders from time to time of other undivided interests in and to the common elements of the Project and in the land as described in said Declaration, as amended, including limited common elements.

Being all the property described in the following:

APARTMENT DEED
| | | |
|---|---|---|
| Recorded | : | August 14, 2008 in the Office of the Assistant Registrar of the Land Court, State of Hawaii, as Document No. 3779933 |
| Grantor | : | RAMIRO CHAVEZ MARTINEZ, husband of Maria Atala Martinez |
| Grantee | : | SEAN KAZUTOMO TAKAMATSU and MIN HYE TAKAMATSU, husband and wife, as Tenants by the Entirety |

Being the property described in and covered by Transfer Certificate of Title No. 918,862.

THE LAND UPON WHICH SAID CONDOMINIUM IS LOCATED IS DESCRIBED AS FOLLOWS:

All that certain parcel of land situate at Kapiolani Boulevard, Kuulei, Waikiki, Honolulu, City and County of Honolulu, State of Hawaii, described as follows:

Lot 56, area 23,889.0 square feet, more or less, as shown on Map 26, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 768 of Lum Yip Kee and Yee Yap.

SUBJECT, HOWEVER, TO:

1.        Condominium Map No. 234, filed in the Office of the Assistant Registrar of the Land Court, State of Hawaii.

2.        Matters in an instrument that, among other things, contain or provide for easements, assessments, liens and their subordination; provisions relating to partition, restrictions on severability of component interest, covenants, conditions and restrictions, provision that no violation thereof and no enforcement of any lien provided for therein shall defeat or render invalid the lien of a mortgage or deed of trust made in good faith and for value, but omitting and covenants or restrictions if any, based upon race color, religion, sex, handicap, familial status, or national origin unless and only to the extent that said

covenant (a) is exempt under Title 42, Section 3607 of the United States Code or (b) relates to handicap but does not discriminate against handicapped persons.

Entitled : Declaration of Horizontal Property Regime
Recorded : November 8, 1974 in the Office of the Assistant Registrar of the Land Court, State of Hawaii, as Document No. 701176

Said Declaration was amended by the following instruments:

| DATED: | RECORDED: | DOCUMENT NO.: |
|---|---|---|
| November 12, 1975 | November 13, 1975 | 741670 |
| July 17, 1980 | August 19, 1980 | 1027359 |
| April 23, 1981 | April 24, 1981 | 1064354 |
| January 23, 1986 | February 6, 1986 | 1351387 |
| April 3, 1989 | April 5, 1989 | 1624384 |
| August 8, 1990 | August 10, 1990 | 1754732 |

Liens and charges for upkeep and maintenance as provided in the above mentioned Covenants, Conditions and Restrictions, if any, where no notice thereof appears on record.

For information regarding the current status of said liens and/or assessments

Contact : ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE

3. Terms, provisions and conditions as contained in the Apartment Deed and the effect of any failure to comply with such terms, provisions and conditions.

4. Any and all easements encumbering the apartment herein mentioned, and/or the common interest appurtenant thereto, as created by or mentioned in said Declaration, as said Declaration may be amended from time to time in accordance with the law and/or in the Apartment Deed, and/or as delineated on said Condominium Map.

TOGETHER WITH all furniture, fixtures, appliances, and other items listed on Purchase Contract with a Reference Date of October 12, 2014 executed by and between the Grantor and Grantee for the sale and purchase of the above described premises, which by reference is incorporated herein.

## END OF EXHIBIT "A"

7

GORDON REES SCULLY MANSUKHANI, LLP

BENNETT J. CHIN             #6439-0
MIA D. OBCIANA              #8424-0
SABRINA M. KAWANA          #10786-0
915 Fort Street Mall, Suite 601
Honolulu, Hawaii 96813
Telephone No.: (808) 441-1830
Facsimile No.: (808) 464-6535
E-mail:  bchin@grsm.com; mobciana@grsm.com;
         skawana@grsm.com
Attorneys for Defendant
Porter McGuire Kiakona, LLP

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEREMY WARTA,<br><br>   Plaintiff,<br><br>  vs.<br><br>PORTER, MCGUIRE, & KIAKONA, LLP,<br><br>   Defendant. | CIVIL NO. 1:21-cv-00100 LEK-WRP<br><br>DEFENDANT PORTER MCGUIRE KIAKONA, LLP RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT PORTER, MCGUIRE, & KIAKONA, LLP<br><br>Trial Date: June 6, 2022<br>Judge: Hon. Leslie E. Kobayashi |

### DEFENDANT PORTER, MCGUIRE, & KIAKONA, LLP RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT PORTER, MCGUIRE, & KIAKONA, LLP DATED

Defendant PORTER MCGUIRE KIAKONA, LLP ("PMK"), through its

counsel, Gordon Rees Scully Mansukhani, LLP, pursuant to Rule 36 of the Federal

Rules of Civil Procedure ("FRCP"), hereby objects and/or responds to Plaintiff

EXHIBIT O

JEREMY WARTA's First Request for Admissions to Defendant Porter,

McGuire, & Kiakona.

DATED:  Honolulu, Hawaii, November 12, 2021.

_____

BENNETT J. CHIN
MIA D. OBCIANA
SABRINA M. KAWANA

Attorneys for Defendant
Porter McGuire Kiakona, LLP

# REQUEST FOR ADMISSIONS

## REQUEST FOR ADMISSION NO. 1:
Defendant PMK filed the Notice of Lien in order to prevent the Plaintiff from selling his unit at Plumeria Hale.

ADMIT: _____     DENY: ____X____

## REQUEST FOR ADMISSION NO. 2:
Defendant PMK used 11 different attorneys for work done in the State Court Litigation.

OBJECTION:  PMK objects to this request as vague and ambiguous as to the term "work done."

RESPONSE:  Without waiving the foregoing objections, PMK responds as follows:

ADMIT: _____     DENY: ____X____

## REQUEST FOR ADMISSION NO. 3:
Defendant PMK used over five different paralegals for work done in the State Court Litigation.

OBJECTION:  PMK objects to this request as vague and ambiguous as to the term "work done."

RESPONSE:  Without waiving the foregoing objections, PMK responds as follows:

ADMIT: _____     DENY: ____X____

## REQUEST FOR ADMISSION NO. 4:
Defendant PMK's principal purpose is the collection of consumer debts.

ADMIT: _____     DENY: ____X____

61295816.1

## REQUEST FOR ADMISSION NO. 5:

Defendant PMK regularly collected debts owed or due to another between 2015 and the present.

OBJECTION: PMK objects to this request to the extent "collected debts" and "regularly" are vague and ambiguous. PMK further objects to this request as overly broad, including as to temporal scope, and irrelevant or immaterial to the claims and/or defenses at issue.

RESPONSE: Without waiving the foregoing objections, PMK responds as follows:

ADMIT: ____X____          DENY: _____

PMK engages in various aspects of commercial law. Clients retain PMK for representation relating to business disputes, including debt collection.

In the State Court Litigation, PMK represented the Association of Apartment Owners of Plumeria Hale (the "AOAO") in the enforcement action against Jeremy Warta ("Warta"). PMK was not acting as a "debt collector" within the meaning of the applicable statutes in the State Court Litigation.

## REQUEST FOR ADMISSION NO. 6:

Defendant PMK did not investigate whether or not the Plaintiff was an active duty service member before it filed the State Court Lawsuit.

OBJECTION: PMK objects to this request as the term "investigate" is vague as ambiguous.

RESPONSE: Without waiving the foregoing objections, PMK responds as follows:

ADMIT: _____          DENY: _____

PMK can neither admit nor deny this request, as the person(s) with knowledge of whether an investigation was conducted are no longer employed by PMK. Upon review and investigation of the documents and business records in possession of PMK, PMK cannot find any records of an

investigation or search for Plaintiff JEREMY WARTA's military status prior to initiation of the State Court Lawsuit on September 20, 2016.

As reflected on the record in the State Court Lawsuit, PMK was not aware of Warta's status as an active duty service member at the time it initiated the State Court Lawsuit. The Court raised the issue at hearing and PMK filed the appropriate motion to appoint special counsel for Warta. Special counsel was appointed, and later withdrew when Warta retained private counsel (Bruce Sherman, Esq. and Justin Brackett, Esq.).

REQUEST FOR ADMISSION NO. 7:
Defendant PMK filed the Plaintiff's medical records in the Complaint filed on September 20, 2016.

OBJECTION: PMK objects to this request as the term "medical records" is vague and ambiguous.

RESPONSE: Without waiving the foregoing objections, PMK responds as follows:

ADMIT:    X        DENY:

As reflected on the record in the State Court Lawsuit, PMK attached relevant exhibits in support of the Complaint filed on September 20, 2016 in the State Court Lawsuit. The Complaint sought injunctive relief to remove Warta's 70 lbs. German Shepard from the premises in violation of the contractual agreement between Warta and the AOAO. As a reasonable accommodation, Warta entered into a contractual agreement with the AOAO to allow him to have a pet on the premises, despite the AOAO's prohibition of pets. In support of this material issue, supporting documentation was attached to the complaint. The supporting documentation for the contractual agreement included a one page doctor's note and two pages from the "VCA Family Animal Hospital." PMK filed the appropriate motion to seal the documents in the State Court Lawsuit. Upon a motion brought by Warta's counsel, the Court declined to impose any sanctions for the inadvertent disclosure. The documents have been sealed.

## REQUEST FOR ADMISSION NO. 8:
Defendant PMK filed the Plaintiff's unsealed medical records relating to the Plaintiff's disability as exhibits or parts of exhibits in the State Court Litigation.

> **OBJECTION:** PMK objects to this request as the terms "medical records" and "disability" are vague and ambiguous. PMK also objects to this request as duplicative.

> **RESPONSE:** Without waiving the foregoing objections, PMK responds as follows:

> > ADMIT: ___X___     DENY: _____

> PMK incorporates by reference its response to Request No. 7. Further, the documents have been sealed.


## REQUEST FOR ADMISSION NO. 9:
Defendant PMK filed Plaintiff's unsealed medical records relating to the Plaintiff's disability in public filings in the State Court Lawsuit.

> **OBJECTION:** PMK objects to this request as the terms "medical records" and "disability" are vague and ambiguous. PMK also objects to this request as duplicative.

> **RESPONSE:** Without waiving the foregoing objections, PMK responds as follows:

> > ADMIT: ___X___     DENY: _____

> PMK incorporates by reference its response to Request No. 7. Further, the documents have been sealed.


## REQUEST FOR ADMISSION NO. 10:
Defendant PMK filed Plaintiff's unsealed medical records relating to the Plaintiff's disability as exhibits E and F in the Complaint publicly on September 20, 2016.

> **OBJECTION:** PMK objects to this request as the terms "medical records" and "disability" are vague and ambiguous. PMK also objects to this request as duplicative.

**RESPONSE:**  Without waiving the foregoing objections, PMK responds as follows:

ADMIT: _____X_____          DENY: _____

PMK incorporates by reference its response to Request No. 7. Further, the documents have been sealed.

## REQUEST FOR ADMISSION NO. 11:

Defendant PMK filed Plaintiff's unsealed medical records relating to the Plaintiff's disability as exhibits D, G, and H in the Motion for Default Judgment and/or Summary Judgment Seeking Declaratory and Injunctive Relief publicly on July 7, 2017 in the State Court Lawsuit.

**OBJECTION:**  PMK objects to this request as the terms "medical records" and "disability" are vague and ambiguous.   PMK also objects to this request as duplicative.

**RESPONSE:**  Without waiving the foregoing objections, PMK responds as follows:

ADMIT: _____X_____          DENY: _____

PMK incorporates by reference its response to Request No. 7.  Further, the documents have been sealed.

## REQUEST FOR ADMISSION NO. 12:

Defendant PMK filed Plaintiff's unsealed medical records relating to the Plaintiff's disability as exhibits D, G, and H in the Motion for Default Judgment and/or Summary Judgment Seeking Declaratory and Injunctive Relief publicly on October 24, 2017 in the State Court Lawsuit.

**OBJECTION:**  PMK objects to this request as the terms "medical records" and "disability" are vague and ambiguous.   PMK also objects to this request as duplicative.

RESPONSE:  Without waiving the foregoing objections, PMK responds as follows:

ADMIT:  ____X____          DENY:  _____

PMK incorporates by reference its response to Request No. 7.  Further, the documents have been sealed.


REQUEST FOR ADMISSION NO. 13:
Defendant PMK published Plaintiff's unsealed medical records relating to the Plaintiff's disability in public filings in the State Court Lawsuit seventeen (17) times.

OBJECTION:  PMK objects to this request as the terms "published," "medical records," and "disability" are vague and ambiguous.  PMK also objects to this request as duplicative.

RESPONSE:  Without waiving the foregoing objections, PMK responds as follows:

ADMIT:  _____          DENY:  ____X____

PMK denies this request to the extent that it cannot determine how Plaintiff's counsel reached the number seventeen (17), as the term "published" is vague and ambiguous.  To the extent PMK understands this request, PMK states that it inadvertently filed documents referencing Warta's medical information in support of the contractual agreement for reasonable accommodation in four (4) filings in the State Court Lawsuit. When Warta's counsel raised the issue on or about December 21 2017, PMK promptly filed the appropriate motion with the Court in the State Court Lawsuit to seal the records.  *See* Order Granting Plaintiff's Ex Parte Motion to Seal Pages in Record Pursuant to HCRR 9, filed on January 17, 2018 [Dkt. 30].  PMK incorporates by reference its response to Request No. 7. Further, the documents have been sealed.

## REQUEST FOR ADMISSION NO. 14:
Defendant PMK filed Plaintiff's unsealed medical records relating to the Plaintiff's disability as exhibits E and F in the Complaint filed on September 20, 2016 in public filings in the State Court Lawsuit.

> OBJECTION:  PMK objects to this request as duplicative of Request No. 10.

## REQUEST FOR ADMISSION NO. 15:
Plaintiff Jeremy Warta is a consumer.

> OBJECTION:  PMK objects to this request as overly broad, including as to scope and time, vague and ambiguous.  PMK further objects that this request is an incomplete hypothetical.

> RESPONSE:  Without waiving the foregoing objections, PMK responds as follows:

>> ADMIT: _____        DENY: _____

> PMK can neither admit nor deny that Warta is a consumer, as this is an incomplete hypothetical.

## REQUEST FOR ADMISSION NO. 16:
The debt sought in the State Court Lawsuit by Defendant PMK was a consumer debt.

> OBJECTION:  PMK objects to this request as overly broad, vague and ambiguous.  PMK further objects to this request as an incomplete hypothetical.

> RESPONSE:  Without waiving the foregoing objections, PMK responds as follows:

>> ADMIT: _____        DENY: ____X____

Attorney fees are not a "debt" within the meaning of the Fair Debt Collections Practices Act ("FDCPA") nor under the relevant statutory scheme of the *Hawaii Revised Statutes*.

## REQUEST FOR ADMISSION NO. 17:

After the enactment and effective date of H.R.S. § 514B-105(C) Defendant PMK still collected its attorneys' fees and costs from AOAO before applying the Plaintiff's maintenance fee payments to the maintenance fees.

OBJECTION: PMK objects to this request as overly broad, including as to temporal scope, and vague and ambiguous.

RESPONSE: Without waiving the foregoing objections, PMK responds as follows:

ADMIT: _____     DENY: ___X___

## REQUEST FOR ADMISSION NO. 18:

The Plaintiff had his payments for AOAO maintenance made automatically to the Property Management Company at all times relevant to this lawsuit.

OBJECTION: PMK objects to this request as overly broad, including as to temporal scope, and vague and ambiguous.

RESPONSE: Without waiving the foregoing objections, PMK responds as follows:

ADMIT: _____     DENY: _____

To the extent PMK understands this request, PMK can neither admit nor deny that Warta had automatic payments to pay his maintenance fees during the time periods relevant to the State Court Lawsuit. Upon reasonable investigation, including review of the pleadings and files in the State Court Lawsuit, PMK is aware that Warta and his counsel made such representations, however, PMK is without information to verify this allegation.

**REQUEST FOR ADMISSION NO. 19:**
Plaintiff had already paid $19,819.44 of the $29,017.04 attorneys' fees assessed by Defendant PMK as of April 16, 2019.

OBJECTION:  PMK objects to this request as overly broad and unduly burdensome.

RESPONSE:  Without waiving the foregoing objections, PMK responds as follows:

ADMIT: _____        DENY: ___X___

PMK states that as of April 16, 2019, Warta owed the AOAO approximately $29,000, inclusive of maintenance fees, legal fees, and utilities.  Between January 1, 2016 through April 16, 2019, approximately $14,000 of payments on Warta's account (Unit 604) was applied to legal fees and costs incurred arising from Warta's noncompliance.


**REQUEST FOR ADMISSION NO. 20:**
Defendant PMK calculated the amounts it demanded from Plaintiff.

OBJECTION:  PMK objects to this request as overly broad.  PMK further objects the term "calculated" is vague and ambiguous.

RESPONSE:  Without waiving the foregoing objections, PMK responds as follows:

ADMIT: _____        DENY: ___X___

To the extent PMK understands this request, PMK prepared detailed invoices to the AOAO for its attorneys' fees and costs.  However, the AOAO, through its property management company, was responsible for "calculating" amounts owed by Warta to the AOAO.

## REQUEST FOR ADMISSION NO. 21:

The service dog was removed from Plumeria Hale by Plaintiff on or before
March 31, 2017.

OBJECTION:  PMK objects to this request as overly broad.

RESPONSE:  Without waiving the foregoing objections, PMK responds as
follows:

ADMIT: _____          DENY: _____

PMK can neither admit nor deny whether the animal was removed from the
premises (Plumeria Hale) by Plaintiff, or anyone else, on or before March
13, 2017.  Warta failed to provide timely notice to PMK of the removal of
animal from the premises.  PMK was not provided notice of the animal's
removal until approximately June 2017, by Warta's counsel.

## REQUEST FOR ADMISSION NO. 22:

Plaintiff notified the AOAO through its agent that the service dog was removed
from Plumeria Hale by March 31, 2017.

OBJECTION:  PMK objects to this request as overly broad, including as to
temporal scope.  PMK further objects to the term "agent" as vague and
ambiguous.

RESPONSE:  Without waiving the foregoing objections, PMK responds as
follows:

ADMIT: _____      DENY: _____

PMK can neither admit nor deny that Warta notified the AOAO of the
animal's removal from the premises on or around March 31, 2017.  PMK
has no information in its possession verifying with any reasonable certainty
as to if or when Warta or his agent provided such notice to the AOAO.

## REQUEST FOR ADMISSION NO. 23:

Defendant PMK has not removed the lien on Plaintiff's property as of September 8, 2021.

> OBJECTION: PMK objects to this request as overly broad.

> RESPONSE: Without waiving the foregoing objections, PMK responds as follows:

> > ADMIT: ____X____        DENY: _____

## REQUEST FOR ADMISSION NO. 24:

Plaintiff does not owe Defendant PMK any attorney fees as of September 8, 2021.

> OBJECTION: PMK objects to this request as overly broad, vague and ambiguous.

> RESPONSE: Without waiving the foregoing objections, PMK responds as follows:

> > ADMIT: ____X____        DENY: _____

> Upon information and belief, Warta has not paid or otherwise discharged the judgment awarded in the State Court Lawsuit, upon the Court's grant of attorneys' fees and costs against Warta and in favor of PMK's client, the AOAO.

## REQUEST FOR ADMISSION NO. 25:

Plaintiff does not owe Defendant PMK any costs as of September 8, 2021.

> OBJECTION: PMK objects to this request as overly broad, vague and ambiguous.

> RESPONSE: Without waiving the foregoing objections, PMK responds as follows:

> > ADMIT: _____        DENY: ____X____

Upon information and belief, Warta has not paid or otherwise discharged the judgment awarded in the State Court Lawsuit, upon the Court's grant of attorneys' fees and costs against Warta and in favor of PMK's client, the AOAO.

## REQUEST FOR ADMISSION NO. 26:

Defendant PMK has been fully reimbursed its attorneys fees and costs by the AOAO.

OBJECTION: PMK objects to this request as overly broad, vague and ambiguous as to the term "reimbursed." PMK further objects to this request to the extent it seeks attorney-client privileged information. PMK also objects to the extent this request is not material or not reasonably calculated to lead to admissible evidence relevant to the claims and/or defenses.

RESPONSE: Without waiving the foregoing objections, PMK responds as follows:

ADMIT: _____        DENY: _____

This request seeks information protected by the attorney-client privilege. This request is not material and not reasonably calculated to lead to admissible evidence relevant to the claims and/or defenses.

## REQUEST FOR ADMISSION NO. 27:

Defendant PMK filed the Notice of Lien prior to entry of any judgment against Plaintiff.

OBJECTION: PMK objects to this request as overly broad, vague and ambiguous.

RESPONSE: Without waiving the foregoing objections, PMK responds as follows:

ADMIT: ___X___        DENY: _____

JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI  96814
Telephone: (808) 377-6778
Email:  justinbrackettlaw@gmail.com

BRUCE F. SHERMAN (HI Bar No. 5996)
1050 Bishop Street, #509
Honolulu, HI 96813
Telephone:  (808) 221-0901
Email:  bfs@bfshermanlaw.com

*Attorneys for Plaintiff*
Jeremy Warta

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEREMY WARTA,<br><br>        Plaintiff,<br><br>   v.<br><br>PORTER, MCGUIRE, & KIAKONA, LLP,<br><br>        Defendant. | CIVIL NO. 1:21-CV-00100 LEK- WRP<br><br><br>CERTIFICATE OF SERVICE OF PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES DECLARATORY AND INJUNCTIVE RELIEF<br><br><br>JURY TRIAL REQUESTED |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date first stated below, or in compliance with the

rules of this Court, I did serve a true and exact copy of the foregoing documents via

the Court's CM/ECF system:

1

Bennett J. Chin, Esq.  bchin@grsm.com
Sabrina M. Kawana, Esq.  skawana@grsm.com
Mia Obciana, Esq.  mobciana@grsm.com
Gordon Rees Scully Mansukhani, LLP
P.O. Box 299
Honolulu, HI 96809-0299

*Attorneys for Defendant*
Porter, McGuire, & Kiakona, LLP


DATED:  Honolulu, Hawaii, January 24, 2022.


/s/ Justin A. Brackett
Justin A. Brackett, Esq.
*Attorney for Plaintiff*
Jeremy Warta