BRUCE F. SHERMAN          #5996-0
1050 Bishop Street No. 509
Honolulu, Hawaii 96813
Telephone: (808) 221-0901
Email: bfs@bfshermanlaw.com

JUSTIN A. BRACKETT          #9954
515 Ward Avenue
Honolulu, Hawaii 96814
Telephone: (808) 377-6778
Email:   justinbrackettlaw@gmail.com

Attorneys for Defendant
JEREMY L. WARTA

**Electronically Filed
FIRST CIRCUIT
1CC161001777
19-OCT-2020
02:56 PM
Dkt. 93 MEO**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE, | ) ) ) | CIVIL NO. 16-1-1777-09 (BIA) (Other Action/Ejectment) |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN |
| JEREMY L. WARTA,JOHN DOES 1-20,JANE DOES 1-20, DOE PARTERSHIPS 1-20, DOE CORPRATIONS 1-20, DOE ENTITIES 1-20, and DOE GOVERNMENTAL UNITS 1-20 | ) ) ) ) ) ) ) | AWARD OF ATTORNEYS' FEES AND COSTS; DECLARATION OF BRUCE F. SHERMAN; EXHIBITS "A-C"; CERTIFICATE OF SERVICE |
| Defendants. | ) ) | |

---

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

Plaintiff, and its law firm have made a mountain of attorneys' fees and costs out of a molehill of a case. There is an utter lack of proportionality between the amount of fees sought and the work required. These are not complex issues and Plaintiff's attorneys have already collected ample fees from Defendant. This is a case in which no discovery has been done. More

## EXHIBIT 6

importantly, the Plaintiff is not entitled to any fees as the lawsuit is moot and has been so since March 31, 2017.

The Plaintiff has not prevailed in this matter. The Defendant has filed a motion to set aside the entry of default judgment. Whether or not the Plaintiff is entitled to attorneys' fees and costs is addressed in that motion. This memorandum shall focus on the inflated attorneys' fees and costs claimed by the Plaintiff and its law firm, Porter McGuire Kiakona Chow (hereafter PMKC). The burden is on the Plaintiff and its law firm to show that their attorneys' fees are reasonable. They have not met that burden.

I.    **ARGUMENT**

A)    **PLAINITFF SEEKS OVER $52,000.00 IN ATTORNEYS' FEES AND COSTS FOR A VERY SIMPLE CASE THAT HAS BEEN MOOT SINCE MARCH 31, 2017**

It is difficult to list all the deficiencies in Plaintiff's Motion for an Award of Attorneys and Costs. The Plaintiff is asking for an award in the amount of $40,023.37, but the memorandum and Busekrus declaration misrepresent the facts through omission. Conveniently, Plaintiff and Porter McGuire neglect to mention that Porter McGuire has already been paid over $12,000.00 in attorneys' fees by Mr. Warta in relation to this action.

Hawaii courts calculate the reasonableness of attorneys' fee based upon the traditional lodestar calculation. Under the lodestar method a reasonable fee must be determined by multiplying the **number of hours reasonably expended by a reasonable hourly rate**. *Sheehan v. Centex Homes*, 852 F.Supp.2d 1031, 1041 (D.Hawaii (2011)). The lodestar method is susceptible to abuse and sometimes leads to the padding of bills by attorneys. It also can reward intentional and institutional abuse by a law firm in that it can reward inefficiency by lawyers. This case is a prime example of that and of the many ways a law

2

firm will pad its bills to obtain unwarranted and inflated fees. Somehow PMKC claims to have employed 10 attorneys and 7 paralegals in this lawsuit!

The assessment of a reasonable hourly rate is informed by "…the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation…[i]n addition to their own statement, the fee applicant is required to submit additional evidence that the rate charged is reasonable." *Sheehan*, supra at 1042. In this prong of the lodestar method, Plaintiff and PMKC have utterly failed to show anything about the reasonableness of the rates. **There are no declarations by any of the timekeeping attorneys relating to their experience and qualifications attached to the motion. There are no declarations as to the timekeeping attorneys from other attorneys attesting to the fact that the 10 plus billing rates are the prevailing rates for similar work of comparable skill, experience and reputation**. It is also a formidable task to do so when PMKC employed 10 different attorney timekeepers and 7 different paralegal timekeepers1  in this relatively simple case. Furthermore, as noted below, the rates of many of the timekeepers increased during the case and did so without linking such increases to prevailing rate increases in the legal community. PMKC does not get to pull attorney and paralegal rates out of thin air and yet that is exactly what it has done in its motion for attorneys' fees and costs.

Defendant had his association assessments paid via automatic withdrawal from his bank account, as he is active duty military and frequently deployed overseas to protect this great nation. Prior to July 1, 2018 Hawaii permitted AOAOs to prioritize the allocation of common expense payments (also known as maintenance fees) so that with a valid resolution an AOAO could have

---

1  The same lodestar method to determine the reasonableness of attorneys' fees is applied to the reasonableness of paralegal fees.

PMK 001254

common expense payments applied to other expenses as priorities. These resolutions authorized the AOAO (usually through their managements companies) to apply the common expense payments to claimed outstanding attorneys' fees, and then if any was left to the common expenses. Not surprisingly every AOAO law firm enjoyed the benefits of this practice, particularly PMKC. Guaranteeing the automatic immediate payment of attorneys' fees encouraged AOAOs and their law firms to be extremely litigious. The Hawaii State Legislature amended Hawaii Revised Statutes ("H.R.S.") 514B-105 (Laws 2018, ch. 195, § 3, eff. July 1, 2018) in 2018 to prohibit this practice:

> (c) **Any payments made by or on behalf of a unit owner shall first be applied to outstanding common expenses that are assessed to all unit owners in proportion to the common interest appurtenant to their respective units**. Only after said outstanding common expenses have been paid in full may the payments be applied to other charges owed to the association, including assessed charges to the unit such as ground lease rent, utility sub-metering, storage lockers, parking stalls, boat slips, insurance deductibles, and cable. **After these charges are paid, other charges, including unpaid late fees, legal fees, fines, and interest, may be assessed in accordance with an application of payment policy adopted by the board**; provided that if a unit owner has designated that any payment is for a specific charge that is not a common expense as described in this subsection, the payment may be applied in accordance with the unit owner's designation even if common expenses remain outstanding.[emphasis added]

Prior to July 1, 2018 PMKC received $12,063.04 in attorney fees from Mr. Warta for this case through the prioritization and application of maintenance fees. Hawaiian Properties Ltd. would take Mr. Warta's automatic payment and apply it to PMKC's attorneys' fees instead of to the maintenance fees, resulting in the maintenance fees not being paid and a late charge added. Neither the AOAO, Hawaii Properties Ltd., nor PMKC ever provided Mr. Warta with an itemized statement for PMKC charges. See Exhibit A, Hawaiian Property Ltd. tenant ledger for Jeremy Warta-12/01/2014 through 1/29/2019, highlighted and attached as Exhibit A.

On or about November 1, 2016, Mr. Warta made a payment of $6,176.85 to the AOAO in what he thought was a resolution of all fees relating to the service animal lawsuit. On December 1,

2016 Exhibit A at p.7 shows that Mr. Warta had a balance of $282.68. On July 2, 2018 despite the enactment of H.R.S. § 514B-105(C),(Laws 2018, ch. 195, § 3, eff. July 1, 2018) an amount of $526.85 was transferred to PMKC as attorneys' fees in violation of H.R.S. § 514B-105(C). This resulted in Mr. Warta receiving no credit for payment of his maintenance fees that month. On August 2, 2018, an amount of $526.85 was also transferred to PMKC as attorneys' fees in violation of H.R.S. § 514B-105(C). This resulted in Mr. Warta receiving no credit for payment of his maintenance fees that month either. The Plaintiff and its law firm violated H.R.S. 514B-105(c) by making these unlawful transfers to the tune of over $1,000.00. If the already paid $12,063.04 is added to the now claimed $40, 023.37, then Porter McGuire will be unjustly enriched to the tune of over **$52,086.41**. These are not reasonable attorneys' fees

But this is hardly the most stunning aspect of Plaintiff's motion. The Busekrus declaration at ¶18 shows that there were 17 different timekeepers or billers (these terms will be used interchangeably). At least ten (10) of the billers were attorneys, three of whom were named partners at PMKC. Despite having ten (10) lawyers working on a simple case, PMKC managed to: 1) violate the Hawaii Court Record Rules ("HCRR") by filing pleadings with unredacted copies of Mr. Warta's most sensitive medical records; 2) violate the Servicemembers Civil Relief Act, 50 U.S.C. § 3931 *et seq.,* ("SCRA"); 3) fail to appear at their own summary judgment hearing; and 4) fail to investigate whether or not the service animal, Oliver, was still at the condo before moving for an entry of default.

There are no declarations from other members of the legal community indicating whether or not the rates claimed by the attorney billers are reasonable for this type of work in the legal community. Nor do any of the attorney billers submit personal declarations which would indicate that their legal experience justifies such rates. Mr. Busekrus, for example, has been admitted to

5

practice law in Hawaii for five (5) years. ¶ 18 indicates that his rates in the four (4) years of this case have increased from $170/hr to $260.00/hr. This is an exceptionally high billing rate for an associate with only five (5) years' experience practicing law in Hawaii, particularly without any supporting declarations from Mr. Busekrus or other members of the legal community. But there are no supporting declarations from or for any of the attorney billers. There is no justification for three named partners billing so much, if at all in this case2. The attorneys' fees statement submitted by the Plaintiff and PMKC indicate that much of the partners work was supervising or revising Mr. Busekrus' work product (see attorneys' fees statements attached as Plaintiff's Exhibit 10). Much of it was also a duplication of his work. Neither the Plaintiff nor Mr. Warta should be expected to pay for training an associate. It is also a prime example of hoarding, as described below.

Finally, PMKC does not provide a legend linking the named timekeepers in ¶ 18 of the Busekrus Declaration to the initials in the actual time sheets. This forces the Defendant to guess at who is who (an example is the timekeeper initials "HMK" who drafted the motion for default on April 18, 2017) in terms of billing. PMKC is either intentionally gaming Mr. Warta or just incompetent. Given the failure to provide personal declarations for each of the timekeepers as to their qualifications and expertise and declarations from the community by PMKC, it is a 50/50 proposition between intent and incompetence. It is as if PMKC has never done a contested motion for attorneys' fees and costs before, and another example of the poor quality of work performed throughout this case.


### B)   <u>THE OVERBILLING METHODS EMPLOYED BY PMKC</u>

---

2 Ms. McGuire billed $6,340.75 in fees and Mr. Kiakona billed $$3,872.26. Mr. Porter billed $456.75 in fees. The total amount billed by the named partners is approximately $10,669.75. This is such an extreme example of padding a bill that a strong argument can be made to strike all of the named partners fee requests. Much of the partners work was also a duplication of associates work.

6

**INCLUDE AN EXCESSIVE NUMBER OF TIMEKEEPERS, DUPLICATION OF WORK BY THE 10 ATTORNEYS WHO HAVE BILLED FOR PMKC ON THIS LAWSUIT, HOARDING BY PARTNERS, USE OF TEMPLATES OR PAST WORK CHARGED AT FULL RATE**

Plaintiff and PMKC's Motion for Attorneys' fees is the epitome of the abuse of the lodestar method by a law firm. One of the factors for determining the reasonableness of attorneys' fees is "the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly."3  This case is a simple case. There are no novel issues or difficult questions presented. The complaint filed in 2016 (Dkt # 2) is a common complaint filed by AOAO law firms against  owners for violations. The two motions for summary judgment and declaratory relief are also based upon commonly used summary judgment motions memorandums by PMKC. The 7 Ex Parte Motions for extensions of time to file pretrial statement are all based upon templates with only the dates needing to be changed and can be prepared by paralegals. In short, PMKC did not ever have to reinvent the wheel in this lawsuit.

This is most clearly shown by the fact that the complaint (Dkt #2) , the summary judgment motions ("MSJ")(Dkt #s 9 and 14), and even the motion for attorneys' fees (Dkt # 83) all contain literally the same exhibits. While the size of the paper pleadings may look impressive, it is merely the repeated use of the same old exhibits. The complaint and the 2 MSJs even unlawfully contained unredacted confidential medical information about Mr. Warta, in violation of HCRR. The several demand letters sent by PMKC to Mr. Warta are virtually the same and follow the template of the first one (particularly in the recitation of the facts). This is another example of churning by PMKC.

---

3  The Hawaii Rules of Professional Responsibility ("HRPR") Rule 1.5 (Fees) also govern the reasonableness of attorneys' fees charged or collected.

PMK 001258

Plaintiff and PMKC should not be awarded attorneys' fees for either of the MSJs. The first one was denied because PMKC had not complied with the SCRA, as PMKC should have filed a motion to appoint special counsel with its complaint and certainly before it sought an entry of default against an unrepresented service member4. The second MSJ does not warrant any attorney fees award because it is literally a duplicate of the first and PMKC failed to show up at the hearing it had set (with 10 attorneys working on this lawsuit PMKC cannot claim that it was understaffed and stretched too thin to attend its own hearing). The work expended in opposing Defendant's Motion to Stay Proceedings (Dkt #16) is unwarranted and excessive in light of the fact that PMKC unreasonably refused to continue matters for more than 2 weeks when Mr. Warta was about to be shipped out to Okinawa and had new counsel entering an appearance (Dkt # 15) as explained in the Motion to Stay Proceedings (Dkt# 16).

The issue of hoarding of work by partners is addressed above, but the time sheets submitted by PMKC indicate that in many instances Mr. Busekrus would draft a memorandum that would then be "revised" by a partner and then revised by Mr. Busekrus. It is difficult to imagine a more inefficient practice. But it is a practice that results in substantially higher billed attorneys' fees. This practice is also a duplication of work.

The California Committee on Mandatory Fee Arbitration published Arbitration Advisory 2016-02, Analysis of Potential Bill Padding and Other Billing Issues (March 2016). (attached hereto and marked as Exhibit B). The Arbitration Advisory discusses the various signs to look for when determining whether an attorneys' fee bill has been padded. The Arbitration Advisory at P.1

---

4  The applicability of the SCRA to this lawsuit is the law of this case. It only came to the Court's attention when PMKC calendared its first MSJ. It would not have come to the Court's attention at the filing of the complaint or the entry of default. Regardless, it relates back to the initial filing of the complaint by the Plaintiff and PMKC. If PMKC had not failed to comply with the SCRA, this case may have been resolved long ago, but then PMKC wouldn't have been able to claim over $52,000.00 in attorneys' feesattorneys' fees and costs in such a simple case.

PMK 001259

stated that any review should: "A. Evaluate the process by which the fee bill was prepared and the specificity of the time entries; B. Evaluate the staffing used on the matter; C. Evaluate the work performed against the time billed; and D. Look for certain patterns in the descriptions of the work performed, including the time entries."

The Arbitration Advisory also stated at p.5 that "[i]t is also generally accepted that the more timekeepers on a case, the higher the bill be." Similar to Hawaii case law and HRPR Rule 1.5, the Arbitration Advisory states: "[i]ssues that may affect this factual determination may include the complexity or significance of the case, the litigious nature of the parties, the amount in controversy, client consultation in advance, the client's awareness and lack of objection, or any other fact tending to demonstrate whether it was appropriate for more than one lawyer or support staff to participate in a disputed task."

It cannot be emphasized enough that this case is not complex, nor does it involve an important public policy (with the exception of the failure of the Plaintiff and PMKC to comply with the SCRA). There is no reasonable excuse for PMKC using 10 different attorneys and 7 other staff in this lawsuit. The final claim by PMKC of over $40,000.00 in fees and costs in its motion is absurd and entirely unsupported. It is even more ridiculous when Mr. Warta has already paid over $12,000.00 in attorney fees to PMKC. The stunning total windfall to PMKC would be over $52,000.00 in attorneys' fees for something they accomplished through simply writing a letter and requesting the service animal's removal in 2017.

C)   **PLAINTIFF CHOSE THE VENUE OF A LAWSUIT AND CANNOT**

9

**NOW ARGUE THAT IT DOES NOT HAVE TO BE THE PREVAILING PARTY TO RECOVER, EVEN UNDER H.R.S. §514B-157(A) OR AS A PREVAILING PARTY THE OPERATIVE REQUIREMENT IS THAT THE FEES BE REASONABLE**

The Plaintiff is not the prevailing party. The improperly obtained entry of default on April 21, 2017 must not stand. This is especially true in light of the fact that this Court has found that the SCRA applies. If the SCRA applied at the time of the Plaintiff's first MSJ, then it also applied at the time of the filing of the complaint. PMKC failed to file a motion for appointment of counsel at the time the complaint was filed, as it should have done. The entry of default is exactly what the SCRA is designed to prevent. Plaintiff's 2 MSJs were both denied for failure to comply with the SCRA and then failing to appear at their own hearing. Mr. Warta was unrepresented by counsel at the time the default was entered and at the time the first MSJ was filed. PMKC was aware of this fact, yet still it proceeded to aggressively litigate the case.

The absurdity of PMKC's churning is rampant and exemplified in part by its own Exhibit 8 (Defendant's highlighted Exhibit C, see pp. 16-21) for the period from May 3, 2017 through July 5, 2017[5]. Three (3) different lawyers worked on the first MSJ, named partner R Laree McGuire, associates Marcus Busekrus and HMK preparing an MSJ against an unrepresented service member (Exhibit C pp 16-20). The excessive fees are highlighted in yellow. A sure sign of churning occurs when the time entries contain the ubiquitous vague terms "review", "revise", "draft and revise", "revising draft", and penultimate term "further revisions". PMKC billed over $5,000.00 preparing this MSJ. It also billed 1.9 hours at $180.00/hr on May 3, 2017 to "draft" the Ex Parte Motion for First Extension of Time to File Pretrial Statement (timekeeper initials JKA). These ex parte motions are templates, it should never take an attorney 1.9 hours to draft it (it was

---

5  On May 26, 2017 the statements indicate that PMKC performed a military status check. Tellingly the statements show that no such military status check was performed before the complaint was filed on September 20, 2016.

PMK 001261

reviewed by Ms. McGuire at .3 hours). This practice of overbilling for a boiler-plate motion is repeated 7 times by PMKC throughout this lawsuit. Any award of attorneys' fees should never include time training associates and yet that occurs throughout the time entries in Exhibit 8. It was not until October 30, 2017 that PMKC checked with the property manager to determine if the service animal was still there. One might think it would have been prudent to do so before filing for an entry of default on April 21, 2017, or filing an MSJ seeking injunctive relief on July 7, 2017, as both were to accomplish the removal of a service animal that had already been removed. But still, PMKC wants to be paid for this shoddy work and the waste of the Court's time.

Between October 17, 2017 and December 7, 2017 (Exhibit C at pp 28-30)a number of dubious time entries occur again. On November 13, 2017 Mr. Busekrus spent 2.10 hrs drafting an opposition to Mr. Warta's Motion to Stay (Mr. Warta was shipping out to Okinawa) and Ms. McGuire billed .75 hours to review Mr. Busekrus's draft; on November 15, 2017 Mr. Busekrus billed 1.30 hours for continuing to draft the opposition; On November 21, 2017 Mr. Busekrus bills 2.30 hours for "revising draft of memo in opposition to motion to stay" and Ms. McGuire then bills 2.30 hours as well for "Review and revise draft Opposition to Defendant's Motion for a 90-day stay and documents in support of same; review revised draft and further revise same for filing."6.

Between December 21, 2017 and January 11, 2018, the same pattern and practice by PMKC continues (pps 32-33 of Exhibit C). On December 21, 2017 Ms. McGuire reviews the Motion for Sanctions (Dkt# 24) at .75 hours; both Mr. Busekrus and Ms. McGuire research at 2.8

---

6 Ms. McGurie's November 21, 2017 is a wonderful example of the disfavored practice of "block billing" and it includes and repeats the vague descriptions "review and revise draft" and then combines them into "review revised draft and further revise same…". The words "review" and "revise(d)" are used 3 times each in a block billing item by Ms. McGuire.

PMK 001262

hours and .85 hours respectively on December 22, 2017. On December 26, 2017 Mr. Busekrus bills 3.8 hours for "continued drafting" and Ms. McGuire bills 1.30 hours for "review and revise" the opposition to the motion for sanctions; On December 29, 2017 Mr. Busekrus continues "drafting" the opposition billing 4.50 hours and Ms. McGuire reviews and revises the same at .80 hours; On January 2, 2018, Mr. Busekrus bills 4.20 hours for "continued drafting memo in opposition…" and Ms. McGuire then bills .5 hours for reviewing and revising Mr. Busekrus's work; on January 3, 2018 Mr. Busekrus revises and finalizes the opposition billing .5 hours. Between January 9, 2018 and January 11 2018, Mr. Busekrus bills 5.4 hours preparing for and attending the January hearing.

These are just a few examples of PMKC's overbilling and predatory practices. The Plaintiff, through its agent PMKC, aggressively prosecuted a small case against an unrepresented service member. The service animal was removed, as requested, on March 31, 2017.   Since then, this case has only been about PMKC fees'.

PMKC has already received $12,063.04 in fees from Mr. Warta. It is disingenuous for it to omit that fact from its memorandum. There is no excuse for Ms. McGuire to be doing so much work on this case (along with 9 other lawyers). She has billed 21.65 hours in this lawsuit. Much of it was reviewing or revising Mr. Busekrus' work. This is the definition of duplication. A review of Exhibit B will show that Kapono Kiakona (another named partner of PMKC) billed 11.7 hours in this case. Much of his work was duplication of Mr. Busekrus' billing on various matters. This lawsuit should not have taken more than 30 hours (if that many) to prosecute. If PMKC had complied with the SCRA at the time of the filing of the complaint, then it is likely that it would have settled for far less than the $12,063.04 already paid by Mr. Warta.

12

PMK 001263

C)     **THERE IS AN ALTERNATIVE METHOD OF FAIRLY DETERMINING REASONABLE ATTORNEYS' FEES AS HELD BY THE COURT IN *MONMOUTH MEADOWS HOMEOWNERS ASSOCIATION, INC v. HAMILTON.***

The Court is not bound to use the lodestar method in determining the reasonableness of attorneys' fees. The lodestar method, as stated above, lends itself to abuse as shown here. The more work done, no matter how inefficient or duplicative, the more money the law firm will make. Using 10 attorneys and 7 paralegals in a lawsuit this size is the epitome of inefficiency. The court of Appeals in *Monmouth Meadows Homeowners Ass'n v. Hamilton*, 416 Md. 325 (Md. App. 2010) held that the lodestar method was an inappropriate standard in awarding attorneys' in collecting past due AOAO assessments. The Monmouth court reasoned that courts should use the professional conduct rule (here HRPC 1.5) and the factors listed there to determine the reasonableness of a fee7.

The primary basis for the lodestar method is generally appropriate in the context of fee shifting as *Monmouth*, supra at 334, 6 explained:

> We are not persuaded by the Associations' arguments that the lodestar method is applicable in these cases. We said in *Friolo v. Frankel,* 373 Md. 501, 504–05, 819 A.2d 354, 356 (2003), that the lodestar method of calculating attorneys' fees was generally appropriate in the context of fee-shifting statutes. This holding is justified by the public policy underlying most statutes that allow for fee-shifting. Fee-shifting provisions frequently apply in "complex civil rights litigation involving numerous challenges to institutional practices or conditions." *Friolo,* 373 Md. at 525, 819 A.2d at 368 (*quoting Hensley,* 461 U.S. at 436, 103 S.Ct. at 1941). As the Supreme Court of Alaska has observed, these provisions "are not policy-neutral. They are usually designed to encourage suits that, in the judgment of the legislature, will further public policy goals." *State v. Native Village of Nunapitchuk,* 156 P.3d 389, 403 (Alaska 2007) (footnotes omitted). A court's application of the lodestar method in these cases **"is designed to reward counsel for undertaking socially beneficial litigation in cases where the expected relief has a small enough monetary value that [other methods] would provide**

---

7  H.R.S.§ 514B-157(A) does not specify any method to determine reasonable attorneys' feesattorneys' fees

PMK 001264

**inadequate compensation.**" *Krell v. Prudential Life Ins. Co. of Am.,* 148 F.3d 283, 333 (1998). [Emphasis added]

But, *Monmouth* explained at pp. 337-38 that lodestar is not always appropriate:

> Our rejection of the lodestar approach does not mean that the time spent by the lawyers and a reasonable hourly rate should not be an important component of a court's analysis. Indeed, Rule 1.5(a) of the Maryland Lawyers' Rules of Professional Conduct, which lists factors that should be considered in determining the reasonableness of a fee, identifies "the time and labor required" first in a list of eight factors for determining a reasonable fee.[10] Courts should use the factors set forth in Rule 1.5 as the foundation for analysis of what constitutes a reasonable fee when the court awards fees based on a contract entered by the parties authorizing an award of fees.[11] In reiterating this, we recognize that there is likely to be some overlap between the Rule 1.5 factors and the mitigating factors typically considered in a lodestar analysis. *See, e.g., Manor Country Club,* 387 Md. at 313, 874 A.2d at 1030 (discussing lodestar factors). **Nonetheless, there is a significant reason for choosing Rule 1.5—unlike the lodestar method, Rule 1.5 does not carry with it the notion that the importance of the right vindicated will justify an expenditure of attorney time that is hugely disproportionate to the dollar amount at issue in the case. Indeed, when applying Rule 1.5, trial judges should consider the amount of the fee award in relation to the principal amount in litigation, and this may result in a downward adjustment. Although fee awards may approach or even exceed the amount at issue, the relative size of the award is something to be evaluated.[12] A trial court also may consider, in its discretion, any other factor reasonably related to a fair award of attorneys' fees.** [Emphasis added]

The fees claimed by PMKC are completely disproportionate to the importance of any right in this case, the dollar amount in dispute ($0), or the principal amount in litigation. The overreaching in submitting such a ridiculous claim by PMKC warrants a complete downward adjustment. The $12,000.00 Mr. Warta has already paid is more than reasonable and the Motion should be denied.

## II.    <u>CONCLUSION</u>

This is a cynical motion that PMKC has brought. PMKC is aware that courts generally consider dealing with attorneys' fees motions and statements in the same vein as a root canal. PMKC has grossly inflated its bill in the hope that the Court will take out its Sword of Solomon to

14

cut the fees. A fifty percent cut would still provide PMKC with a tremendous windfall, particularly in light of the fact that it has already been paid $12,063.04. The cynical and disingenuous nature of PMKC's motion for attorneys' fees is further underscored by the fact that it fails to mention that it has already received $12,063.04 from Mr. Warta. It is doubtful that this is the first or will be the last time that PMKC churns bills and overstaffs cases.

PMKC argues that the owners will have to take up the slack if these fees are not awarded. This is not true. The AOAO does not have to pay PMKC unreasonable fees. The AOAO board has a fiduciary obligation not to waste association money and resources and part of that obligation is to not pay inflated bills by its law firm. The AOAO can always have an independent attorney review PMKC's billing for its reasonableness and this may be part of its fiduciary duty.

The Plaintiff and PMKC have flogged this case mercilessly. PMKC has made mistake after mistake. PMKC managed to 1) violate the Hawaii Court Record Rules ("HCRR") by filing pleadings with unredacted copies of Mr. Warta's most sensitive medical records; 2) violate the Servicemembers Civil Relief Act, 50 U.S.C. § 3931 *et seq.,* ("SCRA"); 3) miss their own summary judgment hearing; 4) fail to investigate whether or not the service animal, Oliver, was still at the condo before moving for an entry of default; 5) grossly overstaff and overbill its own client; and 6) file a deficient attorneys' fees motion without any supporting documents or declarations. For these reasons, Plaintiff should only be entitled to the $12,063.04 it (or PMKC) has already received and the Motion DENIED. This molehill should not be billed as a mountain.

DATED: Honolulu, Hawaii, October 19, 2020.

/S/ BRUCE F. SHERMAN
 BRUCE FAILEY SHERMAN
 JUSTIN A. BRACKET
 Attorneys for Defendant
 JEREMY L. WARTA

PMK 001266

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE, | ) ) ) | CIVIL NO. 16-1-1777-09 (BIA) (Other Action/Ejectment) |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| , JEREMY L. WARTA,JOHN DOES 1-20,JANE DOES 1-20, DOE PARTERSHIPS 1-20, DOE CORPRATIONS 1-20, DOE ENTITIES 1-20, and DOE GOVERNMENTAL UNITS 1-20 | ) ) ) ) ) ) ) | DECLARATION OF BRUCE F. SHERMAN |
| Defendants. | ) ) ) ) ) ) | |
| _____ | ) | |

**DECLARATION OF BRUCE F. SHERMAN**

I, BRUCE F. SHERMAN, do declare under penalty of law that the foregoing is true and correct.

1.      Exhibit A is a true and correct highlighted Hawaiian Property Ltd. tenant ledger for Jeremy Warta-12/01/2014 through 1/29/2019. Those lines highlighted yellow are Mr. Warta's maintenance fees payments, which were applied directly to PMKC attorneys' fees. Those lines highlighted fuchsia are the PMKC attorneys' fees billings

2.      Exhibit B is a true and correct copy of California Committee on Mandatory Fee Arbitration published Arbitration Advisory 2016-02, Analysis of Potential Bill Padding and Other Billing Issues (March 2016)

PMK 001267

3.      Exhibit C is a true and correct highlighted copy of Plaintiff's Exhibit 8, its attorneys' fees and costs statement in this lawsuit. Those lines highlighted yellow are examples of hoarding, duplication of the same work by attorneys, and overbilled time. These practices and other forms of overbilling, padding, and/or churning occur consistently and substantially throughout the Plaintiff's Exhibit 8, the highlighted lines again are prominent examples.

4.      The work billed as paralegal work in the fees statement, Plaintiff's Exhibit 8 is primarily clerical in nature and should be awarded any fees.


        THE UNDERSIGNED DECLARES UNDER PENALTY OF LAW THAT THE FOREGOING IS TRUE AND CORRECT.

        DATED: Honolulu, Hawaii, October 19, 2020


                        /S/ BRUCE F. SHERMAN
                        BRUCE F. SHERMAN
                        Attorney for Defendant
                        JEREMY L. WARTA

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 1
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

## Tenant Ledger

Date Range:    From      12-01-2014     To     01-29-2019

Based Upon: Accounting Date

Property:   828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant: 82806041 Warta*;Jeremy Lyn** | | | | | | | | | | | | |
| **Lease: 82806041(0)  Primary Unit:  0604** | | | | | | **LGL-PMKC 9/22/17** | | | | | | |
| 2630 Kapiolani Blvd. #604 | | | | | | | | | | | | |
| Honolulu HI 96826 | | | | | | | | | | | | |
| 12-01-2014 | 12-01-2014 | M | MAINT FEE | 110118 | | | | 521.63 | | | | |
| 12-30-2014 | 01-01-2015 | M | Maintenance Fee Payment | rc123014 | 895069 | | | | 526.85- | | | |
| | | | December 2014 Subtotals: | | | | 521.63- | 521.63* | 526.85-* | .00* | .00* | 526.85- |
| 01-01-2015 | 01-01-2015 | M | MAINT FEE | 0115RR | | | | 526.85 | | | | |
| 01-06-2015 | 02-01-2015 | M | Maintenance Fee Payment | rc010615 | 895071 | | | | 516.85- | | | |
| | | | January 2015 Subtotals: | | | | 526.85- | 526.85* | 516.85-* | .00* | .00* | 516.85- |
| 02-01-2015 | 02-01-2015 | EM | E;11/20/14-12/19/14;144KW | 111981 | | | | 41.76 | | | | |
| 02-01-2015 | 02-01-2015 | M | MAINT FEE | 0215RR | | | | 526.85 | | | | |
| 02-04-2015 | 02-01-2015 | EM | Electricity Payment | rc020415 | 895074 | | | | 41.76- | | | |
| 02-04-2015 | 02-01-2015 | M | Maintenance Fee Payment | rc020415 | 895074 | | | | 10.00- | | | |
| 02-09-2015 | 03-01-2015 | M | Maintenance Fee Payment | rc020915 | 895072 | | | | 516.85- | | | |
| | | | February 2015 Subtotals: | | | | 516.85- | 568.61* | 568.61-* | .00* | .00* | 516.85- |
| 03-01-2015 | 03-01-2015 | EM | E;12/20/14-01/20/15;223KW | 113035 | | | | 60.78 | | | | |
| 03-01-2015 | 03-01-2015 | M | MAINT FEE | 0315RR | | | | 526.85 | | | | |
| 03-03-2015 | 03-01-2015 | EM | Electricity Payment | rc030315 | 895075 | | | | 60.78- | | | |
| 03-03-2015 | 03-01-2015 | M | Maintenance Fee Payment | rc030315 | 895075 | | | | 10.00- | | | |
| 03-03-2015 | 04-01-2015 | M | Maintenance Fee Payment | rc030315 | 895075 | | | | 456.07- | | | |
| 03-06-2015 | 04-01-2015 | M | Maintenance Fee Payment | rc030615 | 895079 | | | | 70.78- | | | |
| | | | March 2015 Subtotals: | | | | 516.85- | 587.63* | 597.63-* | .00* | .00* | 526.85- |
| 04-01-2015 | 04-01-2015 | EM | E;01/20/15-02/18/15;183KW | 114047 | | | | 47.20 | | | | |
| 04-01-2015 | 04-01-2015 | M | MAINT FEE | 0415RR | | | | 526.85 | | | | |
| 04-06-2015 | 04-01-2015 | EM | Electricity Payment | rc040615 | 895076 | | | | 47.20- | | | |
| 04-06-2015 | 05-01-2015 | M | Maintenance Fee Payment | rc040615 | 895076 | | | | 479.65- | | | |
| | | | April 2015 Subtotals: | | | | 526.85- | 574.05* | 526.85-* | .00* | .00* | 479.65- |
| 05-01-2015 | 05-01-2015 | EM | E;02/19/15-03/19/15;169KW | 115099 | | | | 40.00 | | | | |
| 05-01-2015 | 05-01-2015 | M | MAINT FEE | 0515RR | | | | 526.85 | | | | |

1

PMK 001269

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 2
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

## Tenant Ledger

Date Range:   From      12-01-2014    To     01-29-2019

Based Upon: Accounting Date

Property:   828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant: 82806041 Warta*;Jeremy Lyn** | | | | | | | | | | | | |
| **Lease: 82806041(0)  Primary Unit:  0604** | | | | | | **LGL-PMKC 9/22/17** | | | | | | |
| 2630 Kapiolani Blvd. #604 | | | | | | | | | | | | |
| Honolulu HI 96826 | | | | | | | | | | | | |
| 05-05-2015 | 05-01-2015 | EM | Electricity Payment | rc050515 | 895078 | | | | 40.00- | | | |
| 05-05-2015 | 05-01-2015 | M | Maintenance Fee Payment | rc050515 | 895078 | | | | 47.20- | | | |
| 05-05-2015 | 06-01-2015 | M | Maintenance Fee Payment | rc050515 | 895078 | | | | 439.65- | | | |
| | | | May 2015 Subtotals: | | | | 479.65- | 566.85* | 526.85-* | .00* | .00* | 439.65- |
| 06-01-2015 | 06-01-2015 | EM | E;03/20/15-04/17/15;193KW | 116241 | | | | 49.59 | | | | |
| 06-01-2015 | 06-01-2015 | M | MAINT FEE | 0615RR | | | | 526.85 | | | | |
| 06-02-2015 | 06-01-2015 | EM | Electricity Payment | 117392 | 895081 | | | | 49.00- | | | |
| 06-02-2015 | 06-01-2015 | EM | Electricity Payment | 117397 | 895081 | | | | 49.00 | | | |
| 06-02-2015 | 06-01-2015 | EM | Electricity Payment | 117397 | 895081 | | | | 49.59- | | | |
| 06-02-2015 | 06-01-2015 | M | Maintenance Fee Payment | rc060215 | 895081 | | | | 87.20- | | | |
| 06-02-2015 | 06-01-2015 | M | Maintenance Fee Payment | rc060215 | 895081 | | | | 439.65- | | | |
| 06-02-2015 | 06-01-2015 | M | Maintenance Fee Payment | 117392 | 895081 | | | | 87.20 | | | |
| 06-02-2015 | 06-01-2015 | M | Maintenance Fee Payment | 117392 | 895081 | | | | 439.65 | | | |
| 06-02-2015 | 06-01-2015 | M | Maintenance Fee Payment | 117392 | 895081 | | | | 477.85- | | | |
| 06-02-2015 | 06-01-2015 | M | Maintenance Fee Payment | 117397 | 895081 | | | | 477.85 | | | |
| 06-02-2015 | 06-01-2015 | M | Maintenance Fee Payment | 117397 | 895081 | | | | 477.26- | | | |
| | | | June 2015 Subtotals: | | | | 439.65- | 576.44* | 526.85-* | .00* | .00* | 390.06- |
| 07-01-2015 | 07-01-2015 | EM | E;04/18/15-05/27/15;304KW | 117296 | | | | 73.10 | | | | |
| 07-01-2015 | 07-01-2015 | M | MAINT FEE | 0715RR | | | | 526.85 | | | | |
| 07-06-2015 | 06-01-2015 | M | Applied to EM (7-01-2015) | 118536 | | | | | | | 73.10 | |
| 07-06-2015 | 07-01-2015 | EM | From 6-01-2015 credit | 118536 | | | | | | | 73.10- | |
| 07-06-2015 | 07-01-2015 | M | Maintenance Fee Payment | rc070615 | 895084 | | | | 526.85- | | | |
| 07-28-2015 | 06-01-2015 | M | Applied to M (8-01-2015) | 119936 | | | | | | | 288.56 | |
| 07-28-2015 | 08-01-2015 | EM | Electricity Payment | rc072815 | 895091 | | | | 61.71- | | | |
| 07-28-2015 | 08-01-2015 | M | Maintenance Fee Payment | rc072815 | 895091 | | | | 238.29- | | | |
| 07-28-2015 | 08-01-2015 | M | From 6-01-2015 credit | 119936 | | | | | | | 288.56- | |
| | | | July 2015 Subtotals: | | | | 390.06- | 599.95* | 826.85-* | .00* | .00* | 616.96- |
| 08-01-2015 | 08-01-2015 | EM | E;05/28/15-06/23/15;262KW | 119241 | | | | 61.71 | | | | |
| 08-01-2015 | 08-01-2015 | M | MAINT FEE | 0815RR | | | | 526.85 | | | | |

PMK 001270

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 3
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

## Tenant Ledger

Date Range:   From      12-01-2014      To      01-29-2019

Based Upon: Accounting Date

Property:   828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant: 82806041 Warta*;Jeremy Lyn** | | | | | | | | | | | | |
| **Lease: 82806041(0)  Primary Unit:  0604** | | | | | | **LGL-PMKC 9/22/17** | | | | | | |
| 2630 Kapiolani Blvd. #604 | | | | | | | | | | | | |
| Honolulu HI 96826 | | | | | | | | | | | | |
| 08-04-2015 | 09-01-2015 | M | Maintenance Fee Payment | rc080415 | 895087 | | | | 526.85- | | | |
| | | | August 2015 Subtotals: | | | | 616.96- | 588.56* | 526.85-* | .00* | .00* | 555.25- |
| 09-01-2015 | 09-01-2015 | EM | E;06/23/15-07/23/15;406KW | 120697 | | | | 99.54 | | | | |
| 09-01-2015 | 09-01-2015 | M | MAINT FEE | 0915RR | | | | 526.85 | | | | |
| 09-02-2015 | 09-01-2015 | EM | Electricity Payment | 121857 | 895089 | | | | 71.14- | | | |
| 09-02-2015 | 10-01-2015 | M | Maintenance Fee Payment | rc090215 | 895089 | | | | 526.85- | | | |
| 09-02-2015 | 10-01-2015 | M | Maintenance Fee Payment | 121857 | 895089 | | | | 526.85 | | | |
| 09-02-2015 | 10-01-2015 | M | Maintenance Fee Payment | 121857 | 895089 | | | | 455.71- | | | |
| 09-17-2015 | 06-01-2015 | M | Applied to EM (9-01-2015) | 121856 | | | | | | | 28.40 | |
| 09-17-2015 | 09-01-2015 | EM | From 6-01-2015 credit | 121856 | | | | | | | 28.40- | |
| | | | September 2015 Subtotals: | | | | 555.25- | 626.39* | 526.85-* | .00* | .00* | 455.71- |
| 10-01-2015 | 10-01-2015 | EM | E;07/24/15-08/24/15;426KW | 121868 | | | | 101.89 | | | | |
| 10-01-2015 | 10-01-2015 | M | MAINT FEE | 1015RR | | | | 526.85 | | | | |
| 10-05-2015 | 10-01-2015 | EM | Electricity Payment | re100515 | 895092 | | | | 101.89- | | | |
| 10-05-2015 | 10-01-2015 | M | Maintenance Fee Payment | re100515 | 895092 | | | | 71.14- | | | |
| 10-05-2015 | 11-01-2015 | M | Maintenance Fee Payment | re100515 | 895092 | | | | 353.82- | | | |
| | | | October 2015 Subtotals: | | | | 455.71- | 628.74* | 526.85-* | .00* | .00* | 353.82- |
| 11-01-2015 | 11-01-2015 | EM | E;08/25/15-09/23/15;1377K | 123013 | | | | 330.14 | | | | |
| 11-01-2015 | 11-01-2015 | M | MAINT FEE | 1115RR | | | | 526.85 | | | | |
| 11-03-2015 | 11-01-2015 | EM | Electricity Payment | re110315 | 895094 | | | | 330.14- | | | |
| 11-03-2015 | 11-01-2015 | M | Maintenance Fee Payment | re110315 | 895094 | | | | 173.03- | | | |
| 11-03-2015 | 12-01-2015 | M | Maintenance Fee Payment | re110315 | 895094 | | | | 23.68- | | | |
| 11-16-2015 | 12-01-2015 | M | Maintenance Fee Payment | re111615 | 895100 | | | | 400.00- | | | |
| | | | November 2015 Subtotals: | | | | 353.82- | 856.99* | 926.85-* | .00* | .00* | 423.68- |
| 12-01-2015 | 12-01-2015 | EM | E;09/24/15-10/23/15;270KW | 124288 | | | | 62.23 | | | | |
| 12-01-2015 | 12-01-2015 | M | MAINT FEE | 1215RR | | | | 526.85 | | | | |
| 12-02-2015 | 12-01-2015 | EM | Electricity Payment | rc120215 | 895096 | | | | 62.23- | | | |
| 12-02-2015 | 12-01-2015 | M | Maintenance Fee Payment | rc120215 | 895096 | | | | 103.17- | | | |

PMK 001271

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 4
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

## Tenant Ledger

Date Range:    From    12-01-2014    To    01-29-2019

Based Upon: Accounting Date

Property:  828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant: 82806041 Warta*;Jeremy Lyn** | | | | | | | | | | | | |
| **Lease: 82806041(0)  Primary Unit: 0604** | | | | | | **LGL-PMKC 9/22/17** | | | | | | |
| 2630 Kapiolani Blvd. #604 | | | | | | | | | | | | |
| Honolulu HI 96826 | | | | | | | | | | | | |
| 12-02-2015 | 01-01-2016 | M | Maintenance Fee Payment | rc120215 | 895096 | | | | 361.45- | | | |
| | | | December 2015 Subtotals: | | | | 423.68- | 589.08* | 526.85-* | .00* | .00* | 361.45- |
| 01-01-2016 | 01-01-2016 | EM | E;10/24/15-11/21/15;427KW | 125205 | | | | 96.59 | | | | |
| 01-01-2016 | 01-01-2016 | M | MAINT FEE | 0116RR | | | | 526.85 | | | | |
| 01-05-2016 | 01-01-2016 | EM | Electricity Payment | rc010516 | 895098 | | | | 96.59- | | | |
| 01-05-2016 | 01-01-2016 | M | Maintenance Fee Payment | rc010516 | 895098 | | | | 165.40- | | | |
| 01-05-2016 | 02-01-2016 | M | Maintenance Fee Payment | rc010516 | 895098 | | | | 264.86- | | | |
| | | | January 2016 Subtotals: | | | | 361.45- | 623.44* | 526.85-* | .00* | .00* | 264.86- |
| 02-01-2016 | 02-01-2016 | EM | E;11/22/15-12/21/15;276KW | 126424 | | | | 61.45 | | | | |
| 02-01-2016 | 02-01-2016 | M | MAINT FEE | 0216RR | | | | 526.85 | | | | |
| 02-02-2016 | 02-01-2016 | EM | Electricity Payment | rc020216 | 895101 | | | | 61.45- | | | |
| 02-02-2016 | 02-01-2016 | M | Maintenance Fee Payment | rc020216 | 895101 | | | | 261.99- | | | |
| 02-02-2016 | 03-01-2016 | M | Maintenance Fee Payment | rc020216 | 895101 | | | | 203.41- | | | |
| 02-09-2016 | 03-01-2016 | EM | Electricity Payment | rc020916 | 895107 | | | | 1.56- | | | |
| 02-09-2016 | 03-01-2016 | M | Maintenance Fee Payment | rc020916 | 895107 | | | | 323.44- | | | |
| | | | February 2016 Subtotals: | | | | 264.86- | 588.30* | 851.85-* | .00* | .00* | 528.41- |
| 03-01-2016 | 03-01-2016 | EM | E;12/22/15-01/21/16;287KW | 127567 | | | | 62.72 | | | | |
| 03-01-2016 | 03-01-2016 | M | MAINT FEE | 0316RR | | | | 526.85 | | | | |
| 03-07-2016 | 04-01-2016 | M | Maintenance Fee Payment | rc030716 | 895103 | | | | 526.85- | | | |
| | | | March 2016 Subtotals: | | | | 528.41- | 589.57* | 526.85-* | .00* | .00* | 465.69- |
| 04-01-2016 | 04-01-2016 | EM | E;01/22/16-02/22/16;287KW | 128309 | | | | 60.27 | | | | |
| 04-01-2016 | 04-01-2016 | M | MAINT FEE | 0416RR | | | | 526.85 | | | | |
| 04-05-2016 | 03-01-2016 | EM | Electricity Payment | rc040516 | 895105 | | | | 61.16- | | | |
| 04-05-2016 | 04-01-2016 | EM | Electricity Payment | rc040516 | 895105 | | | | 60.27- | | | |
| 04-05-2016 | 05-01-2016 | M | Maintenance Fee Payment | rc040516 | 895105 | | | | 405.42- | | | |
| | | | April 2016 Subtotals: | | | | 465.69- | 587.12* | 526.85-* | .00* | .00* | 405.42- |

4

PMK 001272

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 5
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

# Tenant Ledger

Date Range:   From   12-01-2014   To   01-29-2019

Based Upon: Accounting Date

Property:  828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant: 82806041 Warta\*;Jeremy Lyn** | | | | | | | | | | | | |
| **Lease:  82806041(0)  Primary Unit:  0604** | | | | | | **LGL-PMKC 9/22/17** | | | | | | |
| 2630 Kapiolani Blvd. #604 | | | | | | | | | | | | |
| Honolulu HI 96826 | | | | | | | | | | | | |
| 05-01-2016 | 05-01-2016 | EM | E;02/23/16-03/22/16;221KW | 129538 | | | | 45.74 | | | | |
| 05-01-2016 | 05-01-2016 | M | MAINT FEE | 0516RR | | | | 526.85 | | | | |
| 05-03-2016 | 05-01-2016 | EM | Electricity Payment | re050316 | 895108 | | | | 45.74- | | | |
| 05-03-2016 | 05-01-2016 | M | Maintenance Fee Payment | re050316 | 895108 | | | | 121.43- | | | |
| 05-03-2016 | 06-01-2016 | M | Maintenance Fee Payment | re050316 | 895108 | | | | 359.68- | | | |
| | | | May 2016 Subtotals: | | | | 405.42- | 572.59* | 526.85-* | .00* | .00* | 359.68- |
| 06-01-2016 | 06-01-2016 | EM | E;03/23/16-04/25/16;299KW | 130820 | | | | 61.28 | | | | |
| 06-01-2016 | 06-01-2016 | M | MAINT FEE | 0616RR | | | | 526.85 | | | | |
| 06-02-2016 | 06-01-2016 | EM | Electricity Payment | rc060216 | 895114 | | | | 61.28- | | | |
| 06-02-2016 | 06-01-2016 | EM | Electricity Payment | rc060216 | 895114 | | | | 38.72- | | | |
| 06-02-2016 | 06-01-2016 | M | Maintenance Fee Payment | rc060216 | 895110 | | | | 167.17- | | | |
| 06-02-2016 | 06-01-2016 | M | Maintenance Fee Payment | rc060216 | 895110 | | | | 359.68- | | | |
| | | | June 2016 Subtotals: | | | | 359.68- | 588.13* | 626.85-* | .00* | .00* | 398.40- |
| 07-01-2016 | 07-01-2016 | EM | E;04/26/16-05/20/16;226KW | 132018 | | | | 46.79 | | | | |
| 07-01-2016 | 07-01-2016 | M | MAINT FEE | 0716RR | | | | 526.85 | | | | |
| 07-06-2016 | 06-01-2016 | EM | Applied to EM (7-01-2016) | 132865 | | | | | | | 38.72 | |
| 07-06-2016 | 06-01-2016 | M | Applied to EM (7-01-2016) | 132865 | | | | | | | 8.07 | |
| 07-06-2016 | 07-01-2016 | EM | From 6-01-2016 credit | 132865 | | | | | | | 38.72- | |
| 07-06-2016 | 07-01-2016 | EM | From 6-01-2016 credit | 132865 | | | | | | | 8.07- | |
| 07-06-2016 | 07-01-2016 | M | Maintenance Fee Payment | re070616 | 895112 | | | | 526.85- | | | |
| 07-21-2016 | 06-01-2016 | M | Applied to M (8-01-2016) | 133476 | | | | | | | 351.61 | |
| 07-21-2016 | 08-01-2016 | M | From 6-01-2016 credit | 133476 | | | | | | | 351.61- | |
| 07-29-2016 | 07-29-2016 | LGL | PMKC; 82582 7/22/16 | 101150 | | | | 1,709.66 | | | | |
| | | | July 2016 Subtotals: | | | | 398.40- | 2,283.30* | 526.85-* | .00* | .00* | 1,358.05 |
| 08-01-2016 | 08-01-2016 | EM | E;05/21/16-06/29/16;383KW | 133469 | | | | 80.85 | | | | |
| 08-01-2016 | 08-01-2016 | M | MAINT FEE | 0816RR | | | | 526.85 | | | | |
| 08-03-2016 | 07-29-2016 | LGL | Legal Payment | rc080216 | 895115 | | | | 526.85- | | | |
| 08-16-2016 | 08-16-2016 | LC | LATE FEE | 081616LC | | | | 10.00 | | | | |
| 08-25-2016 | 08-25-2016 | LGL | PMKC; 83356 8/22/16 | 101734 | | | | 930.34 | | | | |
| | | | August 2016 Subtotals: | | | | 1,358.05 | 1,548.04* | 526.85-* | .00* | .00 | 2,379.24 |

PMK 001273

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 6
System Date: 01-29-2019
System Time:   3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

# Tenant Ledger

Date Range:   From     12-01-2014     To     01-29-2019

Based Upon: Accounting Date

Property:   828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant: 82806041 Warta*;Jeremy Lyn** | | | | | | | | | | | | |
| **Lease: 82806041(0)  Primary Unit:  0604** | | | | | | **LGL-PMKC 9/22/17** | | | | | | |
| 2630 Kapiolani Blvd. #604 | | | | | | | | | | | | |
| Honolulu HI 96826 | | | | | | | | | | | | |
| 09-01-2016 | 09-01-2016 | EM | E;06/30/16-07/21/16;262KW | 134921 | | | | 57.85 | | | | |
| 09-01-2016 | 09-01-2016 | M | MAINT FEE | 0916aRR | | | | 526.85 | | | | |
| 09-02-2016 | 07-29-2016 | LGL | Legal Payment | rc090216 | 895117 | | | | 526.85- | | | |
| 09-16-2016 | 09-16-2016 | LC | LATE FEE | 091616 | | | | 10.00 | | | | |
| 09-29-2016 | 09-29-2016 | LGL | PMKC; 84166 9/22/16 | 102506 | | | | 1,866.83 | | | | |
| | | | September 2016 Subtotals: | | | | 2,379.24 | 2,461.53* | 526.85-* | .00* | .00* | 4,313.92 |
| 10-01-2016 | 10-01-2016 | EM | E;07/22/16-08/20/16;484KW | 136107 | | | | 108.85 | | | | |
| 10-01-2016 | 10-01-2016 | M | MAINT FEE | 1016RRb | | | | 526.85 | | | | |
| 10-04-2016 | 07-29-2016 | LGL | Legal Payment | rc100416 | 71508 | | | | 526.85- | | | |
| 10-18-2016 | 10-18-2016 | LC | LATE FEE | 101816LC | | | | 10.00 | | | | |
| 10-27-2016 | 10-27-2016 | LGL | PMKC; 84958 10/21/16 | 103209 | | | | 669.11 | | | | |
| | | | October 2016 Subtotals: | | | | 4,313.92 | 1,314.81* | 526.85-* | .00* | .00* | 5,101.88 |
| 11-01-2016 | 11-01-2016 | EM | E;08/21/16-09/21/16;812KW | 137887 | | | | 179.22 | | | | |
| 11-01-2016 | 11-01-2016 | M | MAINT FEE | 1116RR | | | | 526.85 | | | | |
| 11-02-2016 | 07-29-2016 | LGL | Legal Payment | rc110216 | 895121 | | | | 129.11- | | | |
| 11-02-2016 | 08-25-2016 | LGL | Legal Payment | rc110216 | 895121 | | | | 397.74- | | | |
| 11-08-2016 | 08-01-2016 | EM | Electricity Payment | rc110816 | 477677 | | | | 80.85- | | | |
| 11-08-2016 | 08-01-2016 | M | Maintenance Fee Payment | rc110816 | 477677 | | | | 175.24- | | | |
| 11-08-2016 | 08-16-2016 | LC | Late Charge Payment | rc110816 | 477677 | | | | 10.00- | | | |
| 11-08-2016 | 08-25-2016 | LGL | Legal Payment | rc110816 | 477677 | | | | 532.60- | | | |
| 11-08-2016 | 09-01-2016 | EM | Electricity Payment | rc110816 | 477677 | | | | 57.85- | | | |
| 11-08-2016 | 09-01-2016 | M | Maintenance Fee Payment | rc110816 | 477677 | | | | 526.85- | | | |
| 11-08-2016 | 09-16-2016 | LC | Late Charge Payment | rc110816 | 477677 | | | | 10.00- | | | |
| 11-08-2016 | 09-29-2016 | LGL | Legal Payment | rc110816 | 477677 | | | | 1,866.83- | | | |
| 11-08-2016 | 10-01-2016 | EM | Electricity Payment | rc110816 | 477677 | | | | 108.85- | | | |
| 11-08-2016 | 10-01-2016 | M | Maintenance Fee Payment | rc110816 | 477677 | | | | 526.85- | | | |
| 11-08-2016 | 10-18-2016 | LC | Late Charge Payment | rc110816 | 477677 | | | | 10.00- | | | |
| 11-08-2016 | 10-27-2016 | LGL | Legal Payment | rc110816 | 477677 | | | | 669.11- | | | |
| 11-08-2016 | 11-01-2016 | EM | Electricity Payment | rc110816 | 477677 | | | | 179.22- | | | |
| 11-08-2016 | 11-01-2016 | M | Maintenance Fee Payment | rc110816 | 477677 | | | | 526.85- | | | |
| 11-08-2016 | 12-01-2016 | M | Maintenance Fee Payment | rc110816 | 477677 | | | | 368.90- | | | |
| 11-28-2016 | 11-28-2016 | LGL | PMKC; 85723 11/21/16 | 103925 | | | | 651.58 | | | | |
| | | | November 2016 Subtotals: | | | | 5,101.88 | 1,357.65* | 6,176.85-* | .00* | | 282.68 |

PMK 001274

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 7
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

## Tenant Ledger

Date Range:    From    12-01-2014    To    01-29-2019

Based Upon: Accounting Date

Property:  828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant: 82806041 Warta*;Jeremy Lyn** | | | | | | | | | | | | |
| **Lease: 82806041(0)  Primary Unit:  0604** | | | | | | **LGL-PMKC 9/22/17** | | | | | | |
| 2630 Kapiolani Blvd. #604 | | | | | | | | | | | | |
| Honolulu HI 96826 | | | | | | | | | | | | |
| 12-01-2016 | 12-01-2016 | EM | E;09/22/16-10/22/16;625KW | 139106 | | | | 134.61 | | | | |
| 12-01-2016 | 12-01-2016 | M | MAINT FEE | 1216RR | | | | 526.85 | | | | |
| 12-02-2016 | 11-28-2016 | LGL | Legal Payment | re120216 | 895123 | | | | 526.85- | | | |
| 12-16-2016 | 12-16-2016 | LC | LATE FEE | 1216LC | | | | 10.00 | | | | |
| 12-27-2016 | 12-27-2016 | LGL | PMKC; 86522 12/20/16 | 104660 | | | | 79.58 | | | | |
| | | | December 2016 Subtotals: | | | | 282.68 | 751.04* | 526.85-* | .00* | .00* | 506.87 |
| 01-01-2017 | 01-01-2017 | EM | E;10/23/16-11/19/16;294KW | 140361 | | | | 64.06 | | | | |
| 01-01-2017 | 01-01-2017 | M | MAINT FEE | 0117RR | | | | 526.85 | | | | |
| 01-04-2017 | 11-28-2016 | LGL | Legal Payment | rc010417 | 895125 | | | | 124.73- | | | |
| 01-04-2017 | 12-01-2016 | EM | Electricity Payment | rc010417 | 895125 | | | | 134.61- | | | |
| 01-04-2017 | 12-01-2016 | M | Maintenance Fee Payment | rc010417 | 895125 | | | | 157.95- | | | |
| 01-04-2017 | 12-16-2016 | LC | Late Charge Payment | rc010417 | 895125 | | | | 10.00- | | | |
| 01-04-2017 | 12-27-2016 | LGL | Legal Payment | rc010417 | 895125 | | | | 79.58- | | | |
| 01-04-2017 | 01-01-2017 | EM | Electricity Payment | rc010417 | 895125 | | | | 19.98- | | | |
| 01-17-2017 | 01-17-2017 | LC | LATE FEE | 011717LC | | | | 10.00 | | | | |
| | | | January 2017 Subtotals: | | | | 506.87 | 600.91* | 526.85-* | .00* | .00* | 580.93 |
| 02-01-2017 | 02-01-2017 | EM | E;11/20/16-12/21/16;363KW | 141743 | | | | 78.27 | | | | |
| 02-01-2017 | 02-01-2017 | M | MAINT FEE | 0217RR | | | | 526.85 | | | | |
| 02-02-2017 | 02-01-2017 | EM | Electricity Payment | rc020217 | 895128 | | | | 44.08- | | | |
| 02-02-2017 | 01-01-2017 | M | Maintenance Fee Payment | rc020217 | 895128 | | | | 472.77- | | | |
| 02-02-2017 | 01-17-2017 | LC | Late Charge Payment | rc020217 | 895128 | | | | 10.00- | | | |
| 02-16-2017 | 02-16-2017 | LC | LATE FEE | 021617LC | | | | 10.00 | | | | |
| | | | February 2017 Subtotals: | | | | 580.93 | 615.12* | 526.85-* | .00* | .00* | 669.20 |
| 03-01-2017 | 01-01-2017 | M | Maintenance Fee Payment | rc030117 | 895130 | | | | 54.08- | | | |
| 03-01-2017 | 02-01-2017 | EM | Electricity Payment | rc030117 | 895130 | | | | 78.27- | | | |
| 03-01-2017 | 02-01-2017 | M | Maintenance Fee Payment | rc030117 | 895130 | | | | 245.72- | | | |
| 03-01-2017 | 02-16-2017 | LC | Late Charge Payment | rc030117 | 895130 | | | | 10.00- | | | |
| 03-01-2017 | 03-01-2017 | EM | E;12/21/16-1/21/17;355KWH | 143188 | | | | 79.09 | | | | |
| 03-01-2017 | 03-01-2017 | EM | Electricity Payment | rc030117 | 895130 | | | | 79.09- | | | |
| 03-01-2017 | 03-01-2017 | M | MAINT FEE | 0317RR | | | | 526.85 | | | | |
| 03-06-2017 | 03-06-2017 | LGL | Legal Payment | rc030117 | 895130 | | | | 59.69- | | | |
| 03-06-2017 | 03-06-2017 | LGL | PMKC; 88022 2/22/17 | 106487 | | | | 59.69 | | | | |

PMK 001275

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 8
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

# Tenant Ledger

Date Range:    From    12-01-2014    To    01-29-2019

Based Upon: Accounting Date

Property:  828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant: 82806041 Warta*;Jeremy Lyn** | | | | | | | | | | | | |
| **Lease: 82806041(0)  Primary Unit:  0604** | | | | | | **LGL-PMKC 9/22/17** | | | | | | |
| 2630 Kapiolani Blvd. #604 | | | | | | | | | | | | |
| Honolulu HI 96826 | | | | | | | | | | | | |
| 03-16-2017 | 03-16-2017 | LC | LATE FEE | 0316LC | | | | 10.00 | | | | |
| | | | March 2017 Subtotals: | | | | 669.20 | 675.63* | 526.85-* | .00* | .00* | 817.98 |
| 04-01-2017 | 04-01-2017 | EM | EI;1/22/17-2/21/17;359KWH | 144141 | | | | 84.43 | | | | |
| 04-01-2017 | 04-01-2017 | M | MAINT FEE | 0417RR | | | | 526.85 | | | | |
| 04-04-2017 | 02-01-2017 | M | Maintenance Fee Payment | rc040417 | 895132 | | | | 281.13- | | | |
| 04-04-2017 | 03-01-2017 | M | Maintenance Fee Payment | rc040417 | 895132 | | | | 526.85- | | | |
| 04-04-2017 | 03-16-2017 | LC | Late Charge Payment | rc040417 | 895132 | | | | 10.00- | | | |
| 04-04-2017 | 04-01-2017 | EM | Electricity Payment | rc040417 | 895132 | | | | 84.43- | | | |
| 04-04-2017 | 04-01-2017 | M | Maintenance Fee Payment | rc040417 | 895132 | | | | 124.44- | | | |
| 04-18-2017 | 04-18-2017 | LC | LATE FEE | 041817LC | | | | 10.00 | | | | |
| | | | April 2017 Subtotals: | | | | 817.98 | 621.28* | 1,026.85-* | .00* | .00* | 412.41 |
| 05-01-2017 | 05-01-2017 | EM | EI;2/22/17-3/21/17;283KWH | 145597 | | | | 69.00 | | | | |
| 05-01-2017 | 05-01-2017 | LGL | PMKC; 89459 4/24/17 | 108035 | | | | 400.90 | | | | |
| 05-01-2017 | 05-01-2017 | M | MAINT FEE | 0517RR | | | | 526.85 | | | | |
| 05-02-2017 | 04-01-2017 | M | Maintenance Fee Payment | re050217 | 895134 | | | | 402.41- | | | |
| 05-02-2017 | 04-18-2017 | LC | Late Charge Payment | re050217 | 895134 | | | | 10.00- | | | |
| 05-02-2017 | 05-01-2017 | EM | Electricity Payment | re050217 | 895134 | | | | 69.00- | | | |
| 05-02-2017 | 05-01-2017 | LGL | Legal Payment | re050217 | 895134 | | | | 400.90- | | | |
| 05-02-2017 | 05-01-2017 | M | Maintenance Fee Payment | re050217 | 895134 | | | | 144.54- | | | |
| 05-16-2017 | 05-16-2017 | LC | LATE FEE | 051617LC | | | | 10.00 | | | | |
| 05-26-2017 | 05-26-2017 | LGL | PMKC; 90290 5/22/17 | 108815 | | | | 2,289.11 | | | | |
| | | | May 2017 Subtotals: | | | | 412.41 | 3,295.86* | 1,026.85-* | .00* | .00* | 2,681.42 |
| 06-01-2017 | 05-26-2017 | LGL | Legal Payment | rc060117 | 895136 | | | | 526.85- | | | |
| 06-01-2017 | 06-01-2017 | EM | EI;3/22/17-4/22/17;302KWH | 147066 | | | | 73.44 | | | | |
| 06-01-2017 | 06-01-2017 | M | MAINT FEE | 0617RR | | | | 526.85 | | | | |
| 06-16-2017 | 06-16-2017 | LC | LATE FEE | 061617LC | | | | 10.00 | | | | |
| 06-29-2017 | 06-29-2017 | LGL | PMKC; 91106 6/22/17 | 109785 | | | | 2,653.74 | | | | |
| | | | June 2017 Subtotals: | | | | 2,681.42 | 3,264.03* | 526.85-* | .00* | .00* | 5,418.60 |
| 07-01-2017 | 07-01-2017 | EM | EI;4/23/17-5/20/17;308KWH | 148664 | | | | 75.04 | | | | |

8

PMK 001276

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 9
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

# Tenant Ledger

Date Range:    From        12-01-2014        To        01-29-2019

Based Upon: Accounting Date

Property:  828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant:  82806041 Warta*;Jeremy Lyn** | | | | | | | | | | | | |
| **Lease:  82806041(0)  Primary Unit:  0604** | | | | | | **LGL-PMKC 9/22/17** | | | | | | |
| 2630 Kapiolani Blvd. #604 | | | | | | | | | | | | |
| Honolulu HI 96826 | | | | | | | | | | | | |
| 07-01-2017 | 07-01-2017 | M | MAINT FEE | 0717RR | | | | 526.85 | | | | |
| 07-05-2017 | 05-26-2017 | LGL | Legal Payment | rc070517 | 895138 | | | | 526.85- | | | |
| 07-18-2017 | 07-18-2017 | LC | LATE FEE | 071817LC | | | | 10.00 | | | | |
| 07-27-2017 | 07-27-2017 | LGL | PMKC; 91832 7/21/17 | 110665 | | | | 855.24 | | | | |
| | | | July 2017 Subtotals: | | | | 5,418.60 | 1,467.13* | 526.85-* | .00* | .00* | 6,358.88 |
| 08-01-2017 | 08-01-2017 | EM | EI;5/21/17-6/21/17;321KWH | 150138 | | | | 76.07 | | | | |
| 08-01-2017 | 08-01-2017 | M | MAINT FEE | 0817RR | | | | 526.85 | | | | |
| 08-02-2017 | 08-01-2017 | M | Maintenance Fee Payment | rc080217 | 895140 | | | | 526.85- | | | |
| 08-16-2017 | 08-16-2017 | LC | LATE FEE | 081617LC | | | | 10.00 | | | | |
| 08-18-2017 | 09-18-2017 | LC | LATE FEE | 153566 | | | | 10.00 | | | | |
| 08-18-2017 | 09-18-2017 | LC | LATE FEE | 153823 | | | | 10.00- | | | | |
| 08-24-2017 | 08-24-2017 | LGL | PMKC; 92548 8/23/17 | 111496 | | | | 1,234.03 | | | | |
| | | | August 2017 Subtotals: | | | | 6,358.88 | 1,846.95* | 526.85-* | .00* | .00* | 7,678.98 |
| 09-01-2017 | 09-01-2017 | EM | EI;6/22/17-7/20/17;362KWH | 152256 | | | | 87.33 | | | | |
| 09-01-2017 | 09-01-2017 | M | MAINT FEE | 0917RR | | | | 526.85 | | | | |
| 09-05-2017 | 05-26-2017 | LGL | Legal Payment | rc090517 | 895142 | | | | 526.85- | | | |
| 09-18-2017 | 09-18-2017 | LC | LATE FEE | 153827 | | | | 10.00 | | | | |
| 09-28-2017 | 09-28-2017 | LGL | PMKC; 93293 9/22/17 | 112580 | | | | 415.50 | | | | |
| | | | September 2017 Subtotals: | | | | 7,678.98 | 1,039.68* | 526.85-* | .00* | .00* | 8,191.81 |
| 10-01-2017 | 10-01-2017 | EM | EI;7/21/17-8/20/17;429KWH | 153959 | | | | 101.29 | | | | |
| 10-01-2017 | 10-01-2017 | M | MAINT FEE | 1017RR | | | | 526.85 | | | | |
| 10-03-2017 | 05-26-2017 | LGL | Legal Payment | rc100317 | 895144 | | | | 526.85- | | | |
| 10-17-2017 | 10-17-2017 | LC | LATE FEE | 101717LC | | | | 10.00 | | | | |
| 10-30-2017 | 10-30-2017 | LGL | PMKC; 93979 10/20/17 | 113476 | | | | 717.97 | | | | |
| | | | October 2017 Subtotals: | | | | 8,191.81 | 1,356.11* | 526.85-* | .00* | .00* | 9,021.07 |
| 11-01-2017 | 05-26-2017 | LGL | Legal Payment | rc110117 | 895146 | | | | 181.71- | | | |
| 11-01-2017 | 06-29-2017 | LGL | Legal Payment | rc110117 | 895146 | | | | 345.14- | | | |
| 11-01-2017 | 11-01-2017 | EM | EI;8/21/17-9/21/17;397KWH | 156101 | | | | 94.15 | | | | |
| 11-01-2017 | 11-01-2017 | M | MAINT FEE | 1117RR | | | | 526.85 | | | | |

9

PMK 001277

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 10
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

## Tenant Ledger

Date Range:    From    12-01-2014    To    01-29-2019

Based Upon: Accounting Date

Property:  828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant: 82806041 Warta*;Jeremy Lyn** | | | | | | | | | | | | |
| **Lease: 82806041(0) Primary Unit: 0604** | | | | | | **LGL-PMKC 9/22/17** | | | | | | |
| 2630 Kapiolani Blvd. #604 | | | | | | | | | | | | |
| Honolulu HI 96826 | | | | | | | | | | | | |
| 11-16-2017 | 11-16-2017 | LC | LATE FEE | 111617LC | | | | 10.00 | | | | |
| | | | November 2017 Subtotals: | | | | 9,021.07 | 631.00* | 526.85-* | .00* | .00* | 9,125.22 |
| 12-01-2017 | 12-01-2017 | EM | E;9/22/17-10/26/17;474KWH | 157831 | | | | 111.23 | | | | |
| 12-01-2017 | 12-01-2017 | M | MAINT FEE | 1217RR | | | | 526.85 | | | | |
| 12-05-2017 | 06-29-2017 | LGL | Legal Payment | rc120517 | 895148 | | | | 526.85- | | | |
| 12-07-2017 | 12-07-2017 | LGL | PMKC; 94684 11/27/17 | 114557 | | | | 2,805.93 | | | | |
| 12-18-2017 | 12-18-2017 | LC | LATE FEE | 121817LC | | | | 10.00 | | | | |
| 12-29-2017 | 12-29-2017 | LGL | PMKC; 95365 12/21/17 | 115149 | | | | 2,137.84 | | | | |
| | | | December 2017 Subtotals: | | | | 9,125.22 | 5,591.85* | 526.85-* | .00* | .00* | 14,190.22 |
| 01-01-2018 | 01-01-2018 | EM | E;10/27/17-11/20/17;309KW | 159864 | | | | 73.63 | | | | |
| 01-01-2018 | 01-01-2018 | M | MAINT FEE | 0118RR | | | | 534.86 | | | | |
| 01-03-2018 | 05-16-2017 | LC | Late Charge Payment | rc010318 | 895150 | | | | 10.00- | | | |
| 01-03-2018 | 06-16-2017 | LC | Late Charge Payment | rc010318 | 895150 | | | | 10.00- | | | |
| 01-03-2018 | 06-29-2017 | LGL | Legal Payment | rc010318 | 895150 | | | | 446.85- | | | |
| 01-03-2018 | 07-18-2017 | LC | Late Charge Payment | rc010318 | 895150 | | | | 10.00- | | | |
| 01-03-2018 | 08-16-2017 | LC | Late Charge Payment | rc010318 | 895150 | | | | 10.00- | | | |
| 01-03-2018 | 09-18-2017 | LC | Late Charge Payment | rc010318 | 895150 | | | | 10.00- | | | |
| 01-03-2018 | 10-17-2017 | LC | Late Charge Payment | rc010318 | 895150 | | | | 10.00- | | | |
| 01-03-2018 | 11-16-2017 | LC | Late Charge Payment | rc010318 | 895150 | | | | 10.00- | | | |
| 01-03-2018 | 12-18-2017 | LC | Late Charge Payment | rc010318 | 895150 | | | | 10.00- | | | |
| 01-16-2018 | 01-16-2018 | LC | LATE FEE | 011618LC | | | | 10.00 | | | | |
| | | | January 2018 Subtotals: | | | | 14,190.22 | 618.49* | 526.85-* | .00* | .00* | 14,281.86 |
| 02-01-2018 | 02-01-2018 | EM | E;11/21/17-1/18/18;379KWH | 162317 | | | | 91.62 | | | | |
| 02-01-2018 | 02-01-2018 | LGL | PMKC; 95950 1/19/18 | 116273 | | | | 5,832.16 | | | | |
| 02-01-2018 | 02-01-2018 | M | MAINT FEE | 0218RR | | | | 534.86 | | | | |
| 02-02-2018 | 06-29-2017 | LGL | Legal Payment | rc020218 | 895152 | | | | 526.85- | | | |
| 02-16-2018 | 02-16-2018 | LC | LATE FEE | 021618LC | | | | 10.00 | | | | |
| 02-28-2018 | 02-28-2018 | LGL | PMKC; 96634 2/23/18 | 117113 | | | | 62.83 | | | | |
| | | | February 2018 Subtotals: | | | | 14,281.86 | 6,531.47* | 526.85-* | .00* | | 20,286.48 |

10

PMK 001278

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 11
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

# Tenant Ledger

Date Range:     From      12-01-2014      To      01-29-2019

Based Upon: Accounting Date

Property:  828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant: 82806041 Warta*;Jeremy Lyn** | | | | | | | | | | | | |
| **Lease: 82806041(0) Primary Unit: 0604** | | | | | | **LGL-PMKC 9/22/17** | | | | | | |
| 2630 Kapiolani Blvd. #604 | | | | | | | | | | | | |
| Honolulu HI 96826 | | | | | | | | | | | | |
| 03-01-2018 | 03-01-2018 | EM | Elc E;1/19-2/18/18;397KWH | 164896 | | | | 56.39 | | | | |
| 03-01-2018 | 03-01-2018 | M | MAINT FEE | 0318RR | | | | 534.86 | | | | |
| 03-02-2018 | 06-29-2017 | LGL | Legal Payment | rc030218 | 895157 | | | | 506.85- | | | |
| 03-02-2018 | 01-16-2018 | LC | Late Charge Payment | rc030218 | 895157 | | | | 10.00- | | | |
| 03-02-2018 | 02-16-2018 | LC | Late Charge Payment | rc030218 | 895157 | | | | 10.00- | | | |
| 03-16-2018 | 03-16-2018 | LC | LATE FEE | 031618LC | | | | 10.00 | | | | |
| 03-27-2018 | 03-27-2018 | LGL | PMKC; 97332 3/22/18 | 118046 | | | | 1,467.02 | | | | |
| | | | March 2018 Subtotals: | | | | 20,286.48 | 2,068.27* | 526.85-* | .00* | .00* | 21,827.90 |
| 04-01-2018 | 03-01-2018 | EM | Elc E;1/19-2/18/18;397KWH | 166878 | | | | 56.39- | | | | |
| 04-01-2018 | 01-19-2018 | EM | El;1/19/18-3/27/18;551KWH | 166913 | | | | 142.65 | | | | |
| 04-01-2018 | 04-01-2018 | M | MAINT FEE | 0418RR | | | | 534.86 | | | | |
| 04-04-2018 | 06-29-2017 | LGL | Legal Payment | rc040418 | 895162 | | | | 301.20- | | | |
| 04-04-2018 | 07-27-2017 | LGL | Legal Payment | rc040418 | 895162 | | | | 225.65- | | | |
| 04-17-2018 | 04-17-2018 | LC | LATE FEE | 041718LC | | | | 10.00 | | | | |
| | | | April 2018 Subtotals: | | | | 21,827.90 | 631.12* | 526.85-* | .00* | .00* | 21,932.17 |
| 05-01-2018 | 05-01-2018 | EM | El;3/28/18-4/30/18;427KWH | 169311 | | | | 111.67 | | | | |
| 05-01-2018 | 05-01-2018 | M | MAINT FEE | 0518RR | | | | 534.86 | | | | |
| 05-02-2018 | 07-27-2017 | LGL | Legal Payment | rc050218 | 895166 | | | | 526.85- | | | |
| 05-16-2018 | 05-16-2018 | LC | LATE FEE | 051618LC | | | | 10.00 | | | | |
| 05-24-2018 | 05-24-2018 | LGL | PMKC; 98651 5/22/18 | 120155 | | | | 773.03 | | | | |
| | | | May 2018 Subtotals: | | | | 21,932.17 | 1,429.56* | 526.85-* | .00* | .00* | 22,834.88 |
| 06-01-2018 | 06-01-2018 | EM | Elc;5/1/18-5/22/18;219KWH | 171186 | | | | 56.82 | | | | |
| 06-01-2018 | 06-01-2018 | M | MAINT FEE | 0618RR | | | | 534.86 | | | | |
| 06-04-2018 | 07-27-2017 | LGL | Legal Payment | rc060418 | 895170 | | | | 102.74- | | | |
| 06-04-2018 | 08-24-2017 | LGL | Legal Payment | rc060418 | 895170 | | | | 424.11- | | | |
| 06-18-2018 | 06-18-2018 | LC | LATE FEE | 061818LC | | | | 10.00 | | | | |
| 06-29-2018 | 06-29-2018 | LGL | PMKC; 99337 6/22/18 | 121416 | | | | 2,875.83 | | | | |
| | | | June 2018 Subtotals: | | | | 22,834.88 | 3,477.51* | 526.85-* | .00* | .00* | 25,785.54 |
| 07-01-2018 | 07-01-2018 | EM | El;5/23/18-6/22/18;278KWH | 173274 | | | | 74.60 | | | | |

PMK 001279

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 12
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

# Tenant Ledger

Date Range:    From    12-01-2014    To    01-29-2019

Based Upon: Accounting Date

Property:  828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant: 82806041 Warta*;Jeremy Lyn** | | | | | | | | | | | | |
| **Lease: 82806041(0) Primary Unit: 0604** | | | | | | **LGL-PMKC 9/22/17** | | | | | | |
| 2630 Kapiolani Blvd. #604 | | | | | | | | | | | | |
| Honolulu HI 96826 | | | | | | | | | | | | |
| 07-01-2018 | 07-01-2018 | M | MAINT FEE | 0718RR | | | | 534.86 | | | | |
| 07-03-2018 | 08-24-2017 | LGL | Legal Payment | rc070318 | 895175 | | | | 526.85- | | | |
| 07-17-2018 | 07-17-2018 | LC | LATE FEE | 071718LC | | | | 10.00 | | | | |
| | | | July 2018 Subtotals: | | | | 25,785.54 | 619.46* | 526.85-* | .00* | .00* | 25,878.15 |
| 08-01-2018 | 08-01-2018 | EM | EI;6/23/18-7/20/18;222KWH | 175215 | | | | 59.57 | | | | |
| 08-01-2018 | 08-01-2018 | M | MAINT FEE | 0818RR | | | | 534.86 | | | | |
| 08-02-2018 | 08-24-2017 | LGL | Legal Payment | rc080218 | 895180 | | | | 283.07- | | | |
| 08-02-2018 | 09-28-2017 | LGL | Legal Payment | rc080218 | 895180 | | | | 243.78- | | | |
| 08-16-2018 | 08-16-2018 | LC | LATE FEE | 0816LC | | | | 10.00 | | | | |
| 08-30-2018 | 08-30-2018 | LGL | PMKC; 100746 8/23/18 | 123360 | | | | 163.35 | | | | |
| 08-31-2018 | 06-01-2017 | EM | Electricity Payment | rc083118 | 895184 | | | | 73.44- | | | |
| 08-31-2018 | 06-01-2017 | M | Maintenance Fee Payment | rc083118 | 895184 | | | | 453.41- | | | |
| | | | August 2018 Subtotals: | | | | 25,878.15 | 767.78* | 1,053.70-* | .00* | .00* | 25,592.23 |
| 09-01-2018 | 09-01-2018 | EM | EI;7/21/18-8/20/18;279KWH | 176957 | | | | 76.77 | | | | |
| 09-01-2018 | 09-01-2018 | M | MAINT FEE | 0918RR | | | | 534.86 | | | | |
| 09-18-2018 | 09-18-2018 | LC | LATE FEE | 091818LC | | | | 10.00 | | | | |
| | | | September 2018 Subtotals: | | | | 25,592.23 | 621.63* | .00* | .00* | .00* | 26,213.86 |
| 10-01-2018 | 10-01-2018 | EM | EI;8/21/18-9/20/18;304KWH | 179578 | | | | 82.18 | | | | |
| 10-01-2018 | 10-01-2018 | M | MAINT FEE | 1018RR | | | | 534.86 | | | | |
| 10-02-2018 | 05-01-2017 | EM | Maintenance Fee Payment | rc100218 | 895187 | | | | 382.31- | | | |
| 10-02-2018 | 07-01-2017 | EM | Electricity Payment | rc100218 | 895187 | | | | 75.04- | | | |
| 10-02-2018 | 08-01-2017 | EM | Electricity Payment | rc100218 | 895187 | | | | 69.50- | | | |
| 10-16-2018 | 10-16-2018 | LC | LATE FEE | 101618LC | | | | 10.00 | | | | |
| 10-26-2018 | 05-01-2017 | M | Maintenance Fee Payment | rv102618 | 895180 | | | | 382.31- | | | |
| 10-26-2018 | 05-01-2017 | M | Chck 895187 - RTN/REAPPLY | 181932 | 895180 | | | | 382.31 | | | |
| 10-26-2018 | 06-01-2017 | EM | Electricity Payment | rv102618 | 895180 | | | | 73.44- | | | |
| 10-26-2018 | 06-01-2017 | M | Chck 895184 - RTN/REAPPLY | 181932 | 895184 | | | | 73.44 | | | |
| 10-26-2018 | 06-01-2017 | M | Maintenance Fee Payment | rv102618 | 895175 | | | | 526.85- | | | |
| 10-26-2018 | 06-01-2017 | M | Chck 895184 - RTN/REAPPLY | 181932 | 895184 | | | | 453.41 | | | |
| 10-26-2018 | 06-01-2017 | EM | Electricity Payment | rv102618 | 895180 | | | | 71.10- | | | |
| 10-26-2018 | 07-01-2017 | EM | Electricity Payment | rv102618 | 895187 | | | | 3.94- | | | |
| 10-26-2018 | 07-01-2017 | EM | Chck 895187 - RTN/REAPPLY | 181932 | 895187 | | | | 75.04 | | | |

PMK 001280

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 13
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

## Tenant Ledger

Date Range:     From        12-01-2014      To      01-29-2019

Based Upon: Accounting Date

Property:   828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant: 82806041 Warta*;Jeremy Lyn** | | | | | | | | | | | | |
| **Lease:  82806041(0)  Primary Unit:  0604** | | | | | | **LGL-PMKC 9/22/17** | | | | | | |
| 2630 Kapiolani Blvd. #604 | | | | | | | | | | | | |
| Honolulu HI 96826 | | | | | | | | | | | | |
| 10-26-2018 | 07-01-2017 | M | Maintenance Fee Payment | rv102618 | 895184 | | | | 522.91- | | | |
| 10-26-2018 | 07-01-2017 | M | Maintenance Fee Payment | rv102618 | 895187 | | | | 3.94- | | | |
| 10-26-2018 | 08-01-2017 | EM | Electricity Payment | rv102618 | 895187 | | | | 76.07- | | | |
| 10-26-2018 | 08-01-2017 | EM | Chck 895187 - RTN/REAPPLY | 181932 | 895187 | | | | 69.50 | | | |
| 10-26-2018 | 08-24-2017 | LGL | Chck 895175 - RTN/REAPPLY | 181932 | 895175 | | | | 526.85 | | | |
| 10-26-2018 | 08-24-2017 | LGL | Chck 895180 - RTN/REAPPLY | 181932 | 895180 | | | | 283.07 | | | |
| 10-26-2018 | 09-01-2017 | EM | Electricity Payment | rv102618 | 895187 | | | | 87.33- | | | |
| 10-26-2018 | 09-01-2017 | M | Maintenance Fee Payment | rv102618 | 895187 | | | | 359.51- | | | |
| 10-26-2018 | 09-28-2017 | LGL | Chck 895180 - RTN/REAPPLY | 181932 | 895180 | | | | 243.78 | | | |
| | | | October 2018 Subtotals: | | | | 26,213.86 | 627.04* | 526.85-* | .00* | .00* | 26,314.05 |
| 11-01-2018 | 11-01-2018 | EM | E;9/21/18-10/19/18;755KWH | 181796 | | | | 213.10 | | | | |
| 11-01-2018 | 11-01-2018 | LGL | PMKC; 102058 10/23/18 | 125537 | | | | 226.18 | | | | |
| 11-01-2018 | 11-01-2018 | M | MAINT FEE | 1118RR | | | | 534.86 | | | | |
| 11-05-2018 | 09-01-2017 | M | Maintenance Fee Payment | rc110518 | 895189 | | | | 167.34- | | | |
| 11-05-2018 | 10-01-2017 | M | Maintenance Fee Payment | rc110518 | 895189 | | | | 359.51- | | | |
| 11-16-2018 | 11-16-2018 | LC | LATE FEE | 1116LC | | | | 10.00 | | | | |
| | | | November 2018 Subtotals: | | | | 26,314.05 | 984.14* | 526.85-* | .00* | .00* | 26,771.34 |
| 12-01-2018 | 12-01-2018 | EM | E;10/20/18-11/20/18;267KW | 183296 | | | | 75.43 | | | | |
| 12-01-2018 | 12-01-2018 | M | MAINT FEE | 1218RR | | | | 534.86 | | | | |
| 12-04-2018 | 11-01-2017 | M | Maintenance Fee Payment | rc120418 | 895192 | | | | 526.85- | | | |
| 12-05-2018 | 12-01-2018 | LGL | Rev - PMKC; 102058 10/23/ | 125537 | | | | 226.18- | | | | |
| 12-18-2018 | 12-18-2018 | LC | LATE FEE | 1218LC | | | | 10.00 | | | | |
| | | | December 2018 Subtotals: | | | | 26,771.34 | 394.11* | 526.85-* | .00* | .00* | 26,638.60 |
| 01-01-2019 | 01-01-2019 | EM | E;11/21/18-12/21/18;217KW | 185382 | | | | 63.59 | | | | |
| 01-01-2019 | 01-01-2019 | M | MAINT FEE | 0119RR | | | | 545.58 | | | | |
| 01-03-2019 | 10-01-2017 | EM | Electricity Payment | rc010319 | 895195 | | | | 101.29- | | | |
| 01-03-2019 | 10-01-2017 | EM | Electricity Payment | 186411 | 895195 | | | | 101.29 | | | |
| 01-03-2019 | 10-01-2017 | M | Maintenance Fee Payment | rc010319 | 895195 | | | | 167.34- | | | |
| 01-03-2019 | 11-01-2017 | EM | Electricity Payment | rc010319 | 895195 | | | | 94.15- | | | |
| 01-03-2019 | 11-01-2017 | EM | Electricity Payment | 186411 | 895195 | | | | 94.15 | | | |
| 01-03-2019 | 12-01-2017 | EM | Electricity Payment | rc010319 | 895195 | | | | 111.23- | | | |
| 01-03-2019 | 12-01-2017 | EM | Electricity Payment | 186411 | 895195 | | | | 111.23 | | | |

PMK 001281

Hawaiian Properties, Ltd.-CTA

01-29-2019          Page 14
System Date: 01-29-2019
System Time:  3:04 pm
Files Used:  TENANT.PMN
PROPERTY.PMP
CURRENT.PMT
LEASE.PML

## Tenant Ledger

Date Range:   From      12-01-2014    To      01-29-2019

Based Upon: Accounting Date

Property:   828 Plumeria Hale

| Accounting Date | Charge Date | Charge Type | Description | Batch ID | Pmt ID | Status | Beginning Balance | Charges | Payments | Adjustments | Apply/ Refund Credits | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Tenant: 82806041 Warta*;Jeremy Lyn** | | | | | | | | | | | | |
| **Lease: 82806041(0)  Primary Unit:  0604** | | | | | | **LGL-PMKC 9/22/17** | | | | | | |
| 2630 Kapiolani Blvd. #604 | | | | | | | | | | | | |
| Honolulu HI 96826 | | | | | | | | | | | | |
| 01-03-2019 | 12-01-2017 | M | Maintenance Fee Payment | rc010319 | 895195 | | | | 52.84- | | | |
| 01-03-2019 | 12-01-2017 | M | Maintenance Fee Payment | 186411 | 895195 | | | | 52.84 | | | |
| 01-03-2019 | 12-01-2017 | M | Maintenance Fee Payment | 186411 | 895195 | | | | 359.51- | | | |
| 01-16-2019 | 01-16-2019 | LC | LATE FEE | 011619 | | | | 10.00 | | | | |
| 01-18-2019 | 01-18-2019 | LGL | PMKC LLP; 102058, 10/23/1 | 127834 | | | | 226.18 | | | | |
| 01-18-2019 | 01-18-2019 | LGL | PMKC LLP; 102780, 11/26/1 | 127834 | | | | 1,155.81 | | | | |
| | | | January 2019 Subtotals: | | | | 26,638.60 | 2,001.16* | 526.85-* | .00* | .00* | 28,112.91 |
| | | | Lease 82806041(0) Subtotals: | | | | 521.63- | 62,854.58* | 34,220.04-* | .00* | .00* | 28,112.91 |
| | | | Tenant 82806041 Totals: | | | | 521.63-* | 62,854.58* | 34,220.04-* | .00* | .00* | 28,112.91* |
| | | | Property 828 Totals: | | | | 521.63-* | 62,854.58* | 34,220.04-* | .00* | .00* | 28,112.91* |

PMK 001282

# ARBITRATION ADVISORY

## 2016-02

## ANALYSIS OF POTENTIAL BILL PADDING AND OTHER BILLING ISSUES

### Replaces and Supersedes Arbitration Advisory 2003-01

### March 25, 2016

Points of view or opinions expressed in this document are those of the Committee on Mandatory Fee Arbitration. They have not been adopted or endorsed by the State Bar's Board of Trustees and do not constitute the official position or policy of the State Bar of California.

### QUESTION PRESENTED

When a lawyer's fee bill overstates the amount of time spent for work performed, it is called "bill padding." If a client alleges that a lawyer's bills are not accurate or truthful, how can an arbitrator assess the evidence, including the fee bills, for possible bill padding? This advisory explores the question of how an arbitrator may assess the evidence to identify bill padding.[1]

### INTRODUCTION

Most hourly fee bills are a collection of time entries itemizing work performed in the privacy of a lawyer's office. Therefore, it is difficult to verify the accuracy of the time entries. Accordingly, arbitrators should do at least four things:

    A.  Evaluate the process by which the fee bill was prepared and the specificity of the time entries;
    B.  Evaluate the staffing used on the matter;
    C.  Evaluate the work performed against the time billed, and
    D.  Look for certain patterns in the descriptions of the work performed, including the time entries.

### DISCUSSION

---

[1] Rules and observations about determining reasonable attorney's fees in general are addressed in other Arbitration Advisories. This advisory focuses on a subset of that topic: when too much time is alleged to have been recorded for the individual units of work performed. In the event that an arbitrator encounters bill padding, he/she may refer to our other arbitration advisories for assistance in determining an appropriate charge under the circumstances.

**A.    Evaluate the process by which the fee bill was prepared and the specificity of the
time entries**

In order to understand the likely areas to look for bill padding, it is useful to consider the
historical background of professional fees charged by a lawyer [*See* American Bar Association
Commission on Billable Hours Report (August, 2002), referred to hereinafter as "ABA Report"
(See http://www.abanet.org)]. Prior to the 1960s, the majority of lawyers billed clients in flat
sums or fixed amounts - often at the conclusion of the matter. This required some estimating and
discretion on the part of the lawyer.  A lawyer's fee bill often read something like this:

"Fee for services rendered, $ 750.00."

Clients sometimes paid their bills six months or a year after receipt of the fee bill, which
reflected services performed long before the fee bill was even sent.

In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Supreme Court wrote:

". . . .  An American Bar Association (ABA) report, published in 1958,
observed that attorneys' earnings had failed to keep pace with the rate of inflation;
the report urged attorneys to record the hours spent on each case in order to
ensure that fees ultimately charged afforded reasonable compensation for
counsels' efforts. (*citation omitted).*

Hourly records initially provided only an internal accounting check.  See
Honest Hour 19. The fees actually charged might be determined under any
number of methods: the annual retainer, the fee-for-service method, the "eyeball"
method under which the attorney estimated an annual fee for regular clients, or
the contingent-fee method, recognized by this Court in Stanton v. Embrey, 93 U.
S. 548, 556 (1877), and formally approved by the ABA in 1908.  See Honest
Hour [W. Ross, The Honest Hour: The Ethics of Time-Based Billing by Attorneys
(1996),13-19]. As it became standard accounting practice to record hours spent on
a client's matter, attorneys increasingly realized that billing by hours devoted to a
case was administratively convenient; moreover, as an objective measure of a
lawyer's labor, hourly billing was readily impartable to the client.  Id., at 18. By
the early 1970's, the practice of hourly billing had become widespread. *See id*., at
19, 21."

**1.    Evaluate the process by which the fee bill was prepared**

In the now-standard chronological fee bill used by lawyers, almost all time is (or should
be) itemized by day and by timekeeper.  If a lawyer or other timekeeper does several things in
one day on a particular matter then he or she must decide how to best describe this work and how
much time to record for that work.  An arbitrator's review of fee bills should include an
assessment of the method and timing used to prepare the bills in order to form an understanding
regarding the accuracy of the data shown by the fee bills.

2

Some lawyers still use word processing programs to generate fee bills. Others use specialized billing software programs. Many billing software programs in use today have a timer feature that allows the user to input "start" and "stop" commands for one or more matters. The billing software program then automatically calculates the elapsed time for each task in the same manner as a stopwatch. If the evidence at the arbitration reveals that lawyers properly utilized the timer feature that is a factor tending toward accuracy.

While it is almost universally acknowledged that contemporaneous records are the best practice, many times the press of business is such that a day or two (or more) passes without the lawyer recording his/her time. Sometimes a month may pass without any entries. In rare cases, a year or more may pass before a lawyer goes through his/her case file and attempts to re-create what transpired in the case since its inception. It is generally at the point when a fee bill needs to be generated that the lawyer is faced with the need to reconstruct what happened a day or two or a month ago (or a year ago) with great precision. If the lawyer is able to prepare the fee bills using information from notes he/she made contemporaneous with the tasks actually performed, that is a factor tending towards accuracy. But if the reconstruction is done by the lawyer going through his or her file and then ascribing a time entry to each e-mail, letter, document and calendar entry in the file, then it is much less likely that the time entries are truly accurate. While the corresponding fee bills may appear to be very precise, with exact times noted for each specific and itemized activity, the appearance of accuracy may be deceptive and the time recorded should be assessed by the arbitrator. Under such circumstances, it may be appropriate to put the burden of providing evidence/facts to support the accuracy of the time entries onto the lawyer.

The arbitrator should also examine who recorded the entries and created the fee bills. The original time entries are generally recorded by the lawyer or other person who performed the task. However, in some firms, a support person, such as a secretary, paralegal, or billing clerk, records the time entries ultimately charged to the client. Variations for this practice abound. In some firms, lawyers hand-write their entries on paper and some other person inputs them in the billing software. In other firms, a billing clerk may go through the case file on a periodic basis and record a time entry for every scrap of paper in that file. For instance, if the file contains a letter from opposing counsel, the billing clerk may charge the client an agreed-upon minimum charge irrespective of whether the lawyer actually reviewed that letter and how long it took. Suffice it to say, the arbitrator may consider evidence of who actually recorded the time entries [and when they were recorded] to assess the accuracy of the corresponding fee bills.

It is customary for larger law firms to have a draft of the fee bill, commonly referred to as a "pre-bill," reviewed by the partner or lawyer in charge of billing on the matter. The billing partner may not have actually worked on the file, but is otherwise in control of the relationship with the client. If pre-bills are utilized, the billing partner should scrutinize and edit the time entries in the "pre-bills" to ensure that they are accurate. The recorded time entries may be increased or decreased in an exercise called "billing judgment" by the billing partner. However, any evidence that the pre-bills were adjusted upwards should be examined carefully, as it may indicate that the client is being charged more time than actually expended by his/her lawyer. Absent clearly defined and explained terms in the written fee agreement allowing such upward adjustments, the increased time may be evidence of bill padding. For example,

increasing a time entry to a contractually agreed-upon minimum charge may be appropriate, as would an increase to reflect time inadvertently omitted by the lawyer.  On the other hand, increasing a time charge for the sake of inflating the fee bill is not.  If an arbitrator encounters such circumstances, the lawyer should bear the burden to clarify and substantiate such increased time entries.

The pre-bills may not be carefully reviewed by the billing partner for a number of reasons, including the fact that most billing partners are very busy and do not have or want to allocate the time to check each pre-bill carefully, the entries may be for a lawyer who is not readily available, or the billing partner may have a huge stack of pre-bills to go through and only a short time to do so since the firm wants to "get the bills out".  Consequently, arbitrators should consider facts and evidence concerning the pre-bill process, including whether the lawyer(s) that actually worked on the matter also verified the accuracy of the fee bills, and whether the pre-bill process increased or decreased the accuracy and transparency of the fee bills ultimately delivered to the client for payment.

### 2.    Evaluate the specificity of the time entries

Many lawyers no longer physically handwrite what they do on paper time-sheets but contemporaneously input a description of their tasks directly into their computers.  These types of entries can usually be identified because they are often longer and more detailed.  For example, if a fee bill reads: "meeting with client to discuss the elements of the separate statement of facts and the source of evidence for each element (1.8); research new opinion on the presumptions and burden of proof under Festo and progeny (2.5)" [Example 1], this is likely (but not necessarily) something directly inputted into the billing software program by the lawyer.  On the other hand, the briefer description for the same work of: "meeting with client re MSJ and research burden of proof (4.3)" [Example 2] is probably something initially written in longhand and then later inputted into the billing software program.

Arbitrators should be aware that regardless of the method of time keeping or billing used, it is not the format of the fee bill but the information provided which is important.  Accordingly, the arbitrator's primary focus should be on analyzing those facts that tend to demonstrate the accuracy, or inaccuracy, of the information contained in the fee bills.  When examining the fee bills it is very important to remember that in the vast majority of cases each time entry in a fee bill is merely an estimate of how much time was required for the task performed that is being described in a summary fashion.  Therefore, the longer the time period between when the task was performed and the corresponding time entry is recorded, the greater the probability that the time entry may lack accuracy.

If, in Example 1 above, the client is certain that the meeting required only 30 minutes (with no travel time), then perhaps one could question the entry of 1.8 hours.  But how can one prove that the time for, say, a specific letter was really 12 minutes rather than 30?[2]  If the time is

---

[2] It is just about impossible to be certain that any one single time entry is wrong or faked or padded.  "The 'perfect crime' [is the] padding of bills…" [William G. Ross, The Honest Hour: The Ethics of Time Based Billing by Attorneys (1996)].

block-billed and one does not even know how much time is being claimed for the letter, then what? In such cases, look at the totality of the evidence.

## B. Evaluate the staffing used on the matter

The staffing of a legal matter by a lawyer presents the potential for bill padding that an arbitrator may consider. The main staffing issues that should be assessed include: (1) Did multiple lawyers work on the same task simultaneously? and (2) Was the task performed by the proper lawyer?

### 1. Did multiple lawyers work on the same task simultaneously?

A recurring complaint by clients concerns charges for tasks involving more than one lawyer, paralegal, or support staff from the same firm at the same time. This typically occurs when a client is charged for multiple lawyers attending a court hearing or deposition, or where two or more lawyers participate in a meeting or telephone call. Generally, the determination of whether the matter was overstaffed is a question of fact the arbitrator must resolve. In a mandatory fee arbitration it is appropriate to place the burden of proof on the lawyer to demonstrate that the disputed matters/tasks were properly staffed and not attempts to inflate time charged to a client.

Issues that may affect this factual determination may include the complexity or significance of the case, the litigious nature of the parties, the amount in controversy, client consultation in advance, the client's awareness and lack of objection, or any other fact tending to demonstrate whether it was appropriate for more than one lawyer or support staff to participate in a disputed task.

In some firms, newly admitted lawyers sometimes accompany their supervising lawyer to depositions or court hearings for training purposes. In most instances, the client should not be charged solely for training time.

It is also generally accepted that the more timekeepers on a case, the higher the bill will be. Pay particular attention to time recorded by newer associates who record time on the matter only briefly, such as one or two months, particularly if accompanied by entries reflecting the associate recorded "get up to speed" activities, such as "review file." Such entries by a transient biller may not be an appropriate charge/expense to impose on a client.

### 2. Was the task performed by the proper lawyer/person?

In some cases, a client may complain that some necessary task was performed by a senior lawyer charging a much higher hourly rate, when it could have been completed by a cheaper associate or support staff. For instance, in a commercial real estate lease dispute, the firm's main real estate partner, charging $700.00-plus per hour, personally drives to the commercial site to deliver the keys to the complaining landlord. Even assuming that it was necessary for a licensed lawyer to deliver the keys, the issue becomes why it was done by the most expensive lawyer in the firm. Was it because some circumstance actually required that specific high-priced lawyer to undertake that task, or was it an inadvertent or intentional attempt to pad the client's bill. The

client may also challenge delegation of tasks to inexperienced lawyers/staff with resulting inefficiencies.  In examining such complaints, arbitrators should consider all of the circumstances relevant to the issue, as well as the custom in the community and the terms of the written fee agreement.

**C.     Evaluate some or all of the work produced against the hours claimed**

Arbitrators may consider evidence and facts concerning the actual tasks/work performed by the lawyer, including an analysis of the major items of work performed.  How many hours were recorded for this work?  How many timekeepers were involved?  What did they do?  Did they duplicate each other's work?  Was some of this "training" time for new lawyers? [3]

Major tasks.  It may be appropriate for an arbitrator to review and assess the fee bills to determine how much cumulative time was recorded by the lawyer [or lawyers] to complete a major task.  Major tasks may include specific motions, appellate briefs, and transactional documents.  An arbitrator may need to quantify the cumulative time first.  This task will require the arbitrator to go through the fee bills and essentially group separate billing entries.  For example, an arbitrator may have to group all of the entries that refer to the preparation of a specific document, like a demurrer.  The arbitrator would then cumulate all of the billing entries referring to or concerning the demurrer, including the review of the complaint and file, conducting legal research, telephone conferences and other communications regarding the demurrer or the sufficiency of the complaint,  and then the time entries for the drafting, revising and finalizing and filing the demurrer.

Once the cumulative time to complete a major task is obtained, then the arbitrator may look at the actual work product [or demurrer in foregoing example] to see if the time falls into a range that appears reasonable.  This can be hard to do without some experience in the particular legal area involved.  But, in the above example, if the fee bills reveal that a lawyer recorded 25-plus hours to research, draft, and file the demurrer, the arbitrator should review the actual demurrer to determine if the time recorded is reasonable.  If the evidence reveals that the demurrer is a four page boilerplate document attacking the sufficiency of a fraud claim lacking specificity, then the arbitrator may put the burden on the lawyer to explain why it took so long to prepare such a simple document.  On the other hand, if the evidence reveals a 20-page masterpiece artfully advocating novel concepts of law, then that may be evidence tending towards accuracy and reasonableness.

While a times-by-task assessment can be hard to assemble, sometimes the fee bills themselves will have guides to that information within them if the lawyer or law firm utilizes

---

[3] Arbitrators may also consider whether the client was given an estimate or a budget.  An "estimate" is not binding.  On the other hand, a budget typically involves a more detailed forecast and is supposed to be reasonably accurate (subject to disclosed caveats and assumptions).  Moreover, a budget should be revised if circumstances change and the client should be promptly notified of the revision(s).  Accordingly, if an estimate or budget was given, it may be reviewed to determine whether the disputed tasks were contemplated and explained to the client.

task-based billing codes like the "Uniform Task-Based Management System" published by the American Bar Association (ABA Task Codes).[4]  Task-based billing codes are in fairly wide use but are not standard and there is some debate over their usefulness.  For example, one may know that certain hours were recorded for "L240 - Motions For Judgment" but not how many hours were shown for a specific Motion for Summary Adjudication.  Where such codes are not used, the arbitrator may wish to ask the lawyer to provide evidence of the cumulative time expended on major tasks.  For instance, in Example 1 on page 4, Section A(2) *supra*, assuming that the lawyer utilized the ABA Task Codes, the time billed for meeting with the client to prepare the statement of facts would show the codes "L240" / "A106" in or right after the descriptions of the activities and the totals for these things would (or could) appear on the bill.  Once the ABA Task Codes key is in hand, this will help to break down the time and fees into broad tasks, which may be useful information.  Once it is known that a motion for summary judgment required many hours of several timekeepers' time, an arbitrator can then come to a conclusion or ask for an explanation of whether or not the time spent on this particular task is reasonable.

<u>Documents</u>.  There often is a good deal of time shown for "reviewing documents" ("L320 - Document Production") in many litigation matters.  First, ascertain how many document pages were produced or reviewed.  This is sometimes stated in terms of "boxes" which is a standard file storage box normally holding anywhere from 2,000 to 3,500 pages of documents, depending on how tightly the documents are packed.  Some courts and commentators mention 2,500 as the average number of pages per box.  Assess how many timekeepers reviewed the documents and how long it took.  Were summaries of the document reviews created?  Were relevant documents culled?  Were relevant documents scanned and tagged?  If the foregoing tasks were not done, did it then result in multiple lawyers having to review the same documents?   Arbitrators must assess all evidence and facts regarding whether the lawyer's document review was efficient and judicious rather than inadvertent or intentional bill padding.

Also, the propriety of tasks must be considered within the context performed.  For instance, it may be entirely reasonable for a lawyer to charge a client eight-plus hours to carefully review a 100-page prospectus in a federal securities case involving claims of securities fraud and misrepresentation.  On the other hand, it may not be appropriate for a lawyer to charge a client eight-plus hours to review the same 100-page prospectus if the claims in the subject lawsuit are unrelated to the contents of the prospectus [like the wrongful termination of a broker or analyst involved in the securities offering].

Lastly, the arbitrator may consider evidence or facts concerning the timeliness of the client's objection or complaint concerning any fee bill, including when and if the client objected or made inquiries upon receiving the now contested fee bill, and whether the fee agreement

---

[4] The ABA Task Codes assign litigation time within five groups: case assessment, pre-trial, discovery, trial and appeal.  There are also 11 optional Activities Codes (such as "A106 - Communication (with client)" which may be used within each of the five groups in the Litigation Code Set.  The various ABA Task Codes may be accessed at www.americanbar.org/groups/litigation/resources/uniform_task_based_management_system.html

contained an agreement that the client would reasonably or promptly notify the lawyer if there were questions or objections to the fee bills or time entries.

## D.  Consider the format and content of the fee bills

### 1.  High minimum increments

Many fee agreements state that the lawyer shall bill in minimum increments of .10 hour [or six minutes].  When properly disclosed to a client, such a term may provide support or justify charging that client at least .10 hour for any single task irrespective of how long the task took.  Consequently, if the lawyer participates in a phone call regarding the case with opposing counsel that lasts less than two or three minutes, pursuant to the terms of the written fee agreement, the lawyer may be justified in billing .10 hour.

On the other hand, some lawyers still bill in minimum increments of .25 hours or greater. Consequently, they may charge .25 hours for any compensable task, irrespective of how long the task actually takes.  Assume that such a lawyer charges $300/hour. Assume further that on any given day, that lawyer completes at least four separate compensable tasks, each task taking less than 3 minutes each to complete.  Billing in increments of .25 hours means that the client would be billed $300 for the four tasks [4 x .25 hours x $300/hour = $300]. However, in this example, the client is being charged $300 for less than 12 minutes of actual work, essentially requiring the client to pay an effective hourly rate greater than $1,500.

Courts and fee arbitrators view high incremental charges with suspicion as they may constitute an unreasonable or unconscionable fee, particularly where application of high incremental charges results in overstating the fees owed by a client.  *Your Bill: A Behind the Scene look at a Legal Audit*, Mekler Bulger Tilson Marick & Pearson Legal Audit Group, 1, 2 (March 2007) (high incremental charges artificially inflate fees).  Relevant factors an arbitrator may consider in this regard include the terms of the written fee agreement, the frequency with which apparent minimum billing entries appeared on the bills, and whether there is evidence that the lawyer was judicious in not employing the high minimum billing entries for brief activities either by (1) not recording such activities, (2) aggregating them with other related activities, or (3) "no charged" the entry.

### 2.  Billing all tasks separately

Like high minimum increments, billing every task separately may artificially inflate time entries.  For example, it does not take more than a few seconds to read most routine documents or correspondence.  If a lawyer reads a group of documents or correspondence in a minute or two and then records a minimum time entry for each such document/correspondence, this may artificially increase the time billed to the client.

### 3.  Large whole number time entries

If the bills show time entries in whole numbers, especially large time entries such as 8.0, 9.0, or 10.0, these are probably estimates rather than actual time spent and should be scrutinized,

[except where the event involved trial, mediation, day-long deposition, or other inherently extended activity].

### 4. Block billing

Block billing is the practice of assigning one time charge to multiple separate tasks. An extreme example would be a fee bill mailed to a client at the end of the case with a single entry for 200 hours for "work on case" without identifying, among other things, the various individual tasks performed, who performed them, and when. A more subtle example would be a 3.6 hour charge for "review client's e-mail, retrieve file, call with DR re same, and prepare/send reply." In the foregoing example, a client would be unable to determine how much time any one of the listed tasks actually took. More importantly, this type of block billing is prone to hide accountability and prevents a client from discerning which of the listed tasks are compensable and which are not. For instance, in the foregoing example, what if the lawyer [charging $300/hour] decided to personally make a 3-hour drive to and from an off-site storage facility to retrieve the file rather than sending his secretary [whom he pays $15/hour]? In such an instance, the itemized tasks actually took the lawyer 3.6 hours to complete, but in most instances, the 3 hours the lawyer spent retrieving the file may not be compensable. By utilizing block-billing, the client's [and arbitrator's] ability to assess the accuracy [and propriety] of the 3.6 hour charge is impeded.

Block billing may also inadvertently or intentionally inflate the actual time a lawyer takes to complete the listed tasks. For example, if a lawyer bills a client 8.0 hours on a given day to "prepare for trial," that block of time would most likely include, among other things, time for coffee and restroom breaks, personal calls and non-compensable administrative/managerial tasks. Since block billing has the potential of, among other things, camouflaging non-compensable tasks, many judges, fee arbitrators, and commentators regard its persistent and egregious use with suspicion, and some consider the practice a violation of Business and Profession Code §6148(b).

The basic rule is that courts [and arbitrators] have wide discretion to require additional evidence to support the accuracy of block-billed entries. In a mandatory fee arbitration, it is the lawyer's burden to provide such additional support, which may include testimony and documentary evidence. After consideration of such additional support, or lack thereof, arbitrators may assign a reasonable percentage to the block billed entries, disregard them altogether, or determine that other evidence is sufficient to substantiate the hours aside from the block billed entries. The court in *Heritage Pacific Financial v. Monroy*, (2013) 215 Cal.App.4th 972, 1010 held "trial courts retain discretion to penalize block billing when the practice prevents them from discerning which tasks are compensable and which are not." Previously, the court in *Bell v. Vista Unified School Dist.*, (2001) 82 Cal.App.4th 672, 689, held that "the trial court should exercise its discretion in assigning a reasonable percentage to the entries, or simply cast them aside" if counsel "cannot further define his billing entries …." In a much harsher tone, the court in *Christian Research Institute v. Alnor*, (2008) 165 Cal.App.4th 1315, 1329 held:

Similarly, counsel may not submit a plethora of noncompensable, vague, block-billed attorney time entries and expect particularized, individual deletions as the

only consequence. The trial court could reasonably conclude counsel made no effort to prune the fee request to comply with the law. Counsel erred grievously by attempting to transfer that responsibility onto the trial court. The trial court could reasonably conclude counsel's disregard for the law undercut the credibility of their fee request and, as officers of the court, warranted a severe reaction.

If a lawyer uses block-billing, it may be appropriate for the arbitrator to place on the lawyer the burden of proving that all of the time entries that were block billed are actually compensable and appropriate.

In our prior version of this arbitration advisory titled "Detecting Attorney Bill Padding" (Arbitration Advisory 2003-01)(January 29, 2003), at section C 4 on page 7, the State Bar's Committee on Mandatory Fee Arbitration ["Committee"] opined that block billing "hides accountability and may increase time by 10% to 30%." However, the arbitrator's discretion is not limited to the 10% to 30% range. Rather, as noted above, an arbitrator may consider all evidence to determine the propriety of any block billed entry and may conclude, upon due consideration of all such evidence, that the entire time billed is appropriate or some portion is not.

### 5. Standardized work descriptions and lack of detail

If an arbitrator encounters the exact same phrases used again and again in the fee bills, it is likely that some routine has set in. This may allow some "down time" to find its way into the fee bills. An entry such as "review documents produced by opposition, 7.5 hours" is typical.

Furthermore, generalized time entries such as "research issues", "review file", "attention to file", "discovery", "prepare for trial", "trial prep", and other similar general statements are not specific enough to let the client know what was done. If a lawyer uses such non-specific task descriptions, it may be appropriate for the arbitrator to place on the lawyer the burden of clarifying what was actually done to assess whether the generalized time entries are actually compensable and appropriate.

### 6. Wrong times

Sometimes a client knows that a specific task took less time than was billed. For example, a lawyer charges four hours to attend a deposition in his office, but the corresponding deposition transcript confirms that the deposition started at 10 am and finished at 11 am. A fee bill may charge a client for the lawyer attending an in-person meeting with the client in his Los Angeles office, but the client was out of the country on that day. The lawyer may charge an hour to prepare a letter to the client, but cannot produce the letter at the arbitration. In each instance, the arbitrator should examine all of the evidence presented by the parties to determine whether the disputed task was actually performed and if so, that it took the time recorded in the fee bills. Demonstrably false or inaccurate entries, unless explained, may justify the arbitrator viewing with distrust other disputed billings or time entries.

### 7.      Timeliness of invoices

As noted above, if too much time has elapsed between the disputed task and generating the fee bill, the times shown might be estimates or best guesses of the time involved.  On the other hand, it is possible that the timekeeper recorded his or her time contemporaneously but did not generate the fee bill for some reason.  The lawyer should clarify why the fee bills were not timely delivered.  The arbitrator may also examine the fee agreement to determine if the lawyer committed to delivering periodic billing, and other factors such as (1) whether delayed billing came during a period of substantial activity, (2) whether the fee bill was a surprise to the client, (3) whether the claimed fee exceeds estimates or budgets, and (4) whether there were legitimate reasons that prevented the lawyer from timely delivering a fee bill to the client.

### 8.      Experts and outside investigators

Lawyers sometimes retain expert witnesses, consultants, investigators and other third-party professionals to assist a client.  These third-party professionals typically forward their bills to the lawyer for payment.  Sometimes the lawyer pays such third party bills directly and then subsequently sends the client an invoice for the advanced costs.  Other times, the lawyer forwards the third party bill directly to the client for payment.  Whatever the process used, it is imperative that such third party bills state what was done with adequate detail to allow a client to decipher what was done and how much is being charged.  If the lawyer advanced payment for such third party bills, representations and proof that these charges were actually paid should also be produced.

### 9.      Overhead items

A lawyer's hourly fee should include consideration for overhead items like rent, support staff wages, telephone service, internet fees, office supplies, library charges, seminars, continuing legal education charges, malpractice insurance and a whole host of expenses a lawyer will incur every day to keep his/her practice operating.  Consideration for such expenses explains why lawyers in located in urban cities, like downtown Los Angeles and San Francisco, may generally charge higher hourly rates than their colleagues who rent much less expensive office space in the suburbs and outlying farming communities.  Since overhead expenses are a cost of doing business, and should be reflected in the professionals' hourly rates, they should not be passed on to the client unless the client has clearly agreed otherwise in the fee agreement.  (*See* American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 93-379, *Billing for Professional Fees, Disbursements, and Other Expenses*, (December 6, 1993).

### 10.     Ministerial, administrative and secretarial tasks

As noted above, a lawyer's hourly fee should include consideration for support staff wages.  Accordingly, it may be inappropriate to allow a lawyer to also charge a client his/her hourly rate for doing secretarial work.  For instance, the vast majority of lawyers are able to prepare judicial form interrogatories in less than 5-10 minutes.  Their assistants or secretaries then prepare the actual hard document, prepare and attach the proof of service, generate the

stamped envelope and then serves it on the opposing party. Typically, the only service the client should be charged for is the lawyer's 5-10 minutes to determine what boxes to check off on the form interrogatories. But arbitrators will inevitably encounter situations where the lawyer also charges the client the time spent preparing the proof of service and mailing. It is not uncommon to encounter fee bills that charge clients up to an hour for a simple task like preparing and serving form interrogatories. Arbitrators will also encounter situations where lawyers personally type their own correspondence, motions and other documents. This is typically not a problem, unless of course, the lawyer can only type 10-20 word a minute. In such circumstances, the arbitrator should consider the lawyer's typing proficiency, whether support staff is available for such tasks, and whether the hourly fee agreed-upon by the client includes consideration of support staff wages.

Also, operating a law practice requires substantial efforts on the part of the lawyers wholly unrelated to representing clients. This includes dozens of administrative, managerial, and ministerial tasks lawyers must perform every day. In the vast majority of cases, it is inappropriate to seek to charge a client for such non-legal tasks.

### 11. Paralegals

The use of paralegals and unlicensed legal assistants is wide-spread and completely appropriate if disclosed to the client. Guideline 8 of the 2004 update of the ABA Model Guidelines for the Utilization of Paralegal Services states that: "A lawyer may include a charge for the work performed by a paralegal in setting a charge and/or billing for legal services." Courts have addressed and accepted the theory that paralegal fees are appropriately billed and recovered by lawyers under various prevailing party attorney fee recovery statutes. *Missouri v. Jenkins* (1989) 491 U.S. 274; *Richlin Security Service Co. v. Chertoff* (2008) 553 U.S. 571; and *Guinn v. Dotson* (1994) 23 Cal. App. 4th 262. In California, paralegal fees are only compensable if in total compliance with Business and Profession Code §6450. This requires that the paralegal actually qualifies as a paralegal and the type of work/tasks he/she purports to perform is compensable.

Surprisingly, many lawyers do not realize that some tasks performed by a paralegal are not compensable. The test to determine whether a task performed by a paralegal is compensable is not predicated on the person that performs it, but rather on the nature of the task itself. Business and Profession Code §6450 (a) states:

(a) "Paralegal" means a person who holds himself or herself out to be a paralegal, who is qualified by education, training, or work experience, who either contracts with or is employed by an attorney, law firm, corporation, governmental agency, or other entity, and **who performs substantial legal work under the direction and supervision of an active member of the State Bar of California**, as defined in Section 6060, or an attorney practicing law in the federal courts of this state, that has been specifically delegated by the attorney to him or her. **Tasks performed by a paralegal include, but are not limited to, case planning, development, and management; legal research; interviewing clients; fact gathering and retrieving information; drafting and analyzing legal**

> **documents; collecting, compiling, and utilizing technical information to make an independent decision and recommendation to the supervising attorney; and representing clients before a state or federal administrative agency if that representation is permitted by statute, court rule, or administrative rule or regulation**.

(Emphasis added).

Furthermore, Business and Profession Code §6454 states that the "terms "paralegal," "legal assistant," "attorney assistant," "freelance paralegal," "independent paralegal," and "contract paralegal" are synonymous for purposes of this chapter. Consequently, billing a client for a paralegal or legal assistant's ministerial, administrative, or secretarial duties may be improper, particularly if not disclosed in the fee agreement and explained to the client. However, even if the lawyer disclosed the use of a paralegal or unlicensed legal assistant for ministerial, administrative or secretarial tasks in the fee agreement, the arbitrator may assess whether the consequent fees agreed upon were unconscionable at the time the fee agreement was entered into pursuant to Rule 4-200 of the Rules of Professional Conduct.

Lastly, it is imperative to remember that it is improper for a paralegal to establish the fees charged to the client for the paralegal's services. Business and Professions Code §6450 (b)(8). This prohibition may prove to be a minefield for lawyers utilizing their paralegals to act as calendar clerks, office managers, supervisors or administrators who control and prepare the lawyer's/firm's fee bills.

### 12.    Canned Briefs-Recycled Work

Even newly admitted lawyers have access to a library or cache of canned briefs and template documents they may utilize in their practice. These include, but are not limited to, canned or standardized pleadings, motions, discovery requests, and transactional documents like trusts and leases. These canned or standardized documents may have been created by the lawyer or some third source. The issue becomes whether it is appropriate for the lawyer to bill a client any premium for the creation of the original document, or may the lawyer only bill for the revisions made to the canned or standardized document.

As a threshold matter, the ABA long ago opined that:

> In addressing the hypothetical regarding...recycled work product, it is helpful to consider these questions, not from the perspective of what a client could be forced to pay, but rather from the perspective of what the lawyer actually earned.... A lawyer who is able to reuse old work product has not re-earned the hours previously billed and compensated when the work product was first generated. Rather than looking to profit from ... the luck of being asked the identical question twice, the lawyer who has agreed to bill solely on the basis of time spent is obliged to pass the benefits of these economies on to the client. The practice of billing several clients for the same time or work product, since it results in the

13

earning of an unreasonable fee, therefore is contrary to the mandate of the Model Rules. Model Rule 1.5.

(American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 93-379, *Billing for Professional Fees, Disbursements, and Other Expenses*, (December 6, 1993); *See also Ethics and Time-Based Billing*, Michael Downey, Law Practice Today, ABA Law Practice Management Section, (January 2006) (Over-billing occurs when "billing the client who received the recycled work product time already billed to another client when that work product was originally created."); *See also, The Moral Compass of the American Lawyer*, Richard Zitrin and Carol Langford, (1999 Ballantine Books)(examples of cases in which lawyers were prosecuted and convicted of bill padding practices including billing multiple clients simultaneously and for recycled work product).

Similarly, the authors of the well-regarded Rutter Guide, caution:

Attorneys who prepare standardized documents for clients (e.g., wills, partnership agreements) often keep forms of those documents on their computers to use as "templates" that can be revised and customized to suit each client. Absent clear disclosure to the client, attorneys billing on an hourly basis cannot properly add additional hours to a client's bill when revising such an "in-house" form to reflect the time spent preparing the original (template) form. [Orange County Bar Ass'n Form.Opn. 99–001]

*California Practice Guide: Professional Responsibility*, Paul W. Vapnek, Mark L. Tuft, Ellen R. Peck and Justice Howard B. Wiener (Ret.), Chapter 5. Attorney Fees And Fee Agreements, Paragraph 5-945 (2012).

Given the foregoing, in the event a lawyer seeks to charge a client a "premium" for the use of recycled work, the arbitrator should determine if that "premium" was properly stated and disclosed in the written fee agreement. (State Bar of California Committee on Mandatory Fee Arbitration, Arbitration Advisory 1998-03, *Determination of a "Reasonable" Fee*, pages 15-16 (Updated March 20, 2015). If it is not, it may be evidence of bill padding.

### 13. Billing multiple clients for the same time

An arbitrator may encounter situations where the lawyer simultaneously worked on matters of several clients. For example, a lawyer charges two clients the full five hours it took him to attend two court hearings for the two separate clients on the same morning in the same court. The issue is whether each client can be properly billed for the full five hours. Generally, billing multiple clients for the same time raises questions of potential impropriety. The answer typically depends on whether the terms of the fee agreements actually disclosed and explained the manner of billing to the all of the affected clients and the fee agreements of every affected client is fair and reasonable. (*See* American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 93-379, *Billing for Professional Fees, Disbursements, and Other Expenses*, (December 6, 1993); State Bar of California Standing Committee on Professional Responsibility and Conduct, Formal Opinion No. 1996-147).

14

Therefore, if a lawyer seeks to bill the same time to more than one client simultaneously, that arrangement must be fair, reasonable, fully disclosed in the written fee agreements of all affected clients, and fully explained to each client.  If it is not, then it may be evidence of bill padding.  Additionally, the arbitrator must ensure that, irrespective of how much time the lawyer ultimately bills to any one client for such a collective task, the resulting fees are not unconscionable pursuant to Rule 4-200 of the Rules of Professional Conduct.

### 14.    Ghost Billing

"Ghost billing" occurs when a lawyer bills for work or task(s) performed by another person.  Variations abound.   For example, a paralegal or associate prepares a motion, but the partner in charge bills the time as his/her own.  Or a non-employee contract attorney attends a status conference, but the lawyer of record bills the time as his/her own.  Ghost billing should be scrutinized as it may constitute (1) a deceptive practice, (2) a violation of Business and Professions Code Section 6148(b), (3) bill padding, and (4) an attempt to collect an unconscionable fee or cost in violation of Rule 4-200 of the Rules of Professional Conduct.

### 15.    Contract Attorneys

Another recurring complaint in fee disputes concerns charges for the use of contract attorneys.  Lawyers use contract attorneys for a myriad of purposes, including court appearances, conducting legal research, drafting motions or appeals briefs, etc.  The resulting complaints typically concern how much the client is ultimately charged for these tasks.   The ABA has opined that, if properly disclosed, it is appropriate for the lawyer to mark-up the cost [or add a profit] for work performed by contract attorneys.  (*See* American Bar Association Standing Committee on Ethics and Professional Responsibility Formal Opinion 00-420, Surcharge to client for use of a contract attorney (November 29, 2000)).  However, disputes result when a lawyer chooses to use a "contract attorney" and then bills for the work performed as a fee at the lawyer's hourly rate, when, in fact, the lawyer is paying the contract attorney a lesser rate.[5]

Anticipated use of contract attorneys should be addressed in the written fee agreement. The written fee agreement should state whether the contract lawyer is billed out as a cost or their time is charged as a fee at indicated rates along with the time of the lawyer's or law firm's other timekeepers (partners and associates).  (*See* State Bar of California Standing Committee on Professional Responsibility and Conduct, Formal Opinion No. 2004-165; and The Professionalism and Ethics Committee of the Orange County Bar Association, Formal Opinion 2014-1).  Absent such disclosure, the client should only be charged the out-of-pocket cost of the contract attorney.

---

[5]       There are numerous other non-billing, ethical considerations that are triggered by the use of contract lawyers. As COPRAC concluded in its Opinion 2004-165: Contract attorney services, and individual lawyers providing contract legal services to lawyers, may provide cost-effective alternatives to consumers of legal services. In using these services, those lawyers hiring the contract attorneys must comply with the ethical rules concerning the disclosure to the client of significant developments in the representation. Both those lawyers doing the hiring and those lawyers who are hired must comply with the ethical rules concerning competence, confidentiality, advertising, and conflicts of interest that apply to their respective roles in any such arrangement.

For example, assume that a lawyer [a solo practitioner], charging her client $300/hour, is unable to attend a status conference. She engages a contract attorney to attend a status conference. The contract attorney then delivers an invoice to the lawyer indicating that it took him 1½ hours to attend the status conference and the cost to the lawyer is $100, which the lawyer pays. Generally, given the foregoing facts, the client should only be charged the $100 paid to the contract attorney. If the lawyer seeks to charge the client some other amount, more than $100 or $450 (1½ hours it took to attend the status conference multiplied by her $300/hour rate), it must be clearly disclosed in the written fee agreement. If it is not, then it may be evidence of bill padding.

However, there are circumstances where the facts are not so clear-cut. For example, some law firms [including large multi-national law firms], occasionally find it necessary to hire groups of contract attorneys to conduct special assignments, like document reviews in large cases involving hundreds of thousands, if not millions, of hard and digital documents. In addition to the hourly rate for the contract attorneys, such law firms also incur office and transportation [and other] costs associated with using the contract attorneys. For example, the law firm may have to allocate a portion of their office space, or rent some additional office space, for the contract attorneys to do their work. In such cases, assuming that the use and charge of the contract attorneys are properly disclosed in the written fee agreement, it may be appropriate for the law firm to charge a premium for the use of the contract attorneys. If there is no such disclosure, in addition to the contract attorney's actual hourly rate, the law firm may also be able to properly charge the client for the associated costs described above. Of course, in such circumstances, it is the law firm's obligation to bear the burden of proof to quantify the associated costs chargeable to the client.

The arbitrator should consider the terms of the written fee agreement and whether the client agreed to pay for contract attorneys at some rate other than the actual cost to the lawyer. In the vast majority of written fee agreements, the term "attorney" or "lawyer" is typically defined to mean only the lawyer and/or law firm hired by the client. While a reasonable extension of this definition may include the defined lawyer's employee associates and partners, it does not necessarily include non-employee contract attorneys to which the client has no relationship. Accordingly, the arbitrator should assess those facts regarding whether the client agreed or acknowledged the use and expense of contract attorneys.

## CONCLUSION

The vast majority of lawyers are honest and their bills are reliable statements of the work and time billed to the client. However, if a client claims to have been over-billed, the arbitrator should, at the very least, (1) evaluate the specificity of the time entries and the process by which the fee bill was prepared, (2) evaluate the staffing used on the matter, (3) evaluate the work performed against the time billed, and (4) look for certain patterns in the descriptions of the work performed, including the time entries, to assess the accuracy and propriety of the time charged to the client.

# PORTER McGUIRE KIAKONA & CHOW, LLP

**ATTORNEYS AT LAW**
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

FED. ID NO.
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                                January 25, 2016
C/O HAWAIIAN PROPERTIES LTD                                 File #: ████████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA                                            Inv #:      60891
ATTN: ERIC YAMAGUCHI
RE: WARTA, JEREMY LYN (UNIT 604)

---

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

---

For Legal Services Rendered and Costs Incurred Through:        January 15, 2016

PREVIOUS BALANCE:                     $0.00

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Jan-06-16 | CAF | Review and revise draft regarding ████████ | 0.25 | $42.50 |
| | | FOR CURRENT LEGAL FEES RENDERED: | 0.25 | $42.50 |
| | | GENERAL EXCISE TAX ON LEGAL FEES: | | $2.00 |

### TOTAL BILLED THIS INVOICE:                                    **$44.50**

BALANCE DUE:                                                          $44.50

===============

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

## EXHIBIT "8"

PMK 001299

# PORTER McGUIRE KIAKONA & CHOW, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

**FED. ID NO.**
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                    February 23, 2016
C/O HAWAIIAN PROPERTIES LTD                       File #: ██████████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA                               Inv #:        61788
ATTN: ERIC YAMAGUCHI
RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:          February 16, 2016

PREVIOUS BALANCE:                                               $44.50

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Jan-26-16 | RAS | Review and revise letter to owner regarding reasonable restrictions | 0.80 | $192.00 |
| Jan-27-16 | RAS | Review████████████████████████████████ | 0.30 | $72.00 |
| | | FOR CURRENT LEGAL FEES RENDERED: | 1.10 | $264.00 |
| | | GENERAL EXCISE TAX ON LEGAL FEES: | | $12.44 |

**COSTS INCURRED:**

Postage                                                                    7.67
GENERAL EXCISE TAX ON COST INCURRED:                                       $0.00

### TOTAL BILLED THIS INVOICE:                                         **$284.11**

Feb -08-16          PAYMENT, THANK YOU, CHECK #2309 Plumeria Hale           $44.50

BALANCE DUE:                                                              $284.11

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

2

PMK 001300

# PORTER McGUIRE KIAKONA & CHOW, LLP

**ATTORNEYS AT LAW**
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

**FED. ID NO.**
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                                July 22, 2016
C/O HAWAIIAN PROPERTIES LTD                          File #: ███████████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA                                    Inv #:      82582
ATTN: ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

---

*This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.*

---

For Legal Services Rendered and Costs Incurred Through:      July 15, 2016

PREVIOUS BALANCE:                                          $0.00

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Jun-30-16 | RAS | Review emails and attachments regarding ██████████ | 1.00 | $275.00 |
| | HMK | Review emails from chris porter and Glen Suziki regarding ██████ | 0.10 | $19.00 |
| | HMK | review file regarding ████████████ | 0.30 | $57.00 |
| | HMK | telephone call with resident manager regarding ██████ | 0.30 | $57.00 |
| | HMK | research regarding ████████ | 0.60 | $114.00 |
| | HMK | draft letter regarding removal of animal | 0.40 | $76.00 |
| | HMK | draft demand letter | 2.50 | $475.00 |
| Jul-01-16 | RAS | Review issues regarding ██████████ | 0.20 | $55.00 |
| Jul-05-16 | HMK | edit demand letter | 0.50 | $95.00 |
| | HMK | final edit to demand letter | 0.60 | $114.00 |
| | HMK | draft email to client regarding ███████ | 0.20 | $38.00 |
| | RAS | Review and revise letter agreement to J. Warta regarding assistance animal | 0.60 | $165.00 |
| Jul-07-16 | HMK | telephone call with Glen Suzuki Regarding ████████ | 0.20 | $38.00 |

**WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.**
**THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT**
TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001301

| Jul-11-16 | HMK | edit letter regarding dog removal ▮▮▮▮▮ | 0.50 | $95.00 |
| | RAS | Review issue regarding ▮▮▮▮▮▮▮▮▮▮ | 0.20 | $55.00 |
| Jul-12-16 | HMK | final edit to letter regarding dog removal | 0.40 | $76.00 |
| Jul-15-16 | ACCT | 10% Courtesy Discount ▮▮▮▮ | 0.00 | -$180.40 |

| | FOR CURRENT LEGAL FEES RENDERED: | 8.60 | $1,623.60 |
| | GENERAL EXCISE TAX ON LEGAL FEES: | | $76.50 |

**COSTS INCURRED:**

| Postage | 9.56 |
| GENERAL EXCISE TAX ON COST INCURRED: | $0.00 |

## TOTAL BILLED THIS INVOICE: $1,709.66

| BALANCE DUE: | $1,709.66 |

# PORTER McGUIRE KIAKONA & CHOW, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

**FED. ID NO.**
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                            August 22, 2016
C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL                                          File #:  ████████
HONOLULU, HI 96813 USA
ATTN: ERIC YAMAGUCHI                                           Inv #:      83356
RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:        August 15, 2016

PREVIOUS BALANCE:                            $1,709.66

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Jul-22-16 | HMK | Review letter to Mr. Warta regarding: dog eviction. | 0.20 | $38.00 |
| Jul-26-16 | HMK | Review and edit ████████ | 0.30 | $57.00 |
| Aug-01-16 | HMK | Review multiple emails regarding ████ | 0.20 | $38.00 |
| | HMK | Draft letter regarding dog removal | 0.30 | $57.00 |
| | RAS | Review emails from G. Suzuki regarding ████████ | 0.40 | $110.00 |
| Aug-02-16 | HMK | Draft letter regarding dog removal | 1.50 | $285.00 |
| | RAS | Review and revise letter to J. Warta regarding demand to remove assistance animal | 0.80 | $220.00 |
| Aug-03-16 | HMK | Edit assistance animal removal demand | 0.40 | $76.00 |

|  |  | FOR CURRENT LEGAL FEES RENDERED: | 4.10 | $881.00 |
|  |  | GENERAL EXCISE TAX ON LEGAL FEES: |  | $41.51 |

**COSTS INCURRED:**

Postage                                                                7.83
GENERAL EXCISE TAX ON COST INCURRED:                                   $0.00

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT
TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001303

**TOTAL BILLED THIS INVOICE:** **$930.34**

Aug -08-16      PAYMENT, THANK YOU, CHECK #2503 Plumeria Hale      $1,709.66

BALANCE DUE:      $930.34

Inv #:    83356          Page   2          August 22, 2016

PMK 001304

# PORTER McGUIRE KIAKONA & CHOW, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

**FED. ID NO.**
98-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                                    September 22, 2016
C/O HAWAIIAN PROPERTIES LTD                                  File #: ▓▓▓▓▓▓▓
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA                                          Inv #:      84166
ATTN: ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:          September 15, 2016

PREVIOUS BALANCE:                    $930.34

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Aug-19-16 | JLI | (Covenant Violation) Follow up on ▓▓▓▓▓▓▓ | 0.20 | $24.00 |
| | HMK | Review file for status, Email to Glen Suziki regarding ▓▓▓▓▓▓▓ | 0.20 | $38.00 |
| Aug-24-16 | RAS | Review issue regarding failure of owner to respond to demand or remove assistance animal | 0.20 | $55.00 |
| | HMK | Email to client regarding ▓▓▓▓▓▓▓ | 0.20 | $38.00 |
| Sep-06-16 | BWC | Draft complaint for declaratory and injunctive relief regarding breach covenant violation and agreement, review project governing documents | 4.00 | $480.00 |
| Sep-07-16 | BWC | Drafted complaint for declaratory and injunctive regarding breach covenant violations and agreement | 0.80 | $96.00 |
| Sep-14-16 | BWC | Review edits to complaint for declaratory and injunctive relief consistent with M. Kopper directions, revise complaint | 0.40 | $48.00 |
| | HMK | Edit complaint for declaratory relief. | 1.00 | $190.00 |
| Sep-15-16 | HMK | Continued review of complaint regarding dog removal | 0.30 | $57.00 |
| | CPP | Revised complaint for Declaratory and Injunctive Relief. | 0.80 | $252.00 |
| | BWC | Revise Complaint consistent with M. Kopper edits | 1.70 | $204.00 |

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT
TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001305

|  |  |  |
|---|---|---|
| FOR CURRENT LEGAL FEES RENDERED: | 9.80 | $1,482.00 |
| GENERAL EXCISE TAX ON LEGAL FEES: |  | $69.83 |

**COSTS INCURRED:**

| | | |
|---|---|---|
| Sep-19-16 | Recording/Filing Fees; Complaint; Clerk, First Circuit Court | 315.00 |
| | GENERAL EXCISE TAX ON COST INCURRED: | $0.00 |

**TOTAL BILLED THIS INVOICE:**                                    **$1,866.83**

| | | |
|---|---|---|
| Sep -07-16 | PAYMENT, THANK YOU, CHECK #2533 Plumeria Hale | $930.34 |

BALANCE DUE:                                                              $1,866.83

# PORTER McGUIRE KIAKONA & CHOW, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

**FED. ID NO.**
**99-0210947**

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                                                October 21, 2016

C/O HAWAIIAN PROPERTIES LTD                                         File #:   ▮▮▮▮▮▮▮▮
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA                                                 Inv #:        84958
ATTN: ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:          October 15, 2016

PREVIOUS BALANCE:                          $1,866.83

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Sep-16-16 | BWC | Revise Complaint with M. Kopper edits | 1.70 | $204.00 |
|  | HMK | Review, edit, and finalize complaint, gather exhibits for complaint | 1.70 | $323.00 |
| Oct-13-16 | HMK | Telephone call with counsel regarding possible settlement, email to counsel confirming discussion | 0.30 | $57.00 |
| Oct-14-16 | RAS | Review issues regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ | 0.20 | $55.00 |
|  |  | FOR CURRENT LEGAL FEES RENDERED: | 3.90 | $639.00 |
|  |  | GENERAL EXCISE TAX ON LEGAL FEES: |  | $30.11 |
|  |  | **TOTAL BILLED THIS INVOICE:** |  | **$669.11** |
| Oct -11-16 |  | PAYMENT, THANK YOU, CHECK #2572 Plumeria Hale |  | $1,866.83 |
|  |  | BALANCE DUE: |  | $669.11 |

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001307

# PORTER McGUIRE KIAKONA & CHOW, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

**FED. ID NO.**
**99-0210947**

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                          November 21, 2016

C/O HAWAIIAN PROPERTIES LTD                          File #: ███████████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA                                   Inv #:       85723
ATTN:  ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:        November 15, 2016

PREVIOUS BALANCE:                          $669.11

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Oct-21-16 | PLR | Postage Fee - Demand Letter | | $12.00 |
| | PLR | Draft Initial Demand Letter | | $160.00 |
| Oct-24-16 | HMK | Draft letter ███████████████ | 1.20 | $0.00 |
| Oct-26-16 | CPP | Revised draft ████████ | 0.40 | $126.00 |
| Oct-27-16 | HMK | finalize final agreement to Warta regarding assistance animal | 0.70 | $133.00 |
| Nov-11-16 | HMK | multiple Emails to opposing counsel regarding offer for reasonable accommodations | 0.70 | $133.00 |
| | | FOR CURRENT LEGAL FEES RENDERED: | 3.00 | $564.00 |
| | | GENERAL EXCISE TAX ON LEGAL FEES: | | $26.58 |

**COSTS INCURRED:**

| | | | | |
|------|------|------|------|------|
| Oct-26-16 | | Process Server Fee; Sandra K.S. Whang; Invoice Date 10/19/16 | | 61.00 |
| | | GENERAL EXCISE TAX ON COST INCURRED: | | $0.00 |

### TOTAL BILLED THIS INVOICE:                          **$651.58**

| | | | | |
|------|------|------|------|------|
| Nov -08-16 | | PAYMENT, THANK YOU, CHECK #2598 Plumeria Hale | | $669.11 |

**WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.**
**THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT**

TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

10                                          PMK 001308

BALANCE DUE:                                                    $651.58

PMK 001309

# PORTER McGUIRE KIAKONA & CHOW, LLP

**FED. ID NO.**
**99-0210947**

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)
C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN: ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

December 20, 2016

File #: ██████████

Inv #:      86522

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:      December 15, 2016

PREVIOUS BALANCE:                                          $651.58

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Nov-17-16 | HMK | review and respond to voicemail regarding ████████████ | 0.20 | $38.00 |
| Nov-21-16 | HMK | Review agreement from Warta, respond to Glen Suzuki regarding ██████████ | 0.20 | $38.00 |
| | | FOR CURRENT LEGAL FEES RENDERED: | 0.40 | $76.00 |
| | | GENERAL EXCISE TAX ON LEGAL FEES: | | $3.58 |

**TOTAL BILLED THIS INVOICE:**                                    **$79.58**

| Dec -05-16 | PAYMENT, THANK YOU, CHECK #2624 Plumeria Hale | $651.58 |
|------------|-----------------------------------------------|---------|
| | BALANCE DUE: | $79.58 |

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT
TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

# PORTER McGUIRE KIAKONA & CHOW, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

FED. ID NO.
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                              February 22, 2017

C/O HAWAIIAN PROPERTIES LTD                               File #:  ████████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96819 USA                                         Inv #:        88022
ATTN:  ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:    February 15, 2017

PREVIOUS BALANCE:                        $79.58

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Feb-03-17 | HMK | Email to glen regarding ████████ | 0.30 | $57.00 |
| | | FOR CURRENT LEGAL FEES RENDERED: | 0.30 | $57.00 |
| | | GENERAL EXCISE TAX ON LEGAL FEES: | | $2.69 |

### TOTAL BILLED THIS INVOICE:                                    $59.69

| | | | | |
|------|------|-------------|-------|--------|
| Jan -03-17 | | PAYMENT, THANK YOU, CHECK #2654 Plumeria Hale | | $79.58 |
| | | BALANCE DUE: | | $59.69 |

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

13                                        PMK 001311

# PORTER McGUIRE KIAKONA & CHOW, LLP

**ATTORNEYS AT LAW**
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

FED. ID NO.
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                                  April 24, 2017
C/O HAWAIIAN PROPERTIES LTD                              File #: ██████████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA                                        Inv #:      89459
ATTN: ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:          April 15, 2017

PREVIOUS BALANCE:                                     $59.69

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| Mar-17-17 | HMK | Draft letter regarding ██████████ | 1.20 | $228.00 |
| Mar-21-17 | HMK | Revise letter ██████████████ | 0.30 | $57.00 |
| | CPP | Revised notice of default on letter agreement. | 0.25 | $78.75 |
| Apr-04-17 | JLI | (Covenant Violation) Prepare email following up on ████████ | 0.10 | $12.00 |
| | | FOR CURRENT LEGAL FEES RENDERED: | 1.85 | $375.75 |
| | | GENERAL EXCISE TAX ON LEGAL FEES: | | $17.71 |

**COSTS INCURRED:**

| | | | |
|---|---|---|---|
| Postage | | | 7.44 |
| GENERAL EXCISE TAX ON COST INCURRED: | | | $0.00 |

### TOTAL BILLED THIS INVOICE:                              **$400.90**

| Mar -13-17 | PAYMENT, THANK YOU, CHECK #2734 Plumeria Hale | $59.69 |
|---|---|---|

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001312

BALANCE DUE:                                                    $400.90

# PORTER McGUIRE KIAKONA & CHOW, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

FED. ID NO.
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                                        May 22, 2017
C/O HAWAIIAN PROPERTIES LTD                                    File #: ████████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA                                         Inv #:      90290
ATTN: ERIC YAMAGUCHI
RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:        May 15, 2017

PREVIOUS BALANCE:                          $400.90

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Apr-18-17 | HMK | Draft motion for default | 0.50 | $95.00 |
| May-02-17 | MAB | CV - Updating notes regarding ███████████████████ | 0.10 | $17.00 |
| May-03-17 | JKA | Drafting Ex Parte Motion for First Extension of Time to File Pretrial Statement | 1.90 | $342.00 |
| | HMK | Meeting with Jason Adaniya regarding ██████████████ | 0.20 | $38.00 |
| | RLM | Review and revise our draft Motion for 1st Extension of Time to Serve Pretrial Statement, draft Declaration of Counsel in Support and Proposed Form of Order; follow-up regarding same. | 0.30 | $85.50 |
| May-04-17 | HMK | Draft motion for summary judgment and default judgment | 0.40 | $76.00 |
| May-12-17 | MAB | Reviewing and revising motion for default judgment or in the alternative for summary judgment | 2.00 | $340.00 |
| | HMK | Review and revise Motion for Summary Judgment, Draft fact section of Motion for summary judgment | 3.50 | $665.00 |
| May-13-17 | RLM | [Covenant Violation] Review and revise our draft Motion for Summary Judgment and the Declarations of Counsel, Glenn Suzuki and Robert Allocco and exhibits attached in support of same. | 0.80 | $232.00 |
| May-15-17 | MAB | Revising draft of motion for default judgment and/or Motion for Summary Judgment regarding: covenant violations | 1.10 | $187.00 |
| | RLM | [Covenant Violation] Further revisions of draft Motion for Summary Judgment. | 0.35 | $101.50 |

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

16

PMK 001314

| | | | |
|---|---|---|---|
| FOR CURRENT LEGAL FEES RENDERED: | | 11.15 | $2,179.00 |
| GENERAL EXCISE TAX ON LEGAL FEES: | | | $102.67 |

**COSTS INCURRED:**

| | |
|---|---|
| Postage | 7.44 |
| GENERAL EXCISE TAX ON COST INCURRED: | $0.00 |

### TOTAL BILLED THIS INVOICE:                    $2,289.11

| | | |
|---|---|---|
| May -05-17 | PAYMENT, THANK YOU, CHECK #2797 Plumeria Hale | $400.90 |

| | |
|---|---|
| BALANCE DUE: | $2,289.11 |

PMK 001315

# PORTER McGUIRE KIAKONA & CHOW, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

FED. ID NO.
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                                                June 22, 2017
C/O HAWAIIAN PROPERTIES LTD                                               File #:  ████████████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA                                                       Inv #:        91106
ATTN:  ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:        June 15, 2017

PREVIOUS BALANCE:                     $2,289.11

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| May-16-17 | MAB | CV - Revising draft of Motion for default judgment and/or Motion for Summary Judgment regarding: complaint for declaratory and injunctive relief regarding: assistance animal | 0.50 | $85.00 |
| | HMK | Edit and revise Motion for Summary Judgment, review file for correspondence and incident reports | 1.50 | $285.00 |
| May-18-17 | MAB | CV - Revising draft of motion for default judgment or in the alternative Motion for Summary Judgment | 1.40 | $238.00 |
| May-22-17 | MAB | CV - Reviewing draft of motion for default or in the alternative Motion for Summary Judgment regarding: covenant violations | 1.00 | $170.00 |
| | HMK | Revise and edit warta motion for summary judgment | 1.90 | $361.00 |
| May-23-17 | MAB | Revising draft of motion for default judgment or in the alternative Motion for Summary Judgment | 1.90 | $323.00 |
| May-24-17 | RLM | [Covenant Violation] Further revisions of draft Motion for Summary Judgment. | 0.40 | $116.00 |
| May-25-17 | MAB | Revising draft of motion for default judgment or in the alternative Motion for Summary Judgment | 0.30 | $51.00 |
| May-26-17 | JDC | Military Status Check | 0.25 | $30.00 |
| | KK | Analysis regarding ████████████ | 0.25 | $65.00 |
| | MAB | Reviewing and revising draft of motion for default or in the alternative for summary judgment | 1.00 | $170.00 |
| | RLM | [Covenant Violation] Follow-up regarding status of military service ████████████ | 0.25 | $72.50 |

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT
TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001316

| May-31-17 | MAB | CV - Drafting affidavit of military status of defendant regarding: declaratory action | 2.20 | $374.00 |
| | HMK | Research regarding ███████████████ | 0.30 | $57.00 |
| Jun-01-17 | MAB | CV - Revising motion for default judgment or in the alternative Motion for Summary Judgment regarding: declaratory action to remove dog from project | 0.50 | $85.00 |
| Jun-07-17 | MAB | CV - research regarding ████████████████████ | 0.10 | $17.00 |

|  |  | FOR CURRENT LEGAL FEES RENDERED: | 13.75 | $2,499.50 |
|  |  | GENERAL EXCISE TAX ON LEGAL FEES: | | $117.78 |

**COSTS INCURRED:**

| May-30-17 | Trace & Locate; Wood & Tait LLC; 05/25/17 Inv# 23045 | 36.46 |
| | GENERAL EXCISE TAX ON COST INCURRED: | $0.00 |

### TOTAL BILLED THIS INVOICE:                                             $2,653.74

| Jun -05-17 | PAYMENT, THANK YOU, CHECK #2824 Plumeria Hale | $2,289.11 |

| | BALANCE DUE: | $2,653.74 |

PMK 001317

# PORTER McGUIRE KIAKONA & CHOW, LLP

**FED. ID NO.**
**99-0210947**

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

TELEPHONE:  (808) 539-1100
FACSIMILE:  (808) 539-1189

PLUMERIA HALE (AOAO)
C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN:  ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

July 21, 2017

File #:  ▓▓▓▓▓▓▓

Inv #:      91832

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:        July 15, 2017

PREVIOUS BALANCE:              $2,653.74

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Jun-22-17 | MAB | Cv - Research regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | 0.40 | $68.00 |
| Jun-26-17 | MAB | Revising and filing Motion for Default and/or Summary Judgment | 0.50 | $85.00 |
| Jun-27-17 | MAB | CV - Review of draft of motion for default and/or summary judgment | 0.10 | $17.00 |
| Jun-28-17 | MAB | CV - Drafting/revising motion for default/summary judgment | 1.50 | $255.00 |
|  | MAB | CV - Drafting and revising motion for default and/or summary judgment | 0.70 | $119.00 |
| Jun-29-17 | MAB | CV - Revising draft of motion for default and/or summary judgment in declaratory action | 1.00 | $170.00 |
| Jul-05-17 | MAB | CV - Reviewing and revising draft of motion for default and/or summary judgment per SCRA provisions | 0.30 | $51.00 |
|  | HMK | Review and revise ▓▓▓▓▓▓▓▓ | 0.20 | $38.00 |

| | | FOR CURRENT LEGAL FEES RENDERED: | 4.70 | $803.00 |
|--|--|----------------------------------|------|---------|
| | | GENERAL EXCISE TAX ON LEGAL FEES: | | $37.84 |

**COSTS INCURRED:**

|  | Postage |  | 14.40 |
|--|---------|--|-------|
|  | GENERAL EXCISE TAX ON COST INCURRED: |  | $0.00 |

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001318

**TOTAL BILLED THIS INVOICE:**                                    **$855.24**

Jul -10-17          PAYMENT, THANK YOU, CHECK #2855 Plumeria Hale                    $2,653.74

                    BALANCE DUE:                                              $855.24

                                                              ================

Inv #:   91832                          Page   2                          July 21, 2017

PMK 001319

# PORTER McGUIRE KIAKONA & CHOW, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

**FED. ID NO.**
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)

C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN: ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

August 23, 2017

File #: ▬▬▬▬▬

Inv #:        92548

---

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

---

For Legal Services Rendered and Costs Incurred Through:        August 15, 2017

PREVIOUS BALANCE:        $855.24

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Jul-31-17 | MAB | CV - preparation for hearing on Motion for Summary and/or default Judgment regarding: dog | 0.20 | $34.00 |
| Aug-01-17 | MAB | Preparing for hearing on motion for summary judgment | 0.10 | $17.00 |
| Aug-02-17 | MAB | CV - Preparation for and attending hearing on motion for summary judgment | 1.00 | $170.00 |
| | MAB | CV - drafting e-mail to Randall Yee ▬▬▬▬▬ | 0.30 | $51.00 |
| | RLM | [Covenant Violations] Follow-up outcome of Hearing on our Motion for Default Judgment and Summary Judgment: ▬▬▬ | 0.25 | $72.50 |
| Aug-04-17 | MAB | CV - Drafting order denying motion for summary judgment | 0.60 | $102.00 |
| | MAB | Cv - Contacting attorneys who may serve as special counself for defendant | 0.40 | $68.00 |
| | RLM | [Covenant Violation] Review draft Order on our Motion for Default Judgment and Summary Judgment ▬ | 0.25 | $72.50 |
| Aug-07-17 | MAB | CV - Submitting proposed order denying without prejudice plaintiff's Motion for Summary Judgment to court | 0.10 | $17.00 |
| | MAB | CV - Responding to e-mail from attorney Stephen Dyer ▬▬▬▬ | 0.60 | $102.00 |
| | RLM | [Covenant Violation] Emails from and to Steve Dyer ▬▬▬▬▬▬ | 0.25 | $72.50 |
| Aug-08-17 | MAB | Drafting response to Stephen Dyer regarding: ▬▬▬▬ | 0.20 | $34.00 |

**WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.**
**THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT**

TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001320

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| | RLM | [Covenant Violation] Further emails from and to Steve Dyer regarding ██████ | .25 | $72.50 |
| Aug-09-17 | MAB | Responding to e-mail from Steve Dyer regarding ██████ | 0.10 | $17.00 |
| Aug-14-17 | MAB | CV - Follow-up with prospective special counsel attorney regarding ██████ | 0.10 | $17.00 |
| Aug-15-17 | MAB | Phone call with Steve Dyer from Chong Nishimoto regarding: ██████ | 0.40 | $68.00 |
| | MAB | Drafting e-mail to attorney Robert Fricke regarding: ██████ | 0.20 | $34.00 |
| | MAB | Phone call with attorney Robert Fricke regarding: ██████ | 0.20 | $34.00 |
| | MAB | Phone call with attorney Earle Partington regarding: ██████ | 0.30 | $51.00 |
| | RLM | [Covenant Violation] Further email from Steve Dyer ██████ | .25 | $72.50 |

|  |  |  |
|---|---|---|
| FOR CURRENT LEGAL FEES RENDERED: | 6.05 | $1,178.50 |
| GENERAL EXCISE TAX ON LEGAL FEES: | | $55.53 |

**TOTAL BILLED THIS INVOICE:**          **$1,234.03**

Aug -04-17    PAYMENT, THANK YOU, CHECK #2884 Plumeria Hale          $855.24

BALANCE DUE:          $1,234.03

# PORTER McGUIRE KIAKONA & CHOW, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

**FED. ID NO.**
**99-0210947**

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)

C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN: ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

September 22, 2017

File #:  ███████

Inv #:      93293

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:          September 15, 2017

PREVIOUS BALANCE:                    $1,234.03

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Aug-18-17 | MAB | CV - E-mail to potential special counsel for Jeremy L. Warta regarding: SCRA appointment, contact info for Warta | 0.40 | $68.00 |
| Aug-21-17 | MAB | CV - following up with Mr. Pertington regarding: ███████ | 0.10 | $17.00 |
|  | MAB | CV - Drafting motion to appoint special counsel in declaratory action | 0.60 | $102.00 |
| Aug-23-17 | RLM | [Covenant Violation] Review draft Motion to Appoint Special Counsel and documents in support of same. | 0.30 | $87.00 |
| Aug-24-17 | MAB | CV - sending draft of motion to appoint special counsel to Earle Partington ███████ | 0.30 | $51.00 |
| Aug-25-17 | MAB | Sending draft of motion to appoint special counsel to Earle Partington for review, signature, and return | 0.30 | $51.00 |
| Aug-28-17 | MAB | CV - Reviewing, signing, and filing motion to appoint special counsel for military defendant, Warta in declaratory action | 0.10 | $17.00 |
|  |  | FOR CURRENT LEGAL FEES RENDERED: | 2.10 | $393.00 |
|  |  | GENERAL EXCISE TAX ON LEGAL FEES: |  | $18.52 |

**COSTS INCURRED:**

| | | |
|--|--|--|
| Postage | | 3.98 |
| GENERAL EXCISE TAX ON COST INCURRED: | | $0.00 |

### TOTAL BILLED THIS INVOICE:                    $415.50

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001322

Sep -01-17          PAYMENT, THANK YOU, CHECK #2903 Plumeria Hale                    $1,234.03

                    BALANCE DUE:                                                      $415.50

                                                                            =============

PMK 001323

# PORTER McGUIRE KIAKONA & CHOW, LLP

**ATTORNEYS AT LAW**
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

FED. ID NO.
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                              October 20, 2017
C/O HAWAIIAN PROPERTIES LTD                                      File #:  ▬▬▬▬▬
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA                                          Inv #:       93979
ATTN:  ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

*This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.*

For Legal Services Rendered and Costs Incurred Through:        October 15, 2017

                                                              PREVIOUS BALANCE:            $415.50

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Sep-25-17 | MAB | CV - Phone call to prospective special counsel ▬▬▬▬▬ | 0.10 | $17.00 |
| Sep-26-17 | MAB | Attending hearing on motion to appoint special counsel; drafting update to special counsel; drafting supplemental declaration of counsel | 1.30 | $221.00 |
| Sep-27-17 | MAB | Revising draft of Supplemental Declaration regarding: motion to appoint special counsel and order granting motion to appoint special counsel; contacting Special Counsel regarding: outcome of hearing | 0.30 | $51.00 |
|  | RLM | [Covenant Violation] Review Court's Minute Order and follow-up to prepare and submit our Form of Order. | 0.30 | $87.00 |
| Sep-28-17 | PLR | Prepare Initial Demand Letter |  | $160.00 |
|  | PLR | Postage Fee - Demand Letter |  | $12.00 |
| Oct-12-17 | MAB | CV - sending order appointing special counsel to Earle Partington and follow up regarding: msj | 0.20 | $34.00 |
|  | RLM | [Covenant Violation] Review filed Order Granting our Motion to Appoint Special Counsel; follow-up to re-file our Motion for Summary Judgment ▬▬▬▬▬ | 0.35 | $101.50 |

|  |  |  | HOURS | AMOUNT |
|--|--|--|-------|--------|
|  |  | FOR CURRENT LEGAL FEES RENDERED: | 2.55 | $683.50 |
|  |  | GENERAL EXCISE TAX ON LEGAL FEES: |  | $32.21 |

**COSTS INCURRED:**

|  |  |
|--|--|
| Postage | 2.26 |

**WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.**
**THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT**

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001324

GENERAL EXCISE TAX ON COST INCURRED: $0.00

**TOTAL BILLED THIS INVOICE:** **$717.97**

Oct -06-17      PAYMENT, THANK YOU, CHECK #2934 Plumeria Hale                          $415.50

BALANCE DUE:                                                                 $717.97

==============

Inv #:   93979                          Page   2                          October 20, 2017

PMK 001325

# PORTER McGUIRE KIAKONA & CHOW, LLP

**FED. ID NO.**
99-0210947

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                            November 27, 2017
C/O HAWAIIAN PROPERTIES LTD                                     File #: ▓▓▓▓▓▓▓
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN: ERIC YAMAGUCHI                                            Inv #:      94684

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

---

For Legal Services Rendered and Costs Incurred Through:     November 15, 2017

PREVIOUS BALANCE:                                            $717.97

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Oct-17-17 | MAB | Preparing to file Motion for Summary Judgment and serve it and courtesy copy of complaint on special counsel | 1.50 | $255.00 |
| Oct-20-17 | MAB | Returning phone call from special counsel regarding: contact information for Mr. Warta; contacting Property Manager for current contact info for Mr. Warta | 0.40 | $68.00 |
| Oct-30-17 | MAB | CV - follow-up with special counsel and Property Manager regarding whether dog has been removed | 0.50 | $85.00 |
| Oct-31-17 | MAB | CV - Follow-up with Property Manager and Site Manager regarding: whether dog has been removed from property; contacting special counsel for Mr. Warta | 2.20 | $374.00 |
|  | RLM | [Covenant Violation] Follow-up to call new site manager to find out if dog has been removed; follow-up to see if Warta is willing to give us an affidavit swearing that dog has been removed prior to the hearing on the Motion for Summary Judgment set for 11/22/17. | 0.25 | $72.50 |
| Nov-01-17 | MAB | Drafting letter to Earle Partington regarding: offer to Mr. Warta to dismiss case | 1.20 | $204.00 |
|  | RLM | [Covenant Violation] Review and revise draft letter to Earle P., Warta's counsel and Warta's proposed Affidavit attached to same. | 0.40 | $116.00 |
| Nov-08-17 | RLM | [Covenant Violation] Emails from and to Bruce Sherman regarding his substituting in for Earle Partington as new counsel for J. Warta and follow-up regarding willingness to Stipulate to a 2-week continuance of the Motion for Summary Judgment Hearing now set for 11/22/17. | 0.25 | $72.50 |
| Nov-10-17 | MAB | CV - Drafting recommendation ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | 0.70 | $119.00 |
|  | RLM | [Covenant Violation] Further emails from and to Bruce Sherman regarding his request for a 90-Day Stay per the SCRA and follow-up ▓▓▓▓▓▓▓▓▓ | 0.50 | $145.00 |
| Nov-13-17 | MAB | Drafting opposition to Motion to stay proceedings | 2.10 | $357.00 |
|  | RLM | [Covenant Violation] Further emails from Bruce Sherman regarding his Motion for a 90-Day Stay; review Motion and follow-up to Oppose same. | 0.75 | $217.50 |

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001326

| Nov-14-17 | MAB | CV - Drafting motion for second extension of time to file pretrial statement | 0.80 | $136.00 |
| | RLM | [Covenant Violation] Follow-up ███████████████████████ , review draft Motion for Second Extension of Time to File Pretrial Statement and documents in support of same. | 0.40 | $116.00 |
| Nov-15-17 | MAB | CV - continued drafting opposition to motion for stay under SCRA | 1.30 | $221.00 |

|  |  |  |  |
|---|---|---|---|
| FOR CURRENT LEGAL FEES RENDERED: | 13.25 | $2,558.50 |
| GENERAL EXCISE TAX ON LEGAL FEES: | | $120.56 |

**COSTS INCURRED:**

| | |
|---|---|
| Photocopies | 93.60 |
| Postage | 33.27 |
| GENERAL EXCISE TAX ON COST INCURRED: | $0.00 |

**TOTAL BILLED THIS INVOICE:**                      **$2,805.93**

| Nov -06-17 | PAYMENT, THANK YOU, CHECK #2956 Plumeria Hale | $717.97 |
|---|---|---|

BALANCE DUE:                      $2,805.93

===============

# PORTER McGUIRE KIAKONA & CHOW, LLP

**FED. ID NO.**
**99-0210947**

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)

C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN: ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

December 21, 2017

File #: ███████████

Inv #:     95365

*This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.*

For Legal Services Rendered and Costs Incurred Through:         December 15, 2017

PREVIOUS BALANCE:                        $2,805.93

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Nov-16-17 | MAB | Continued drafting memo in opp to motion for stay of proceedings | 2.80 | $476.00 |
|  | RLM | [Covenant Violation] Review court's Order Granting our Motion for Second Extension of Time to File Pretrial Statement. | 0.20 | $58.00 |
| Nov-21-17 | MAB | CV - revising draft of memo in opp to motion for stay | 2.30 | $391.00 |
|  | RLM | [Covenant Violation] Review and revise draft Opposition to Defendant's Motion for a 90-Day stay and documents in support of same; review revised draft and further revise same for filing. | 2.30 | $667.00 |
| Nov-27-17 | MAB | CV - Reading opposing counsel's proposed order denying Motion for Summary Judgment; drafting opposition | 0.80 | $136.00 |
|  | RLM | [Covenant Violation] Follow-up regarding Court Minutes; review Warta's Proposed Form of Order and follow-up to respond to same; emails from and to Bruce Sherman regarding his further revisions to same. | 0.45 | $130.50 |
| Nov-30-17 | PLR | Research ███████████████████ | 0.25 | $30.00 |
| Dec-06-17 | MAB | Responding to e-mail from Bruce Sherman regarding no copy received of memo in opposition to motion for stay | 0.30 | $51.00 |
| Dec-07-17 | RLM | [Covenant Violation] Review Supplemental Declaration of Bruce Sherman and Affidavit of Commanding Officer attached to same in support of Warta's request for 90-Day Stay; review Court Minutes setting Motion to Stay for Hearing on January 11, 2018. | 0.35 | $101.50 |
|  |  | FOR CURRENT LEGAL FEES RENDERED: | 9.75 | $2,041.00 |
|  |  | GENERAL EXCISE TAX ON LEGAL FEES: |  | $96.17 |

**COSTS INCURRED:**

**WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.**
**THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT**

TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001328

| | | |
|---|---|---|
| Postage | | 0.67 |
| GENERAL EXCISE TAX ON COST INCURRED: | | $0.00 |

**TOTAL BILLED THIS INVOICE:**                              **$2,137.84**

Dec -18-17     PAYMENT, THANK YOU, CHECK #2988 Plumeria Hale                    $2,805.93

BALANCE DUE:                                                        $2,137.84

===============

Inv #:   95365                         Page   2                         December 21, 2017

PMK 001329

# PORTER McGUIRE KIAKONA & CHOW, LLP

**ATTORNEYS AT LAW**
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

**FED. ID NO.**
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                            January 19, 2018
C/O HAWAIIAN PROPERTIES LTD                            File #:  ▓▓▓▓▓▓▓
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA                                       Inv #:       95950
ATTN:  ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

---

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

---

For Legal Services Rendered and Costs Incurred Through:        January 15, 2018

PREVIOUS BALANCE:                        $2,137.84

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Dec-21-17 | RLM | Review Motion for Sanctions filed by Warta and follow-up ▓▓▓▓▓▓▓ | 0.75 | $217.50 |
| Dec-22-17 | MAB | CV - research ▓▓▓▓▓▓▓▓▓▓ | 2.80 | $476.00 |
| | RLM | [Covenant Violation] Continue to research ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ | 0.85 | $246.50 |
| Dec-26-17 | MAB | CV - Continued drafting memo in opp to motion for sanctions | 3.80 | $646.00 |
| | RLM | [Covenant Violation] Review and revise draft Opposition to Warta's Motion for Sanctions. | 1.30 | $377.00 |
| Dec-29-17 | MAB | CV - Continued drafting memo in opposition to motion for sanctions | 4.50 | $765.00 |
| | RLM | [Covenant Violation] Review and revise draft Opposition to Warta's Motion for Sanctions. | 0.80 | $232.00 |
| Jan-02-18 | MAB | CV - Responding to e-mail from Bruce Sherman regarding: request for electronic copies of memoranda | 0.20 | $34.00 |
| | MAB | CV - Continued drafting memo in opposition to motion for sanctions | 4.20 | $714.00 |
| | RLM | [Covenant Violation] Review revised draft Opposition to Warta's Motion for Sanctions in Preparation for filing same. | 0.50 | $145.00 |
| Jan-03-18 | MAB | Continued revising and finalizing memorandum in opposition to motion for sanctions | 0.50 | $85.00 |
| Jan-08-18 | MAB | CV - reading reply memo in support of motion for sanctions and reply memo in support of motion for stay | 1.90 | $323.00 |
| | RLM | [Covenant Violation] Review Warta's reply to our Opposition to his Motion for Sanctions; review Warta's Reply to Our Opposition to his Motion to Stay; review email from Warta's counsel seeking to seal the accommodation request. | 0.50 | $145.00 |

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

32

PMK 001330

| Jan-09-18 | MAB | Continued preparation for hearing on motion for sanctions and for stay of proceedings | 2.50 | $425.00 |
| | RLM | [Covenant Violation] Review draft Response to Arguments made in Warta's reply to our Opposition to his Motion for Sanctions; review draft response to arguments made in Warta's replay to our Opposition to his Motion to Stay. | 0.60 | $174.00 |
| Jan-10-18 | MAB | Continued preparation for hearing on motion for sanctions and motion for stay | 1.60 | $272.00 |
| Jan-11-18 | MAB | CV - Attending hearing on motion for stay and motion for sanctions | 1.30 | $221.00 |
| | MAB | Drafting motion to seal pages of record pursuant to HRCC Rule 9 | 1.40 | $238.00 |
| | RLM | [Covenant Violation] Follow-up regarding outcome of the Hearing on Warta's Motion to Stay and Motion for Sanctions ▓▓▓▓▓▓▓▓▓▓ | 0.45 | $130.50 |
| Jan-15-18 | ACCT | Courtesy discount per RLM | 0.00 | -$300.00 |

| | | FOR CURRENT LEGAL FEES RENDERED: | 30.45 | $5,566.50 |
| | | GENERAL EXCISE TAX ON LEGAL FEES: | | $262.29 |

**COSTS INCURRED:**

| | Postage | 3.37 |
| | GENERAL EXCISE TAX ON COST INCURRED: | $0.00 |

| **TOTAL BILLED THIS INVOICE:** | **$5,832.16** |

| Jan -08-18 | PAYMENT, THANK YOU, CHECK #3008 Plumeria Hale | $2,137.84 |
| | BALANCE DUE: | $5,832.16 |

# PORTER McGUIRE KIAKONA & CHOW, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

**FED. ID NO.**
**99-0210947**

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)

February 23, 2018

C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN: ERIC YAMAGUCHI

File #: ██████

Inv #:         96634

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:        February 15, 2018

PREVIOUS BALANCE:                    $5,832.16

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Jan-25-18 | RLM | Review Amended Notice of Hearing. | 0.20 | $60.00 |
| | | FOR CURRENT LEGAL FEES RENDERED: | 0.20 | $60.00 |
| | | GENERAL EXCISE TAX ON LEGAL FEES: | | $2.83 |

**TOTAL BILLED THIS INVOICE:**                 **$62.83**

| Feb -12-18 | | PAYMENT, THANK YOU, CHECK #3044 Plumeria Hale | | $5,832.16 |
| | | BALANCE DUE: | | $62.83 |

==============

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001332

# PORTER McGUIRE KIAKONA & CHOW, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

FED. ID NO.
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                      March 22, 2018
C/O HAWAIIAN PROPERTIES LTD                      File #:  ███████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA                               Inv #:      97332
ATTN: ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

---

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

---

For Legal Services Rendered and Costs Incurred Through:      March 15, 2018

PREVIOUS BALANCE:                                    $62.83

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Feb-16-18 | MAB | CV - drafting update to PM regarding: ███████ | 0.50 | $97.50 |
| Feb-20-18 | MAB | CV - Phone calls to Bruce Sherman and court clerk regarding stipulation to continue hearing date; drafting stipulation to continue hearing | 0.40 | $78.00 |
|  | RLM | Follow-up regarding Board ███████ | 0.25 | $75.00 |
| Feb-28-18 | MAB | CV - Preparing summary of legal fees in preparation for possible settlement discussion with opposing counsel ███████ | 2.70 | $526.50 |
| Mar-01-18 | MAB | Drafting recommendation to client ███████ | 0.90 | $175.50 |
|  | RLM | Review and revise draft email to Board ███████ | 0.25 | $75.00 |
| Mar-06-18 | MAB | CV - Drafting recommendation to Board ███████ | 0.90 | $175.50 |
| Mar-07-18 | RLM | Review emails to and from Warta's counsel regarding further continuance of Hearing regarding Settlement. | 0.20 | $60.00 |
| Mar-09-18 | MAB | Contacting court to request new hearing date for motion to stay and motion for sanctions; follow up with opposing counsel; drafting amended notice of hearing | 0.40 | $78.00 |
| Mar-13-18 | RLM | [Covenant Violation] Follow-up ███████ | 0.20 | $60.00 |

|  |  |  |  |  |
|--|--|--|--|--|
|  |  | FOR CURRENT LEGAL FEES RENDERED: | 6.70 | $1,401.00 |
|  |  | GENERAL EXCISE TAX ON LEGAL FEES: |  | $66.02 |

**WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.**
**THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT**

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001333

**TOTAL BILLED THIS INVOICE:**                                    **$1,467.02**

Mar -09-18        PAYMENT, THANK YOU, CHECK #3060 Plumeria Hale                    $62.83

              BALANCE DUE:                                          $1,467.02

                                                          ===============

# PORTER McGUIRE KIAKONA & CHOW, LLP

**ATTORNEYS AT LAW**
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

FED. ID NO.
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)

C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN: ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

May 22, 2018

File #: ▮▮▮▮▮▮▮▮

Inv #:         98651

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:        May 15, 2018

PREVIOUS BALANCE:                        $1,467.02

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Apr-30-18 | MAB | CV - drafting settlement offer letter to counsel for Mr. Warta regarding: reduction in fees | 1.10 | $214.50 |
| May-02-18 | MAB | CV - finalizing draft of settlement offer letter to owner Jeremy Warta | 0.30 | $58.50 |
| | RLM | Review and revise draft letter to Warta's counsel regarding Settlement Offer. | 0.25 | $75.00 |
| May-03-18 | MAB | Reading response to settlement offer from opposing counsel; drafting recommendation to partner regarding: same | 0.10 | $19.50 |
| | RLM | Follow-up regarding Warta's counsel response to our settlement offer. | 0.20 | $60.00 |
| May-07-18 | MAB | CV - drafting request for third extension of time to file pre-trial statement; ▮▮▮▮▮▮▮▮ | 1.00 | $195.00 |
| | RLM | [Covenant Violation] Review draft Motion For Third Extension of Time To File Pretrial Statement and documents in support of same. | 0.25 | $75.00 |
| May-10-18 | MAB | ▮▮▮▮▮▮▮▮▮▮▮▮ | 0.20 | $39.00 |

|  |  | FOR CURRENT LEGAL FEES RENDERED: | 3.40 | $736.50 |
|--|--|-----------------------------------|------|---------|
|  |  | GENERAL EXCISE TAX ON LEGAL FEES: |      | $34.70  |

**COSTS INCURRED:**

|  | Postage |  | 1.83 |
|--|---------|--|------|
|  | GENERAL EXCISE TAX ON COST INCURRED: |  | $0.00 |

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT
TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001335

**TOTAL BILLED THIS INVOICE:**                                    **$773.03**

Apr -09-18          PAYMENT, THANK YOU, CHECK #3095, Plumeria Hale                    $1,467.02

BALANCE DUE:                                    $773.03

================

Inv #:   98651                          Page   2                          May 22, 2018

38                                                      PMK 001336

# PORTER McGUIRE KIAKONA & CHOW, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

FED. ID NO.
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)
C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN: ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

June 22, 2018

File #: ▓▓▓▓▓▓

Inv #:     99337

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:        June 15, 2018

PREVIOUS BALANCE:        $773.03

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| May-17-18 | MAB | CV - drafting follow-up letter to counsel for Warta regarding: association's settlement offer; phone call with Sherman | 0.70 | $136.50 |
| May-18-18 | RLM | Follow-up regarding Warta's counsel's response to our Settlement Offer and to send him an updated ledger. | 0.20 | $60.00 |
| May-21-18 | MAB | CV - Drafting reply to Bruce Sherman regarding: his request for clarification regarding: Mr. Warta's ledger; multiple e-mails with property managers ▓▓▓▓▓▓ | 1.30 | $253.50 |
| | RLM | Review email from Bruce Sherman regarding his client's Counteroffer ▓▓▓▓▓▓ | 0.25 | $75.00 |
| May-22-18 | MAB | CV - preparation for hearing on motion for stay and for sanctions and to discuss settlement regarding: attorneys fees | 3.20 | $624.00 |
| | RLM | Conduct strategy session in preparation on Warta's Motions to Stay and Motion for Sanctions. | 0.80 | $240.00 |
| May-23-18 | MAB | CV - Prep for hearing on motion for sanctions and for stay | 3.00 | $585.00 |
| | RLM | Follow-up regarding outcome of the Hearing on Warta's Motion for sanctions and to stay proceedings and review and revise email to board ▓▓▓▓▓▓ | 0.40 | $120.00 |
| May-24-18 | MAB | CV - Drafting recommendation to Board regarding ▓▓▓▓▓▓ | 0.80 | $156.00 |
| May-29-18 | MAB | Discussing ▓▓▓▓▓▓ with Board; discussing same with partner | 0.50 | $97.50 |
| May-30-18 | MAB | Further discussing ▓▓▓▓▓▓ | 0.40 | $78.00 |
| | RLM | Follow-up regarding ▓▓▓▓▓▓ | 0.25 | $75.00 |

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001337

| Jun-04-18 | MAB | CV - Drafting update letter to Eric Yamaguchi regarding ███████ | 0.30 | $58.50 |
| Jun-05-18 | MAB | ████████████████████ | 0.20 | $39.00 |
| Jun-08-18 | MAB | Preparing payment plan letter for settlement offer | 1.50 | $292.50 |
| Jun-15-18 | ACCT | Courtesy Discount ███ | 0.00 | -$144.53 |

|  | FOR CURRENT LEGAL FEES RENDERED: | 13.80 | $2,745.97 |
|  | GENERAL EXCISE TAX ON LEGAL FEES: |  | $129.39 |

**COSTS INCURRED:**

|  | Postage |  | 0.47 |
|  | GENERAL EXCISE TAX ON COST INCURRED: |  | $0.00 |

### TOTAL BILLED THIS INVOICE:                                              $2,875.83

| Jun -01-18 | PAYMENT, THANK YOU, CHECK #3142, Plumeria Hale |  | $773.03 |

|  | BALANCE DUE: |  | 2,875.83 |

# PORTER McGUIRE KIAKONA & CHOW, LLP

**ATTORNEYS AT LAW**
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

FED. ID NO.
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                              August 23, 2018
C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL                                      File #: ████████████
HONOLULU, HI 96815 USA
ATTN: ERIC YAMAGUCHI                                        Inv #:      100746

RE: WARTA, JEREMY LYN (UNIT 604)

---

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

---

For Legal Services Rendered and Costs Incurred Through:        August 15, 2018

PREVIOUS BALANCE:                    $2,875.83

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Jul-25-18 | MAB | CV - revise draft of settlement offer with Mr. Warta | 0.40 | $78.00 |
| Aug-09-18 | MAB | Reviewing ledger ███████████████████████ | 0.40 | $78.00 |
| | | FOR CURRENT LEGAL FEES RENDERED: | 0.80 | $156.00 |
| | | GENERAL EXCISE TAX ON LEGAL FEES: | | $7.35 |

### TOTAL BILLED THIS INVOICE:                          $163.35

| | | | |
|--|--|--|--|
| Jul -09-18 | PAYMENT, THANK YOU, CHECK #3181, Plumeria Hale | | $2,875.83 |

BALANCE DUE:                          $163.35

==============

**WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.**
**THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT**
TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

41

PMK 001339

# PORTER McGUIRE KIAKONA & CHOW, LLP

**FED. ID NO.**
**99-0210947**

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)

C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN: ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

October 23, 2018

File #: ▬▬▬▬▬▬

Inv #:        102058

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:        October 15, 2018

PREVIOUS BALANCE:        $163.35

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Sep-19-18 | KK | Review and respond to email from property manager regarding ▬▬▬▬ | 0.30 | $82.50 |
| Sep-20-18 | MAB | Drafting recommendation to Board ▬▬▬▬▬▬▬▬ | 0.30 | $58.50 |
| Oct-15-18 | RLM | Follow-up to contact property manager and Board ▬▬▬▬▬▬ | 0.25 | $75.00 |
| | | FOR CURRENT LEGAL FEES RENDERED: | 0.85 | $216.00 |
| | | GENERAL EXCISE TAX ON LEGAL FEES: | | $10.18 |

## TOTAL BILLED THIS INVOICE:        $226.18

| | | | |
|------|-------------|--|--------|
| Sep -07-18 | PAYMENT, THANK YOU, CHECK #3234, Plumeria Hale | | $163.35 |
| | BALANCE DUE: | | $226.18 |

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001340

# PORTER McGUIRE KIAKONA & CHOW, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

**FED. ID NO.**
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                             November 26, 2018
C/O HAWAIIAN PROPERTIES LTD                                      File #: ██████████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA                                           Inv #:      102780
ATTN: ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

---

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

---

For Legal Services Rendered and Costs Incurred Through:        November 15, 2018

PREVIOUS BALANCE:                                   $226.18

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Oct-19-18 | MAB | CV - drafting recommendation to Board ████████████████ | 0.20 | $39.00 |
| Oct-22-18 | MAB | CV - Drafting settlement agreement for Board review | 0.90 | $175.50 |
| Oct-25-18 | KAM | Researched Ho'ohiki for updates on case | 0.25 | $30.00 |
| Oct-26-18 | KAM | Review email and account ledger received from project accountant | 0.20 | $24.00 |
| Nov-05-18 | MAB | CV - drafting e-mail to counsel for owner regarding request for extension of time to file pre-trial statement; drafting ex parte motion for extension of time to file pretrial statement; preparing payment plan letter | 0.70 | $136.50 |
| | RLM | Review and revise draft Release and Settlement Agreement. | 1.35 | $405.00 |
| Nov-06-18 | MAB | Follow up with partner, paralegal, and property manager regarding payment plan and settlement agreement | 0.30 | $58.50 |
| Nov-07-18 | MAB | Drafting e-mail to Board regarding ████████████ | 1.20 | $234.00 |

FOR CURRENT LEGAL FEES RENDERED:                5.10        $1,102.50

GENERAL EXCISE TAX ON LEGAL FEES:                           $51.95

**COSTS INCURRED:**

Postage                                                        1.36

**WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.**
**THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT**

TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

43

PMK 001341

GENERAL EXCISE TAX ON COST INCURRED:                                      $0.00

**TOTAL BILLED THIS INVOICE:**                                      **$1,155.81**

BALANCE DUE:                                                      $1,381.99

# PORTER McGUIRE KIAKONA & CHOW, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

FED. ID NO.
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)
C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN: ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

February 25, 2019

File #: ██████████

Inv #:      104618

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:      February 15, 2019

PREVIOUS BALANCE:      $1,381.99

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Jan-04-19 | MAB | Following up with Board ████████████████ | 0.40 | N/C |
| Jan-16-19 | MAB | Follow up with paralegal for Plumeria Hale ████████████ | 0.30 | N/C |
| Jan-18-19 | KAM | Payment Plan Agreement | | $220.00 |
| | KK | Attorney Review Payment Plan Agreement | | $175.00 |
| Jan-30-19 | MAB | Drafting response to Mr. Warta's attorney regarding settlement offer | 0.30 | N/C |
| | | FOR CURRENT LEGAL FEES RENDERED: | 1.00 | $395.00 |
| | | GENERAL EXCISE TAX ON LEGAL FEES: | | $18.61 |

**TOTAL BILLED THIS INVOICE:**                                   **$413.61**

| | | | | |
|--|--|--|--|--|
| Feb -04-19 | | PAYMENT, THANK YOU, CHECK #3348, Plumeria Hale | | $1,381.99 |
| | | BALANCE DUE: | | $413.61 |

========

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001343

# PORTER McGUIRE KIAKONA & CHOW, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

FED. ID NO.
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                                April 23, 2019

C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL                                    File #:   ████████
HONOLULU, HI 96813 USA
ATTN: ERIC YAMAGUCHI                                     Inv #:      105937

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:        April 15, 2019

PREVIOUS BALANCE:                     $413.61

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Mar-25-19 | KK | Follow up on settlement and lien | 0.30 | $87.00 |
| Apr-04-19 | MAB | Follow up with Counsel for Warta regarding status of payment plan and payment | 0.40 | N/C |
| | KK | Further emails ████████ | 0.20 | $58.00 |
| Apr-10-19 | MAB | Reading and responding to e-mails from board ████████ ████████████████ | 0.20 | $44.00 |
| | | FOR CURRENT LEGAL FEES RENDERED: | 1.10 | $189.00 |
| | | GENERAL EXCISE TAX ON LEGAL FEES: | | $8.91 |

**COSTS INCURRED:**

| | | | |
|------|---|---|---|
| Apr-18-19 | Recording/Filing Fees; NOL; Bureau of Conveyances | | 36.00 |
| | GENERAL EXCISE TAX ON COST INCURRED: | | $0.00 |

### TOTAL BILLED THIS INVOICE:                          **$233.91**

| | | |
|---|---|---|
| Mar -18-19 | PAYMENT, THANK YOU, CHECK #3382, Plumeria Hale | $413.61 |

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001344

BALANCE DUE:                                                        $233.91

## PORTER McGUIRE KIAKONA & CHOW, LLP

**ATTORNEYS AT LAW**
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

FED. ID NO.
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                        May 21, 2019
C/O HAWAIIAN PROPERTIES LTD                           File #:  ████████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA                                 Inv #:    106851
ATTN:  ERIC YAMAGUCHI
RE: WARTA, JEREMY LYN (UNIT 604)

*This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.*

For Legal Services Rendered and Costs Incurred Through:        May 15, 2019

PREVIOUS BALANCE:                         $233.91

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Apr-16-19 | KAM | Email to property manager ████████████████ | 0.25 | $32.50 |
| | KAM | Notice of Lien | | $175.00 |
| May-08-19 | MCB | Drafting fifth extension for filing pretrial statement | 0.80 | $160.00 |
| May-09-19 | MCB | Email to owners counsel regarding 5th extension of time for pretrial statement due to on going negotiations | 0.20 | $40.00 |
| May-14-19 | MCB | review and revise motion for extension to file pretrial statement; update declaration of counsel and add exhibit B to reflect email to opposing counsel | 0.50 | $100.00 |
| | | FOR CURRENT LEGAL FEES RENDERED: | 1.75 | $507.50 |
| | | GENERAL EXCISE TAX ON LEGAL FEES: | | $23.91 |

**COSTS INCURRED:**

| | | |
|---|---|---|
| Photocopies | | 11.25 |
| GENERAL EXCISE TAX ON COST INCURRED: | | $0.00 |

### TOTAL BILLED THIS INVOICE:                         $542.66

| May -14-19 | PAYMENT, THANK YOU, CHECK #3432, Plumeria Hale | $233.91 |
|---|---|---|

**WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.**
**THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT**
TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001346

BALANCE DUE:                                                    $542.66

PMK 001347

# PORTER McGUIRE KIAKONA & CHOW, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

FED. ID NO.
99-0210947

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

PLUMERIA HALE (AOAO)                                                      June 21, 2019
C/O HAWAIIAN PROPERTIES LTD                              File #: ▇▇▇▇▇▇▇
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA                                      Inv #:        107507
ATTN: ERIC YAMAGUCHI
RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:       June 15, 2019

PREVIOUS BALANCE:                                    $542.66

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| May-17-19 | KK | 5/8 - emails regarding ex parte motion to extend time to file pretrial statement | 0.30 | $87.00 |
| May-21-19 | MCB | Review emails from Property Manager, ▇▇▇▇▇▇▇▇ | 0.50 | $100.00 |
| | KAM | Review and reply to emails from property manager ▇▇▇▇▇ | 0.25 | $32.50 |
| Jun-03-19 | MCB | Email to opposing counsel regarding settlement and lack of communication on the matter | 0.90 | $180.00 |

FOR CURRENT LEGAL FEES RENDERED:                    1.95        $399.50
GENERAL EXCISE TAX ON LEGAL FEES:                                $18.82

## TOTAL BILLED THIS INVOICE:                                    **$418.32**

Jun -03-19       PAYMENT, THANK YOU, CHECK #3444, Plumeria Hale        $542.66

BALANCE DUE:                                          $418.32

========

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT
TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001348

# PORTER McGUIRE KIAKONA & CHOW, LLP

**FED. ID NO.**
**99-0210947**

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

TELEPHONE:  (808) 539-1100
FACSIMILE:  (808) 539-1189

PLUMERIA HALE (AOAO)
C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN:  ERIC YAMAGUCHI

July 23, 2019

File #:  ████████

Inv #:     108256

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:          July 15, 2019

PREVIOUS BALANCE:                    $418.32

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Jul-05-19 | KAM | Email from and to property manager ████████████ | 0.25 | $32.50 |
| Jul-08-19 | MCB | Meeting with CTH regarding ██████████████ ████ | 0.20 | $40.00 |
| | CTH | Briefing with M. Biechler | 0.40 | N/C |
| | CTH | Document Review (Pleadings, correspondences, etc.) | 1.00 | $150.00 |
| | CTH | Drafted letter to opposing counsel demanding response | 1.00 | $150.00 |
| Jul-10-19 | MCB | Review and revise letter to opposing counsel seeking settlement; legal research ████ ████████ | 1.80 | $360.00 |

FOR CURRENT LEGAL FEES RENDERED:          4.65      $732.50

GENERAL EXCISE TAX ON LEGAL FEES:                    $34.52

**TOTAL BILLED THIS INVOICE:**                    **$767.02**

Jul -15-19          PAYMENT, THANK YOU, CHECK #3466, Plumeria Hale          $418.32

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001349

# PORTER McGUIRE KIAKONA & CHOW, LLP

**FED. ID NO.**
99-0210947

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

TELEPHONE:  (808) 539-1100
FACSIMILE:  (808) 539-1189

PLUMERIA HALE (AOAO)                                                                 August 22, 2019
C/O HAWAIIAN PROPERTIES LTD                                          File #:   ██████████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA                                                   Inv  #:      109004
ATTN:  ERIC YAMAGUCHI

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:        August 15, 2019

PREVIOUS BALANCE:                          $767.02

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Jul-17-19 | KK | Revision to letter to opposing counsel regarding settlement offer | 0.30 | $87.00 |
| Aug-15-19 | MCB | Email to KFHK regarding ██████████████████████ ████email to Property Manager████████ | 0.20 | $40.00 |
| | KK | Follow up on settlement issues | 0.30 | $87.00 |

|  |  | FOR CURRENT LEGAL FEES RENDERED: | 0.80 | $214.00 |
|  |  | GENERAL EXCISE TAX ON LEGAL FEES: | | $10.08 |

**TOTAL BILLED THIS INVOICE:**                                    **$224.08**

| Aug -12-19 | | PAYMENT, THANK YOU, CHECK #3492, Plumeria Hale | | $767.02 |

BALANCE DUE:                                    $224.08

=================

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001350

# PORTER McGUIRE KIAKONA, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

**FED. ID NO.**
██████

PLUMERIA HALE (AOAO)

C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN: APRIL PADELLO

RE: WARTA, JEREMY LYN (UNIT 604)

September 20, 2019

File #: ██████

Inv #: 109651

---

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

---

For Legal Services Rendered and Costs Incurred Through:      September 15, 2019

PREVIOUS BALANCE:      $224.08

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Sep-05-19 | MCB | Phone call to Bruce Sherman, esq. regarding demand for action in 8.15.2019 letter | 0.20 | $40.00 |
| Sep-10-19 | KK | Meeting and analysis regarding ██████ | 0.40 | $116.00 |
|  | MCB | Phone call with Bruce Sherman, esq. regarding ███████████████ ██████████████ meeting with KFHK regarding ██████ | 0.30 | ████ |
| Sep-12-19 | MCB | Listen to voicemails from Bruce Sherman, Esq.; return phone call to same regarding legal invoices and settlment offer | 0.20 | $40.00 |
|  | MCB | Meeting wtih KFHK regarding ████████████ | 0.10 | $20.00 |
|  | MCB | Email to Bruce Sherman confirming phone call regarding ████████ | 0.10 | $20.00 |
|  | MCB | Email to PM regarding ████████ | 0.20 | $40.00 |
| Sep-13-19 | MCB | Redacting legal invoices to be given to opposing counsel | 1.40 | $280.00 |
|  | MCB | Review motion for stay and opposition; review Rule 11 motion by owner | 0.40 | $80.00 |

|  |  |  |  |  |
|--|--|--|--|--|
|  | FOR CURRENT LEGAL FEES RENDERED: | | 3.30 | $696.00 |
|  | GENERAL EXCISE TAX ON LEGAL FEES: | | | $32.80 |

## TOTAL BILLED THIS INVOICE:      $728.80

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001351

Sep -11-19          PAYMENT, THANK YOU, CHECK #3514, Plumeria Hale.                    $224.98

             BALANCE DUE:                                                    $728.80

                                                                     ==============

Inv #:   109651                          Page   2                    September 20, 2019

PMK 001352

# PORTER McGUIRE KIAKONA, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

TELEPHONE:  (808) 539-1100
FACSIMILE:  (808) 539-1189

FED. ID NO:
██████

PLUMERIA HALE (AOAO)                                                    October 22, 2019

C/O HAWAIIAN PROPERTIES LTD                             File #:        ██████████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA                                      Inv  #:        110344
ATTN:  APRIL PADELLO

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:         October 15, 2019

PREVIOUS BALANCE:                      $728.80

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Sep-20-19 | KK | Review of documents regarding ██████████ | 0.50 | $145.00 |
|  | MCB | ██████████████████ | 0.60 | $120.00 |
| Sep-25-19 | MCB | ████████ email to opposing counsel regarding ████████ | 0.40 | $80.00 |
|  |  | FOR CURRENT LEGAL FEES RENDERED: | 1.50 | $345.00 |
|  |  | GENERAL EXCISE TAX ON LEGAL FEES: |  | $16.26 |

**TOTAL BILLED THIS INVOICE:**                              **$361.26**

Oct -01-19          PAYMENT, THANK YOU, CHECK #3529, Plumeria Hale                $728.80

BALANCE DUE:                                $361.26

=============

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001353

# PORTER McGUIRE KIAKONA, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

TELEPHONE:  (808) 539-1100
FACSIMILE:  (808) 539-1189

FED. ID NO.
████████

PLUMERIA HALE (AOAO)                                              November 21, 2019

C/O HAWAIIAN PROPERTIES LTD                                  File #:    ████████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN:  APRIL PADELLO                                             Inv  #:    110970

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

---

For Legal Services Rendered and Costs Incurred Through:        November 15, 2019

PREVIOUS BALANCE:                    $361.26

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Oct-16-19 | MAB | Drafting e-mail to Warta's counsel regarding motion to dismiss | 0.50 | $120.00 |
| Oct-17-19 | KK | Analysis regarding ████████████████████ | 0.40 | $116.00 |
| | MAB | ████████ e-mail to opposing Counsel regarding settlement offer and upcoming hearing on motion | 0.40 | $96.00 |
| Oct-30-19 | KK | Further review and analysis of ████████████████ | 0.25 | $72.50 |
| | MAB | Drafting e-mail to counsel for Warta regarding motion to dismiss; drafting opposition to motion to dismiss; ████████████ | 1.00 | $240.00 |
| Oct-31-19 | MAB | Drafting memorandum in opposition to Motion to Dismiss | 3.10 | $744.00 |
| Nov-04-19 | RLM | Review email from the court/Judge Ayabe seeking to move off the hearing date to 12/17/19 on Warta's Motion to Dismiss and ████████████████ | 0.25 | $78.75 |
| Nov-05-19 | RLM | Review email from Bruce Sherman confirming new hearing date works for him. | 0.20 | $63.00 |
| Nov-06-19 | KK | Initial review of motion to dismiss and opposition to same | 1.20 | $348.00 |
| Nov-07-19 | KK | Further review and revision of opposition to motion to dismiss | 0.60 | $174.00 |
| Nov-08-19 | MAB | Drafting ex parte motion for disxth extension of time to file pretrial statement | 0.70 | $168.00 |

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001354

| | | |
|---|---|---|
| FOR CURRENT LEGAL FEES RENDERED: | 8.60 | $2,220.25 |
| GENERAL EXCISE TAX ON LEGAL FEES: | | $104.62 |

**TOTAL BILLED THIS INVOICE:**　　　　　　　　　　**$2,324.87**

Nov -08-19　　PAYMENT, THANK YOU, CHECK #3559, Plumeria Hale　　　　$361.26

BALANCE DUE:　　　　　　　　　　　　　　　　$2,324.87

=============

# PORTER McGUIRE KIAKONA, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

**FED. ID NO.**
███████

PLUMERIA HALE (AOAO)                                          December 18, 2019

C/O HAWAIIAN PROPERTIES LTD                      File #:    ███████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN: APRIL PADELLO                                   Inv #:      111552

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:        December 12, 2019

PREVIOUS BALANCE:                                             $2,324.87

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| Nov-19-19 | KK | Further analysis regarding ███████ | 0.50 | $145.00 |
| | MAB | Preparing for hearing on Defendants' motion for sanctions | 1.00 | $240.00 |
| Nov-20-19 | MAB | Continued drafting memorandum in opposition to motion to dismiss | 0.20 | $48.00 |
| Dec-03-19 | MAB | Revising draft of memorandum in opposition to Defendant's motion to dismiss | 0.60 | $144.00 |
| Dec-04-19 | TWG | [Warta] research case law regarding ███████ | 0.25 | $58.75 |
| | MAB | Continued revising memorandum in opposition to Defendant's motion to dismiss for failure to state a claim | 4.70 | $1,128.00 |
| | MAB | Preparing exhibits for and finalizing draft of memorandum in opposition to Defendant's motion to dismiss for failure to state a claim | 2.50 | $600.00 |
| Dec-09-19 | KK | Further revision to opposition to motion to dismiss; emails and analysis regarding ███ | 0.60 | $174.00 |

|  |  | FOR CURRENT LEGAL FEES RENDERED: | 10.35 | $2,537.75 |
|---|---|---|---|---|
|  |  | GENERAL EXCISE TAX ON LEGAL FEES: |  | $119.58 |

## TOTAL BILLED THIS INVOICE:                    $2,657.33

| Dec -11-19 | | PAYMENT, THANK YOU, CHECK #3588, Plumeria Hale | | $2,324.87 |
|---|---|---|---|---|

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

58                                                          PMK 001356

BALANCE DUE:                                                    $2,657.35
                                                              ============

# PORTER McGUIRE KIAKONA, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

FED. ID NO.
██████████

TELEPHONE:  (808) 539-1100
FACSIMILE:  (808) 539-1189

PLUMERIA HALE (AOAO)                                    January 24, 2020

C/O HAWAIIAN PROPERTIES LTD                        File #:   ██████████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN:  APRIL PADELLO                                    Inv #:      112155

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

---

For Legal Services Rendered and Costs Incurred Through:        January 15, 2020

PREVIOUS BALANCE:                $2,657.33

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Dec-13-19 | MAB | Preparing for hearing on motion for sanctions | 0.20 | $48.00 |
| Dec-16-19 | KK | Outline arguments on rejected settlement position for Motion for Summary Judgment hearing | 0.40 | $116.00 |
|  | MAB | Preparing for hearing on Motion to dismiss and motion for sanctions | 1.20 | $288.00 |
| Dec-17-19 | KK | Analysis on ████████████████████████████████ | 0.60 | $174.00 |
|  | MAB | Travel time, preparing for, and attending hearing on Defendant's motion to dismiss for failure to state a claim; drafting proposed order denying motion | 2.30 | $552.00 |
|  | MAB | Phone call and discussion with lead partner and Property Manager for AOAO Plumeria Hale ████████████████████ | 0.50 | $120.00 |
| Jan-10-20 | MAB | Drafting e-mail update to client regarding ████████████████ | 0.60 | $144.00 |
| Jan-14-20 | MAB | Phone call with Warta's counsel, Justin Brackett regarding possible settlement of issue of attorneys' fees and costs. | 0.60 | $144.00 |
|  |  | FOR CURRENT LEGAL FEES RENDERED: | 6.40 | $1,586.00 |
|  |  | GENERAL EXCISE TAX ON LEGAL FEES: |  | $74.73 |
|  |  | **TOTAL BILLED THIS INVOICE:** |  | **$1,660.73** |
| Jan -13-20 |  | PAYMENT, THANK YOU, CHECK #3615, Plumeria Hale |  | $2,657.33 |

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001358

BALANCE DUE:                                                    $1,660.75

                                                           =============

# PORTER McGUIRE KIAKONA, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

**FED. ID NO.**
█████

PLUMERIA HALE (AOAO)                                    February 21, 2020

C/O HAWAIIAN PROPERTIES LTD                            File #:    ███████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN:  APRIL PADELLO                                   Inv  #:    112721

RE: WARTA, JEREMY LYN (UNIT 604)

*This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.*

For Legal Services Rendered and Costs Incurred Through:        February 15, 2020

PREVIOUS BALANCE:                    $1,660.73

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| Jan-17-20 | MAB | Reading e-mails from Board members regarding ███████ ███████ | 0.20 | $52.00 |
| Jan-21-20 | MAB | Reading e-mail from Board President and drafting e-mail response to her regarding ███ ███████████ | 1.30 | $338.00 |
| Jan-27-20 | MAB | Drafting e-mail to client re:██████ | 0.20 | $52.00 |
| Jan-30-20 | MAB | Revising and sending email to Board president regarding ████████ ██████ | 0.20 | $52.00 |
| Feb-04-20 | MAB | Reading and responding to emails from Property manager regarding ████ | 0.40 | $104.00 |
| Feb-06-20 | MAB | Reading email from Counsel Bruce Sherman and drafting response to same; drafting email to property manager ███████ | 0.40 | $104.00 |
|  | MAB | Drafting email to counsel for Mr. Warta regarding settlement offer ███████ | 0.40 | $104.00 |
| Feb-12-20 | KK | Attorney Review Payoff to Debtor |  | $150.00 |
|  | KAM | Prepared email to property manager and ████████ | 0.25 | $35.00 |
|  | KAM | Payoff to Debtor |  | $175.00 |

|  |  | FOR CURRENT LEGAL FEES RENDERED: | 3.35 | $1,166.00 |
|  |  | GENERAL EXCISE TAX ON LEGAL FEES: |  | $54.94 |

**WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT**

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001360

**TOTAL BILLED THIS INVOICE:**                                    **$1,220.94**

Feb -10-20        PAYMENT, THANK YOU, CHECK #3640, Plumeria Hale        $1,660.73


                  BALANCE DUE:                                          $1,220.94

                                                                  ==============

# PORTER McGUIRE KIAKONA, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

FED. ID NO.
██████████

TELEPHONE:  (808) 539-1100
FACSIMILE:  (808) 539-1189

PLUMERIA HALE (AOAO)

March 20, 2020

C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN:  APRIL PADELLO

File #:      ████████

Inv  #:      113388

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

For Legal Services Rendered and Costs Incurred Through:          March 15, 2020

PREVIOUS BALANCE:          $1,220.94

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| Feb-28-20 | MAB | Follow up with opposing counsel regarding status of offer of settlement; follow up with Board ███████████████████ | 1.00 | $260.00 |
| Mar-06-20 | MAB | Drafting response to board ███████████████ | 1.20 | $312.00 |
| | | FOR CURRENT LEGAL FEES RENDERED: | 2.20 | $572.00 |
| | | GENERAL EXCISE TAX ON LEGAL FEES: | | $26.95 |

**TOTAL BILLED THIS INVOICE:**          **$598.95**

| Mar -09-20 | PAYMENT, THANK YOU, CHECK #3660, Plumeria Hale | $1,220.94 |
|---|---|---|

BALANCE DUE:          $598.95

=============

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001362

# PORTER McGUIRE KIAKONA, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

TELEPHONE: (808) 539-1100
FACSIMILE: (808) 539-1189

FED. ID NO.
███████

PLUMERIA HALE (AOAO)                                    May 22, 2020
C/O HAWAIIAN PROPERTIES LTD                   File #:   ███████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN: APRIL PADELLO                               Inv #:   114813

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

---

For Legal Services Rendered and Costs Incurred Through:     May 15, 2020

PREVIOUS BALANCE:                    $598.95

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Apr-17-20 | KK | Follow up on settlement status | 0.25 | $81.25 |
| | MAB | Drafting email to Board regarding ███████ | 0.40 | $104.00 |
| Apr-23-20 | MAB | Phone call with Property Manager regarding ███████ | 0.40 | $104.00 |
| Apr-24-20 | KK | Emails and telephone call with property manager ███████ | 0.40 | $130.00 |
| Apr-27-20 | KK | Review of documents regarding ███████ | 0.60 | $195.00 |
| Apr-28-20 | MAB | Reading email from property manager regarding ███████ | 0.20 | $52.00 |
| | MAB | Reading and responding to emails from property manager and accounting manager for project; ███████ | 0.50 | $130.00 |
| May-04-20 | KAM | Prepare email to property manager and project accountant ███████ | 0.30 | $42.00 |

FOR CURRENT LEGAL FEES RENDERED:        3.05      $838.25
GENERAL EXCISE TAX ON LEGAL FEES:                   $39.50

## TOTAL BILLED THIS INVOICE:                        **$877.75**

Apr -08-20        PAYMENT, THANK YOU, CHECK #3681, Plumeria Hale        $598.95

**WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.**
**THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT**

TERMS: INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001363

BALANCE DUE:                                          $877.75
                                                ============

PMK 001364

# PORTER McGUIRE KIAKONA, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

TELEPHONE:  (808) 539-1100
FACSIMILE:  (808) 539-1189

FED. ID NO.
██████

PLUMERIA HALE (AOAO)                                           June 22, 2020

C/O HAWAIIAN PROPERTIES LTD                    File #:   ████████
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN:  APRIL PADELLO                                    Inv #:      115457

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc.) for which we have not yet been billed.

---

For Legal Services Rendered and Costs Incurred Through:          June 15, 2020

PREVIOUS BALANCE:                    $877.75

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| May-19-20 | MAB | Drafting ex parte motion to extend time to file pretrial statement | 0.60 | $156.00 |
| May-29-20 | KK | Multiple emails with property manager ██████████ | 0.30 | $97.50 |
| Jun-08-20 | KK | Further emails with property manager regarding ████████████ | 0.50 | $162.50 |
| Jun-09-20 | KK | Emails with property manager regarding ████ | 0.20 | $65.00 |
| Jun-15-20 | KK | Telephone call with property manager regarding ████████████ ██████████ | 0.50 | $162.50 |

|  |  |  | |  |
|------|------|-------------|-------|--------|
|  |  | FOR CURRENT LEGAL FEES RENDERED: | 2.10 | $643.50 |
|  |  | GENERAL EXCISE TAX ON LEGAL FEES: |  | $30.32 |
|  |  | **TOTAL BILLED THIS INVOICE:** |  | **$673.82** |
| Jun -08-20 |  | PAYMENT, THANK YOU, CHECK #3735, Plumeria Hale |  | $877.75 |
|  |  | BALANCE DUE: |  | $673.82 |

==============

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS:  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE.

PMK 001365

# PORTER McGUIRE KIAKONA, LLP

ATTORNEYS AT LAW
841 BISHOP STREET, SUITE 1500
HONOLULU, HAWAII 96813

**FED. ID NO.**
**99-0210947**

TELEPHONE  (808) 539-1100
FACSIMILE  (808) 539-1189

PLUMERIA HALE (AOAO)

July 22, 2020

C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN:  APRIL PADELLO

File #:

Inv  #:          116117

RE: WARTA, JEREMY LYN (UNIT 604)

This invoice may not include some expenses (telephone, photocopying, depositions, etc ) for which we have not yet been billed

For Legal Services Rendered and Costs Incurred Through:      July 15, 2020

PREVIOUS BALANCE              $673.82

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| Jun-16-20 | MAB | Outlining and preparing initial draft of motion for legal fees | 2.50 | $650.00 |
| Jun-18-20 | KK | Follow up on motion for fees | 0.30 | $97.50 |
| Jul-01-20 | MAB | Drafting Motion for attorneys' fees and costs | 3.00 | $780.00 |
| Jul-09-20 | MAB | Continued drafting motion for atty fees | 1.50 | $390.00 |
| Jul-14-20 | MAB | Continued drafting and revising draft of Motion for attorneys' fees and costs | 0.60 | $156.00 |
| | | FOR CURRENT LEGAL FEES RENDERED: | 7.90 | $2,073.50 |
| | | GENERAL EXCISE TAX ON LEGAL FEES: | | $97.70 |

**TOTAL BILLED THIS INVOICE:**                    **$2,171.20**

| Jul -16-20 | | PAYMENT, THANK YOU, CHECK #3765, Plumeria Hale | | $673.82 |
| | | BALANCE DUE: | | $2,171.20 |

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS.  THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT.  PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS   INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12% will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE

PMK 001366

# PORTER McGUIRE KIAKONA, LLP

**ATTORNEYS AT LAW**
**841 BISHOP STREET, SUITE 1500**
**HONOLULU, HAWAII 96813**

FED. ID NO.
99-0210947

TELEPHONE (808) 539-1100
FACSIMILE (808) 539-1189

PLUMERIA HALE (AOAO)

C/O HAWAIIAN PROPERTIES LTD
1165 BETHEL ST 2ND FL
HONOLULU, HI 96813 USA
ATTN: APRIL PADELLO

RE: WARTA, JEREMY LYN (UNIT 604)

August 25, 2020

File #:

Inv #:        116777

*This invoice may not include some expenses (telephone, photocopying, depositions, etc ) for which we have not yet been billed*

For Legal Services Rendered and Costs Incurred Through:        August 15, 2020

PREVIOUS BALANCE:                                          $2,171.20

| DATE | ATT | | DESCRIPTION | HOURS | AMOUNT |
|------|-----|---|-------------|-------|--------|
| Jul-20-20 | KK | | Follow up on motion for fees | 0.20 | $65.00 |
| | | MAB | Reviewing legal ledgers and AOAO account ledger for Mr Warta, revising motion for attorneys fees and costs and preparing exhibits to same redacting legal invoices | 5.40 | $1,404.00 |
| Aug-05-20 | KK | | Review and revise motion for fees | 1.10 | $357.50 |

FOR CURRENT LEGAL FEES RENDERED:                  6.70      $1,826.50
GENERAL EXCISE TAX ON LEGAL FEES:                            $86.06

## TOTAL BILLED THIS INVOICE:                            $1,912.56

| Aug -13-20 | PAYMENT, THANK YOU, CHECK #3787, Plumeria Hale | $2,171.20 |
|------------|-----------------------------------------------|-----------|

BALANCE DUE:                                              $1,912.56

WE ARE NOW ACCEPTING CREDIT CARD PAYMENTS. THERE WILL BE A 3.36% SERVICE CHARGE PER PAYMENT AMOUNT.
THIS BILL IS DUE UPON RECEIPT. PLEASE RETURN A COPY WITH YOUR PAYMENT

TERMS  INTEREST OF 1% PER MONTH (periodic rate), which corresponds to an ANNUAL PERCENTAGE rate of 12%, will be CHARGED ON AMOUNTS
UNPAID 30 days from the closing date of our last billing cycle as a FINANCE CHARGE

PMK 001367

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE, | ) ) ) | CIVIL NO. 16-1-1777-09 (BIA) (Other Action/Ejectment) |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| JEREMY L. WARTA,JOHN DOES 1-20,JANE DOES 1-20, DOE PARTERSHIPS 1-20, DOE CORPRATIONS 1-20, DOE ENTITIES 1-20, and DOE GOVERNMENTAL UNITS 1-20 | ) ) ) ) ) ) | CERTIFICATE OF SERVICE |
| Defendants. | ) ) ) | |

_____

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been duly served

by JEFS electronic filing and notification system to the Party below.

Kapono Kiakona, Esq.
Marcus Busekrus, Esq.
Porter McGuire Kiakona & Chow, LLP
Davies Pacific Center
841 Bishop Street, Suite 1500
Honolulu, Hawaii 96813

Attorneys for Plaintiff
AOAO of Plumeria Hale

DATED: Honolulu, Hawaii, October 19, 2020.

/S/ BRUCE F. SHERMAN
BRUCE F. SHERMAN
JUSTIN A. BRACKETT
Attorneys for Defendant
JEREMY L. WARTA

PMK 001368