Of Counsel:
PORTER McGUIRE KIAKONA, LLP

KAPONO F.H. KIAKONA     7691-0
MARCUS A. BUSEKRUS     10374-0
841 Bishop Street, Suite 1500
Honolulu, Hawaii, 96813
Telephone: (808) 539-1100
Facsimile: (808) 539-1189
Email:  kkiakona@HawaiiLegal.com
         mbusekrus@HawaiiLegal.com

Attorneys for Plaintiff
ASSOCIATION OF APARTMENT OWNERS
OF PLUMERIA HALE

**Electronically Filed**
**FIRST CIRCUIT**
**1CC161001777**
**26-OCT-2020**
**02:19 PM**
**Dkt. 99 MES**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE,<br><br>    Plaintiff,<br><br>vs.<br><br>JEREMY L. WARTA; JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20,<br><br>    Defendants.<br>_____ | CIVIL NO. 16-1-1777-09 (BIA)<br>(Declaratory Judgment)<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COST; DECLARATION OF KAPONO F.H. KIAKONA; CERTIFICATE OF SERVICE**<br><br>Date:  October 29, 2020<br>Time:  10:30 a.m.<br>Judge:  Honorable Bert I. Ayabe<br><br>Trial Date: Not Set |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

    Plaintiff ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE ("Plaintiff" or "Association") hereby submits its Reply Memorandum in Support of its Motion for an Award of Attorneys' Fees and Costs against Defendant JEREMY L. WARTA ("Defendant"), filed herein on September 22, 2020 ("Motion").

**I.**    **INTRODUCTION**

    As a matter of law, Plaintiff is entitled to its reasonable attorneys' fees and costs in this matter under HRS § 514B-157 and as the prevailing party in this case, due to the fact that it

**EXHIBIT 7**

PMK 001392

succeeded in obtaining the relief sought in the Complaint—removal of Defendant's dog. Thereafter, despite Plaintiff's efforts to resolve the remaining dispute of legal fees quickly, Defendant made every effort to delay its resolution and to drive up legal fees and costs through filing meritless motions and stonewalling Plaintiff's settlement efforts.  All of Plaintiff's legal fees and costs incurred in pursuing this matter to conclusion were necessary to achieve the relief sought and to bring this matter to conclusion. Thus, Plaintiff is entitled to an award of the full amount of attorneys' fees and costs claimed.

II.   **ARGUMENT**

   a. The Association Obtained the Primary Relief Sought in Bringing the Instant Action and Is the Prevailing Party

As outlined in the Motion, the Association obtained the relief it sought in this action, permanent removal of the dog.  Therefore, it is entitled to legal fees and costs under HRS § 514B-157 and under the Association's Governing Documents[1] for legal work to enforce restrictive covenants.  It is sufficient that the Association achieved the benefit sought in bringing the suit. See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 888 (9th Cir. 2000) see also Blair v. Ing, 96 Haw. 327, 331, 31 P.3d 184, 188 (2001) ("under Hawai'i law, a party may be deemed the 'prevailing party' entitled to an award of statutory attorneys' fees . . . without successfully litigating the merits of the party's claim"); Royal Hawaiian Orchards, L.P. v. Olson, No. CV148984RSWLRZX, (C.D. Cal. Oct. 15, 2015) ("Hawaiian courts have granted attorneys' fees without a final resolution on the action's merits."). Contrary to Defendant's position, the determination of a prevailing party is based whether or not the action materially altered the legal relationship between the parties.  As one Court summarized, absent a judgment on the merits,

---

[1] Article IX, Section 5 of the Association's By-laws provides in relevant part:
> Every apartment owner shall pay to the Association promptly on demand all costs and expenses including **reasonable attorney's fees incurred by or on behalf of the Association in . . . enforcing any provisions of the Declaration, or these Bylaws against such apartment owner or any occupant of such apartment.**

See Bylaws, Ex. "3" to Motion, at 20.

the only other requirement under Hawaii law to be entitled to an award of attorneys' fees and costs is "**where there has been a material alteration of the legal relationship of the parties, such as *the parties being unable to re-litigate the disputed issue***." Royal Hawaiian Orchards, 2015 WL 6039202, at *7

There is no dispute that in response to the Association's actions, Defendant removed the dog from the premises. The various pleadings filed by both parties confirm Defendant did not remove the dog until *after the Complaint was filed.* This demonstrates that the instant action was necessary to obtain the benefit sought, and it did in fact successfully achieve the benefit sought. Kona Enterprises, 229 F.3d at 888. Thus, Plaintiff is the prevailing party for purposes of allocating attorneys' fees and costs in this action.

    b. <u>Plaintiff Is Entitled to Attorneys' Fees and Costs in Moving for Summary Judgment Because the Motions Were Necessary to the Relief Sought, and Defendant Failed Establish that the Dog had Been Removed</u>

Plaintiff twice moved for summary judgment seeking an order instructing Defendant to permanently remove his dog from the Project. JEFS Dkt. 9 and 14. The first motion was denied without prejudice until counsel was appointed to represent Defendant, and the second motion was substantially identical to the first motion. Id. Each of these motions was necessary to enforce the Governing Documents because the Association had demanded that Defendant remove his dog from the Project, and Defendant had refused to do so. Thus, the Association was compelled to move for an order to obtain the relief sought.

Defendant argues that the summary judgment motions were unnecessary because the dog had been removed already, therefore the disputed issue was *moot* at the time the motions were filed. Defendant has the burden of establishing mootness, and failed to do so at the time the summary judgment motions were filed. In re Thomas H. Gentry Revocable Tr., 138 Haw. 158, 172, 378 P.3d 874, 888 (2016) ("The . . . burden of establishing mootness lies with the party asserting a case is moot."). Here, Defendant never informed Plaintiff's counsel that the dog was removed even though: (a) Defendant was told to do so, (b) he was a party opponent in

3

a dispute over the dog's removal, and (c) he was in default of Complaint. Even after the dog was allegedly removed, Defendant never filed an answer to the Complaint to deny the allegation that the dog was still there—which was incumbent on him to do so as a party opponent. HRCP Rule 8(d). Further, when Defendant was served with each of Plaintiff's Summary Judgment Motion(s), he was clearly on notice that the Association did not know the dog was gone—yet he did nothing to clarify this with Plaintiff's Counsel. Thus, Plaintiff was justified in believing that the dog was still at the Project at that time. Further, mootness was never established. Thus, Plaintiff was justified in moving for summary judgment on its claims to obtain the relief sought, and its entitled to its legal fees and costs for preparing such motions.

      c. <u>Defendant Is the Cause of the Escalating Legal Fees and Costs in this Matter</u>

Prior to the instant Motion, Plaintiff's last filing in this matter was its second Motion for Default/Summary Judgment, filed on October 24, 2017. <u>See</u> JEFS Dkt. 14. At that time, the Association's total legal fees and costs for the entire matter (including but not limited to the costs for pre-Complaint demand letters, letter agreements, follow up communications, drafting the Complaint, appointing special counsel for Defendant, and drafting its summary judgment motions) were only $14,861.89, of which Plaintiff only seeks payment of $1,218.30 for such work. <u>See</u> Declaration of Counsel, attached to Motion, at ¶23.[2] Since then, Defendant has been the sole cause of running up substantial legal fees by filing three separate and meritless Motions which Plaintiff has had to defend against: (1) an unwarranted motion for sanctions[3], (2) an unnecessary motion to stay (which was found by the Court to be moot)[4], and (3) an improper motion to dismiss[5], which was denied *with prejudice.*[6] Critically: (a) none of these motions have

---

[2] Defendant had already paid $13,643.59 of the total legal fees incurred by the Association in this matter, which nearly covers the entire amount spent by the Association at the time of its last filing.
[3] Filed December 21, 2017. See JEFS Dkt. 24.
[4] Filed November 13, 2017. See JEFS Dkt. 16.
[5] Filed October 1, 2019. See JEFS Dkt. 41.
[6] As to Defendant's Motion to Dismiss, before preparing its opposition memorandum, Plaintiff had requested that Defendant withdraw its motion on the basis that it lacked merit and only served to drive up costs. However, Defendant refused to do so. <u>See</u> Ex. "9" to Motion.

been granted in Defendant's favor, (b) all of them were filed while Defendant was in default of the Complaint, and (c) all of them were filed despite Defendant's position that the matter was already moot as of several months prior.  A large portion of the Association's total legal fees and costs claimed were incurred solely in defending against these frivolous motions (a total of $14,235.09).  See Declaration of Counsel, attached to Motion, at ¶24 and 25.

Additionally, Defendant further ran up legal fees and costs by stonewalling Plaintiff's settlement attempts over a period spanning three years—despite the Court having instructed the parties multiple times to attempt settlement.  During that time, Plaintiff sent countless emails, letters, and documents to Defendant and provided Defendant copies of the Association's confidential legal invoices (redacted) in a good faith effort to finally resolve the matter.  See Declaration of Counsel attached to Motion at ¶13.  Despite this, Defendant stonewalled Plaintiff's settlement efforts, and never even so much as responded to Plaintiff's last settlement offer, sent in April of 2020.  Id.  The total fees and costs expended by Plaintiff Association in preparing settlement offer letters, drafting emails follow ups and other correspondence to Defendant's counsel, obtaining and providing Defendant documents requested, and advising its client on how to approach Defendant's lack of response, comes to $16,968.94 over a period spanning nearly three years.  Id. at ¶26.  The escalation of amounts is entirely due to Defendant's stonewall tactics to Plaintiff's settlement efforts, which openly flouted the Court's instructions to negotiate settlement in good faith.  As these amounts were necessarily incurred to resolve the matter per the Court's instructions, Defendant is liable for these amounts.

    d.  <u>No Duplicate or Padded Work was Performed in this Matter</u>

In the five years this case has been active, it was handled by associate attorney H. Maxwell Kopper (HMK), until the matter was transferred to associate attorney Marcus A. Busekrus (MAB), and it was supervised by partner R. Laree McGuire (RLM), until the matter was transferred to partner Kapono F.H. Kiakona (KK).  Declaration of Kapono F.H. Kiakona

("Kiakona Dec.") at ¶3.  These four attorneys account for more than 85% of the total fees.[7]  See Declaration of Counsel, attached to Motion, at ¶18.  As is typical practice, associates primarily do research and drafting, and partners supervise and review.  Kiakona Dec. at ¶3.  While Defendant's Opposition protests this practice, this is actually a *cost savings approach*, as it allows for the majority of the work to be handled by a low-billing associate rather than by a top-billing partner, keeping the partner's involvement primarily limited to review.  Thus, the invoices show no any evidence of partner "hoarding" or duplicative work.

      Moreover, Defendant presents no evidence of padding.  In fact, the legal invoices themselves tell the exact opposite story, as the law firm's Partners have voluntarily given significant unsolicited *courtesy discounts* to their legal invoices, as reflected on its invoice entries dated July 15, 2016, January 15, 2018, and June 15, 2018, and several of the firm's Associates who have worked on this case *have opted not to charge for their time* spend on this matter, as reflected on billing entries dated November 21, 2016, January 4, 2019, January 16, 2019, January 30, 2019, April 4, 2019, April 23, 2019, July 8, 2019, and July 23, 2019.  See Legal Invoices, Ex. "8" to Motion, at 4, 10, 33, 40, 45, 46, 51.  Thus, contrary to Defendant's claims, the Association's counsel was very conscientious about how much it charged for the work performed, and worked diligently to keep costs low, even at times, at its own expense.  Thus, there is no evidence of "padding."

      e.  <u>The Hourly Rates Charged in the Instant Matter Relates to the Timekeepers' Experience and Qualifications and Are the Prevailing Rates for Similar Work of Comparable Skill, Experience and Reputation in the Industry</u>

      The attorneys' fees and costs in this matter are reasonable and necessarily incurred, and the hourly rates charged the timekeepers of Porter, McGuire, Kiakona, LLP, are standard rates for handling matters such as this one.  See Declaration of Counsel, attached to Motion, at

---

[7] The other 15% of fees charged for work provided by supporting paralegals and other attorneys who have had to step in when the lead attorneys are unavailable.  For example, associate attorney Michael C. Biechler (MCB) filled in for Marcus A. Busekrus briefly in 2019 when Mr. Busekrus was assigned full time to another matter.  Kiakona Dec. at ¶4.

PMK 001397

¶22.  Additionally, the hourly rates of each attorney and/or paralegal relate to their experience and qualifications, their hourly rates remain consistent for all clients[8] (and may increase over the course of years) and they are the prevailing rates for similar work of comparable skill, experience and reputation in the industry.  See Kiakona Dec. at ¶5.  Thus, the legal fees are appropriate and reasonable in this matter, specifically in relation to the skill level, experience, and reputation of the firm and its timekeepers.

      f.   <u>The Lodestar method is the appropriate method to calculate reasonableness of attorneys' fees</u>

Hawaii's Supreme Court has expressly adopted the "lodestar method" of determining a reasonable attorneys' fee, "in which the number of hours reasonably expended are multiplied by a reasonable hourly rate."  Gurrobat v. HTH Corp., 135 Haw. 128, 138, 346 P.3d 197, 207 (2015.  Defendant's Opposition counter-proposes that the "Monmouth" method of calculating reasonableness of legal fees is more appropriate than the lodestar method, citing a Maryland case entitled Monmouth Meadows Homeowners Ass'n v. Hamilton, 7 A.3d 1 (Md. App. 2010).

Defendant's argument fails for two reasons.  First, Defendant has not shown that the Monmouth has been adopted or recognized in Hawaii, or for that matter, anywhere outside of Maryland.  Second, Monmouth was an action by an association against an owner to collect delinquent assessments.  Id.  However, the instant case is not a collection action.  Rather, Plaintiff sought declaratory and injunctive relief for Defendant's violation of the restrictive covenants contained in the Association's Governing Documents.  Thus, there is *no principal amount* sought to be collected by which a reasonable legal fee can be compared.  The Monmouth method does not apply, and the lodestar method is the proper method.

---

[8] Except in the context of specially negotiated rates by insurance companies.

7

PMK 001398

      g.  <u>Plaintiff Lawfully Applied Amounts Paid by Defendant Towards Legal Fees and Did Not Violate HRS § 514B-105(c)</u>

As to the application of Defendant's payments to the Association, Defendant was aware as early as November 2016 that he had incurred legal fees due to his violations regarding his dog.  See Opposition Memorandum at 4.  Prior to and after that time, Defendant's payments to the Association were duly applied in accordance with the Association's "Priority of Payment" Policy, whereby any payments by an owner towards his regular assessments would be applied first towards any delinquent legal fees (among other charges) before being applied towards maintenance fees.  See Defendant's Ex. "A", attached to Opposition Memorandum at 5-12.  Also, as admitted in Defendant's Opposition Memorandum, Defendant voluntarily made a lump sum payment of $6,176.85 on November 8, 2016 to be applied towards "all fees relating to the service animal lawsuit."  Opposition at 4.  This payment was voluntary, was expressly intended to go towards legal fees, and was not made in connection with any kind of agreement or understanding that the amount paid would satisfy the debt.  Kiakona Dec. at ¶6.  Thus, all amounts paid by Defendant during this time were lawfully applied first towards the legal charges assessed to Defendant's ledger, and Plaintiff Motion makes no additional claim for these amounts, as they have already been satisfied.  Declaration of Counsel attached to Plaintiff's Motion, ¶23.

However, Defendant's Opposition falsely claims that Plaintiff violated HRS § 514B-105(c) in its application of Defendant's payments.  Specifically, on or about July 1, 2018, the legislature enacted HRS § 514B-105(c), which, among other things, disallowed "Priority of Payment" policies and required Associations to apply payments first toward maintenance fees and other assessments before applying them to legal fees.  Defendant falsely claims that the Association violated this statute by continuing to apply Defendant's payments towards legal fees first, even after the statute's enactment.  Motion at 4-5.  This is not so.  While Defendant's payments made in July and August of 2018 were initially applied to legal fees, that same leger

8

PMK 001399

shows that these payments were subsequently reversed and revised to apply to regular assessments on October 26, 2018, in accordance with HRS § 514B-105(c).  See Defendant's Ex. "A" at 12-13.  Thus, no violation occurred.

## IV.  **CONCLUSION**

In sum, Plaintiff is the prevailing party in this matter as it achieved the relief sought—permanent removal of the dog.  The legal fees incurred in this matter are reasonable, and Defendant's frivolous motions and stonewalling efforts are the sole cause of the escalating amount of time spent on this case.  Plaintiff Association respectfully requests an award of the full amount of legal fees and costs sought in its Motion.

DATED: Honolulu, Hawaii, October 26, 2020.

/s/ Marcus A. Busekrus
KAPONO F.H. KIAKONA
MARCUS A. BUSEKRUS
Attorneys for Plaintiff
ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE

PMK 001400

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE, <br><br> Plaintiff, <br> vs. <br><br> JEREMY L. WARTA; JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20, <br> Defendants. | CIVIL NO. 16-1-1777-09 (BIA) <br> (Declaratory Judgment) <br><br> **DECLARATION OF KAPONO F.H. KIAKONA** |

I, KAPONO F.H. KIAKONA, hereby declare as follows:

1. I am one a Partner at Porter McGuire Kiakona, LLP, the attorneys of record for Plaintiff Association of Apartment Owners of Plumeria Hale (hereinafter "Plaintiff" or the "Association"), and as such have personal knowledge of the facts as stated herein.

2. I make this affidavit based on personal knowledge and unless otherwise indicated, I am authorized and competent to testify to matters herein.

3. The instant matter case was initially handled by associate attorney H. Maxwell Kopper (HMK), until the matter was transferred to associate attorney Marcus A. Busekrus (MAB), and it was supervised by partner R. Laree McGuire (RLM), until the matter was transferred to me, Kapono F.H. Kiakona (KK).  As is typical practice, associates primarily do research and drafting of legal filings, and partners primarily supervise and review their work.

4. Associate attorney Michael C. Biechler (MCB) filled in for Marcus A. Busekrus briefly in 2019 when Mr. Busekrus was assigned full time to another matter.

5. The hourly rates of each attorney and/or paralegal who worked on this matter relates to their experience and qualifications.  The hourly rates remain the consistent in all of their matters (except in specially negotiated rates such as insurance defense rates), may

increase as time goes on, and these are the prevailing rates for similar work of comparable skill, experience and reputation.

6.     Defendants payment to the Association on or about November 8, 2016 was not made in connection with any kind of agreement to resolve the instant dispute or with any understanding that the amount paid would satisfy the debt owed to the Association.

I do hereby declare that the foregoing is true and correct to the best of my knowledge

DATED:  Honolulu, Hawaii, October 26, 2020.

/s/Kapono F.H. Kiakona
KAPONO F.H. KIAKONA

PMK 001402

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE, <br><br>  Plaintiff, <br><br> vs. <br><br> JEREMY L. WARTA; JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20, <br>  Defendants. | CIVIL NO. 16-1-1777-09 (BIA) <br> (Declaratory Judgment) <br><br> **CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was duly served upon the following party via JEFS electronic delivery on October 26, 2020.

> BRUCE F. SHERMAN                              VIA JEFS
> JUSTIN A. BRACKETT
> Attorneys for Defendant
>    JEREMY L. WARTA

DATED:  Honolulu, Hawaii, October 26, 2020.

> /s/ Marcus A. Busekrus
> KAPONO F.H. KIAKONA
> MARCUS A. BUSEKRUS
> Attorneys for Plaintiff
> ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE

PMK 001403