Of Counsel:
PORTER McGUIRE KIAKONA, LLP

KAPONO F.H. KIAKONA     7691-0
MARCUS A. BUSEKRUS     10374-0
841 Bishop Street, Suite 1500
Honolulu, Hawaii  96813
Telephone: (808) 539-1100
Facsimile: (808) 539-1189
Email:  kkiakona@HawaiiLegal.com
           mbusekrus@HawaiiLegal.com

Attorneys for Plaintiff
ASSOCIATION OF APARTMENT OWNERS
OF PLUMERIA HALE

**Electronically Filed
FIRST CIRCUIT
1CC161001777
21-OCT-2020
03:47 PM
Dkt. 95 MEO**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMY L. WARTA; JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20,<br><br>Defendants. | CIVIL NO. 16-1-1777-09 (BIA)<br>(Declaratory Judgment)<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT ENTERED APRIL 21, 2017; DECLARATION OF COUNSEL; CERTIFICATE OF SERVICE**<br><br>Hearing:<br>Date:  October 29, 2020<br>Time: 10:30a.m.<br>Judge:  Honorable Bert I. Ayabe<br><br>Trial Date: Not Set |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION
TO SET ASIDE DEFAULT ENTERED APRIL 21, 2017**

Comes now Plaintiff ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE

("Plaintiff" or "Association"), by and through its attorneys Porter McGuire Kiakona, LLP, and

hereby submits its Memorandum in Opposition to Defendant JEREMY L. WARTA'S

("Defendant") Motion to Set Aide Default Entered April 21, 2017, filed herein on October 8, 2020

("Motion").

EXHIBIT 8

## I. **INTRODUCTION**

Defendant's Motion is another in a line of motions that only serve to increase costs for all parties and serve no legitimate purpose in the litigation. The entry of default in this matter is a moot issue. Whether or not the clerk has entered default is irrelevant as Defendant's counsel has appeared at numerous hearings, filed multiple motions, and participated in various hearings. At those prior hearings, the Court clearly stated that the only remaining issue is the attorneys' fees owed to Plaintiff. The clerk's entry of default is not germane to that issue.

Even if the Court considers the merits of Defendant's Motion, it must fail. Defendant's argument is premised on a misinterpretation and misapplication of the Servicemembers' Civil Relief Act ("SCRA"). First, the Motion seeks to set aside the *entry of default* against him by the Clerk of the Court. However, the SCRA prevents a Court from entering *Default Judgment* against an unrepresented service member who is not represented by counsel but does not in any way prohibit *entry of default by a clerk,* the entire SCRA analysis is inapplicable, and Defendant's reliance thereupon is baseless. Second, the SCRA requires a showing that the defense was materially affected by the military service and that there is a meritorious defense. Defendant fails in both counts.

Further, Defendant cannot show good cause to set aside Default, as such a motion should have been filed at the first appearance of counsel over three years ago, not now, at the 11th hour of the case and after years of meritless motions and fruitless attempts to settle the case. It is clear that Defendant's motion is just another attempt to frustrate the Association's efforts to resolve this case. Even if there could be an excuse to justify Defendant's three-year delay in addressing its default status, he does not even attempt to offer one. Thus, Defendant is not entitled to have default set aside, therefore, its Motion should be denied with prejudice.

## II. **BRIEF FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a condominium association of Plumeria Hale located in Honolulu, Hawaii, and Defendant owns a condominium unit (the "Unit") located in the condominium project (the

2

"Project"). The Project prohibits pets. Declaration of Counsel at ¶3.[1] However, the Association allowed Defendant to keep a dog in his Unit as a comfort animal, provided he abided by reasonable rules and restrictions. Id. Despite agreeing to these reasonable conditions and restrictions, Defendant refused to follow them again and again, so the Association was compelled to file suit. Id.

After being served with the Complaint, Defendant requested another chance to keep the dog at the Project, so the Association and Defendant signed an agreement whereby the Association **would extend the time for Defendant to answer the Complaint**, but if Defendant violated the restrictions again, the extension would be revoked. Id. at ¶5-6.[2] Thereafter, Defendant again failed to abide by the restrictions, so the extension to answer the Complaint was revoked. Id. To date, Defendant has failed to file an Answer or otherwise respond to the Complaint and default was entered against Defendant. Id. at ¶7

On July 7, 2017, the Association moved for Default Judgment and/or for Summary Judgment on the Complaint. Id. at ¶8. At the hearing, the Court denied the motion without prejudice, until an attorney could be appointed to represent Defendant pursuant to the SCRA. Id. After counsel was appointed for Defendant, the Association again moved for Default and/or Summary Judgment ("MSJ 2"). Id. at ¶9. Two weeks prior to the hearing on the MSJ 2, Defendant's Counsel informed the Association's counsel that the dog had been removed from the Project. Id. at ¶10. Shortly thereafter, Defendant moved for a stay of proceedings under the SCRA. Id. at ¶11. At a hearing on the motion, the Court denied the motion for stay as moot. Id. at ¶13. The Court also noted that the issue of the removal of the dog was moot, and **that**

---

[1] The foregoing facts are already in record and can be found in the Declarations and Exhibits attached to Plaintiff's Motion for an Award of Attorneys' Fees and Costs, filed herein on September 22, 2020 ("Plaintiff's Motion"). Since the instant Motion will be heard simultaneously with Plaintiff's Motion, for the sake of the Court's convenience, the undisputed facts contained in Plaintiff's Motion shall be incorporated by reference into the instant Opposition Memorandum, as summarized in the attached Declaration of Counsel. See Declaration of Counsel at ¶2.
[2] A copy of this letter is attached to Defendant's Motion as "Defendant's Exhibit 'A'" at 3-5.

3

**the only remaining issue in the case was attorneys' fees and costs, and that the parties should work together to resolve that issue.** Id.

For more than two years thereafter, Plaintiff made multiple good faith attempts to settle the remaining issue of attorneys' fees and costs. Id. at ¶15-18. Not only did Defendant stonewall many of Plaintiff's settlement attempts, but after years of failed settlement attempts, out of the blue, Defendant moved to dismiss the case on the alleged basis that the Complaint is moot. Id. At a hearing on the motion to dismiss, the Court denied the motion *with prejudice*, and reminded Defendant that the issue of attorneys' fees and costs was and is still active at all times, **therefore, that matter is not moot**. Id. at ¶17. The Court again instructed the parties to try to settle the attorneys' fees claim.

After months of Plaintiff's fruitless attempts to settle the matter, and having received no response from Defendant to its last offer, Plaintiff was compelled to move to the Court for its attorneys' fees and costs. Id. at ¶18. Plaintiff's Motion noted that the Defendant was still in default status and had not answered the Complaint, thus, all of the allegations contained therein were deemed admitted. Defendant now, in the 11th hour, seeks to set aside entry of default.

### III. ARGUMENT

#### a. This Motion Only Serves to Increase Costs

The clerk's entry of default has not prevented Defendant from taking numerous actions in the case. Following the clerk's entry of default, Defendant has filed no less than three filings, including a Motion to Stay Proceedings,[3] a Motion for Sanctions,[4] and a Motion to Dismiss.[5] In addition to the instant motion, Defendant also filed an opposition to Plaintiff's Motion for an Award of Attorneys' Fees and Costs on October 19, 2020. The instant motion serves no purpose other than to add expense to the litigation. The Court has clearly pointed out that the

---

[3] Filed November 13, 2017. See JEFS Dkt. 16.
[4] Filed December 21, 2017. See JEFS Dkt. 24.
[5] Filed October 1, 2019. See JEFS Dkt. 41.

4

only remaining issue is one of attorneys' fees awardable to Plaintiff. This last-minute motion is irrelevant to the resolution of the only remaining issue.

Instead, Defendant's Motion seeks to re-raise issues that have long been decided by this Court. See Defendant's November 13, 2017 Motion to Stay Proceedings ("Motion to Stay"), JEFS Dkt. 16. As the sole argument raised in the Motion to Stay, Defendant cited to *Kaho'ohanohano v. State*, 114 Haw. 301, 162 P.3d 696 (2007) alleging that there would be no prejudice because the case was moot. The Court denied the Motion to Stay. See November 22, 2017 Minute Order, JEFS Dkt. 45. In Defendant's October 1, 2019 Motion to Dismiss, Defendant again raised as the sole argument that the matter is moot, and cited to *Kaho'ohanohano* to support that argument. See JEFS Dkt. 41. The Court denied the Motion to Dismiss, With Prejudice. JEFS Dkt. 72. Even though the Court twice ruled on the issue and even though the Motion to Dismiss was denied *with prejudice*, section B of the current Motion at pages 9-10, we see another citation to *Kaho'ohanohano* along with the argument that the lawsuit was moot at the time of the entry of default. The current motion must be denied as irrelevant and a waste of judicial resources. The only issue in his matter is the amount of attorneys' fees owed to Plaintiff. Defendant's current motion only serves to increase those fees.

b. The SCRA is Inapplicable at this Juncture

The motion cites to 50 U.S. Code § 3931(g)[6] but ignores the provisions relevant to this case. The relevant provisions of 50 U.S. Code § 3931(g) are bolded and underlined as follows:

> (g) VACATION OR SETTING ASIDE OF **DEFAULT JUDGMENTS**
> (1) AUTHORITY FOR COURT TO VACATE OR SET ASIDE JUDGMENT **If a default judgment is entered in an action** covered by this section against a servicemember during the servicemember's period of military service (or within 60 days after termination of or release from such military service), **the court entering the judgment shall**, upon application by or on behalf of the servicemember, **reopen the judgment** for the purpose of allowing the servicemember to defend the action **if it appears that**—

---

[6] The location of the SCRA in the U.S. Code changed effective December 1, 2015. Previously the code was found at 50 U.S. Code § 501 et seq, and is presently found at 50 U.S. Code § 3901 et seq. Defendant's motion toggles between citations, but the controlling citations start at § 3901.

5

>> (A) the **servicemember was materially affected by reason of that military service in making a defense to the action**; **and**
>> (B) the **servicemember has a meritorious or legal defense to the action** or some part of it.

(Emphasis added). In this matter, there is no Default Judgment to Vacate or Set Aside, there is no showing that the military service materially affected Defendant's ability to make a defense, and there is no showing of a meritorious defense. In order to apply the above statute, Defendant must meet all three provisions. Currently, Defendant meets none.

> i. The SCRA Only Protects Against Default Judgment Against an Unrepresented Servicemember, not Against Entry of Default by a Clerk

The Thrust of Defendant's argument is that entry of default should be set aside because Defendant is protected against default under the SCRA. However, the SCRA only protects against Default *Judgment*, not *entry* of default by a clerk for failure to appear or plead in response to a complaint.

Under Hawaii law, default can be entered by the Clerk of the Court, upon request by a Plaintiff, under HRCP Rule 55(a). Specifically, HRCP Rule 55(a) provides that "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Under HRCP Rule 55(b)(2), default *judgment* can be entered by the Court upon request by a Plaintiff. The difference between the two is that entry of default is a procedural status for failure to deny the allegations contained in a complaint, whereas default judgment is a binding adjudication entered pursuant to a party's default status.

As to how the difference between the two relates to the SCRA, relevant provisions of the SCRA provide, "If in an action covered by this section it appears that the defendant is in military service, the court may not enter a **judgment** until after the court appoints an attorney to represent the defendant." 50 U.S.C.A. § 3931(B)(2) (emphasis added). Thus, it is clear that the protections under the SCRA only apply to prevent entry of Default *Judgment* (i.e., under HRCP

6

Rule 55(b)) against a servicemember until counsel is appointed to represent him or her.  The SCRA does not protect against entry of default by a clerk under HRCP Rule 55(a), and Defendant has cited to no provision so stating.  Thus, the entire argument section of Defendant's motion is inapplicable and in no way merits setting aside entry of default.  Thus, Defendant is only entitled to have default set aside if Hawaii law so permits under HRCP Rule 55(a) and governing caselaw—which in this case, it does not.

### ii. Defendant Provides No Basis for Set Aside Default

As noted above, must show that the military service materially affected Defendant's ability to make a defense, <u>and</u> that there is a meritorious defense.  As detailed above and below, the defense of mootness raised by Defendant has been decided by the Court when the Motion to Dismiss was denied With Prejudice.  However, even if we ignore the lack of defense, Defendant still bears the burden of proving that that the military service has affected Defendant's ability to provide a defense.  Defendant's motion fails to show how there was a **material** affect to the defense.  As noted previously, the defense has filed numerous motions and litigated this matter, repeatedly raising issues and even filing a Motion to Dismiss in response to Plaintiff's attempt to settle the attorneys' fees issue.  This Court cannot accept a blanket statement that the defense was materially affected by military service when all evidence shows that counsel has raised those issues before the Court.

### c. Defendant has not Shown Good Cause to Merit Setting Aside Entry of Default Due to, Among Other Reasons, its 11th Hour Filing of its Motion to Set Aside

For a defendant to have entry of default set aside, there must be good cause shown, per *Hawaii Rules of Civil Procedure* ("HRCP"), Rule 55(c), and the defendant must also meet three specific elements set forth in <u>BDM, Inc. v Sageco, Inc.</u>, 57 Haw. 73, 76, 549 P.2d 1147, 1150

7

(1976).[7]  In this case, there is no good cause, and Defendant does not meet the elements set forth in BDM, Inc. as to the three elements needed to set aside default, Defendant must show: (1) that the non-defaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a willful act.  BDM, Inc., 57 Haw. at 76, 549 P.2d at 1150.  The facts in this case show that: (1) Plaintiff will be prejudiced by the reopening because the only remaining claim of attorneys' fees and costs is already before the Court in a summary judgment motion, and setting aside default will only further delay resolution of this matter, (2) Defendant has raised no meritorious defense against Plaintiff's claim of attorneys' fees and costs, and (3) Defendant's failure to answer the Complaint in a timely manner and his failure to move to set aside the Default *any time in the previous three years* was the result of inexcusable neglect and a willful act (or failure to act).

"Good cause should exist to set aside an entry of default if . . . the defendant did not deliberately fail to plead or otherwise defend or engage in contumacious conduct."  Chen v. Mah, 146 Haw. 157, 180, 457 P.3d 796, 819 (2020).  To set aside an entry of default, generally a court must find "(1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act."  BDM, Inc., 57 Haw. at 76, 549 P.2d at 1150 (citations omitted); see also Pogia v. Ramos, 10 Haw.App. 411, 423, 876 P.1342, 1348 (1994) (concurring opinion) ("If the answer to questions (1), (2) or (3) is no, the **trial court would reversibly err if it granted the motion.**") (emphasis added).

Defendant has not shown good cause or any excuse or justification as to why he never filed an answer to the Complaint despite being granted an extension of time to answer, and

---

[7] Defendant argues in its Motion that the three pronged analysis in BDM, Inc., 57 Haw. 73, 549 P.2d 1147, does not apply because it is superseded by the SCRA.  However, Defendant provides no support for such an argument nor any analysis showing how the analysis in BDM, Inc. and in the SCRA are in conflict with one another.  Thus, Defendant provides no basis for this Court **not** to apply the analysis provided in BDM, Inc.

8

thereafter, why he delayed moving to set aside default for three years since counsel has been appointed, and despite the fact that multiple motions have been heard in the Court since.  Thus, there is clear evidence that Defendant's failure to defend (including his failure to move to set aside default) was deliberate conduct.  Chen, 146 Haw. at 180, 457 P.3d at 819.  Thus, there is no good cause.

Moreover, Plaintiff will be prejudiced if the instant case is reopened insofar as Plaintiff will be denied a resolution of the final remaining claim in this matter—attorneys' fees and costs—despite having moved for such a resolution.  Specifically, Plaintiff has waited five years to finally resolve this matter, and in that time Defendant has not only stonewalled Plaintiff's multiple generous settlement offers, but has also failed to plead in response to the Complaint.  Having no other option, Plaintiff has now finally prepared a motion for an award of its attorneys' fees, which should finally resolve all remaining matters in the Complaint.  Only now, at this 11th hour, Defendant seeks to set aside the entry of default against him.  As described in the next paragraph, Defendant's Motion presents no meritorious defense.  It is thus clear that Defendant's motion is not an attempt to dispute the allegations in the complaint, but to delay resolution of this matter.  Defendant's tactic all along has never been to address this matter on the merits, but to exhaust the Association into surrender.  The only reason this motion is being filed now, is to further frustrate Plaintiff's attempts to finally resolve this matter.  Plaintiff will be prejudiced by such a delay and further frustration cause by a reopening.

As to a meritorious defense, Defendant's only defense to the Complaint is an argument that the relief sought therein is moot.  However, as the Court has noted several times already, the Complaint is not moot as the issue of attorneys' fees and costs remains alive in this matter.  In fact, the Court already ruled on the issue of mootness *twice*.  First, in its May 23, 2018 Minute Order where it stated that "there remained issues of attorney's fees and costs" and the "parties should work together for the consideration of the Court" or "the Plaintiff would file its motion for attorney's fees and costs."  JEFS Dkt. 50.  Second, in its January 17, 2020 Order Denying, with

Prejudice, Defendant's Motion to Dismiss Plaintiff's Complaint for Declaratory and Injunctive Relief filed September 20, 2016 for Failure to State a Claim Upon Which Relief can Be Granted. JEFS Dkt. 72.  In that Order, the Court again rejected Defendant's argument that the matter was moot.  Thus, the issue of mootness has already been adjudicated against Defendant, and Defendant has not even attempted to describe any other meritorious defense.  Moreover, as Plaintiff's September 22, 2020 Motion for an Award of Attorneys' Fees and Costs makes clear, Defendant has violated the Governing Documents, compelling the Association to file suit, and therefore the Association is entitled under HRS § 514B-157 to receive payment of its attorneys' fees and costs for such an action.  See JEFS Dkt. 83-89.  Having failed to raise any cognizable defense to this claim, there is no reason or basis to justify setting aside default.

Finally, as to inexcusable neglect or a willful act, the record shows that even after Plaintiff served its Complaint on Defendant, it granted Defendant **an extension of time to answer the Complaint if** Defendant would abide by reasonable conditions with regard to the assistance animal.  See Defendant's Exhibit "A" at 3-5.  Defendant failed to abide by those restrictions, and the extension was revoked.  Yet, despite having an extension, Defendant still never filed an Answer.  Then, after Defendant obtained counsel in this matter in October of 2017, Defendant waited three full years to **even address the issue of the entry of default**.

Astonishingly, Defendant's Motion argues that "[i]f Mr. Warta would have had an attorney, as the SCRA required, then the default would never have been entered."  Defendant's Motion at 5.  Such a statement thus begs the question: *If that is true, then once Mr. Warta was appointed counsel, why did his counsel not ever move to set aside such default in a span of three years?*  It is clear that the only reason default status is being challenged at this late hour is to further frustrate Plaintiff's attempts to finally resolve this matter.  Thus, the evidence compels the conclusion that Defendant's failure to answer the Complaint—and his subsequent failure to address his default status for over three years—is clearly a willful act, or at the very least, is *in*excusably neglect.

10

Case 1:21-cv-00100-LEK-WRP   Document 56-10   Filed 03/07/22   Page 11 of 18   PageID #: 1191

In sum, the instant matter has dragged on long enough, and Plaintiff will be prejudiced if the matter is further delayed.  Even if the Court were to find that Defendant's failure to answer the Complaint was excusable, Defendants' motion to set aside entry of default should be denied insofar as no meritorious defense has ever been presented as to the remaining claim of attorneys' fees and costs, and without a meritorious defense, a Court cannot set aside a default without facing possible reversible error.

      d.  <u>The Court Has Subject Matter Jurisdiction Because the Court Has already Concluded that the Attorneys' Fees Claim is Not Moot</u>

Briefly, in response to Defendant's final argument that "[t]he lawsuit was moot at the time the plaintiff sought the entry of default, which deprives the court of subject matter jursdition [sic] thereby renedering [sic] the entry of default void," the Court has already addressed this issue more than once (going so far as to deny the Motion to Dismiss *with prejudice*).  The attorneys' fees claim remains before the Court.  Thus, the case itself is still active, thus, the Court does not lack subject matter jurisdiction.

Moreover, it is the burden of the party asserting mootness to establish it.  <u>See In re Thomas H. Gentry Revocable Tr.</u>, 138 Haw. 158, 172, 378 P.3d 874, 888 (2016) ("The . . . burden of establishing mootness lies with the party asserting a case is moot.").  Defendant knew litigation remained ongoing, he did not answer the Complaint, he did not directly contact Association's counsel, Defendant's counsel did not respond to the November 1, 2017 letter, and at no point did Defendant move to dismiss the complaint as moot.  Thus, this argument must be disregarded entirely.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

11

## IV. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Set Aside Entry of Default, with prejudice.

DATED: Honolulu, Hawaii, October 21, 2020.

       /s/ Marcus A. Busekrus
       KAPONO F.H. KIAKONA
       MARCUS A. BUSEKRUS
       Attorneys for Plaintiff
       ASSOCIATION OF APARTMENT OWNERS OF
       PLUMERIA HALE

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE,<br><br>Plaintiff,<br>vs.<br><br>JEREMY L. WARTA; JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20,<br>Defendants. | CIVIL NO. 16-1-1777-09 (BIA)<br>(Declaratory Judgment)<br><br>**DECLARATION OF COUNSEL** |

I, MARCUS A. BUSEKRUS, hereby declare as follows:

1.  I am one the attorneys of record for Plaintiff Association of Apartment Owners of Plumeria Hale (hereinafter "Plaintiff"), and as such have personal knowledge of the facts as stated herein.

2.  I make this affidavit based on personal knowledge and unless otherwise indicated, I am authorized and competent to testify to matters herein.  All of the following facts can also be found in the Declarations and Exhibits attached to Plaintiff's Motion for an Award of Attorneys' Fees and Costs, filed herein on September 22, 2020 ("Plaintiff's Motion")

3.  The Plumeria Hale Condominium Project's Governing Documents prohibit pets. However, the Association allowed Defendant to keep a dog at the in his Unit as a comfort animal, provided he abided by reasonable rules and restrictions.  Despite agreeing to these reasonable conditions and restrictions, Defendant refused to follow them again and again, so the Association was compelled to file suit.

4.  On September 20, 2016, Plaintiff filed its Complaint for Declaratory and Injunctive Relief; Exhibits "A"-"F"; Summons ("Complaint") initiating the instant matter.

5.  Defendant was served with the Complaint on October 7, 2016.

6. After Defendant was served with the Complaint, the Association offered him an extension of time to answer the Complaint provided he abided by reasonable restrictions regarding his dog. Defendant failed to abide by the restrictions, so the Association proceeded with its action.

7. Defendant failed to Answer the Complaint, and Plaintiff moved for entry of Default against Defendant. To date, Defendant has not answered the Complaint.

8. On July 7, 2017, the Association filed a Motion for Default Judgment and/or for Summary Judgment Seeking Declaratory and Injunctive Relief and an award of attorneys' fees and costs. At the hearing, the Court denied the motion with*out* prejudice, finding that an attorney must be appointed to represent Defendant pursuant to the Servicemembers' Civil Relief Act ("SCRA") before judgment could be entered against him.

9. On August 31, 2017, the Association moved to appoint attorney Earle A. Partington as special counsel for Defendant, and the court so appointed Mr. Partington on October 9, 2017. On October 24, 2017, the Association again moved for Default and/or Summary Judgment ("MSJ 2") seeking declaratory relief and an award of reasonable attorneys' fees and costs, in an amount to be determined at a later hearing.

10. Two weeks prior to the hearing on the MSJ 2, Mr. Partington informed the Association's counsel that the Defendant claimed the dog had been removed from the Project in March of 2017. The Association's counsel was surprised to find this out, as: (1) Defendant never informed Association's counsel of this, despite the fact that he was informed multiple times in writing to correspond only with Association's counsel regarding this matter, and (2) Defendant was and is still in default – thus the allegation that the dog is still in the unit is deemed admitted and had never been denied. At this time, Bruce F. Sherman, Esq. took over from Mr. Partington as Defendant's counsel. The Association offered to Defendant to withdraw the MSJ 2 and to dismiss the case in exchange for Defendant signing an affidavit attesting to

2

the dog's removal and stipulating to payment of the Association's legal fees in the action. Defendant declined the offer.

11. Defendant then moved for a stay of proceedings, and without warning or prior notice, also moved for severe sanctions against the Association's counsel on the basis that counsel included in the record a note from Defendant's doctor which he claimed to be a "confidential medical records." In its opposition memorandum and at the hearing on the motion, Association's counsel vehemently objected to the request for sanctions because the inclusion of the doctor's note in the record was an honest oversight, made in good faith, and was included only to provide a complete record of the correspondence between the parties.

12. The doctor's note prepared by Defendant's doctor had been previously provided by Defendant to the Association to verify Defendant's request to keep an assistance animal at the Project. The only reason the doctor's note became part of the record is because it was part of the written correspondence between Plaintiff's counsel and Defendant regarding his request to keep the dog at the Project—which is clearly of critical importance to the merits of this action.

13. After the medical record issue was raised, Plaintiff promptly moved to seal the document in question. Moreover, Defendant never previously objected to the document being in the record, never approached Association's counsel and asked him to seal the document (as is the proper procedure under the rules of professional conduct), and offered no evidence whatsoever of any bad faith on Association's counsel's part. The Court continued the sanctions hearing. The Court also denied the motion for stay as moot inasmuch as it was undisputed that the dog had been removed and Defendant had counsel appointed, and asked the parties to attempt to negotiate a settlement of the remaining issue of attorneys' fees and costs or to file motions for attorneys' fees and costs.

14. Following the Court's instructions, the Association extended a settlement offer to Defendant on May 3, 2018. The offer generously proposed a substantial discount of the Association's claim for attorneys' fees to resolve the case. Defendant did not accept the offer

3

nor did he make a counteroffer.  The parties went before the Court again on May 23, 2018, wherein the Court *again* instructed the parties to attempt to settle the matter or to file motions for attorneys' fees and costs.

15. Following the Court's instructions, the Association continued to try to negotiate a settlement with Defendant over the next year and a half, but received no response of acceptance, rejection, or counter offer to any of the Association's offers of settlement.

16. However, in a good faith effort to resolve the matter, Plaintiff provided Defendant copies of its legal ledgers for review.  Just days later, out of the blue and without warning, Defendant filed his October 1, 2019, Motion to Dismiss.  On October 19, 2029, Association's counsel sent Defendant's counsel an email asking why he filed a motion to dismiss when the issue of attorneys' fees was still pending and the parties were to try to negotiate same, and asking if Defendant's counsel was even in contact with Defendant at that point.  Having received no response, Plaintiff sent another email, asking Defendant to withdraw the improper motion.

17. Defendant refused to withdraw the motion.  At the hearing, the Court denied the motion *with prejudice* and chastised Defendant for filing such a frivolous motion when the record clearly shows that the issue of attorneys' fees remained.  The Court again ordered the parties to try again with settlement or to file motions for attorneys' fees and costs. This was the third time the Court instructed the Parties on the record to try to work together in good faith to settle the matter.

18. Again, following the Court's instructions, the Association made two more settlement offers in early 2020, with the most recent offer being made in April, 2020.  To date, Defendant has not accepted, rejected or extended the Association's offers.  Due to Defendant's complete failure to meaningfully engage in settlement, Plaintiff had no choice but to file the instant Motion seeking its attorneys' fees and costs.

19. Prior to having counsel appointed for him, Defendant never informed Association's counsel that the dog had been removed, despite having been told multiple times

4

in writing to communicate with Association's counsel regarding the matter—and despite Defendant having previously communicated with Association's counsel regarding the matter.

    I do hereby declare that the foregoing is true and correct to the best of my knowledge

    DATED:  Honolulu, Hawaii, October 21, 2020.

                                            /s/Marcus A. Busekrus
                                            MARCUS A. BUSEKRUS

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF PLUMERIA HALE, <br><br> Plaintiff, <br><br> vs. <br><br> JEREMY L. WARTA; JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20, <br><br> Defendants. | CIVIL NO. 16-1-1777-09 (BIA) <br> (Declaratory Judgment) <br><br> **CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was duly served upon the following parties electronically via JEFS Electronic Filing System on the date of filing.

BRUCE F. SHERMAN, ESQ.
1050 Bishop Street, No. 509
Honolulu, Hawaii 96813

and

JUSTIN BRACKETT, ESQ.
515 Ward Avenue
Honolulu, Hawaii 96814
    Attorneys for Defendant
    JEREMY L. WARTA

DATED: Honolulu, Hawaii, October 21, 2020.

                                              /s/ Marcus A. Busekrus
                                              KAPONO F.H. KIAKONA
                                              MARCUS A. BUSEKRUS
                                              Attorneys for Plaintiff
                                              ASSOCIATION OF APARTMENT OWNERS OF
                                              PLUMERIA HALE