IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEREMY WARTA, ) | CIVIL NO. 21-00100 LEK-WRP |
| ) | |
| Plaintiff, ) | ORDER AS TO PLAINTIFF'S |
| ) | MOTION TO COMPEL AND |
| vs. ) | PARTIES' LETTER BRIEFS |
| ) | |
| PORTER, MCGUIRE, & KIAKONA, ) | |
| LLP, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER AS TO PLAINTIFF'S MOTION TO COMPEL AND PARTIES'
LETTER BRIEFS

On April 8, 2022, Plaintiff Jeremy Warta filed a Motion to Compel (Motion). See ECF No. 65. The deadline for discovery motions had passed, and Plaintiff had not sought leave to amend the scheduling order. See ECF No. 15. However, because the Motion argued that Defendant Porter, McGuire, & Kiakona, LLP (PMK) had raised a claim of privilege in response to certain discovery requests without providing a privilege log, the Court held a Telephonic Discovery Conference to address that limited issue. See ECF No. 68. The conference resulted in the Court setting out directions for the parties to resolve the dispute without further Court assistance or, if necessary, to seek the Court's assistance in resolving certain discrete issues. See id.

Defendant has produced privilege logs to Plaintiff (and the Court) and

the parties have submitted additional letter briefs on the issues that remain in dispute.  See ECF Nos. 80, 81, 82, 83.  Based on the Court's review of those letter briefs and Defendant's privilege logs, the Court orders as follows:

First, the Court concludes that Plaintiff has demonstrated the relevance of two documents at issue in the dispute, specifically two retainer agreements (PMK 002458 - PMK 002464 and PMK 002757 - PMK 002761).  As to Plaintiff's claim under the Fair Debt Collections Practices Act (FDCPA), for example, Plaintiff has objected to the amount of fees he was told he owed for Defendant's work in the state court action brought by its client against him, and the manner in which the money was sought to be collected from Plaintiff.  See ECF No. 44.  The retainer agreements are likely to lead to relevant evidence on the relationship between Defendant and its client, including with regard to the appropriate amounts actually incurred by Defendant's client based on those agreements and with regard to any authorized manner of collecting fees incurred.  See ECF No. 82 at 3 ("Pursuant to the retention agreement between PMK and AOAO Plumeria Hale, PMK invoiced its client for legal services to enforce the covenant violation and bring a lawsuit against Warta.").

Second, the Court concludes that in camera inspection is warranted as to whether these retainer agreements were properly withheld on the basis of attorney-client privilege.  Plaintiff has cited authority indicating that retainer

agreements are generally not privileged, even if they contain information about the general purpose of the work performed.  See ECF No. 81 at 2-3 (citing, e.g., Physicians Healthsource, Inc. v. Masimo Corp., et al., 2019 WL 8755114, at *2 (C.D. Cal. July 30, 2019) ("The Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine.")).

Based on the Court's review of Defendant's privilege logs and the parties' letter briefs, the Court concludes Plaintiff has shown a factual basis sufficient to support a reasonable, good faith belief that in camera inspection of these retainer agreements may reveal that information is not privileged.  See, e.g., Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress, 2019 WL 1589974, at *3 (N.D. Cal. Apr. 11, 2019).

The Court therefore ORDERS Defendant to provide the retainer agreements identified above to the Court for in camera review.  Defendant shall email those documents to porter_orders@hid.uscourts.gov by no later than May 27, 2022.  Upon the Court's review of those documents, it will determine whether either should be produced to Plaintiff (and if so, will order production pursuant to a protective order as requested by Defendant).

Any other request for relief contained within Plaintiff's Motion or the parties' letter briefs, including Plaintiff's request that the Court make rulings at this

juncture regarding what evidence Defendant may or may not introduce at trial or that certain facts be admitted for purposes of trial, is denied at this time.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, MAY 20, 2022.



Wes Reber Porter
United States Magistrate Judge

**WARTA vs. PORTER, MCGUIRE, & KIAKONA, LLP.; CIVIL NO. 21-00100 LEK-WRP; ORDER AS TO PLAINTIFF'S MOTION TO COMPEL AND PARTIES' LETTER BRIEFS**