JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI 96814
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

BRUCE F. SHERMAN (HI Bar No. 5996)
1050 Bishop Street, No. 509
Honolulu, HI 96813
Telephone: (808) 221-0901
Email: bfs@shermanlaw.com

*Attorneys for Plaintiff*
Jeremy Warta

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JEREMY WARTA<br><br>                Plaintiff,<br><br>        v.<br><br>PORTER, MCGUIRE, & KIAKONA, LLP,<br><br>                Defendant. | CASE NO. 1:21-CV-00100 LEK-WRP<br><br>PLAINTIFF'S PRETRIAL STATEMENT; CERTIFICATE OF SERVICE<br><br><u>Telephonic Final Pre-Trial Conference:</u><br>Date: September 6, 2022<br>Time: 11:00 a.m.<br>Judge: Hon. Wes Reber Porter<br><br><u>Jury Trial:</u><br>Date: October 17, 2022<br>Judge: Hon. Leslie E. Kobayashi |

## PLAINTIFF'S PRETRIAL STATEMENT

Plaintiff Jeremy Warta files his Pretrial Statement pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 16.6 of the Court's Local Rules.

**a)    PARTIES**

Plaintiff Jeremy Warta (hereinafter "Plaintiff") is an active member of the United States Military stationed in Spain and is a "consumer" as defined by 15 U.S.C. §1692 and Haw. Rev. Stat. § 480-1.

**b)    JURISDICTION AND VENUE**

Jurisdiction of this Court arises under 28 U.S.C. § 1331 pursuant to 15 U.S.C. § 1692k(d) as well as 28 U.S.C. § 1367 (supplemental jurisdiction). Plaintiff is not aware of any dispute as to jurisdiction or venue.

Venue is proper in this District because the acts and transactions occurred here, Plaintiff despite being currently stationed in Spain, resided here, and Defendant is a corporation registered here and transacting business here.

**c)    SUBSTANCE OF ACTION**

This is a case against Defendant Porter, McGuire, & Kiakona, LLP ("Defendant") for its illegal debt-collection practice. Defendant engages in the business of collecting consumer debt and attempts to collect them by sending demand letters, placing liens on properties, and filing lawsuits against consumer debtors. Defendant represents creditors, mostly HOAs and AOAOs, and regularly collects debts from Hawaii consumers on their behalf.

The Defendant filed a lawsuit on behalf of Association of Apartment Owners of Plumeria Hale ("AOAO Plumeria Hale") against Plaintiff in the Hawaii Circuit Court of the First Circuit on September 20, 2016. AOAO Plumeria Hale filed the case, seeking declaratory and injunctive relief for an alleged covenant violation by Plaintiff for housing his assistance dog on their property. The assistance animal was housed pursuant to the ADA and the Fair Housing Act as Amended. Defendant added fees they were not entitled to and attached a lien to his property for its excessive fees prior to entry of any judgment. Plaintiff continues to dispute the debt, which the expert agrees is incorrect.

Defendant charged over $54,000.00 to collect $150.00 in assessed fines, receiving most (if not all) of their attorneys' fees from Hawaiian Properties, the managing agent for AOAO Plumeria Hale. Even after Hawaii's Circuit Court determined the reasonable amount of fees for their actions, Defendant still kept their ill-gotten gains for another 10 months before refunding them to the AOAO Plumeria Hale's managing agent. Plaintiff believes they still have not refunded the correct amount.

Plaintiff paid $6,176.85 to resolve the $150.00 assessment and all the fees associated with it in November 2016. Upon making payment of $6,176.85 within thirty days of PMK's October 28, 2016 letter, Mr. Warta understood that his account with Plumeria Hale was entirely current. Defendant failed to check if his

dog was removed and started filing motions for summary judgment against Plaintiff, quickly running up its fees again and artificially pushing Plaintiff's maintenance fee account into the negative. Defendant's excessive and wildly changing demands artificially inflated the arrearage, cost Plaintiff numerous unnecessary late fees and inhibited him from selling his condo in a hot real estate market.

The following claims are the major issues in this case:

1) **First Violation of The Fair Debt Collection Practices Act: False or Misleading Representations.** Defendant made false, deceptive, and misleading representations to Plaintiff by demanding improper, confusing, and conflicting amounts from Plaintiff, without any disclosure as to how Defendant came up with such amounts. This is a violation of 15 U.S.C. § 1692e.

2) **Second Violation of The Fair Debt Collection Practices Act: Legal Status of the Alleged Debt.** Defendant made false, deceptive, and misleading representations in connection with the character, amount, or legal status of the alleged debt by demanding wildly differing amounts allegedly owed by Plaintiff. This is a violation of 15 U.S.C. § 1692e(2).

3) **Third Violation of The Fair Debt Collection Practices Act:**

    **Unfair Practices**. Defendant collected an amount not expressly authorized by the agreement creating the debt nor permitted by law when it demanded various inflated amounts from Plaintiff before any decision was made as to their reasonableness. This is a violation of 15 U.S.C. § 1692f(1).

4) **Fourth Violation of The Fair Debt Collection Practices Act: Harassment or Abuse.** Defendant engaged in a conduct that consequentially harassed, oppressed, or abused Plaintiff by disclosing his medical records in the public court in an effort to coerce payment. This is a violation of 15 U.S.C. §1692d.

5) **Invasion of Privacy.** Defendant disclosed Plaintiff's medical records in numerous court filings. This act violates Plaintiff's constitutional right to privacy and has caused Plaintiff emotional distress as he will explain at trial.

d.) **UNDISPUTED FACTS**

1) Warta is a "consumer" pursuant to 15 U.S.C. § 1692a(3) because he is a "natural person obligated or allegedly obligated to pay [a] debt" to the AOAO. See Dkt. 95, PageID# 1536.

2) The account in question is a consumer debt pursuant to 15 U.S.C. § 1692a(5) as "the debt arose out of his ownership of the

        Unit and his residence there with his assistance dog, and thus the property that was the subject of the transaction was primarily for personal purposes. See Dkt. 95, PageID# 1536.

3) Defendant is a "debt collector" for purposes of FDCPA. Dkt. 95, PageID# 1543.

4) On September 20, 2016, AOAO Plumeria Hale filed a lawsuit against Plaintiff in the Circuit Court of the First Circuit, Honolulu Division.

5) AOAO Plumeria Hale's lawsuit against Plaintiff alleges a covenant violation by Plaintiff for housing an assistance animal within the AOAO's premises.

6) AOAO Plumeria Hale retained Defendant to represent it in the state case filed against Plaintiff.

7) Defendant charged attorney fees to AOAO Plumeria Hale for its representation on the state case against Plaintiff.

8) Hawaiian Properties, Ltd. serves as managing agent for AOAO Plumeria Hale.

9) Hawaiian Properties, Ltd. paid Defendant its attorney's fees and costs on behalf of AOAO Plumeria Hale.

10) A lien was placed in Plaintiff's property within AOAO Plumeria Hale's premises.

11) Defendant filed two (2) motions for summary judgment on the state case against Plaintiff, both of which were denied.

12) The 1st Circuit Court on the state of Hawaii granted AOAO Plumeria Hale reasonable attorney fees of $14,678.91 for the state court action.

13) Defendant was denied injunctive or declaratory relief in the state case.

14) Plaintiff disputes the debt allegedly owed to Defendant.

e.) **DISPUTED FACTUAL ISSUES**

1) The amount of damages to be awarded to Plaintiff for Defendant's FDCPA violations;

2) The amount of damages to be awarded to Plaintiff for Defendant's invasions of Plaintiff's privacy;

3) The total attorney's fees and costs Defendant collected by Defendant in its representation of AOAO Plumeria Hale against Plaintiff in Hawaii's First Circuit Court;

4) The amount of attorneys' fees Plaintiff owes to Defendant.

**d)    RELIEF PRAYED**

Plaintiff is seeking:

1) Declaratory Judgment that Defendant violated Plaintiff's rights under FDCPA;

2) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in amount to be determined at a trial by a jury;

3) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

4) Costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. § 1692k(a)(3);

5) Actual and Punitive damages for Defendant's invasions of Plaintiff's privacy;

6) That the Court declare all defenses raised by Defendant to be insufficient; and

7) Other and further relief, including injunctive relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

**e)    POINTS OF LAW**

Plaintiff's Points of Law are more thoroughly laid out in his Motion for Partial Summary Judgment filed March 7, 2022 (Dkt. 53-1). Plaintiff's points of law include the following:

## VIOLATION OF FDCPA

Plaintiff argued in his Motion for Partial Summary Judgment that "Under the FDCPA, debt collectors "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This includes "[t]he false representation of the character, amount, or legal status of any debt[.]" *Id.* § 1692e(2)(A). "Whether conduct violates §§ 1692e or 1692f requires an objective analysis that takes into account whether 'the least sophisticated debtor would likely be misled by a communication.'" *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007)" (Dkt. 53-1). Defendant's action of collecting attorney's fees and costs from Plaintiff prior to the Court making any determination is a violation of § 1692e of the FDCPA. Defendant's conduct of harassment and abuse is a violation of § 1692d of the FDCPA.

## INVASION OF PRIVACY

Regarding privacy, Hawaii's Supreme Court explained in *Cohan v. Ayabe:*

> Hawaiʻi is one of ten states that expressly recognize a right to privacy in their constitutions. Article I, section 6 of the Hawaiʻi Constitution provides that "[t]he right of the people to privacy is recognized and shall not be infringed without showing a compelling state interest." In promulgating this privacy provision, the 1978 Constitutional Convention intended "that privacy [be] treated as a fundamental right for constitutional analysis." Comm. Whole Rep. No. 15, *in* 1 Proceedings of the Constitutional Convention of Hawaiʻi of 1978

9

> (Proceedings), at 1024. This express right of privacy is "a recognition that the dissemination of private and personal matters, be it true, embarrassing or not, can cause mental pain and distress far greater than bodily injury.... This right of privacy includes the right of an individual to tell the world to 'mind your own business.'"

132 Hawaiʻi 408, 415, 322 P.3d 948, 956 (2014), citing Stand. Comm. Rep. No. 69, *in* 1 Proceedings at 674. Article I, Section 6 provides one's right to privacy is a fundamental right. Defendant's actions of disclosing his medical records and other private information to the world and his superior officers, as outlined in his Complaint and more thoroughly identified in the August 30, 2022 filing of his medical records under seal with the Court, invaded his privacy and caused him emotional distress.

### f)   PREVIOUS MOTIONS

Plaintiff filed his initial complaint on February 17, 2021 before this Court (Dkt. 1). The complaint was served upon Defendant on April 20, 2021 (Dkt. 8). Defendant's counsel filed their notice of appearance on May 11, 2021 (Dkt. 10), and their answer was filed the same day (Dkt. 9).

A meet-and-confer was held on May 25, 2021. Both Plaintiff and Defendant filed their Rule 16 Scheduling Conference Statement on the same day (Dkts. 11, 13). The Rule 26f Conference Report was also filed the same day (Dkt. 12).

The Rule 16 Scheduling Conference was held on June 1, 2021 (Dkt. 14). The court issued its scheduling order the next day (Dkt. 15). Defendant provided

its initial disclosures on June 15, 2021.  Plaintiff provided its initial disclosures on June 21, 2021.

On August 20, 2021, Mia Obciana filed her Notice of Appearance to appear on behalf of Defendant (Dkt. 19).  On August 23, 2021, Defendant's counsel emailed a letter to the court, requesting to excuse carrier in the Early Settlement Conference.  On August 25, 2021, the early settlement conference was held (Dkt. 20).

On September 8, 2021, Plaintiff sent his initial discovery request to Defendant (Dkt. 21).  Defendant sent its response to Plaintiff's request on November 15, 2021 (Dkt. 24).

On November 1, 2021, Plaintiff filed its initial Motion to Amend Rule 16 Scheduling Order (Dkt. 22).  The court elected to decide the motion without any hearing the next day (Dkt. 23).  Defendant filed a memorandum in opposition to the motion on November 15, 2021 (Dkt. 27).  Plaintiff filed its memorandum in response to the opposition on November 29, 2021 (Dkt. 28).  On the following day, the court released its decision on the motion to amend scheduling order, granting and denying the motion in part (Dkt. 29).

On December 10, 2021, Plaintiff filed a motion to amend the complaint (Dkt. 30).  On December 13, 2021, the court released an order requesting to file a declaration showing compliance with Local Rule 7.8 (Dkt. 31).  Plaintiff filed its

declaration on December 17, 2021 (Dkt. 32). Defendant filed a memorandum opposing the motion on December 28, 2021 (Dkt. 34). On December 30, 2021, the court directed both Plaintiff and Defendant to conduct a meet-and-confer and file a declaration (Dkt. 35). On January 3, 2022, Defendant filed a stipulation regarding the motion, which the court approved the same day (Dkt. 37). On January 24, 2022, Plaintiff filed its amended complaint (Dkt. 44). Defendant filed its answer to the amended complaint on February 7, 2022 (Dkt. 51).

On December 17, 2021, Plaintiff filed a notice of deposition for Laree McGuire (Dkt. 33). Plaintiff amended the notice on January 4, 2022 (Dkt. 38). On January 26, 2022, the deposition of Laree McGuire took place.

On January 3, 2022, Defendant filed a stipulation regarding pre-trial deadlines. The court approved the stipulation on the same day (Dkt. 36).

On January 7, 2022, Plaintiff served a subpoena to Hawaiian Properties, Ltd. and Association of Apartment Owners of Plumeria Hale (Dkts. 40, 41). Defendant filed a motion to quash the subpoenas on January 21, 2022 (Dkt. 42). On January 24, 2022, the court directed Defendant to file a declaration stating compliance with Local 37.1(a) (Dkt. 43). Defendant filed its declaration on January 28, 2022 (Dkt. 47), and a notice withdrawing the motion to quash (Dkt. 48). Plaintiff also filed a notice withdrawing the subpoenas on the same day (Dkts. 45, 46) as he had believed the documents he had were necessary. On January 31,

2022, the court released an order confirming withdrawal of the motion to quash (Dkt. 49).

On February 7, 2022, Plaintiff filed its expert witness disclosure (Dkt. 50). On March 7, 2022, Defendant filed its expert witness disclosure (Dkt. 52). Defendant did not attach a copy of the expert's report as required by Fed. R. Civ. P. 26(a)(2)(B).

On March 7, 2022, Plaintiff filed a Motion for Partial Summary Judgment (Dkt. 53). Defendant filed a similar motion on the same day (Dkts. 54, 55). On the following day, the court released on order setting deadlines pertaining to the filed motions (Dkt. 57).

On March 9, 2022, both parties sent initial discovery requests to each other (Dkts. 58 and 59). Defendant served its response to Plaintiff's initial discovery request on April 7, 2022 (Dkt. 63). Plaintiff served his response the following day (Dkt. 64). On March 23, 2022, Defendant served a notice of deposition, seeking to depose Plaintiff (Dkt. 62). Plaintiff's deposition occurred on March 29, 2022.

On April 8, 2022, Plaintiff filed a Motion to Compel Collection Agreement and/or Power of Attorney between Defendant and AOAO Plumeria Hale (Dkt. 65). A telephonic discovery conference occurred on April 14, 2022, concluding that 1) Parties shall meet and confer regarding Plaintiff's request for documents, 2) Defendant to identify any responsive documents to Plaintiff's request, 3)

13

Defendant to produce a privilege log if there are responsive documents and Defendant claims privilege over any of such documents, and 4) for both parties to submit letter briefs if there are responsive documents and Defendant objects on grounds of relevance (Dkt. 68). Defendant filed a privilege log on April 25, 2022 (Dkt. 73). Defendant amended the privilege log on April 27, 2022 (Dkt. 77) and April 28, 2022 (Dkt. 78).

On April 25, 2022, a stipulation to continue trial and further amend Rule 16 scheduling order was filed (Dkt. 72). The Court amended the trial date on the same day, continuing the trial to October 17, 2022 (Dkt. 75).

On May 3, 2022, the court released an order requiring Plaintiff to supplement the motion to compel, requesting to articulate Plaintiff's position regarding Defendant's retainer agreements with AOAO Plumeria Hale (Dkt. 79). On May 11, 2022, both parties filed letter briefs pursuant to the Court's order on April 14, 2022 (Dkts. 80 – 83). On May 20, 2022, the Court released an order regarding Plaintiff's Motion to Compel and subsequent letter briefs filed, ordering Defendant to provide the Court a copy of the retainer agreement in-camera view (Dkt. 87). Defendant provided the document to the court on June 10, 2022 (Dkt. 91). Defendant filed a stipulated protective order regarding confidential information on June 9, 2022 (Dkt. 90).

On May 19, 2022, Plaintiff filed memorandums in opposition to both of

Defendant's Motions for Partial Summary Judgment (Dkts. 84 and 86). Defendant also filed its response to Plaintiff's Motion for Partial Summary Judgment on the same day (Dkt. 85). A hearing was held on June 9, 2022 to discuss Plaintiff and Defendant's Motions for Partial Summary Judgment, where the Court decided to issue an order in the following days (Dkt. 89).

On August 23, 2022, the Court released an order regarding Plaintiff and Defendant's Motions for Summary Judgment (Dkt. 95). The Court grants and denies in part Plaintiff's Motion for Summary Judgment, partially granting Count I and denying Plaintiff's Counts II and IV of his Complaint while reserving a ruling on Count III. On the other hand, the Court denied Defendant's Motion for Summary Judgment as to its Count I, granted as to its Counts II and IV, and reserved ruling as to Count III of the motion. The Court also ruled that because Plaintiff was an active member of the military any limitations periods were tolled by the SCRA, 50 U.S.C. §§ 3900, 3936(a). See *Heejoon Chung v. U.S. Bank, N.A.*, 250 F.Supp.2d 658,674 (D. Hawaii, 2017).

    **g)**     **WITNESSES TO BE CALLED**

        1)     Plaintiff Jeremy Warta at:

            Jeremy Warta
            c/o Justin A. Brackett, Esq.
            515 Ward Avenue
            Honolulu, Hawaii 96814

            Subject(s) of knowledge: Issues relevant to liability and

       damages.

2)      Defendant's designated representative;

       Subject(s) of knowledge: Defendant's corporate practices and policies as well as other issues relevant to liability and/or damages.

3)      Defendant's employee Laree McGuire at:

       Laree McGuire
       c/o GORDON REES SCULLY MANSUKHANI
       707 Richards Street, Suite 625
       Honolulu, HI 96813

       Subject(s) of knowledge: Issues relevant to liability and damages.

4)      Defendant's employee Kapono Kiakona at:

       Kapono Kiakona
       c/o GORDON REES SCULLY MANSUKHANI
       707 Richards Street, Suite 625
       Honolulu, HI 96813

       Subject(s) of knowledge: Issues relevant to liability and damages.

5)      Plaintiff's Expert Bernard Jay Patterson at:

       Bernard Jay Patterson, CFE
       Full Disclosure, LLC
       11543 Crystal Bay Circle
       North Little Rock, AR 72113

       Subject(s) of knowledge: Issues relevant to the amount of attorneys' fees assessed and/or collected by Defendant.

6)      Plaintiff incorporates by reference any and all witnesses

    identified by Defendant in this action.

7) Plaintiff identifies all necessary rebuttal witnesses and custodians of records to authenticate documents and things.

8) Plaintiff identifies any and all representatives who have not yet been identified but have knowledge relevant to the issues in this matter.

9) Plaintiff reserves the right to supplement this list as allowed by the Rules or Order of the Court.

h) **EXHIBITS, SCHEDULES, AND SUMMARIES**

Plaintiff anticipates submitting as exhibits both documentary and demonstrative evidence, deposition transcripts, documents produced by the parties, business records, and records supporting their position, which may include, but are not limited to, the following documents:

1) Exhibits to Plaintiff's Complaint which demonstrate Defendant's false, deceptive, and misleading conduct;

2) Plaintiff's deposition of Laree McGuire and Kapono Kiakona;

3) Filings and documents utilized in the state case filed by AOAO Plumeria Hale against Plaintiff;

4) Documents and responses of Defendant to Plaintiff's discovery requests and vice versa;

17

      5)      Communications between Defendant and Plaintiff, Plaintiff and AOAO Plumeria Hale, and/or Plaintiff's Counsel and Defendant in regards to the alleged debt.

**i)      FURTHER DISCOVERY OR MOTIONS**

There is no further discovery as the discovery deadline passed on March 9, 2022. Additionally, there is also no pending motions as of date.

**j)      STIPULATIONS**

Plaintiff requests the following stipulations:

      1)      Defendant falsely represented the amount of money that Plaintiff allegedly owed in attorney's fees and costs.

      2)      Defendant violated Plaintiff's privacy by disclosing his medical records in its filings with the State Court.

**k)      AMENDMENTS, DISMISSALS**

None.

**l)      SETTLEMENT DISCUSSIONS**

Settlement conferences have been held and offers have been made by both sides, but the parties are far apart.

**m)      AGREED STATEMENT**

Plaintiff is not aware of any Agreed Statement at this time.

**n)      BIFURCATION, SEPARATE TRIAL OF ISSUES**

Bifurcation or a separate trial of specific issues is not currently contemplated.

**o)     REFERENCE TO MASTER OR MAGISTRATE JUDGE**

The parties have not stipulated to referring the trial to a Magistrate Judge.

**p) APPOINTMENT AND LIMITATION OF EXPERTS**

Plaintiff hired Bernard Jay Patterson to review documents in relation to transactions between Defendant, Hawaiian Properties, Ltd, and AOAO Plumeria Hale. A report by Mr. Patterson was filed with this Honorable court on February 7, 2022 (Dkt. 50).

**p)     TRIAL**

A jury trial in this matter is set to begin on October 17, 2022 at 9:00 A.M. before the Honorable Leslie E. Kobayashi.

**q)     ESTIMATE OF TRIAL TIME**

Plaintiffs anticipate trial will last four to five days, including the selection of a jury.

**r)     CLAIMS OF PRIVILEGE OR WORK PRODUCT**

Plaintiff's medical records & Defendant's attorney fee agreement.

**s)     MISCELLANEOUS**

None.

DATED: August 30, 2022, Honolulu, Hawaii.

                                                                         Respectfully submitted,

                                                                         */s/ Justin A. Brackett*
                                                                         Justin A. Brackett, Esq.
                                                                         Bruce F. Sherman, Esq.
                                                                         *Attorneys for Plaintiff*
                                                                         Jeremy Warta