GORDON REES SCULLY MANSUKHANI, LLP

BENNETT J. CHIN          #6439-0
MIA D. OBCIANA           #8424-0
SABRINA M. KAWANA        #10786-0
707 Richards Street, Suite 625
Honolulu, Hawaii 96813
Telephone No.: (808) 441-1830
Facsimile No.:  (808) 464-6535
E-mail:   bchin@grsm.com; mobciana@grsm.com;
          skawana@grsm.com

Attorneys for Defendant
Porter McGuire Kiakona, LLP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEREMY WARTA, | ) | CIVIL NO. 1:21-cv-00100 LEK-WRP |
| | ) | |
| Plaintiff, | ) | DEFENDANT PORTER MCGUIRE |
| | ) | KIAKONA, LLP'S FINAL |
| vs. | ) | PRETRIAL STATEMENT; |
| | ) | CERTIFICATE OF SERVICE |
| PORTER, MCGUIRE, & KIAKONA, | ) | |
| LLP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | Trial Date:  October 17, 2022 |
| | ) | Judge: Hon. Leslie E. Kobayashi |

DEFENDANT PORTER MCGUIRE KIAKONA, LLP'S
FINAL PRETRIAL STATEMENT

Defendant PORTER MCGUIRE KIAKONA, LLP ("PMK"), by and through

its attorneys, Gordon Rees Scully Mansukhani, LLP, hereby submits its Final

Pretrial Statement pursuant to Local Rule 16.4.

## I.      PARTY SUBMITTING STATEMENT

This Final Pretrial Statement is submitted by Defendant Porter McGuire

Kiakona, LLP.

## II.     JURISDICTION AND VENUE

Plaintiff claims jurisdiction is proper at this Court has supplemental

jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1692, *et seq*. Venue in

this district is proper as the acts alleged in the complaint occurred in this district

and the business transaction alleged occurred in this district.

## III.    SUBSTANCE OF ACTION

This action was filed due to Plaintiff's failure to pay attorneys' fees and

costs awarded in a circuit court action. Plaintiff owned a unit in a property named

Plumeria Hale (the "Property"). As a condition of ownership, Property owners

agree to abide by specific covenants and rules applicable to the Property.

### A.      The AOAO

PMK was retained by the Association of Apartment Owners of Plumeria

Hale ("AOAO") to enforce the Property's rules and covenants due to Plaintiff's

breach of said rules and covenants, including a separate contract regarding

Plaintiff's emotional support animal.

The AOAO does not allow pets on the Property, except as permitted by

contractual agreement for reasonable accommodation. On January 26, 2016,

Plaintiff executed a contract with the AOAO to allow him to keep a dog in his unit,

subject to reasonable restrictions. These restrictions included keeping the dog on a

leash while on the Property and cleaning any waste. Despite this agreement, the

AOAO received numerous complaints from other owners that Plaintiff failed to

keep his dog on a leash, did not pick up after the dog, and that the dog displayed

aggressive behavior to others. The AOAO added additional restrictions to

Plaintiff's contract allowing him to keep the dog on the Property, including

keeping the dog muzzled. Again, despite agreeing to these restrictions, Plaintiff

failed to abide by the terms of the contract.

## B.    **Circuit Court Matter**

Due to Plaintiff's failure to comply with the terms of the agreement allowing

him to keep his dog on the Property, on September 20, 2016, the AOAO filed a

Complaint for Declaratory and Injunctive Relief in the Circuit Court of the First

Circuit of the State of Hawai'i ("Circuit Court Matter").[1]

---

[1] *AOAO Plumeria Hale v. Jeremy Warta*, Civil No. 16-1-1777 (BIA).

During the Circuit Court Matter, as is customary, the parties engaged in settlement discussions. These discussions included demands by the AOAO that Plaintiff pay its attorneys' fees and costs due to the governing documents allowing recovery of these fees and costs when incurred by the AOAO in securing compliance with its rules and covenants. Multiple communications between the AOAO and Plaintiff stated the amount owed and reiterated that Plaintiff must comply with the AOAO's rules and covenants.

Initially, Plaintiff proceeded in the Circuit Court Matter *pro se*, but eventually requested PMK communicate with an officer with the Navy's Region Legal Services Office named Kristi Bao. Plaintiff testified during his deposition that he had sought advice from Ms. Bao regarding the Circuit Court Matter. After some discussions, Ms. Bao eventually informed Plaintiff she could not represent him, and he eventually retained Bruce Sherman as counsel.[2]

On May 30, 2019, PMK recorded a Notice of Lien against Plaintiff's unit in the amount of $29,017.04. This amount represented the overdue fine imposed for Plaintiff's failure to comply with the AOAO's rules, overdue maintenance fees, and legal fees. On or about January 2020, Plaintiff retained Justin Brackett as co-counsel in the Circuit Court Matter.

---

[2] Prior to Mr. Sherman's appearance as counsel of record, the Circuit Court appointed Special Counsel.

Plaintiff filed multiple motions in the Circuit Court Matter, requiring PMK to respond and attend hearings. Eventually, PMK discovered that Plaintiff had rehomed his dog in March 2017, but did not inform PMK or the AOAO that the dog was no longer on the Property until months later. Because the complaint in the Circuit Court Matter sought to force Plaintiff to remove his dog from the Property, the action was now moot. PMK filed a motion for attorneys' fees and costs on September 22, 2020. On November 6, 2020, the Circuit Court granted PMK's motion for attorneys' fees and awarded the AOAO $14,678.91. Plaintiff did not file a motion to reconsider, nor did he appeal the Circuit Court's order awarding the AOAO its attorneys' fees and costs.

## C. Circuit Court Filings

On January 17, 2018, after counsel had been appointed to represent Plaintiff in the Circuit Court Matter, the AOAO filed motions to seal portions of the record due to the inadvertent inclusion of a letter from Plaintiff's doctor and other AOAO documents discussing his need for an emotional support animal. PMK filed a declaration identifying the documents and attested to the fact that they were included due to an oversight and not in bad faith.

Plaintiff subsequently filed a motion asking the Circuit Court to impose sanctions for the inclusion of Plaintiff's private information but the court declined to impose sanctions.

## IV.   UNDISPUTED FACTS

The following is a non-exhaustive list of undisputed facts:

1.      Plaintiff owned a unit in the Property;

2.      Plaintiff signed documents agreeing to abide by the rules and covenants adopted by the AOAO ("Governing Documents");

3.      The Governing Documents allowed the AOAO to impose monetary fines for violations of the AOAO's rules and covenants;

4.      The Governing Documents allowed the AOAO to recover reasonable attorneys' fees and costs incurred in securing compliance with the AOAO's rules and covenants;

5.      Plaintiff sought permission to keep a dog in his unit on the Property because pets are not permitted on the Property without the AOAO's written permission;

6.      In agreeing to allow Plaintiff to keep a dog in his unit on the Property, Plaintiff agreed to certain rules, including keeping his dog on a leash at all times;

7.      Numerous owners filed complaints against Plaintiff due to his dog not being leashed on the Property and displaying aggressive behavior towards others;

8.      The AOAO requested Plaintiff agree to additional terms to keep his dog on the Property, including putting a muzzle on his dog;

9. After receiving additional complaints about Plaintiff's dog, the AOAO requested Plaintiff remove his dog from the Property;

10. The AOAO filed the Circuit Court Matter;

11. The Circuit Court Matter requested the court order Plaintiff to remove his dog and pay the AOAO's reasonable attorneys' fees and costs;

12. Mr. Sherman and Mr. Brackett represented Plaintiff in the Circuit Court Matter;

13. During the Circuit Court Matter, Plaintiff, his counsel, and PMK engaged in settlement discussions at the direction of the court;

14. As part of the court-ordered settlement discussions, PMK communicated amounts Plaintiff owed the AOAO for its reasonable attorneys' fees and costs;

15. During the Circuit Court Matter, PMK inadvertently filed documents containing potentially confidential information;

16. Upon discovery of the improper filing, PMK filed ex parte motions to seal the documents containing potentially confidential information;

17. Plaintiff filed a motion seeking to impose sanctions due to PMK filing documents containing confidential information;

18. The Circuit Court declined to impose sanctions against PMK for filing documents containing confidential information;

19.     During the Circuit Court Matter, PMK learned Plaintiff had rehomed his dog in March 2017;

20.     On May 30, 2019, PMK recorded a Notice of Lien against Plaintiff's unit on the Property in the amount of $29,017.04;

21.     On September 22, 2020, PMK filed a motion requesting the court award the AOAO its reasonable attorneys' fees and costs; and

22.     On November 6, 2020, the court granted the AOAO's motion for attorneys' fees and costs in the amount of $14,678.91.

## V.     DISPUTED FACTS

The following is a non-exhaustive list of disputed facts:

1.     PMK disputes Plaintiff informed it or the AOAO that he removed his dog from the Property in March 2017;

2.     PMK denies Plaintiff paid all maintenance fees, utilities, fines, and other amounts owed by Plaintiff arising from his ownership of the unit on the Property;

3.     PMK denies that Plaintiff paid the $14,678.91 awarded in the Circuit Court Matter;

4.     PMK denies it intentionally published material that a reasonable person would regard as the type of disclosure that would by highly offensive;

5.      PMK denies it made any misleading or false representations regarding Plaintiff's "debt" to the AOAO;

6.      PMK denies it used any unfair or unconscionable means to collect or attempt to collect Plaintiff's "debt";

7.      PMK denies it harassed, oppressed, or abused Plaintiff in connection with the collection of a "debt"; and

8.      PMK denies that it made any false representations during settlement discussions in the Circuit Court Matter.

## VI.    RELIEF PRAYED

Plaintiff's Complaint seeks: (1) a declaratory ruling finding PMK violated Plaintiff's rights under the Fair Debt Collection Practices Act; (2) a declaratory ruling that PMK violated Plaintiff's rights under the Hawaiʻi Revised Statutes (unspecified); (3) damages pursuant to 15 U.S.C. § 1692k(a)(1); (4) damages pursuant to 15 U.S.C. § 1692k(a)(2); (5) damages pursuant to Haw. Rev. Stat. § 480-13; (6) treble damages pursuant to Haw. Rev. Stat. § 480-13l; (7) attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and Haw. Rev. Stat. § 480-13; (8) damages pursuant to violations of Haw. Rev. Stat. §§ 443B and 480-2; and (9) punitive damages.

## VII.   DISPUTED POINTS OF LAW

Plaintiff claims PMK violated the FDCPA by making "false or misleading statements" regarding the amount of debt Plaintiff owed to the AOAO in the Circuit Court Matter. Specifically, Plaintiff claims that the amounts the AOAO demanded to settle the Circuit Court Matter were false, misleading and were not reasonable because a court had not determined the amount to be reasonable. Additionally, Plaintiff claims that the publication of information related to his request for an emotional support animal to the public, including a JAG officer Plaintiff consulted with, caused him to suffer damages.

## VIII.  PRIOR MOTIONS

Both Plaintiff and PMK filed Motions for Summary Judgment on March 7, 2022. The motions were heard by the Court on June 9, 2022. On August 23, 2022, the Court filed its Order Granting in Part and Denying in Part the Parties' Motions for Summary Judgment; and Reserving Ruling on the Portions of the Motions Addressing Plaintiff's Invasion of Privacy Claim ("Order").

The Order granted Plaintiff's motion for summary judgment on the following claims: (1) SCRA tolling applies to Plaintiff's claims; (2) Plaintiff is a consumer for purposes of his FDCPA claim; (3) Plaintiff's debt to the AOAO arose out of a transaction Plaintiff entered into for personal purposes pursuant to the FDCPA; (4) PMK is a debt collector for the purpose of Plaintiff's FDCPA

claim; and (5) violations of the Hawaiʻi Court Records Rules may support a private invasion of privacy claim.

The Order also granted PMK's motion for summary judgment and found PMK entitled to judgment as a matter of law as to: (1) Plaintiff's claims pursuant to HAW. REV. STAT. Chapter 480; (2) intentional misrepresentation; and (3) negligent misrepresentation.

The Order specifically reserved judgment as to both parties' requests for summary judgment as to Plaintiff's claim for invasion of privacy. The Order stated that the Court did not have enough evidence to grant summary judgment in favor of either party and therefore ordered Plaintiff to submit copies of the private information that was shared in the Circuit Court Action and is the basis of his invasion of privacy claim by August 30, 2022. If PMK disputes the completeness or accuracy of Plaintiff's submissions, it may submit its version of the information by September 2, 2022.

## IX.   WITNESSES TO BE CALLED

PMK expects the following witnesses to be called at trial:

1.   <u>Plaintiff Jeremy Warta</u>. Mr. Warta will testify as to the facts and circumstances surrounding the claims and defenses in this case including the facts and circumstances of the Circuit Court matter.

2.   <u>Kapono Kiakona</u>. Mr. Kiakona will testify as to the facts and

circumstances surrounding the claims and defenses in this case,

including the facts and circumstances of the Circuit Court matter.

3.   <u>Lauree McGuire</u>. Ms. McGuire will testify as to the facts and

circumstances surrounding the claims and defenses in this case.

4.   <u>Marcus Busekrus</u>. Mr. Busekrus will testify as to the facts and

circumstances surrounding the claims and defenses in this case.

5.   Custodian of Records
     Porter McGuire Kiakona, LLP

The Custodian of Records will testify as to the authenticity of

documents in the custody and control of PMK.

6.   Representative
     Association of Apartment Owners of Plumeria Hale

The Representative will testify regarding the facts and circumstances

surrounding the claims and defenses in this case.

7.   Custodian of Records
     Association of Apartment Owners of Plumeria Hale

The Custodian of Records will testify as to the authenticity of

documents in the custody and control of PMK.

8.      Representative
Hawaiian Properties, Ltd.

The Representative will testify regarding the facts and circumstances surrounding the claims and defenses in this case.

9.      Custodian of Records
Hawaiian Properties Limited

The Custodian of Records will testify as to the authenticity of documents in the custody and control of PMK.

In addition to the above-listed individuals, PMK reserves the right to call such additional witnesses as needed for rebuttal or impeachment purposes.

## X.    EXHIBITS, SCHEDULES, AND SUMMARIES

A preliminary list of all exhibits, schedules, and summaries is attached hereto as Attachment 1. This preliminary list is subject to supplementation and does not include materials for rebuttal or impeachment.

## XI.    FURTHER DISCOVERY OR MOTIONS

PMK does not anticipate propounding any additional discovery or filing any dispositive motions.

PMK anticipates filing the following motions:

1. Motion *in Limine*. Motion to preclude Plaintiff from relying on any facts, witnesses, arguments, or evidence not disclosed in Plaintiff's Response to discovery.

2. Motion *in Limine*. Motion to preclude Plaintiff from offering any testimony or argument concerning any statements, representations, negotiations, agreements, or other understandings between the parties during the Civil Court action.

3. Motion *in Limine*. Motion to preclude Plaintiff from offering any testimony regarding any document not produced in response to PMK's Request for Production of Documents.

4. Motion *in Limine*. Motion to preclude Plaintiff from offering any testimony from any witnesses other than as disclosed in Plaintiff's Final Pretrial Statement, and to limit the testimony of disclosed witnesses to the subject matters set forth in the Final Pretrial Statement.

5. Motion *in Limine*. Motion to preclude Plaintiff from offering any witness testimony offering legal conclusions.

## XII.   STIPULATIONS

The parties have not discussed any proposed stipulations for pretrial or trial purposes.

## XIII.  AMENDMENTS AND DISMISSALS

There have not been any amendments or dismissals of claims. Counts II and IV of Plaintiff's Complaint was adjudicated in PMK's favor pursuant to Defendant's Motion for Summary Judgment.

## XIV.  SETTLEMENT DISCUSSIONS

The parties have engaged in settlement discussions but have not reached any agreements.

The parties met on August 8, 2022, for a Settlement Conference before Magistrate Judge Porter. No settlement was reached and PMK does not believe that further participation in any alternative dispute resolution processes is likely to be productive.

## XV.  AGREED STATEMENT

PMK does not believe that presentation of this action upon an agreed statement of facts is possible.

## XVI.  BIFURCATION, SEPARATE TRIAL OF ISSUES

PMK does not believe that bifurcation or a separate trial of specific issues is feasible or desirable.

## XVII.  REFERENCE TO MASTER OR MAGISTRATE JUDGE

PMK is willing to refer this matter to the Magistrate Judge, including trial.

## XVIII.     APPOINTMENT AND LIMITATION OF EXPERTS

PMK believes that it is unnecessary to appoint an impartial expert. Further,

as both parties have disclosed only one expert witness, there is no need to limit the

number of experts.

## XIX. TRIAL

Jury trial is scheduled to begin October 17, 2022.

## XX.  ESTIMATE OF TRIAL TIME

PMK estimates that trial will last no longer than three (3) days, including

jury selection.

## XXI.  CLAIMS OF PRIVILEGE OR WORK PRODUCT

Nothing in this Final Pretrial Statement is covered by the attorney work-

product doctrine or any privilege and thus, there are no claims of privilege or

work-product.

## XXII.  MISCELLANEOUS

Nothing at this time.

DATED:  Honolulu, Hawaii, August 30, 2022.

/s/ Sabrina M. Kawana
BENNETT J. CHIN
MIA D. OBCIANA
SABRINA M. KAWANA

Attorneys for Defendant
Porter McGuire Kiakona, LLP