JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI  96814
Telephone: (808) 377-6778
Email:  justinbrackettlaw@gmail.com

BRUCE F. SHERMAN (HI Bar No. 5996)
1050 Bishop Street, No. 509
Honolulu, HI 96813
Telephone: (808) 221-0901
Email: bfs@bfshermanlaw.com

RICHARD L. HOLCOMB (HI Bar No. 9177)
Holcomb Law, A Limited Liability Law Corporation
733 Bishop St, Suite 1478
Honolulu, HI 96813
Telephone: (808) 545-4040
Email: rholcomblaw@gmail.com

*Attorneys for Plaintiff*
Jeremy Warta

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEREMY WARTA,<br><br>                Plaintiff,<br>     vs.<br><br>PORTER, MCGUIRE, &<br>KIAKONA, LLP,<br><br>                Defendant. | CIV NO. 21-00100 LEK-WRP<br><br>PLAINTIFF JEREMY WARTA'S<br>TRIAL BRIEF; CERTIFICATE OF<br>SERVICE |

## PLAINTIFF JEREMY WARTA'S TRIAL BRIEF

1

## I.      INTRODUCTION

This case arises from Defendant's conduct in collecting a debt in state court. Defendant (a law firm), *inter. alia.*, published Plaintiff's private medical records *thirteen* times, sought to collect a $150.00 AOAO assessment using eleven different lawyers, and sought over $47,000.00 in attorneys' fees for doing so.

The Amended Complaint alleges the following claims: violations of the Fair Debt Collection Practices Act ("FDCPA" and "Count I"); unfair or deceptive acts or practices ("UDAP"), in violation of Haw. Rev. Stat. § 480-2 ("Count II"); invasion of privacy ("Count III"); and intentional and/or negligent misrepresentation ("Count IV"). The Court dismissed Plaintiff's count II (unfair or deceptive acts or practices, "UDAP") and count IV (intentional and/or negligent misrepresentation), but granted Plaintiff's partial summary judgment motion as to Count I (FDCPA) and Count III (invasion of privacy). *See* Dkt. 95 and 125 - *Warta v. Porter McGuire & Kiakona*, LLP, 2022 WL 3595091 (D. Hawaii 2022). The factual background is found in the Order: Granting in Part and Denying in Part the Parties' Motions for Summary Judgment; and Reserving the Ruling on the Portions of the Motions Addressing Plaintiff's Invasion of Privacy Claim. Dkt. 195. The Court also took judicial notice of the State Court record (except as to disputed facts within the filings). *Warta* at 5.

## II.  DISPUTED ISSUES OF LAW

This case has been thoroughly litigated.  Other than foreseeable arguments

regarding the evidentiary issues and damages, discussed below, Plaintiff is unaware of any unresolved disputed issues of law.

## III. FORESEEABLE PROCEDURAL AND EVIDENTIARY ISSUES

Defendant seeks to introduce [purported] complaints against Mr. Warta regarding possession of his dog at the Plumeria apartments.   Mr. Warta submits that those documents are inadmissible as the complaints are not relevant:  Fed. R. Evid., Rule 401; the probative value of the evidence is substantially outweighed by its prejudicial effect, Fed. R. Evid., Rule 403; and the complaints (from unknown declarants) are inadmissible hearsay to which no exception applies, Fed. R. Evid., Rule 802.  Notably, this is the subject of Plaintiffs' Motion in Limine No. 11. *Dkt.* 116.

On September 27, 2022, Defendants named Marcus Busekrus in their witness list. *Dkt.* 135.  This is the first time that Defendants have named Mr. Busekrus as a witness, Plaintiff had no opportunity to depose or otherwise conduct discovery surrounding his potential testimony.  Mr. Busekrus is not an employee of PMK but did, along with ten other PMK workers, work on the state case to collect the $150 assessment from Mr. Warta.  This Court should not permit Mr. Busekrus to testify. Mr. Busekrus was not listed on PMK's F.R.C.P. Rule 26(a)(2) disclosures, nor was he listed as someone with knowledge in PMK's discovery responses. Given that Mr. Busekrus was an employee of PMK and worked on the collection action against

Warta, it is unfathomable how PMK can make a showing of substantial justification or harmlessness in not naming him in a timely fashion. The Court in its September 28, 2022 Minute Order at 1 stated that the exclusion or untimely disclosed information or witnesses under F.R.C.P. Rule 37(c)(1) "has been described by courts as a 'self-executing, automatic sanction to provide a strong inducement for disclosure of material.'" *West v. City of Mesa*, 128 F.Supp.3 1233, 1247 (D. Ariz. 2015) quoting *Yeti by Molly v. Deckers Outdoor Corp*., 259 F.3d. 1101, 1106 (9th Cir. 2001).   Thus, the resolution of Defendant's own Motion in Limine No. 1 precludes Mr. Busekrus' testimony.

Defendants have identified the AOAO's "Assistance Animal Policy" and "Proposed Animal Rules" as proposed Exhibits. *See Defendant's Exhibit List*, Nos. 335-36 (disclosed to Plaintiff on September 27, 2022).    Warta's disability was not an issue in the State Court Case. September 27, 2022 Order at P. 8 (Dkt# 124).  Thus Defendants have waived that issue.  Further,  the AOAO policies are inadmissible as they are not relevant:  Fed. R. Evid., Rule 401, and the probative value of the evidence is substantially outweighed by its prejudicial effect, Fed. R. Evid., Rule 403.  Moreover, the "Proposed Rules" in particular were not even in effect during the relevant events.

## IV.  PARTY'S POSITION

Much of Plaintiff's case has already been established in previous litigation.

Specifically as to the FDCPA claims:

1.     Warta is a consumer for purposes of the FDCPA. *Warta* at 11.

2.     PMK is a debt collector pursuant to the FDCPA. *Warta* at 11, see also

*Galima v. Ass'n of Apartment Owners of Palm Ct ex rel. Bd of Directors*, 2017 WL

1240181 at 11-12 (D. Hawaii Mar 30, 2017).

3.     Warta's debt to the AOAO arose out of a transaction that he entered

into for personal purposes, and thus is a debt pursuant to the FDCPA. *Warta* at 11.

> There are four elements of a FDCPA cause of action: (1) the plaintiff is
> a "consumer" under 15 U.S.C. § 1692a(3); (2) the debt arises out of a
> transaction entered into for personal purposes; (3) the defendant is a
> "debt collector" under 15 U.S.C. § 1692a(6); and (4) the defendant
> violated one of the provisions contained in 15 U.S.C. §§ 1692a–1692o.
> See Minichino v. Piilani Homeowners Ass'n, Civ. No. 16-00461 DKW-
> RLP, 2016 WL 5796799, at *4 (D. Haw. Sept. 30, 2016).

*Warta v. Porter, McGuire, & Kiakona, LLP*, No. CV 21-00100 LEK-WRP, 2022

WL 3595091, at *7 (D. Haw. Aug. 23, 2022).  Thus, the only element left for Mr.

Warta to prove is that PMK violated the Act.

> In order to prove a violation of the Act, Plaintiff intends to prove PMK:

> -made "false, or misleading or misleading representations or means in
> connection with the collection of [Warta's] debt" owed to the AOAO,
> including, but not limited to, false representations regarding "the
> character, amount, or legal status of [his] debt;" see§ 1692e(2);

>  -"use[d] unfair or unconscionable means to collect or attempt to collect
> [Warta's] debt" owed to the AOAO, including, but not limited to,
> collecting amounts that were incidental to the original $150.00 fine and
> were not "expressly authorized by the agreement creating the debt or
> permitted by law"; see§ 1692f(1); and/or

-"engage[d] in any conduct the natural consequence of which [wa]s to harass, oppress, or abuse [Warta] in connection with the collection of his debt" to the AOAO, see§ 1692d.

*Warta* at 10-11.

Moreover, Plaintiff has suffered *actual damages* under the FDCPA as discussed below.

The Act bars debt collectors from the use of "unfair or unconscionable means to collect or attempt to collect any debt…" 15 U.S.C. §1692(1). 15 U.S.C. § 1692 e and (2) prohibits false, deceptive, or misleading means in connection with collection of any debt. The violations listed below fall within both categories of violations of means to collect a debt:

- A particularly troubling act involved PMK publishing Warta's personal medical records in four (4) sets of pleadings, thirteen times. Plaintiff's Exhibit 14 to the supplemental submission of medical records (Dkt. # 103) was authenticated and adopted by Kapono Kiokona's declaration.

- Failure to identify Warta as active duty military in the September 20, 2016 State Court Complaint as required by the SCRA.

- Failure to provide Warta with counsel pursuant to the SCRA and taking a default while Warta was unrepresented.

- Failure to provide Warta with attorneys' fees invoices for the fees PMK was assessing/charging Warta in collecting the debt, Warta had no idea of what the basis of the debt was resulting in false representations of the debt.

- Continuing to make demands for higher and higher amounts, despite the fact that the case was moot.

6

- Filed a Notice of Lien with the Hawaii Bureau of Conveyances for an exaggerated amount, thereby encumbering Warta's condo unit without providing Warta with a detailed accounting for the basis for Lien amount.

- Publishing Warta's confidential medical records in four (4) separate filings, thirteen (13) times in the course of attempting to collect a debt from Warta. [separate from invasion of privacy tort]. See Dkt.#s 102 and 103. The medical records concerned Warta's private life and would be regarded as highly offensive to a reasonable person. It was not a matter of legitimate public concern. Warta did not raise his medical condition as a defense to the State Court Lawsuit.

As for Mr. Warta's invasion of privacy claim, this Court has also held that:

1.     Warta's private medical information was not a matter of legitimate public interest. September 27, 2022 Order at P. 8.(Dkt# 124)

2.     The information (medical records) concerning Warta's private life would be regarded as highly offensive to a reasonable person. September 27, 2022 Order at P. 8. (Dkt # 124);

3.     PMK published information concerning Warta's private life in a manner that both would be regarded as highly offensive to a reasonable person, and was not legitimate concern to the public. *Dkt.* 125, p. 8.

4.     Warta's motion seeking liability as to Count III (invasion of privacy) was granted and PMK is liable to Warta for invasion of his privacy. *Dkt.* 124

5.     Warta's disability was not an issue in the State Court Case. September 27, 2022 Order at P. 8 (Dkt# 124).

In light of Judge Kobayashi's finding that Defendants are liable, Mr. Warta is left only to prove causation and damages in regards to Count III.  Dkt. 125, p. 9.

Given the nature of Mr. Warta's medical records that PMK so extensively published, PMK was clearly on notice of the possibility and probability of emotional damages arising out of its filing of those records publicly. It cannot claim that it was unaware of the severity of Warta's condition, because it required him to submit the medical records to it in order to keep the service animal, and then utilized the records in many collection letters and court filings.

## V. SUPPORTING ARGUMENTS AND AUTHORITIES

### *a. Jury Verdicts*

There is a broad range of jury verdict awards for invasion of privacy claims. Famous plaintiffs may often receive large awards. The following list includes the famous and not so famous (with hyper-links). The Indiana case (no. 7) and *McKinley Nou v. Children's Hospital Central California* (no.1) involved medical records. Plaintiff could find no case in which a defendant consistently committed so many acts of invasion of privacy as did the Defendant in this case (four (4) separate pleadings, exposing Plaintiff's medical records thirteen (13) times over sixteen (16) months.

1. *Mckinley Nou v. Childrens Hospital Central California* https://www.juryverdictalert.com/jury-verdicts/item/wrongful-termination/invasion-of-privacy/mckinley-nou-v-children-s-hospital-central-california ; economic $ 385,000/non economic $650,000. Fresno

2. *McCullough, supra* (9th Cir), $250,000 invasion of privacy-emotional damages

3.   Hulk   Hogan   https://www.nytimes.com/2016/03/19/business/media/gawker-hulk-hogan-verdict.html  invasion of privacy, $115,000,000 award

4.                              Erin                              Andrews
https://www.americanbar.org/groups/litigation/committees/mass-torts/practice/2016/erin-andrews-verdict/  $55,000,000

5.   Former escort wins 1.7 million invasion of privacy judgment against attorney; https://www.cbsnews.com/colorado/news/invasion-of-privacy-escort/

6.   Ill S.Ct. Invasion of privacy of employee where former employer hired PI to find out if she was violating Non-competition clause. PI improperly accessed her telephone     records.     Total     Award     1.7     million http://www.guardmycreditfile.org/index.php/privacy-issues/in-the-news/illinois-ct.-affirms-privacy-verdict-but-cuts-damages/             See             decision: https://www.illinoiscourts.gov/Resources/0352c327-9dbf-4ed9-ae8a-8aef9eee5893/112530.pdf

7.   Indiana   invasion   of   privacy-medical   records-$200,000. https://www.reliasmedia.com/articles/18167-lr-c-jury-awards-200-000-in-indiana-invasion-of-privacy-case

8.   Invasion of privacy/emotional distress case. $92,000 . https://kcl-law.com/kcl-wins-jury-verdict-in-difficult-invasion-of-privacy-emotional-distress-case/

9.   Invasion of Privacy; Vanessa Bryant. Bryant $16,000,000/Chester $15,000,000. https://www.cbsnews.com/losangeles/news/verdict-in-vanessa-bryants-invasion-of-privacy-suit-been-reached/

10.   Several false light invasion of privacy cases by law firm ranging from $6.5 million to $3.5 million to undisclosed. https://stalllawfirm.com/verdicts-settlements/

11. MA jury finds invasion of privacy: $325,000 (including $125,000 punitives). https://privacylaw.proskauer.com/2013/06/articles/electronic-communications/massachusetts-jury-finds-violation-of-stored-communications-act-and-massachusetts-privacy-laws/

12.   False light Invasion of privacy . photo/article stating 101 y.o. paper carrier was pregnant.  $650,000 compensatory/$825,000 punitive

*PEOPLES BANK & TRUST COMPANY OF MOUNTAIN HOME, Conservator of the Estate of* Nellie Mitchell*, an Aged Person, ,v.GLOBEINTERNATIONAL, INC. d/b/a "Sun",*. 786 F.Supp. 791(W.D. Arkansas 1992)

13.    *O'Phelan v. Loy*, PL entitled to nominal damages, even if jury wrongly doesn't award damages; 497 Fed.Appx. 720 (9th Cir. 2012).

b. *Actual Damages*

Actual damages under the FDCPA include emotional distress. *McCullough v. Johnson, Rosenberg & Lauinger*, LLC, 637 F.3d 939, 957 (9th Cir. 2011). The FDCPA applies to the litigating activities of lawyers. The court in *McCullough* approved the following jury instruction given by the trial court:

> Actual damages include damages for personal humiliation, embarrassment, mental anguish and emotional distress. There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish or emotional distress. Mental and emotional suffering and distress pass under various names such as mental anguish, nervous shock and the like. It includes all highly unpleasant mental reactions such as fright or grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea. The law does not set a definite standard by which to calculate compensation for mental and emotional suffering and distress. Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate for the kind of law.

> The law does require, however, that when making an award for mental and emotional suffering and distress you should exercise calm and reasonable judgment. The compensation must be just and reasonable.

Given the nature of Mr. Warta's medical records that PMK so extensively published, PMK was clearly on notice of the possibility and probability of emotional damages arising out of its filing of those records publicly. It cannot claim that it was unaware of the severity of Warta's condition, because it required him to submit the medical records to it in order to keep the service animal and utilized the records in many collection letters and court filings. The Court has already ruled that the records concerning Warta's private life would be regarded as highly offensive to a reasonable person and were not a matter of legitimate public concern. There is no requirement that an expert testify as to Warta's emotional distress damages. *Zhang v. Am.Gen. Seafoods, Inc*. 339 F.3d 1020, 1039-41 (9th Cir. 2003). It is impossible to imagine that the release of his medical information did not exacerbate his condition. PMK was on notice of Warta's medical condition and bears full responsibility for its actions.

DATED: Honolulu, Hawaii, October 4, 2022.

Respectfully submitted,

BY:  /s/ Justin A. Brackett
JUSTIN A. BRACKETT (9954)
BRUCE F. SHERMAN (5996)
RICHARD L. HOLCOMB (9177)

515 Ward Avenue
Honolulu, HI 96814
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

**ATTORNEYS FOR PLAINTIFF,
JEREMY WARTA**